**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST,<br><br>Plaintiff<br><br>v.<br><br>LED ZEPPELIN, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP.<br><br>Parent of:<br><br>WARNER/CHAPPELL MUSIC, INC., ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY,<br><br>Defendants | No. 14-cv-3089 |

**DECLARATION OF PETER J. ANDERSON**
**IN SUPPORT OF MOTION TO DISMISS OR TRANSFER**
**DIRECTED TO PLAINTIFF'S AMENDED COMPLAINT**

I, Peter J. Anderson, declare and state:

1. I am an attorney admitted to practice in the State of California and before the Central and Southern Districts of California, the Ninth Circuit Court of Appeals and the Supreme Court, and have been admitted pro hac vice in this action.

2. Except as stated upon information and belief, I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

3. This Declaration is submitted in support of the motion of defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording

Corporation and Rhino Entertainment Company (the "Warner defendants") to dismiss or transfer directed to plaintiff's Amended Complaint.

4. Attached as Exhibit 1 to the accompanying Request for Judicial Notice is a true and correct copy of the docket in the proceeding *Conservatorship of Randy Craig Wolfe*, Superior Court of the State of California, County of Ventura, Case No. P072493, and which I obtained from that California Court's Internet website by searching for case number P072493 at http://www.ventura.courts.ca.gov/via.html.

5. Attached as Exhibit 2 to the accompanying Request for Judicial Notice is a true and correct copy of the U.S. District Court Judicial Caseload Profiles for the United States District Court for the Eastern District of Pennsylvania and the United States District Court for the Central District of California, and which I obtained from the Internet website http://www.uscourts.gov at http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2014/district-fcms-profiles-march-2014.pdf&page=68.

6. For the Court's convenience, the following table sets forth the Judicial Caseload Profiles information referenced at page 12 of the Warner defendants' accompanying Memorandum of Law:

| | Eastern District of Philadelphia | Central District of California |
|---|---|---|
| Pending cases per Judgeship | 515 | 469 |
| Trials completed per Judgeship | 13 | 14 |
| Median time from filing civil action to disposition | 8.7 months | 5.8 months |
| Median time from filing civil action to trial | 18.6 months | 21.1 months |
| Percentage of civil cases over 3 years old | 21.1% | 5.8% |

7. In his Amended Complaint in this action, plaintiff alleges that in 1967 and while a member of the band Spirit, Randy Craig Wolfe, also known as Randy California ("Wolfe"), wrote the musical composition *Taurus*, which was released on Spirit's first album and played by Spirit in concerts in which Led Zeppelin also performed. Am. Complaint at 6-8. Plaintiff also alleges that the musical composition *Stairway to Heaven* was written in Wales and recorded in England. *Id.* at 10, ¶¶ 51 & 54. And, plaintiff alleges that he is a Massachusetts resident and sues on behalf of the Randy Craig Wolfe Trust created by court order in the conservatorship of Wolfe, which from the docket attached as Exhibit 1 to the accompanying Request for Judicial Notice, is a California Superior Court conservatorship.

8. Based on plaintiff's allegations, it appears that there are no Pennsylvania witnesses as to the creation of *Taurus* or the creation of *Stairway to Heaven*; as to plaintiff's claimed rights; as to the trust on whose behalf plaintiff sues; or as to the copyrights claimed in either *Taurus* or *Stairway to Heaven*. It also appears that beyond retail outlets that (like other retail outlets across the country) have sold copies of *Stairway to Heaven*, or members of the public who (like others across the country) have heard or bought copies of *Stairway to Heaven*, there are no Pennsylvania witnesses in this action.

9. In his Amended Complaint, plaintiff alleges that in 1967, the same year he alleges Wolfe wrote the composition *Taurus*, Wolfe entered into an Exclusive Songwriter's Agreement with Hollenbeck Music. But, plaintiff alleges that he disputes that *Taurus* was a work for hire owned by Hollenbeck, because – he alleges – Wolfe was a minor at the time and the contract with Hollenbeck was not approved by the court and is invalid, and that Hollenbeck also "abandoned, forfeited, and waived" its rights in the composition *Taurus* "by failing to protect or enforce the 'Taurus' copyright." Am. Complaint at 6-7, ¶¶ 22-23, 25-33. If *Taurus* is a work

for hire, or the Exclusive Songwriter's Agreement transferred to Hollenbeck all or part of the copyright in *Taurus*, then, absent a transfer back, the copyright would not have wholly belonged to Mr. Wolfe or belonged to him at all. Accordingly, witnesses in this case will include persons associated with Hollenbeck Music, as to the validity of the Exclusive Songwriter's Agreement that plaintiff identifies in his Amended Complaint, and the ownership of the copyright plaintiff sues upon.

10. Published reports have stated that Hollenbeck Music is a Lou Adler company and that Mr. Adler was the manager of Spirit. For example, one article states:

> "Hollenbeck Music, which publishes *Taurus* and receives a portion of the royalties, is run by music mogul Lou Adler, a childhood friend of Randy California's mother, who signed Spirit to its first record contract."

http://www.businessweek.com/articles/2014-05-15/led-zeppelins-stairway-to-heaven-vs-dot-spirits-taurus-a-reckoning.

11. Also, attached to this Declaration as Exhibit 3 is a true and correct copy of the result of my search of Westlaw and which states that Hollenbeck Music is a fictitious business name of Lou Adler, who resides in Malibu, California (which is in the Central District of California).

