IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MICHAEL SKIDMORE | : | CIVIL ACTION |
| *AS TRUSTEE FOR THE RANDY CRAIG* | : | |
| *WOLFE TRUST* | : | No. 14-3089 |
| | : | |
| v. | : | |
| | : | |
| LED ZEPPELIN, et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                                       **May 6, 2015**

Plaintiff Michael Skidmore, as trustee for the Randy Craig Wolfe Trust, brings claims for direct, contributory, and vicarious copyright infringement against the living members of the band Led Zeppelin (James Patrick "Jimmy" Page, Robert Plant, and John Paul Jones) and various music industry companies associated with Led Zeppelin. The corporate Defendants are (1) Super Hype Publishing, Inc., a publishing company owned and managed by Page that publishes the musical compositions of Led Zeppelin and Page; (2) Warner/Chappell Music, Inc., a global music publishing company that publishes and administers Super Hype's catalog of songs, including Led Zeppelin's music; (3) Atlantic Recording Corporation, the record company that manufactured, sold, and distributed *Led Zeppelin IV*, the album containing the allegedly infringing song "Stairway to Heaven" and the owner of the master recordings of *Led Zeppelin IV* and "Stairway to Heaven"; (4) Warner Music Group Corp. (WMG), the parent company of Defendants Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company; and (5) Rhino Entertainment Company, a company that develops WMG's catalog of artists in the United States and provides support and assistance to the WMG's frontline labels.

Defendants have moved to either dismiss or transfer the case to the United States District Court for the Central District of California, Western Division. For the following reasons, Defendants' motions will be granted.

**BACKGROUND**

Plaintiff alleges Led Zeppelin copied significant portions of its iconic 1971 song "Stairway to Heaven" from Randy Craig Wolfe's copyrighted guitar composition "Taurus," and that all of the Defendants have exploited and continue to exploit "Taurus" as "Stairway to Heaven." Plaintiff sues all Defendants for direct, contributory, and vicarious copyright infringement and also brings a claim for equitable relief in the form of an order directing Defendants and the Copyright Office to include Wolfe as a writer of "Stairway to Heaven."

Defendants filed motions to dismiss or transfer the case, one on behalf of the individual Defendants (Page, Plant, and Jones) and the other on behalf of the corporate Defendants. All Defendants ask this Court to dismiss this case for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). The corporate Defendants also ask the Court to either dismiss the case for improper venue pursuant to Rule 12(b)(3) and 28 U.S.C. § 1406(a) or to transfer the case to the Central District of California, where three of the five corporate Defendants have their principal places of business and where all Defendants consent to jurisdiction and venue. If the Court finds jurisdiction and venue are proper in this District, all Defendants ask the Court to transfer the case to the Central District of California "[f]or the convenience of parties and witnesses" and "in the interest of justice" pursuant to 28 U.S.C. § 1404(a). Plaintiff opposes the motions and, in the event that the Court requires more facts to resolve the personal jurisdiction issue, seeks leave to conduct jurisdictional discovery.

**DISCUSSION**

Venue in a copyright action is governed by 28 U.S.C. § 1400(a), which provides that an action under the federal copyright laws "may be instituted in the district in which the defendant or his agent resides or may be found." A defendant in a copyright action "may be found" wherever the defendant is subject to personal jurisdiction; thus, "venue in a copyright action is proper in any judicial district in which the defendant would be amenable to personal jurisdiction if the district were a separate state." *Blackburn v. Walker Oriental Rug Galleries, Inc.*, 999 F. Supp. 636, 638 (E.D. Pa. 1998) (citations omitted).

"[A] District Court typically exercises personal jurisdiction according to the law of the state where it sits." *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007); *see* Fed. R. Civ. P. 4(k)(1)(A). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction "to the fullest extent allowed under the Constitution of the United States" and "based on the most minimum contact with this Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b). In order for the Court to have jurisdiction over the Defendants in this case, they must have "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316-17 (alterations in original) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Once the defense of lack of personal jurisdiction is raised, "the plaintiff bears the burden of showing that personal jurisdiction exists." *Marten v. Godwin*, 499 F.3d 290, 295-96 (3d Cir. 2007). Where the court does not hold an evidentiary hearing, the plaintiff "need only establish a prima facie case of personal jurisdiction and . . . [is] entitled to have [its] allegations taken as true and all factual disputes drawn in [its] favor." *O'Connor*, 496 F.3d at 316 (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir.

