Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040

Helene M. Freeman, Esq. _____
E-Mail: hfreeman@phillipsnizer.com
PHILLIPS NIZER LLP
666 Fifth Avenue
New York, New York 10103
Tel:  (212) 977-9700
Fax:  (212) 262-5152

Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT and JOHN PAUL JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

|  |  |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the Randy Craig Wolfe Trust,<br><br>              Plaintiff,<br><br>       vs.<br><br>LED ZEPPELIN, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., parent of WARNER/CHAPPELL MUSIC, INC., ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY,<br><br>              Defendants. | Case No. 2:15-cv-03462 RGK (AGR)<br><br><br>ANSWER OF DEFENDANTS JAMES PATRICK PAGE, ROBERT ANTHONY PLANT AND JOHN PAUL JONES |

Defendants James Patrick Page, Robert Anthony Plant and John Paul Jones ("Defendants")[1] respond to plaintiff Michael Skidmore's First Amended Complaint as follows:

### "PREAMBLE"

1.    Answering paragraph 1 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

2.    Answering paragraph 2 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

3.    Deny each and every allegation contained in paragraph 3 of the First Amended Complaint, except admit that Led Zeppelin performed at concerts in the United States in late December 1968 and that it performed at venues at which the band called "Spirit" may have also performed.

4.    Deny each and every allegation contained in paragraph 4 of the First Amended Complaint.

5.    Deny each and every allegation contained in paragraph 5 of the First Amended Complaint, except admit that a part of the song "Fresh Garbage" was interpolated in a medley performed by Led Zeppelin in concert and except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the Spirit album upon which Spirit's recorded performance was contained.

///

---

[1]    Plaintiff has named "Led Zeppelin" as a Defendant.  Led Zeppelin is not a legal entity capable of suit.  Messrs. Page, Plant and Jones performed with John Bonham, deceased, as the musical group professionally known as Led Zeppelin.

6.     Deny each and every allegation contained in paragraph 6 of the First Amended Complaint, except admit that the Led Zeppelin recordings containing the musical composition *Stairway to Heaven* were released to the public in 1971, and that *Stairway to Heaven* was written by Defendants Page and Plant prior to its release.

7.     Answering paragraph 7 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

8.     Answering paragraph 8 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

9.     Answering paragraph 9 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein, except respectfully refer the Court to the May 1993 issue of Guitar World for the full text thereof.

10.     Deny each and every allegation in paragraph 10 of the First Amended Complaint, except admit that on occasion Defendants have entered into agreements to correct an error in songwriter credits or to resolve disputed claims.

11.     Answering paragraph 11 of the First Amended Complaint, including the First Amended Complaint's footnote 1, Defendants admit that Led Zeppelin has been called one of the greatest bands in history and its members were and are exceptionally talented, but otherwise deny each and every allegation contained in paragraph 11 of the First Amended Complaint.

///

///

**"FACTS"**

**"Randy California is Discovered by Jimi Hendrix"**

12.     Answering paragraph 12 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

13.     Answering paragraph 13 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

14.     Answering paragraph 14 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

15.     Answering paragraph 15 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Formation of Spirit"**

16.     Answering paragraph 16 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

17.     Answering paragraph 17 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

///

18.     Answering paragraph 18 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

19.     Answering paragraph 19 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Creation of the Song 'Taurus'"**

20.     Answering paragraph 20 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

21.     Answering paragraph 21 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Spirit and Randy Sign Songwriting & Recording Contracts"**

22.     Answering paragraph 22 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

23.     Answering paragraph 23 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

24.     Answering paragraph 24 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, deny the allegations contained therein.

26.     Answering paragraph 25 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

26.     Answering paragraph 26 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

27.     Answering paragraph 27 of the First Amended Complaint, Defendants refer the Court to the terms of the statute for the full text thereof.

28.     Answering paragraph 28 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein, except refer the Court to the laws of the State of California for their terms, meaning and effect.

29.     Answering paragraph 29 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein, except refer the Court to the laws of the State of California for their terms, meaning and effect.

30.     Answering paragraph 30 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein, except refer the Court to the laws of the State of California for their terms, meaning and effect.

///

31.     Answering paragraph 31 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein, except refer the Court to the United States Copyright Act for the full terms, meaning and effect of the statute.