12. Attached to this Declaration as Exhibit 4 is a true and correct copy of the results of my search of the website of the performing rights society, Broadcast Music, Inc., and which identifies the current music publishers of the musical composition *Taurus* as Hollenbeck Music and Irving Music, both in Santa Monica, California (also in the Central District of California). I note that this indicates that, contrary to the allegations in plaintiff's Amended Complaint, Hollenbeck Music continues to claim ownership of at least a portion of the composition *Taurus*.

13. Accordingly, the witnesses in this case, including as to the validity of the Exclusive Songwriter's Agreement and the ownership of the *Taurus* copyright that plaintiff sues upon, include Hollenbeck Music, Lou Adler and Irving Music, all of whom are in the Central District of California. Presumably any documents these witnesses have material to the validity of the Exclusive Songwriter's Agreement and the ownership of the *Taurus* copyright would also be in the Central District. In addition, since the Exclusive Songwriter's Agreement was apparently entered into in the Central District, any court approval would likely have occurred in the California courts in that District and any documents as to the approval, or records showing none was obtained, would be in this District as well.

14. In his Amended Complaint, plaintiff alleges that in 1967 Wolfe also signed a recording contract with Ode Records, Inc., and plaintiff disputes that contract's validity too, including on the ground that Wolfe was a minor and court approval was not obtained. Am. Complaint at 6-7, ¶¶ 24-31. Presumably plaintiff includes these allegations because he contends they are material and the recording contract, if valid, would affect his claims or relief. Accordingly, witnesses in this case will include persons associated with Ode Records, Inc., as to the validity of the recording contract that plaintiff identifies in his Amended Complaint.

15. The California Secretary of State's website includes a corporation search function and my search of that website revealed that Ode Records, Inc., is a dissolved California corporation with the address of 1900 Avenue of the Stars, room 1660, Los Angeles, California. Attached to this Declaration as Exhibit 5 is a true and correct copy of the results of that search.

16. Although since dissolved, because Ode Records, Inc., was a California corporation based in Los Angeles, California, any of its still-living personnel are likely to be located in the Central District of California. Presumably any documents they have material to

the recording contract and its validity would also be located in the Central District, as are the courts that would have likely been involved in court approval of the recording contract and whose records would prove or disprove plaintiff's allegation that court approval was not obtained.

17. In his Amended Complaint, plaintiff alleges that John "Jay" Ferguson was also a member of Spirit. Am. Complaint at 5, ¶ 16. Mr. Ferguson is credited on Spirit's album titled *Spirit* as the writer or co-writer of all but two of the 12 compositions on the album. As another member of Spirt and a writer of many of its musical compositions, Mr. Ferguson is likely to have information as to the creation of *Taurus* or, at a minimum, the touring of Spirit and which plaintiff alleges in the Amended Complaint included appearances with Led Zeppelin and allegedly provided access to *Taurus*. I am informed and believe that Mr. Ferguson resides in the Central District of California.

18. As stated above, published reports state that Spirit was represented by the manager Lou Adler. As Spirit's manager, it is likely that Mr. Adler would have information as to the creation of *Taurus* or, at a minimum, the touring of Spirit and which plaintiff alleges included appearances with Led Zeppelin and allegedly provided access to *Taurus*. In addition, as Spirit's manager Mr. Adler is likely to have information as to the Ode Records, Inc. recording contract plaintiff alleges in the Amended Complaint. *See, Cal. Entertainment Com. Rep.* (1985) at 22 ("the negotiation of a recording contract is commonly done by a personal manager" and "[t]hey may act as a conduit between the artist and the recording company"). In fact, the published report quoted above at paragraph 10 states that Mr. Adler "signed Spirit to its first record contract." Accordingly, in addition to the matters described above at paragraph 13, Mr. Adler is also likely a witness as to the creation of *Taurus*, the touring of Spirit and the claimed

access, the alleged recording contract with Ode Records, Inc., and that recording contract's validity.

19. As noted above, plaintiff sues on behalf of the Randy Craig Wolfe Trust created by court order in the conservatorship of Wolfe, which is a proceeding in the California Superior Court for the County of Ventura (which is also located in the Central District of California). Am. Complaint at 12, ¶¶ 60 & 62. Plaintiff alleges that after the death of the trustee Bernice Pearl, plaintiff continued the administration of that trust. Plaintiff also alleges that "[a]fter the trust was formed Randy's son received a large sum of money as a settlement . . . ." *Id.* at 12, ¶ 64. Plaintiff does not identify the son by name, but Exhibit 1 indicates his name is Quinn Wolfe.

20. Because plaintiff claims rights as trustee of a California trust created by order of a California court, the witnesses in this case include the participants in the California conservatorship proceeding, including, from the docket attached as Exhibit 1 to the accompanying Request for Judicial Notice, Harold S. Pittman, as guardian; Mary Quinting, who I am informed and believe is the mother of Quinn Wolfe and a resident of the Central District of California; and Quinn Wolfe, whose last known address is in California. The witnesses would also include the California lawyers who represented the participants in the conservatorship, including Donald O. Hurley, Robert Lamont Coit, James E. Cox and David F. Peterson, each of whom, per the California Bar's website, are still alive and in California. And since plaintiff alleges a settlement with Wolfe's son, the witnesses would include any additional Californians

involved in that settlement. Further, any documents that these witnesses have relating to the conservatorship are likely to be located in the Central District of California.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 27, 2014.

PETER J. ANDERSON