2004)). A plaintiff meets its burden to establish a prima facie case of personal jurisdiction by demonstrating "with reasonable particularity sufficient contacts between the defendant and the forum state." *Mellon Bank (East) PSFS v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (citation omitted). Because a Rule 12(b)(2) motion "is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies," the plaintiff may not rely on "bare pleadings alone" but must "respond with actual proofs, not mere allegations." *Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984); *see also Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009) ("[O]nce a defendant has raised a jurisdictional defense, the plaintiff must prov[e] by affidavits or other competent evidence that jurisdiction is proper." (second alteration in original) (citation and internal quotation marks omitted)).

There are two categories of personal jurisdiction: (1) general or "all-purpose" jurisdiction, which a court may exercise to hear "any and all claims" against a defendant when the defendant's affiliations with the forum state are "so 'continuous and systematic' as to render [it] essentially at home in the forum State," *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2851 (2011) (quoting *Int'l Shoe*, 326 U.S. at 317), and (2) specific jurisdiction, which "depends on an affiliatio[n] between the forum and the underlying controversy" and is "confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction," *id.* (alteration in original) (citations and internal quotation marks omitted).

For general jurisdiction to exist, "the contacts between the defendant and the forum need not be specifically related to the underlying cause of action," *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 368 n.1 (3d Cir. 2002), but "only a limited set of affiliations with a forum will render a

defendant amenable to all-purpose jurisdiction there," *Daimler AG v. Bauman*, 134 S. Ct. 746, 760 (2014). For an individual, "the paradigm forum for the exercise of general jurisdiction is the individual's domicile," *id.* (quoting *Goodyear*, 131 S. Ct. at 2853-54), and for a corporation, the paradigm fora are its "place of incorporation and principal place of business," *id.* The Supreme Court has made clear that only in an "exceptional case" would an individual be "essentially at home" in a forum other that of its domicile. *Id.* at 761 n.19.

For specific jurisdiction, the Third Circuit typically applies a three-part test:

> First, the defendant must have purposefully directed [its] activities at the forum. Second, the litigation must arise out of or relate to at least one of those activities. And third, if the prior two requirements are met, a court may consider whether the exercise of jurisdiction otherwise comport[s] with fair play and substantial justice.

*O'Connor*, 496 F.3d at 317 (alterations in original) (internal citations and quotation marks omitted).[1]

### A. Jurisdiction over Individual Defendants

Plaintiff asserts the Court has general jurisdiction over the individual Defendants because they make millions of dollars on sales of their music and related goods and services in this

---

[1] Defendants argue when an intentional tort claim is at issue, as in this case, the Third Circuit applies "[a] slightly refined version of this test," often referred to as the "effects test." *O'Connor*, 496 F.3d at 317 n.2. Under the effects test, a plaintiff demonstrates personal jurisdiction by showing
> (1) The defendant committed an intentional tort;
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort; [and]
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007) (quoting *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998)). During oral argument, Plaintiff acknowledged that the effects test is harder for him to meet than the traditional analysis described above. *See* Oral Arg. Tr. 53, Feb. 4, 2015. Because the Court finds it does not have specific jurisdiction as to the individual Defendants under the traditional analysis and the standard under the effects test is harder for Plaintiff to establish, it need not also review jurisdiction under the effects test.

District, including through CD sales, digital downloads, radio and television play, advertising, marketing, concert performances, other performances, licensing, merchandising, book sales, T-shirt sales, and poster sales. In other words, Plaintiff contends the individual Defendants' core business of selling and promoting their albums, songs, and concert tickets in the District establishes the continuous and systematic contacts necessary for the Court to exercise general jurisdiction. In addition, Plaintiff argues that each time Led Zeppelin performed "Stairway to Heaven" in Philadelphia in the past, Defendants used the city's airport, police, infrastructure, highways, and venues, further establishing their continuous and systematic contacts with the District.

Alternatively, Plaintiff asserts the Court has specific jurisdiction over the individual Defendants because they deliberately target Pennsylvania and the Eastern District of Pennsylvania for marketing and sales of the infringing song "Stairway to Heaven" through, inter alia, CD sales, digital downloading, radio and television play, advertising, marketing, concert performances, other performances, and licensing. He argues Defendants "have availed themselves of the privilege of conducting activities and business within this forum," and "it is reasonably foreseeable to all Defendants that they would be subject to suit in this district." Pl.'s Resp. 5.

Plaintiff asserts Defendant Page is susceptible to both general and specific jurisdiction for additional reasons: (1) Page was interviewed on October 28, 2014, by a Philadelphia radio station to promote the rerelease of *Led Zeppelin IV*, an album that includes "Stairway to Heaven"; (2) Page markets and sells a book in this forum titled *Jimmy Page by Jimmy Page*, which is exclusively about Led Zeppelin; and (3) Page has performed several shows in

6

Pennsylvania, the latest one occurring in July 1998, and Page played "Stairway to Heaven" at these performances, *see* Oral Arg. Tr. 66, Feb. 4, 2015.