32.     Answering paragraph 32 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

33.     Answering paragraph 33 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

34.     Answering paragraph 34 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

### "Led Zeppelin was Opening Act for Spirit in 1968"

35.     Defendants admit the allegations of paragraph 35 of the First Amended Complaint.

36.     Defendants deny each and every allegation contained in paragraph 36 of the First Amended Complaint, except admit that Led Zeppelin performed at a concert on December 26, 1968 and that Spirit performed on that date, and except deny knowledge or information sufficient to form a belief as to the truth of the allegations relating to the songs performed by Spirit in concert and on that basis deny such allegations.

37.     Deny each and every allegation contained in paragraph 37 of the First Amended Complaint, except admit that Spirit performed at one concert at which Led

1  Zeppelin performed in 1969 and that both groups were among the approximately
2  twenty to thirty groups booked to appear at two three-day music festivals in 1969
3  and deny knowledge or information sufficient to form a belief as to the songs
4  performed by Spirit.

5       38.    Deny each and every allegation contained in paragraph 38 of the First
6  Amended Complaint.

7       39.    Defendants deny the allegations contained in paragraph 39 of the First
8  Amended Complaint, except Plant admits that on February 6, 1970 he saw part of a
9  Spirit show at a club and that he was injured in a car accident and was treated at the
10  hospital after he left the show.

11  **"Spirit Influenced Led Zeppelin and Jimmy Page"**

12       40.    Answering paragraph 40 of the First Amended Complaint, Defendants
13  are without knowledge or information sufficient to form a belief as to the truth of the
14  allegations contained therein and, on that basis, deny the allegations contained
15  therein, except admit that Page was interviewed by Pete Frame for Zigzag Magazine
16  in 1972, that Frame's article was republished in the May 2008 issue of the Record
17  Collector and that Page said he saw Spirit perform and thought Spirit was "very
18  good."

19       41.    Deny each and every allegation contained in paragraph 41 of the First
20  Amended Complaint.

21       42.    Deny each and every allegation contained in paragraph 42 of the First
22  Amended Complaint, except admit that on occasion in 1968 and 1969 Led Zeppelin
23  performed a medley in concert which included an interpolation of part of the song
24  "Fresh Garbage" in "As Long As I Have You."

25       43.    Answering paragraph 43 of the First Amended Complaint, Defendants
26  are without knowledge or information sufficient to form a belief as to the truth of the
27  allegations contained therein and, on that basis, deny the allegations contained
28  therein and respectfully refer the Court to the book for its contents.

44.    Deny each and every allegation contained in paragraph 44 of the First Amended Complaint, except admit that on occasion in 1968 and 1969 Led Zeppelin performed a medley in concert which included an interpolation of part of the song "Fresh Garbage" in "As Long As I Have You."

45.    Defendants deny each and every allegation contained in paragraph 45 of the First Amended Complaint, except admit Page owned and used a Theremin.

46.    Answering paragraph 46 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein and respectfully refer the Court to the book for its contents.

47.    Deny each and every allegation contained in paragraph 47 of the First Amended Complaint, except admit that the album entitled "Led Zeppelin" was recorded in or about October 1968 and that Defendants had no knowledge of Spirit or Randy California at the time.

48.    Defendants deny each and every allegation contained in paragraph 48 of the First Amended Complaint, except admit that Led Zeppelin II was recorded in 1969.

49.    Defendants deny each and every allegation contained in paragraph 49 of the First Amended Complaint, except admit that Led Zeppelin II is a different album from the first "Led Zeppelin" album.

50.    Defendants deny each and every allegation contained in paragraph 50 of the First Amended Complaint.

**"Jimmy Page & Robert Plant write 'Stairway to Heaven'"**

51.    Defendants deny each and every allegation contained in paragraph 51 of the First Amended Complaint, except admit that the composition of the musical work entitled *Stairway to Heaven* principally took place in 1970 and that Plant and Page stayed at a cottage in Wales called Bron-Yr-Aur in 1970 following a tour of the United States and composed songs while there.

52.     Answering paragraph 52 of the First Amended Complaint, Defendants admit that Jimmy Page gave an interview to a reporter which was broadcast on National Public Radio on or about June 2, 2003 in which he discussed, among other things, the creation of *Stairway to Heaven* and that parts of what he said are contained in an edited manner in paragraph 52 and that other parts are omitted and respectfully refer the Court to the interview for the interview's full contents, but otherwise deny the remaining allegations.