In opposition, the individual Defendants have submitted declarations stating they (1) are citizens and subjects of the United Kingdom, (2) reside in London, (3) have never resided in Pennsylvania or been issued a Pennsylvania driver's license, (4) have never owned any real or personal property located in Pennsylvania, (5) have never owned any bank or brokerage accounts in Pennsylvania, (6) have no employees in Pennsylvania, (7) are not currently (and, to the best of their knowledge, have never been) parties to any contract with a Pennsylvania resident or company, (8) have not been in Pennsylvania for the purpose of promoting the exploitation, sale or distribution of Led Zeppelin's music since at least 1980, and (9) have not performed as part of Led Zeppelin in Pennsylvania since 1985, when the band participated without fee in a "Live Aid" charity concert.

The Court finds the individual Defendants are not subject to either general or specific jurisdiction in this District. First, none of the individual Defendants are domiciled in this District, and therefore, it is only the "exceptional case" in which this Court can exercise general jurisdiction over them. Next, in determining general jurisdiction, "[o]nly contacts occurring within a reasonable period of time prior to the filing of this action are relevant to this Court's general jurisdiction inquiry." *Phila. Prof'l Collections, LLC v. Young*, No. 10- 00724, 2010 WL 5257651, at *3 (E.D. Pa. Dec. 22, 2010); *see Johnson v. Woodcock*, 444 F.3d 953, 955 (8th Cir. 2006) ("Minimum contacts must exist either at the time the cause of action arose, the time the suit was filed, or within a reasonable period of time immediately prior to the filing of the lawsuit." (citation omitted)); *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 937 F.2d 44, 52 (2d Cir. 1991) ("[P]ersonal

jurisdiction depends on the defendant's contacts with the forum state at the time the lawsuit was filed." (citation omitted)). Copyright infringement claims are subject to a three-year statute of limitations; *see* 17 U.S.C. § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014), and Plaintiff filed this case on May 31, 2014. Because this case only involves acts of infringement arising after May 31, 2011, Plaintiff's reliance on contacts that are seventeen or more years old to establish general jurisdiction is unreasonable. Page's separate performances in the 1980s and 1990s and the individual Defendants' Live Aid concert performance are not relevant in the Court's general jurisdiction analysis.[2]

Further, the sales of Defendants' music and products, including Page's book, in this District are not a regular or systematic contact by the Defendants; Plaintiff has not alleged any facts suggesting the individual Defendants exercised control over where these products are sold or marketed. "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State," *Walden v. Fiore*, 134 S. Ct. 1115, 1123 (2014), and the corporate Defendants' alleged contacts with the District cannot be imputed to the individual Defendants. Page's interview, in which he briefly discussed the allegedly infringing song, while occurring much closer in time to the filing date of the Complaint, does not establish regular or systematic contacts with the forum, either on behalf of himself or on behalf of the other

---

[2] *See also MacQueen v. Union Carbide Corp.*, No. 13-831, 2014 WL 6809811, at *6 (D. Del. Dec. 3, 2014) ("When courts assess whether there is personal jurisdiction over a party . . . they typically do so by examining whether jurisdiction exists either at the time the cause of action arose, the time the suit was filed, or within a reasonable time prior to the filing of the lawsuit." (citing cases)); *A.S.T., LLC v. Carvin Pallenberg*, No. 07-795, 2008 WL 2074010, at *3 (D.N.J. May 15, 2008) ("[P]ersonal jurisdiction depends on the defendant's contacts with the forum state *at the time the lawsuit was filed.*" (citation omitted)); *Saudi v. Acomarit Maritmes Servs., S.A.D.*, No. 01-4301, 2002 WL 1373077, at *1 (E.D. Pa. June 24, 2002) (finding for purposes of general jurisdiction "the relevant contacts would be those in temporal proximity to [the cause of action] and "[c]ontacts that existed well before the accident would not be relevant to demonstrate general jurisdiction at the time of the [cause of action]").

individual Defendants. These individual Defendants are not "essentially at home" in this District and subjecting them to general jurisdiction here would not comport with notions of fair play or substantial justice.

There are also insufficient contacts to justify the Court's exercise of specific jurisdiction over the individual Defendants. Other than Page's radio interview, the only acts alleged to have been performed by the individual Defendants in this District are concerts that occurred at least seventeen years ago. Given the three-year statute of limitations for copyright claims, these performances are not contacts upon which the Court may base its exercise of specific jurisdiction. Page's single radio interview in which he briefly discussed "Stairway to Heaven" does not demonstrate he has purposefully directed infringing activities at this forum and is much too small and remote to comport with the requirements of due process in the jurisdictional analysis. As to the fact that copies of "Stairway to Heaven" and Page's book are sold in stores located in the District, Plaintiff has failed to plead facts establishing that these sales are acts by the individual Defendants purposefully directed at the forum. Again, there is no evidence, and Plaintiff has not alleged, the individual Defendants have any control over where the song (or book) is distributed.