53.     Answering paragraph 53 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations, except admit that Jones has said in substance the quotation attributed to him.

54.     Defendants admit the allegations of paragraph 54 of the First Amended Complaint.

55.     Defendants admit the allegations contained in paragraph 55 of the First Amended Complaint.

56.     Answering paragraph 56 of the First Amended Complaint, Defendants admit that *Stairway to Heaven* is a famous song, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

57.     Defendants deny the allegations contained in paragraph 57 of the First Amended Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the First Amended Complaint.

59.     Answering paragraph 59 of the First Amended Complaint, Defendants admit that copyright in the musical composition *Stairway to Heaven* was registered on or about January 20, 1972, as Registration No. Eu 301137, and renewed on or about January 5, 2000, receiving Registration No. RE 819-939, but otherwise deny the remaining allegations.

**"THE PARTIES"**

**"Michael Skidmore"**

60.     Answering paragraph 60 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

61.     Answering paragraph 61 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

62.     Answering paragraph 62 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

63.     Answering paragraph 63 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

64.     Answering paragraph 64 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

65.     Answering paragraph 65 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

66.     Answering paragraph 66 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, deny the allegations contained therein.

**"Led Zeppelin"**

67.     Answering paragraph 67 of the First Amended Complaint, Defendants admit that the English rock band known as Led Zeppelin was formed in or about 1968 and its members were Jimmy Page, guitar, Robert Plant, lead singer, John Paul Jones, bass and keyboards, and John Bonham, drums, and Defendants are otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

68.     Answering paragraph 68 of the First Amended Complaint, Defendants admit that the members of the rock band known as Led Zeppelin were referred to as the New Yardbirds in early concert appearances in 1968, signed a recording contract with Atlantic Recording Corporation in or about 1968, that the Led Zeppelin albums released to the public include the albums titled or known as Led Zeppelin, Led Zeppelin II, Led Zeppelin III, Led Zeppelin IV, Houses of the Holy and Physical Graffiti, first released to the public in or about, respectively, 1969, 1969, 1970, 1971, 1973 and 1975, that these albums attained significant commercial success and that the fourth album contained *Stairway to Heaven*, and Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

69.     Defendants deny each and every allegation contained in paragraph 69 of the First Amended Complaint, except admit that Defendant Page produced Led Zeppelin studio recordings and principally wrote music and Defendant Plant principally wrote lyrics.

70.     Answering paragraph 70 of the First Amended Complaint, Defendants admit that 9 studio albums released by Led Zeppelin reached the Billboard Top 10 in

the United States, that six reached a number 1 ranking in the United States, that Led Zeppelin was inducted into the Rock and Roll Hall of Fame in 1995 and that a fragment from the Rock and Roll Hall of Fame biography is quoted in the paragraph, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

71.    Defendants deny each and every allegation contained in paragraph 71 of the First Amended Complaint.

72.    Defendants deny each and every allegation contained in paragraph 72 of the First Amended Complaint, except admit that Randy Wolfe has not been credited or paid as a writer of the musical composition *Stairway to Heaven*.

73.    Defendants deny each and every allegation contained in paragraph 73 of the First Amended Complaint.

74.    Defendants deny each and every allegation contained in paragraph 74 of the First Amended Complaint, except admit that the musical composition *Stairway to Heaven* has been exploited.

75.    Defendants deny each and every allegation contained in paragraph 75 of the First Amended Complaint, except admit that the sound recording of *Stairway to Heaven* has been exploited.

76.    Defendants deny each and every allegation contained in paragraph 76 of the First Amended Complaint.

**"James Patrick Page"**

77.    Defendants deny each and every allegation contained in paragraph 77 of the First Amended Complaint, except admit that Jimmy Page is, among other things, a guitarist, and was a founding member of the rock band known as Led Zeppelin.

///

///

78.     Answering paragraph 78 of the First Amended Complaint, Defendants admit that Jimmy Page is credited as a writer of the musical composition *Stairway to Heaven*.

79.     Defendants deny each and every allegation contained in paragraph 79 of the First Amended Complaint.

80.     Defendants deny each and every allegation contained in paragraph 80 of the First Amended Complaint, except admit that Randy Wolfe has never been credited or paid as a writer of the musical composition *Stairway to Heaven*.

81.     Defendants deny each and every allegation contained in paragraph 81 of the First Amended Complaint.

82.     Defendants deny each and every allegation contained in paragraph 82 of the First Amended Complaint, except admit that the musical composition *Stairway to Heaven* has been exploited and Page has benefitted therefrom.