Because Plaintiff has failed to present factual allegations that suggest the possible existence of other contacts with this forum, any jurisdictional discovery for these Defendants would be futile. As a result, jurisdiction and venue in this District are improper as to the individual Defendants. These Defendants, however, have consented to personal jurisdiction and venue in the Central District of California. When venue is improper, the Court may dismiss the case or, in the interest of justice, transfer it to a district court in which the case could have been

brought pursuant to 28 U.S.C. § 1406(a).[3] *See Knight v. Corp. for Nat. & Cmty. Serv.*, No. 03-2433, 2004 WL 2415079, at \*6 (E.D. Pa. Oct. 28, 2004). Generally, "[d]ismissal is a disfavored remedy because of the strains it imposes on judicial and party resources," *id.*, and a court can transfer the case to a forum in which it could have been brought even if it lacks personal jurisdiction over the defendant, *see Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465-67 (1962). As explained below, because this case cannot proceed against the individual Defendants in this District, but can proceed against all Defendants in the Central District of California, the Court finds that transfer is in the interest of justice. The Court will therefore transfer the claims asserted against the individual Defendants to the Central District of California.

### B. Corporate Defendants

The Court need not decide whether the corporate Defendants are subject to personal jurisdiction in this forum. When venue is proper for some defendants but not for other defendants and dismissal is not appropriate, a district court can either transfer the entire case to a district where venue is proper for all defendants or sever the claims against the defendants for whom venue is improper and transfer only that portion of the case. *See Cottman Transmission Sys., Inc. v. Martino*, 36 F.3d 291, 296 (3d Cir. 1994) (citations omitted). As for severance, "[w]hen the conduct of a co-defendant as to whom venue is proper is central to the issues raised by the plaintiff against those subject to transfer, the grant of a severance would not ordinarily be consistent with the sound exercise of discretion." *Id.*

Severance and transfer of only the claims against the individual Defendants would impose unnecessary costs on the parties and the judicial system. All of Plaintiff's claims arise out

---

[3] Although Defendants have not moved for transfer pursuant to § 1406(a), a court may transfer a case pursuant to this statute either upon motion by the defendant or sua sponte "when such a transfer is in the interest of justice." *Decker v. Dyson*, 165 F. App'x 951, 954 n. 3 (3d Cir. 2006); *accord Lafferty v. St. Riel*, 495 F.3d 72, 75 n. 3 (3d Cir. 2007).

of the same series of events, and a second, largely identical action filed against the individual Defendants would waste judicial resources and inconvenience witnesses. In addition, all Defendants consent to suit in the Central District of California; the Trust—the owner of the copyright that was allegedly infringed—is a creature of California law (and Defendants intend to challenge the creation of the Trust and Skidmore's standing as trustee); there are no Pennsylvania witnesses; there are a number of potential California witnesses regarding Wolfe's alleged ownership of the copyright to "Taurus" and the formation of the Trust; and California law governs the validity of songwriting and recording contracts Wolfe supposedly entered into before writing "Taurus," which bears on the ownership of the copyright at issue in this case. Thus, the Court will transfer the entire action to the district in which all Defendants consent to jurisdiction and venue and in which the court is better-suited to rule on the state law issues. *See Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28, 33-34 (3d Cir. 1993) ("[The court] should not sever if the defendant over whom jurisdiction is retained is so involved in the controversy to be transferred that partial transfer would require the same issues to be litigated in two places." (quoting *Liaw Su Teng v. Skaarup Shipping Corp.*, 743 F.2d 1140, 1148 (5th Cir. 1984)); *Celsion Corp. v. Stearns Mgmt. Corp.*, 2001 WL 55456, at *4 (D. Md. 2001) (finding when venue is improper for some, but not all, defendants, transferring entire case to district where venue would be proper for all defendants is preferable to dismissing defendants whose venue objections are valid); *see also Joe Solo Prods., Inc. v. Dawson*, No. 09-555, 2009 WL 2232856, at *7 (N.D. Ohio July 23, 2009); *Knight*, No. 2004 WL 2415079, at *6; *Loeb v. Bank of Am.*, 254 F. Supp. 2d 581, 588 n.14 (E.D. Pa. 2003).

      Accordingly, Defendants' motions to transfer will be granted. An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.