83.     Defendants deny each and every allegation contained in paragraph 83 of the First Amended Complaint, except admit that the sound recording of *Stairway to Heaven* has been exploited.

84.     Defendants deny each and every allegation contained in paragraph 84 of the First Amended Complaint, except admit that Page is a resident of London, England.

85.     Defendants deny each and every allegation contained in paragraph 85 of the First Amended Complaint.

### "Robert Anthony Plant"

86.     Defendants deny each and every allegation contained in paragraph 86 of the First Amended Complaint, except admit that Robert Plant is, among other things, a singer, and was a member of the rock band known as Led Zeppelin.

87.     Answering paragraph 87 of the First Amended Complaint, Defendants admit that Robert Plant is credited as a writer of the musical composition *Stairway to Heaven*, but otherwise deny the remaining allegations.

88.     Defendants deny each and every allegation contained in paragraph 88 of the First Amended Complaint.

89.     Defendants deny each and every allegation contained in paragraph 89 of the First Amended Complaint, except admit that Randy Wolfe has never been credited or paid as a writer of *Stairway to Heaven*.

90.     Defendants deny each and every allegation contained in paragraph 90 of the First Amended Complaint.

91.     Defendants deny each and every allegation contained in paragraph 91 of the First Amended Complaint, except admit that the musical composition *Stairway to Heaven* has been exploited and that Plant has benefitted therefrom.

92.     Defendants deny each and every allegation contained in paragraph 92 of the First Amended Complaint, except admit that the sound recording of *Stairway to Heaven* has been exploited.

93.     Defendants deny each and every allegation contained in paragraph 93 of the First Amended Complaint, except admit that Plant resides in England.

94.     Defendants deny each and every allegation contained in paragraph 94 of the First Amended Complaint.

**"John Paul Jones"**

95.     Defendants deny each and every allegation contained in paragraph 95 of the First Amended Complaint, except admit that John Paul Jones, among other things, was a member of and bass player in the rock band known as Led Zeppelin.

96.     Defendants deny each and every allegation contained in paragraph 96 of the First Amended Complaint.

97.     Defendants deny each and every allegation contained in paragraph 97 of the First Amended Complaint.

98.     Defendants deny each and every allegation contained in paragraph 98 of the First Amended Complaint.

///

99.   Defendants deny each and every allegation contained in paragraph 99 of the First Amended Complaint.

100.   Defendants deny each and every allegation contained in paragraph 100 of the First Amended Complaint, except admit that the sound recording of *Stairway to Heaven* has been exploited.

101.   Defendants deny each and every allegation contained in paragraph 101 of the First Amended Complaint, except admit that Jones resides in England.

102.   Defendants deny each and every allegation contained in paragraph 102 of the First Amended Complaint.

**"Super Hype Publishing, Inc."**

103.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the First Amended Complaint and, on that basis, deny the remaining allegations contained therein.

104.   Defendants deny each and every allegation contained in paragraph 104 of the First Amended Complaint.

105.   Defendants deny each and every allegation contained in paragraph 105 of the First Amended Complaint.

106.   Defendants deny each and every allegation contained in paragraph 106 of the First Amended Complaint.

107.   Answering paragraph 107 of the First Amended Complaint, Defendants deny that Super Hype Publishing, Inc., currently, or at any time within the applicable statute of limitations, exploited the musical composition *Stairway to Heaven*.

108.   Defendants deny each and every allegation contained in paragraph 108 of the First Amended Complaint.

109.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the First Amended Complaint, and on that basis, deny the allegations.

110.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the truth of the allegations contained in paragraph 110 of the First Amended Complaint, and on that basis, deny the allegations.

111.   Defendants deny each and every allegation contained in paragraph 111 of the First Amended Complaint.

**"Warner Music Group Corp."**

112.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the First Amended Complaint and, on that basis, deny the allegations.

113.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the First Amended Complaint and, on that basis, deny the allegations.

114.   Defendants deny each and every allegation contained in paragraph 114 of the First Amended Complaint.

115.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 115 of the First Amended Complaint.

116.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the First Amended Complaint, and on that basis, deny the allegations.

117.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the First Amended Complaint and, on that basis, deny the allegations.

118.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the First Amended Complaint and, on that basis, deny the allegations.

///

///

119.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the First Amended Complaint and, on that basis, deny the allegations.

120.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the First Amended Complaint and, on that basis, deny the allegations.

121.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the First Amended Complaint and, on that basis, deny the allegations.

**"Warner/Chappell Music, Inc."**

122.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the First Amended Complaint therein and, on that basis, deny the remaining allegations.

123.   Answering paragraph 123 of the First Amended Complaint, Defendants admit that music publishing includes, but is not limited to, the acquisition of rights to, and licensing of, musical compositions (as opposed to sound recordings) from songwriters, composers or other rights holders.

124.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the First Amended Complaint and, on that basis, deny the allegations.

125.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the First Amended Complaint and, on that basis, deny the allegations.

126.   Defendants deny each and every allegation contained in paragraph 126 of the First Amended Complaint.

127.   Answering paragraph 127 of the First Amended Complaint, Defendants admit that Warner/Chappell Music, Inc., administers publishing for the musical composition *Stairway to Heaven*, and Defendants are without knowledge or

1  information sufficient to form a belief as to the truth of the remaining allegations
2  contained therein and, on that basis, deny the remaining allegations.

3      128.   Defendants deny each and every allegation contained in paragraph 128
4  of the First Amended Complaint.

5      129.   Answering paragraph 129 of the First Amended Complaint, Defendants
6  are without knowledge or information sufficient to form a belief as to the truth of the
7  allegations contained and, on that basis, deny the allegations contained therein.

8      130.   Defendants are without knowledge or information sufficient to form a
9  belief as to the truth of the allegations contained in paragraph 130 of the First
10 Amended Complaint and, on that basis, deny the remaining allegations.

11     131.   Defendants are without knowledge or information sufficient to form a
12 belief as to the truth of the allegations contained in paragraph 131 of the First
13 Amended Complaint and, on that basis, deny the remaining allegations.

14     132.   Defendants are without knowledge or information sufficient to form a
15 belief as to the truth of the allegations contained in paragraph 132 of the First
16 Amended Complaint and, on that basis, deny the remaining allegations.

17     133.   Defendants are without knowledge or information sufficient to form a
18 belief as to the truth of the allegations contained in paragraph 133 of the First
19 Amended Complaint and, on that basis, deny the remaining allegations.

20               **"Atlantic Recording Corporation"**

21     134.   Answering paragraph 134 of the First Amended Complaint, Defendants
22 admit that Atlantic Recording Corporation is a record company engaged in the
23 business of creating and manufacturing sound recordings containing the recorded
24 performance of musical works, and Defendants are without knowledge or
25 information sufficient to form a belief as to the truth of the remaining allegations
26 contained therein and, on that basis, deny the remaining allegations.

27     135.   Answering paragraph 135 of the First Amended Complaint, Defendants
28 admit that pursuant to an agreement entered in or about 1968, Plant, Page, Jones and

John Bonham (deceased) as the rock band known as Led Zeppelin delivered to Atlantic Recording Corporation sound recordings of their recorded performances and that Atlantic Recording Corporation caused Led Zeppelin albums including those sound recordings to be publicly released and otherwise deny the allegations contained in paragraph 135.

136.   Answering paragraph 136 of the First Amended Complaint, Defendants admit that in 1971, Atlantic Recording Corporation caused the fourth Led Zeppelin album, sometimes referred to as Led Zeppelin IV, to be publicly released in the United States, that the album included the recorded performance of the musical composition *Stairway to Heaven*, Defendants deny that the *Stairway to Heaven* musical composition and sound recording, or either of them, infringe a copyright in the musical composition *Taurus*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

137.   Defendants admit the allegations contained in paragraph 137 of the First Amended Complaint.

138.   Answering paragraph 138 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation owns the master recording of Stairway to Heaven embodied on the fourth Led Zeppelin album, released in 1971, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

139.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the First Amended Complaint and, on that basis they are denied.

140.   Answering paragraph 140 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation is a prominent record company whose recording artists have included Led Zeppelin, and Defendants are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the allegations.

141.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the First Amended Complaint and, on that basis, deny the allegations.

142.   Defendants deny each and every allegation contained in paragraph 142 of the First Amended Complaint.

143.   Answering paragraph 143 of the First Amended Complaint, Defendants admit that the performance of the musical composition *Stairway to Heaven* is embodied in recordings that Atlantic Recording Corporation has caused to be made and distributed to the public, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

144.   Defendants admit the allegations contained in paragraph 144 of the First Amended Complaint.

145.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the First Amended Complaint and, on that basis, deny the allegations.

146.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the First Amended Complaint and, on that basis, deny the remaining allegations.

147.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the First Amended Complaint and, on that basis, deny the remaining allegations.

148.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1486 of the First Amended Complaint and, on that basis, deny the remaining allegations.

///

**"Rhino Entertainment Company"**

149.   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 149 of the First Amended Complaint.

150.   Defendants deny the allegations contained in paragraph 150 of the First Amended Complaint.

151.   Answering paragraph 151 of the First Amended Complaint, Defendants admit that the recorded performance of the musical composition *Stairway to Heaven* is included in recordings that Rhino Entertainment Company has caused to be made and distributed to the public, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

152.   Defendants admit the allegations contained in paragraph 152 of the First Amended Complaint.

153.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the First Amended Complaint and, on that basis, deny the allegations.

154.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the First Amended Complaint and, on that basis, deny the allegations.

155.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 of the First Amended Complaint and, on that basis, deny the allegations.

156.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the First Amended Complaint and, on that basis, deny the allegations.

157.   Defendants deny the allegations contained in paragraph 157 of the First Amended Complaint.

158.   Answering paragraph 158 of the First Amended Complaint, Defendants admit that plaintiff purports to state the meaning of his references to Defendants or acts by Defendants, but Defendants' responses in this Answer are for themselves alone and are presented for them each as individuals, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations.

**"JURISDICTION AND VENUE"**

159.   Answering paragraph 159 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 158 as if separately set forth herein in full.

160.   Defendants deny each and every the allegations contained in paragraph 160 of the First Amended Complaint.

161.   Answering paragraph 161 of the First Amended Complaint, Defendants admit that plaintiff invoke subject matter jurisdiction under 28 U.S.C. Sections 1331 and 1338 by virtue of plaintiff's assertion of claims under the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq*.

162.   Defendants deny each and every allegation contained in paragraph 162 of the First Amended Complaint.

**"This Court Has Specific Jurisdiction Because Defendants Have Targeted This District for Sales of the Infringing Song 'Stairway to Heaven'"**

163.   Defendants deny each and every allegation contained in paragraph 163 of the First Amended Complaint.

164.   Defendants deny each and every allegation contained in paragraph 164 of the First Amended Complaint.

///

///

///

///

**"This Court Has General Jurisdiction Because Defendants Exploit this District and its Residents to Sell, Promote, Advertise, Perform, and Merchandise their Music, Making Millions of Dollars in the Process"**

165.   Defendants deny each and every allegation contained in paragraph 165 of the First Amended Complaint.

166.   Defendants deny each and every allegation contained in paragraph 166 of the First Amended Complaint.

167.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the First Amended Complaint and, on that basis, deny the allegations, except admit that prior to 1986 Led Zeppelin performed in concert in Pennsylvania on occasion.

168.   Defendants deny each and every allegation contained in paragraph 168 of the First Amended Complaint.

**"Venue Is Appropriate in the Eastern District of Pennsylvania"**

169.   Defendants deny each and every allegation contained in paragraph 169 of the First Amended Complaint.

170.   Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the First Amended Complaint and, on that basis, deny the allegations.

171.   Defendants deny each and every allegation contained in paragraph 171 of the First Amended Complaint.

**"CAUSES OF ACTION"**

**"Count I – Direct Copyright Infringement"**

172.   Answering paragraph 172 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 171 as if separately set forth herein in full.

173.   Answering paragraph 173 of the First Amended Complaint, the allegations contained therein are legal conclusions to which no response is required,

and, in any event, the legal conclusions are not a full statement of the applicable law, and, accordingly, Defendants deny the allegations contained therein.

174.   Answering paragraph 174 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations except admit that Defendants Jimmy Page, Robert Plant, John Paul Jones first performed in the United States with John Bonham, deceased, as Led Zeppelin in 1968 and that at a concert in late December 1968 Spirit also performed in concert.

175.   Defendants deny each and every allegation contained in paragraph 175 of the First Amended Complaint, except admit that in or about December 1968, Led Zeppelin performed part of the composition Fresh Garbage interpolated in a medley.

176.   Defendants deny each and every allegation contained in paragraph 176 of the First Amended Complaint.

177.   Defendants deny each and every allegation contained in paragraph 177 of the First Amended Complaint, except admit that Page used a Theremin on certain Led Zeppelin records.

178.   Defendants deny each and every allegation contained in paragraph 178 of the First Amended Complaint.

179.   Defendants deny each and every allegation contained in paragraph 179 of the First Amended Complaint.

180.   Defendants deny each and every allegation contained in paragraph 180 of the First Amended Complaint.

181.   Defendants deny each and every allegation contained in paragraph 181 of the First Amended Complaint.

182.   Answering paragraph 182 of the First Amended Complaint, Defendants deny that *Stairway to Heaven* exploits Taurus and deny that permission of plaintiff is required in order to exploit *Stairway to Heaven*.

///

183.   Defendants deny each and every allegation contained in paragraph 183 of the First Amended Complaint.

184.   Defendants deny each and every allegation contained in paragraph 184 of the First Amended Complaint.

185.   Answering paragraph 185 of the First Amended Complaint, Defendants admit that Jimmy Page gave an interview to a reporter which was broadcast on National Public Radio on or about June 2, 2003 in which he discussed, among other things, the creation of *Stairway to Heaven* and that parts of what he said are contained in an edited manner in paragraph 185 and that other parts are omitted, and respectfully refer the Court to the interview for the interview's full contents, but otherwise deny the remaining allegations.

186.   Defendants deny each and every allegation contained in paragraph 186 of the First Amended Complaint.

### "Count II – Contributory Copyright Infringement"

187.   Answering paragraph 187 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 186 as if separately set forth herein in full.

188.   Answering paragraph 188 of the First Amended Complaint, the allegations contained therein are legal conclusions to which no response is required, and, in any event, the legal conclusions are not a full statement of the applicable law, and, accordingly, Defendants deny the allegations contained therein.

189.   Defendants deny each and every allegation contained in paragraph 189 of the First Amended Complaint.

190.   Defendants deny each and every allegation contained in paragraph 190 of the First Amended Complaint.

///

///

///

**"Count III – Vicarious Copyright Infringement"**

191.   Answering paragraph 191 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 190 as if separately set forth herein in full.

192.   Answering paragraph 192 of the First Amended Complaint, the allegations contained therein are legal conclusions to which no response is required, and, in any event, the legal conclusions are not a full statement of the applicable law, and, accordingly, Defendants deny the allegations contained therein.

193.   Defendants deny each and every allegation contained in paragraph 193 of the First Amended Complaint, except Page and Plant admit that they benefit financially from the exploitation of the musical composition *Stairway to Heaven*.

194.   Defendants deny each and every allegation contained in paragraph 194 of the First Amended Complaint, except admit that Page and Plant have control over the licensing of the musical composition *Stairway to Heaven* for use in synchronization with visual images.

195.   Defendants deny each and every allegation contained in paragraph 195 of the First Amended Complaint.

**"Count IV – Right of Attribution – Equitable Relief**

**Falsification of Rock N' Roll History"**

196.   Answering paragraph 196 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 195 as if separately set forth herein in full.

197.   Defendants deny each and every allegation contained in paragraph 197 of the First Amended Complaint.

198.   Defendants deny each and every allegation contained in paragraph 198 of the First Amended Complaint, except admit that Randy California is not credited as an author of the composition *Stairway to Heaven*.

///

199.   Answering paragraph 199 of the First Amended Complaint, Defendants deny that *Stairway to Heaven* exploits Taurus, deny that Randy Wolfe was entitled to credit as a writer of *Stairway to Heaven* and admit that he has not been credited as a writer of the song for 42 years although it has been continuously exploited during the past 42 years, but otherwise deny any other allegation contained in paragraph 199.

200.   Defendants deny each and every allegation contained in paragraph 200 of the First Amended Complaint.

201.   Answering paragraph 201 of the First Amended Complaint, Defendants admit the allegations contained therein, including reiterating that Randy Wolfe had no role in creating *Stairway to Heaven*.

202.   Defendants deny each and every allegation contained in paragraph 202 of the First Amended Complaint.

## FIRST AFFIRMATIVE DEFENSE[2]

### (Failure to State a Claim)

203.   Plaintiff's First Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Independent Creation)

204.   The musical composition and sound recordings of which Plaintiff complains were created independently by Defendants and without knowledge of plaintiff's claimed work.

///

///

///

---

[2]   To the extent that the burden of proof of any matter raised or mentioned in the following defenses lies with plaintiffs, or any of them, Defendants raise the defense out of an abundance of caution and do not thereby assume that burden of proof.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Copyrightable Subject Matter)

205.   Plaintiff's claimed work, or the portions thereof allegedly copied, or both, are not copyrightable subject matter.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Copyright Act Formalities)

206.   Plaintiff's claims and/or the remedies Plaintiff seeks are barred by the failure to comply with the Copyright Act of 1909, 17 U.S.C. §§ 1 *et seq.*, and/or the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. §§ 10, 11, 13, 401 and 408, and each of them.

### FIFTH AFFIRMATIVE DEFENSE

### (Alleged Infringement De Minimis)

207.   Without admitting the use of any copyrighted material allegedly owned by the trust on whose behalf Plaintiff purports to sue, the alleged use is de minimis.

### SIXTH AFFIRMATIVE DEFENSE

### (Fair Use)

208.   Without admitting the alleged use of copyrighted material allegedly owned by the trust on whose behalf Plaintiff purports to sue, the conduct of which plaintiff complains constitutes fair use.

### SEVENTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

209.   Without in any way admitting any of the allegations contained in the First Amended Complaint, any alleged use of the musical composition *Taurus* did not proximately cause any of the alleged damages and/or did not proximately result in any profits to Defendants.

///

///

///

**EIGHTH AFFIRMATIVE DEFENSE**

**(Laches)**

210.   Plaintiff's claims and/or the remedies Plaintiff seek are barred by the doctrine of laches.

**NINTH AFFIRMATIVE DEFENSE**

**(Statutes of Limitation)**

211.   Plaintiff's claims, and each of them, are barred by the applicable statutes of limitation, including but not limited to 17 U.S.C. Section 507(b).

**TENTH AFFIRMATIVE DEFENSE**

**(Abandonment)**

212.   Plaintiff, plaintiff's predecessors, Randy Wolfe and/or the owners of the copyright in the musical composition *Taurus*, abandoned any copyright in the allegedly-infringed work.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Waiver)**

213.   Plaintiff's claims and/or the remedies plaintiff seeks are barred by the doctrine of waiver.

**TWELFTH AFFIRMATIVE DEFENSE**

**(License)**

214.   Without admitting the use of any copyrighted material allegedly owned by plaintiff, the conduct of which he complains was impliedly and/or expressly licensed.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Estoppel)**

215.   Plaintiff's claims are barred by the doctrine of estoppel.

///

///

///

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Ratification)

216.   Without admitting any infringement, plaintiff, plaintiff's predecessors, Randy Wolfe and/or the owners of the copyright in the musical composition *Taurus* ratified the conduct of which plaintiff complains.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Lack of Standing)

217.   Plaintiff does not have standing to assert the claims he asserts.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

218.    Plaintiff'' claims and/or the relief plaintiff seeks, or both, are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Preemption)

219.   Plaintiff's purported fourth claim for relief is preempted by the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. § 301(a).

Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER

**WHEREFORE,** Defendants James Patrick Page, Robert Anthony Plant and John Paul Jones pray for Judgment as follows:

1.     That plaintiff take nothing by way of his First Amended Complaint and that the First Amended Complaint be dismissed;

2.     That Defendants be awarded their costs and attorneys' fees; and

1        3.      For such other and further relief as the Court deems just and proper.

2

3   Dated: May 20, 2015                          _____/s/ Helene M. Freeman_____
                                                  Helene M. Freeman, Esq.
4                                                 PHILLIPS NIZER LLP
                                                  666 Fifth Avenue
5                                                 New York, New York  10103
                                                  Attorney for Defendants
6                                                 JAMES PATRICK PAGE,
                                                  ROBERT ANTHONY PLANT and
7                                                 JOHN PAUL JONES

8                                                 Peter J. Anderson, Esq.
                                                  LAW OFFICES OF PETER J. ANDERSON
9                                                 A Professional Corporation
                                                  Attorney for Defendants
10                                                JAMES PATRICK PAGE, ROBERT
                                                  ANTHONY PLANT, JOHN PAUL JONES,
11                                                WARNER/CHAPPELL MUSIC, INC.,
                                                  SUPER HYPE PUBLISHING, INC.,
12                                                ATLANTIC RECORDING CORP., RHINO
                                                  ENTERTAINMENT COMPANY and
13                                                WARNER MUSIC GROUP INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

31