Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040

Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and WARNER
MUSIC GROUP CORP.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the Randy Craig Wolfe Trust,<br><br>        Plaintiff,<br><br>    vs.<br><br>LED ZEPPELIN, JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, SUPER HYPE PUBLISHING, INC., WARNER MUSIC GROUP CORP., parent of WARNER/CHAPPELL MUSIC, INC., ATLANTIC RECORDING CORPORATION, RHINO ENTERTAINMENT COMPANY,<br><br>        Defendants. | Case No. 2:15-cv-03462 RGK (AGRx)<br><br>ANSWER OF DEFENDANTS WARNER/CHAPPELL MUSIC, INC., SUPER HYPE PUBLISHING, INC., ATLANTIC RECORDING CORP., RHINO ENTERTAINMENT COMPANY and WARNER MUSIC GROUP CORP. |

Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation and Rhino Entertainment Company ("Defendants") respond to plaintiff Michael Skidmore's First Amended Complaint as follows:

## "PREAMBLE"

1.     Answering paragraph 1 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

2.     Answering paragraph 2 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

3.     Answering paragraph 3 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

4.     Answering paragraph 4 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

5.     Answering paragraph 5 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

6.     Answering paragraph 6 of the First Amended Complaint, Defendants admit that the recordings containing the musical composition *Stairway to Heaven* were released to the public in 1971, and Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

7.      Answering paragraph 7 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

8.      Answering paragraph 8 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

9.      Answering paragraph 9 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

10.      Answering paragraph 10 of the First Amended Complaint, Defendants admit that Anne Bredon, Willie Dixon, Chester Burnett, professionally known as Howlin' Wolf, and Mrs. Valens are each credited on some musical compositions recorded by the musical group Led Zeppelin, and that on occasion errors in songwriter credits or disputed claims have been resolved, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

11.      Answering paragraph 11 of the First Amended Complaint, including the First Amended Complaint's footnote 1, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

///

## "FACTS"

### "Randy California is Discovered by Jimi Hendrix"

12.     Answering paragraph 12 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

13.     Answering paragraph 13 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

14.     Answering paragraph 14 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

15.     Answering paragraph 15 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

### "Formation of Spirit"

16.     Answering paragraph 16 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

17.     Answering paragraph 17 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

///

18.     Answering paragraph 18 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

19.     Answering paragraph 19 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Creation of the Song 'Taurus'"**

20.     Answering paragraph 20 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

21.     Answering paragraph 21 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Spirit and Randy Sign Songwriting & Recording Contracts"**

22.     Answering paragraph 22 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

23.     Answering paragraph 23 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

24.     Answering paragraph 24 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the

1 | allegations contained therein and, on that basis, deny the allegations contained
2 | therein.

3 |     25.    Answering paragraph 25 of the First Amended Complaint, Defendants
4 | are without knowledge or information sufficient to form a belief as to the truth of the
5 | allegations contained therein and, on that basis, deny the allegations contained
6 | therein.

7 |     26.    Answering paragraph 26 of the First Amended Complaint, Defendants
8 | are without knowledge or information sufficient to form a belief as to the truth of the
9 | allegations contained therein and, on that basis, deny the allegations contained
10 | therein.

11 |     27.    Answering paragraph 27 of the First Amended Complaint, Defendants
12 | are without knowledge or information sufficient to form a belief as to the truth of the
13 | allegations contained therein and, on that basis, deny the allegations contained
14 | therein.

15 |     28.    Answering paragraph 28 of the First Amended Complaint, Defendants
16 | are without knowledge or information sufficient to form a belief as to the truth of the
17 | allegations contained therein and, on that basis, deny the allegations contained
18 | therein.

19 |     29.    Answering paragraph 29 of the First Amended Complaint, Defendants
20 | are without knowledge or information sufficient to form a belief as to the truth of the
21 | allegations contained therein and, on that basis, deny the allegations contained
22 | therein.

23 |     30.    Answering paragraph 30 of the First Amended Complaint, Defendants
24 | are without knowledge or information sufficient to form a belief as to the truth of the
25 | allegations contained therein and, on that basis, deny the allegations contained
26 | therein.

27 |     31.    Answering paragraph 31 of the First Amended Complaint, Defendants
28 | are without knowledge or information sufficient to form a belief as to the truth of the

allegations contained therein and, on that basis, deny the allegations contained therein.

32.    Answering paragraph 32 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

33.    Answering paragraph 33 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

34.    Answering paragraph 34 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

## "Led Zeppelin was Opening Act for Spirit in 1968"

35.    Answering paragraph 35 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

36.    Answering paragraph 36 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

37.    Answering paragraph 37 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

///

38.     Answering paragraph 38 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

39.     Answering paragraph 39 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Spirit Influenced Led Zeppelin and Jimmy Page"**

40.     Answering paragraph 40 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

41.     Answering paragraph 41 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

42.     Answering paragraph 42 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

43.     Answering paragraph 43 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

44.     Answering paragraph 44 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the
///

1   allegations contained therein and, on that basis, deny the allegations contained
2   therein.

3        45.    Answering paragraph 45 of the First Amended Complaint, Defendants
4   are without knowledge or information sufficient to form a belief as to the truth of the
5   allegations contained therein and, on that basis, deny the allegations contained
6   therein.

7        46.    Answering paragraph 46 of the First Amended Complaint, Defendants
8   are without knowledge or information sufficient to form a belief as to the truth of the
9   allegations contained therein and, on that basis, deny the allegations contained
10  therein.

11       47.    Answering paragraph 47 of the First Amended Complaint, Defendants
12  admit that the album titled Led Zeppelin was recorded in or about October 1968 and
13  admit that the members of the musical group Led Zeppelin had no knowledge of
14  Spirit or Randy California at the time of the recording of that album, and Defendants
15  are without knowledge or information sufficient to form a belief as to the truth of the
16  remaining allegations contained therein and, on that basis, deny the remaining
17  allegations contained therein.

18       48.    Answering paragraph 48 of the First Amended Complaint, Defendants
19  are without knowledge or information sufficient to form a belief as to the truth of the
20  allegations contained therein and, on that basis, deny the allegations contained
21  therein.

22       49.    Answering paragraph 49 of the First Amended Complaint, Defendants
23  are without knowledge or information sufficient to form a belief as to the truth of the
24  allegations contained therein and, on that basis, deny the allegations contained
25  therein.

26       50.    Answering paragraph 50 of the First Amended Complaint, Defendants
27  are without knowledge or information sufficient to form a belief as to the truth of the
28  ///

allegations contained therein and, on that basis, deny the allegations contained therein.

**"Jimmy Page & Robert Plant write 'Stairway to Heaven'"**

51.     Answering paragraph 51 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

52.     Answering paragraph 52 of the First Amended Complaint, Defendants admit that Jimmy Page gave an interview to a reporter which was broadcast on National Public Radio on or about June 2, 2003 in which he discussed, among other things, the creation of *Stairway to Heaven* and that parts of what he said are contained in an edited manner in paragraph 52 and that other parts are omitted, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

53.     Answering paragraph 53 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

54.     Answering paragraph 54 of the First Amended Complaint, Defendants admit that recording of *Stairway to Heaven* began at Island Records' studio in London, England, in December 1970 and was completed in 1971, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

55.     Answering paragraph 55 of the First Amended Complaint, Defendants admit that *Stairway to Heaven* was released on an untitled album, commonly referred to as Led Zeppelin IV, and Defendants are without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

56.     Answering paragraph 56 of the First Amended Complaint, Defendants admit that *Stairway to Heaven* is a famous song, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

57.     Answering paragraph 57 of the First Amended Complaint, Defendants deny the allegations contained therein.

58.     Answering paragraph 58 of the First Amended Complaint, Defendants deny the allegations contained therein.

59.     Answering paragraph 59 of the First Amended Complaint, Defendants admit that copyright in the musical composition *Stairway to Heaven* was registered on or about January 20, 1972, as Registration No. Eu 301137, and renewed on or about January 5, 2000, Registration No. RE 819-939, and Defendants deny the remaining allegations contained therein.

### "THE PARTIES"

### "Michael Skidmore"

60.     Answering paragraph 60 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

61.     Answering paragraph 61 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

///

10

62.    Answering paragraph 62 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

63.    Answering paragraph 63 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

64.    Answering paragraph 64 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

65.    Answering paragraph 65 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

66.    Answering paragraph 66 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

**"Led Zeppelin"**

67.    Answering paragraph 67 of the First Amended Complaint, Defendants admit that the English rock band known as Led Zeppelin was formed in or about 1968 and its members were Jimmy Page, guitar, Robert Plant, lead singer, John Paul Jones, bass and keyboards, and John Bonham, drums, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

68.     Answering paragraph 68 of the First Amended Complaint, Defendants admit that the members of the rock band known as Led Zeppelin signed a recording contract with Atlantic Recording Corporation in or about 1968, that the Led Zeppelin albums released to the public include the albums titled or known as Led Zeppelin, Led Zeppelin II, Led Zeppelin III, Led Zeppelin IV, Houses of the Holy and Physical Graffiti, first released to the public in or about, respectively, 1969, 1969, 1970, 1971, 1973 and 1975, and that the albums achieved significant commercial success, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

69.     Answering paragraph 69 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

70.     Answering paragraph 70 of the First Amended Complaint, Defendants admit that nine studio albums released by Led Zeppelin reached the Billboard Top 10 in the United States, that six reached a number one ranking in the United States, that Led Zeppelin was inducted into the Rock and Roll Hall of Fame in 1995 and that a fragment from the Rock and Roll Hall of Fame biography is quoted in the paragraph, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

71.     Answering paragraph 71 of the First Amended Complaint, Defendants deny the allegations contained therein.

72.     Answering paragraph 72 of the First Amended Complaint, Defendants admit that Randy Wolfe has not been credited or paid as a writer of the musical composition *Stairway to Heaven*, and deny the remaining allegations contained therein, including denying that Randy Wolfe was entitled to credit or payment.

73.     Answering paragraph 73 of the First Amended Complaint, Defendants deny the allegations contained therein.

74.     Answering paragraph 74 of the First Amended Complaint, Defendants admit that the rock band known as Led Zeppelin publicly performed the musical composition *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

75.     Answering paragraph 75 of the First Amended Complaint, Defendants deny the allegations contained therein.

76.     Answering paragraph 76 of the First Amended Complaint, Defendants deny the allegations contained therein.

**"James Patrick Page"**

77.     Answering paragraph 77 of the First Amended Complaint, Defendants admit that Jimmy Page is, among other things, a guitarist, and was a founding member of the rock band known as Led Zeppelin, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

78.     Answering paragraph 78 of the First Amended Complaint, Defendants admit that Jimmy Page is credited as a writer of the musical composition *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

79.     Answering paragraph 79 of the First Amended Complaint, Defendants deny the allegations contained therein.

80.     Answering paragraph 80 of the First Amended Complaint, Defendants admit that Randy Wolfe has not been credited or paid as a writer of the musical

13

composition *Stairway to Heaven*, and deny the remaining allegations contained therein, including denying that Randy Wolfe was entitled to credit or payment.

81.     Answering paragraph 81 of the First Amended Complaint, Defendants deny the allegations contained therein.

82.     Answering paragraph 82 of the First Amended Complaint, Defendants admit that Jimmy Page, as a member of the rock band known as Led Zeppelin, publicly performed the musical composition *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

83.     Answering paragraph 83 of the First Amended Complaint, Defendants deny the allegations contained therein.

84.     Answering paragraph 84 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

85.     Answering paragraph 85 of the First Amended Complaint, Defendants deny the allegations contained therein.

**"Robert Anthony Plant"**

86.     Answering paragraph 86 of the First Amended Complaint, Defendants admit that Robert Plant is, among other things, a singer, and was a founding member of the rock band known as Led Zeppelin, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

87.     Answering paragraph 87 of the First Amended Complaint, Defendants admit that Robert Plant is credited as a writer of the musical composition *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a

14

belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

88.     Answering paragraph 88 of the First Amended Complaint, Defendants deny the allegations contained therein.

89.     Answering paragraph 89 of the First Amended Complaint, Defendants deny the allegations contained therein.

90.     Answering paragraph 90 of the First Amended Complaint, Defendants deny the allegations contained therein.

91.     Answering paragraph 91 of the First Amended Complaint, Defendants admit that Robert Plant, as a member of the rock band known as Led Zeppelin, publicly performed the musical composition *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

92.     Answering paragraph 92 of the First Amended Complaint, Defendants deny the allegations contained therein.

93.     Answering paragraph 93 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

94.     Answering paragraph 94 of the First Amended Complaint, Defendants deny the allegations contained therein.

**"John Paul Jones"**

95.     Answering paragraph 95 of the First Amended Complaint, Defendants admit that John Paul Jones was a member and bass player in the rock band known as Led Zeppelin, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

96.     Answering paragraph 96 of the First Amended Complaint, Defendants deny the allegations contained therein, including denying that *Stairway to Heaven* infringes *Taurus*.

97.     Answering paragraph 97 of the First Amended Complaint, Defendants deny the allegations contained therein.

98.     Answering paragraph 98 of the First Amended Complaint, Defendants deny the allegations contained therein.

99.     Answering paragraph 99 of the First Amended Complaint, Defendants admit that John Paul Jones, as a member of the rock band known as Led Zeppelin, publicly performed the musical composition *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

100.   Answering paragraph 100 of the First Amended Complaint, Defendants deny the allegations contained therein.

101.   Answering paragraph 101 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

102.   Answering paragraph 102 of the First Amended Complaint, Defendants deny the allegations contained therein.

### "Super Hype Publishing, Inc."

103.   Answering paragraph 103 of the First Amended Complaint, Defendants admit that Super Hype Publishing, Inc., is a music publishing company, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

///

104.   Answering paragraph 104 of the First Amended Complaint, Defendants deny the allegations contained therein.

105.   Answering paragraph 105 of the First Amended Complaint, Defendants deny the allegations contained therein.

106.   Answering paragraph 106 of the First Amended Complaint, Defendants deny the allegations contained therein.

107.   Answering paragraph 107 of the First Amended Complaint, Defendants admit that in the past Super Hype Publishing, Inc., acted as a music publisher of the musical composition *Stairway to Heaven*, Defendants deny that Super Hype Publishing, Inc., currently, or at any time within the applicable statute of limitations, exploited the musical composition *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

108.   Answering paragraph 108 of the First Amended Complaint, Defendants deny the allegations contained therein.

109.   Answering paragraph 109 of the First Amended Complaint, Defendants admit the allegations contained therein.

110.   Answering paragraph 110 of the First Amended Complaint, Defendants deny the allegations contained therein.

111.   Answering paragraph 111 of the First Amended Complaint, Defendants deny the allegations contained therein.

## "Warner Music Group Corp."

112.   Answering paragraph 112 of the First Amended Complaint, Defendants admit that Warner Music Group Corp. owns, directly or indirectly, record companies and music publishing companies, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

///

1   contained therein and, on that basis, deny the remaining allegations contained
2   therein.

3       113.   Answering paragraph 113 of the First Amended Complaint, Defendants
4   admit that defendant Warner Music Group Corp. indirectly owns Warner/Chappell
5   Music, Inc., Atlantic Recording Corporation and Rhino Entertainment Company,
6   and Defendants are without knowledge or information sufficient to form a belief as
7   to the truth of the remaining allegations contained therein and, on that basis, deny
8   the remaining allegations contained therein.

9       114.   Answering paragraph 114 of the First Amended Complaint, Defendants
10  deny the allegations contained therein.

11      115.   Answering paragraph 115 of the First Amended Complaint, Defendants
12  deny the allegations contained therein.

13      116.   Answering paragraph 116 of the First Amended Complaint, Defendants
14  deny the allegations contained therein.

15      117.   Answering paragraph 117 of the First Amended Complaint, Defendants
16  admit the allegations contained therein.

17      118.   Answering paragraph 118 of the First Amended Complaint, Defendants
18  admit that Warner/Chappell Music, Inc., is, indirectly, a subsidiary of Warner Music
19  Group Corp., and Defendants are without knowledge or information sufficient to
20  form a belief as to the truth of the remaining allegations contained therein and, on
21  that basis, deny the remaining allegations contained therein.

22      119.   Answering paragraph 119 of the First Amended Complaint, Defendants
23  admit that Atlantic Recording Corporation is, indirectly, a subsidiary of Warner
24  Music Group Corp., and Defendants are without knowledge or information sufficient
25  to form a belief as to the truth of the remaining allegations contained therein and, on
26  that basis, deny the remaining allegations contained therein.

27      120.   Answering paragraph 120 of the First Amended Complaint, Defendants
28  admit that Rhino Entertainment Company is, indirectly, a subsidiary of Warner

Music Group Corp., and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

121.   Answering paragraph 121 of the First Amended Complaint, Defendants deny the allegations contained therein.

### "Warner/Chappell Music, Inc."

122.   Answering paragraph 122 of the First Amended Complaint, Defendants admit that Warner/Chappell Music, Inc., is a music publishing company, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

123.   Answering paragraph 123 of the First Amended Complaint, Defendants admit that music publishing includes, but is not limited to, the acquisition of rights to, and licensing of, musical compositions (as opposed to sound recordings) from songwriters, composers or other rights holders, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

124.   Answering paragraph 124 of the First Amended Complaint, Defendants admit that Warner/Chappell Music Publishing, Inc., is a prominent music publisher, denies that it has offices in more than 40 countries, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

125.   Answering paragraph 125 of the First Amended Complaint, Defendants admit that Warner/Chappell Music, Inc., currently publishes or administers musical compositions from many composers or others, including Barry Gibb, Beyoncé, Bruno Mars, Eric Clapton, Jay Z, Katy Perry, Madonna, Stephen Sondheim, T.I.,

Timbaland and Wayne Hector, past or current members of fun., Gamble & Huff, Green Day, Muse, Radiohead, Red Hot Chili Peppers, R.E.M. and Led Zeppelin, and Lionsgate Films, Miramax Films and Roc Nation, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

126.   Answering paragraph 126 of the First Amended Complaint, Defendants deny the allegations contained therein.

127.   Answering paragraph 127 of the First Amended Complaint, Defendants admit that Warner/Chappell Music, Inc., administers the musical composition *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

128.   Answering paragraph 128 of the First Amended Complaint, Defendants deny the allegations contained therein.

129.   Answering paragraph 129 of the First Amended Complaint, Defendants admit that Warner/Chappell Music, Inc., is, indirectly, a subsidiary of Warner Music Group Corp., and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

130.   Answering paragraph 130 of the First Amended Complaint, Defendants admit that Warner/Chappell Music, Inc., is, indirectly, a subsidiary of Warner Music Group Corp., and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

131.   Answering paragraph 131 of the First Amended Complaint, Defendants deny the allegations contained therein.

///

132.   Answering paragraph 132 of the First Amended Complaint, Defendants admit the allegations contained therein.

133.   Answering paragraph 133 of the First Amended Complaint, Defendants deny the allegations contained therein.

**"Atlantic Recording Corporation"**

134.   Answering paragraph 134 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation is a record company engaged in the business of creating and manufacturing sound recordings, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

135.   Answering paragraph 135 of the First Amended Complaint, Defendants admit that decades ago the members of the rock band known as Led Zeppelin delivered to Atlantic Recording Corporation sound recordings of their performances and that Atlantic Recording Corporation has caused albums including those sound recordings to be released to the public, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

136.   Answering paragraph 136 of the First Amended Complaint, Defendants admit that over 40 years ago Atlantic Recording Corporation caused the album known as Led Zeppelin IV to be released to the public, admit that the recordings on that album included the performance of the musical composition *Stairway to Heaven*, Defendants deny that the *Stairway to Heaven* musical composition and sound recording, or either of them, infringe a copyright in *Taurus*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

137.   Answering paragraph 137 of the First Amended Complaint, Defendants admit the allegations contained therein.

138.   Answering paragraph 138 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation owns master recordings of *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

139.   Answering paragraph 139 of the First Amended Complaint, Defendants admit that Atlantic Records was a record company founded in 1947 by Ahmet Ertegun and Herb Abramson, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

140.   Answering paragraph 140 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation is a prominent record company whose recording artists have included Ray Charles, Aretha Franklin, John Coltrane and the members of Led Zeppelin, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

141.   Answering paragraph 141 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation is a prominent record company with artists including Bruno Mars, Flo Rida, Wiz Khalifa, B.o.B., Trey Songz, Portugal. The Man, Halestorm, James Blunt, Jason Mraz and Lupe Fiasco, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

142.   Answering paragraph 142 of the First Amended Complaint, Defendants deny the allegations contained therein.

///

143.   Answering paragraph 143 of the First Amended Complaint, Defendants admit that the performance of the musical composition *Stairway to Heaven* is included in recordings that Atlantic Recording Corporation has caused to be made and distributed to the public, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

144.   Answering paragraph 144 of the First Amended Complaint, Defendants admit the allegations contained therein.

145.   Answering paragraph 145 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation is, indirectly, a subsidiary of Warner Music Group Corp., and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

146.   Answering paragraph 146 of the First Amended Complaint, Defendants admit that Atlantic Recording Corporation is, indirectly, a subsidiary of Warner Music Group Corp., and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

147.   Answering paragraph 147 of the First Amended Complaint, Defendants admit the allegations contained therein.

148.   Answering paragraph 148 of the First Amended Complaint, Defendants deny the allegations contained therein.

**"Rhino Entertainment Company"**

149.   Answering paragraph 149 of the First Amended Complaint, Defendants admit that Rhino Entertainment Company exploits and develops the catalog of Warner Music Group Corp.'s record labels, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations

///

contained therein and, on that basis, deny the remaining allegations contained therein.

150.   Answering paragraph 150 of the First Amended Complaint, Defendants deny the allegations contained therein.

151.   Answering paragraph 151 of the First Amended Complaint, Defendants admit that the performance of the musical composition *Stairway to Heaven* is included in recordings that Rhino Entertainment Company has caused to be made and distributed to the public, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

152.   Answering paragraph 152 of the First Amended Complaint, Defendants admit the allegations contained therein.

153.   Answering paragraph 153 of the First Amended Complaint, Defendants admit that Rhino Entertainment Company is, indirectly, a subsidiary of Warner Music Group Corp., and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

154.   Answering paragraph 154 of the First Amended Complaint, Defendants admit that Rhino Entertainment Company is, indirectly, a subsidiary of Warner Music Group Corp., and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

155.   Answering paragraph 155 of the First Amended Complaint, Defendants admit the allegations contained therein.

156.   Answering paragraph 156 of the First Amended Complaint, Defendants deny the allegations contained therein.

157.   Answering paragraph 157 of the First Amended Complaint, Defendants deny the allegations contained therein.

158.   Answering paragraph 158 of the First Amended Complaint, Defendants admit that plaintiff purports to state the meaning of his references to Defendants or acts by Defendants, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

**"JURISDICTION AND VENUE"**

159.   Answering paragraph 159 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 158 as if set forth herein in full.

160.   Answering paragraph 160 of the First Amended Complaint, Defendants deny the allegations contained therein.

161.   Answering paragraph 161 of the First Amended Complaint, Defendants admit that plaintiff contends that subject matter jurisdiction lies under 28 U.S.C. Sections 1331 and 1338 by virtue of plaintiff's assertion of claims under the Copyright Act of 1976, 17 U.S.C. Sections 101 *et seq.*; and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

162.   Answering paragraph 162 of the First Amended Complaint, Defendants deny the allegations contained therein.

**"This Court Has Specific Jurisdiction Because Defendants Have Targeted This District for Sales of the Infringing Song 'Stairway to Heaven'"**

163.   Answering paragraph 163 of the First Amended Complaint, Defendants deny the allegations contained therein.

164.   Answering paragraph 164 of the First Amended Complaint, Defendants deny the allegations contained therein.

///

///

**"This Court Has General Jurisdiction Because Defendants Exploit this District and its Residents to Sell, Promote, Advertise, Perform, and Merchandise their Music, Making Millions of Dollars in the Process"**

165.   Answering paragraph 165 of the First Amended Complaint, Defendants deny the allegations contained therein.

166.   Answering paragraph 166 of the First Amended Complaint, Defendants deny the allegations contained therein.

167.   Answering paragraph 167 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

168.   Answering paragraph 168 of the First Amended Complaint, Defendants deny the allegations contained therein.

**"Venue Is Appropriate in the Eastern District of Pennsylvania"**

169.   Answering paragraph 169 of the First Amended Complaint, Defendants deny the allegations contained therein.

170.   Answering paragraph 170 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

171.   Answering paragraph 171 of the First Amended Complaint, Defendants deny the allegations contained therein.

**"CAUSES OF ACTION"**

**"Count I – Direct Copyright Infringement"**

172.   Answering paragraph 172 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 171 as if set forth herein in full.

///

173.   Answering paragraph 173 of the First Amended Complaint, the allegations contained therein are legal conclusions and no response is required, and, in any event, the legal conclusions are not a correct statement of the applicable law, and, accordingly, Defendants deny the allegations contained therein.

174.   Answering paragraph 174 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

175.   Answering paragraph 175 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

176.   Answering paragraph 176 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

177.   Answering paragraph 177 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

178.   Answering paragraph 178 of the First Amended Complaint, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, deny the allegations contained therein.

179.   Answering paragraph 179 of the First Amended Complaint, Defendants deny the allegations contained therein.

180.   Answering paragraph 180 of the First Amended Complaint, Defendants deny the allegations contained therein.

181.   Answering paragraph 181 of the First Amended Complaint, Defendants deny the allegations contained therein.

182.   Answering paragraph 182 of the First Amended Complaint, Defendants admit that the musical composition *Stairway to Heaven* is available to the public, Defendants deny that *Stairway to Heaven* exploits Taurus and deny that permission of plaintiff is required in order to exploit *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

183.   Answering paragraph 183 of the First Amended Complaint, Defendants deny the allegations contained therein, including denying that *Stairway to Heaven* infringes a copyright in *Taurus*.

184.   Answering paragraph 184 of the First Amended Complaint, Defendants deny that *Stairway to Heaven* infringes a copyright in *Taurus*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

185.   Answering paragraph 185 of the First Amended Complaint, Defendants admit that Jimmy Page gave an interview to a reporter which was broadcast on National Public Radio on or about June 2, 2003 in which he discussed, among other things, the creation of *Stairway to Heaven* and that parts of what he said are contained in an edited manner in paragraph 52 and that other parts are omitted, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

186.   Answering paragraph 186 of the First Amended Complaint, Defendant deny the allegations contained therein.

///

**"Count II – Contributory Copyright Infringement"**

187.   Answering paragraph 187 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 186 as if set forth herein in full.

188.   Answering paragraph 188 of the First Amended Complaint, the allegations contained therein are legal conclusions and no response is required, and, in any event, the legal conclusions are not a correct statement of the applicable law, and, accordingly, Defendants deny the allegations contained therein.

189.   Answering paragraph 189 of the First Amended Complaint, Defendants deny the allegations contained therein, including denying that *Stairway to Heaven* infringes a copyright in *Taurus*.

190.   Answering paragraph 190 of the First Amended Complaint, Defendants admit that the musical composition *Stairway to Heaven* is available to the public, Defendants deny that *Stairway to Heaven* exploits Taurus and deny that permission of plaintiff is required in order to exploit *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

**"Count III – Vicarious Copyright Infringement"**

191.   Answering paragraph 191 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 190 as if set forth herein in full.

192.   Answering paragraph 192 of the First Amended Complaint, the allegations contained therein are legal conclusions and no response is required, and, in any event, the legal conclusions are not a correct statement of the applicable law, and, accordingly, Defendants deny the allegations contained therein.

193.   Answering paragraph 193 of the First Amended Complaint, Defendants deny the allegations contained therein.

194.   Answering paragraph 194 of the First Amended Complaint, Defendants deny the allegations contained therein.

195.   Answering paragraph 195 of the First Amended Complaint, Defendants admit that the musical composition *Stairway to Heaven* is available to the public, Defendants deny that *Stairway to Heaven* exploits Taurus and deny that permission of plaintiff is required in order to exploit *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

## "Count IV – Right of Attribution – Equitable Relief
## Falsification of Rock N' Roll History"

196.   Answering paragraph 196 of the First Amended Complaint, Defendants incorporate by reference their responses to paragraphs 1 through 195 as if set forth herein in full.

197.   Answering paragraph 197 of the First Amended Complaint, Defendants deny the allegations contained therein.

198.   Answering paragraph 198 of the First Amended Complaint, Defendants deny the allegations contained therein.

199.   Answering paragraph 199 of the First Amended Complaint, Defendants admit that for over 42 years Randy California has not been credited as a writer of the musical composition *Stairway to Heaven*, deny that Randy Wolfe was entitled to credit in connection with *Stairway to Heaven* and deny that all Defendants exploit *Stairway to Heaven*, and Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein and, on that basis, deny the remaining allegations contained therein.

200.   Answering paragraph 200 of the First Amended Complaint, Defendants deny the allegations contained therein.

///

201.   Answering paragraph 201 of the First Amended Complaint, Defendants deny the allegations contained therein, including denying that Randy Wolfe had a role in creating *Stairway to Heaven*.

202.   Answering paragraph 202 of the First Amended Complaint, Defendants deny the allegations contained therein.

### FIRST AFFIRMATIVE DEFENSE[1]

### (Failure to State a Claim)

203.   Plaintiff's First Amended Complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Independent Creation)

204.   The musical composition and sound recordings of which plaintiff complains were created independently from and without knowledge of plaintiff's claimed work.

### THIRD AFFIRMATIVE DEFENSE

### (Lack of Copyrightable Subject Matter)

205.   Plaintiff's claimed work, or the portions thereof allegedly copied, or both, are not copyrightable subject matter.

### FOURTH AFFIRMATIVE DEFENSE

### (Failure to Comply with Copyright Act Formalities)

206.   Plaintiff's claims and/or remedies plaintiff seek are barred by the failure to comply with the Copyright Act of 1909, 17 U.S.C. §§ 1 *et seq.*, and/or the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. §§ 10, 11, 13, 401 and 408, and each of them.

///

---

[1]     To the extent that the burden of proof of any matter raised or mentioned in the following defenses lies with plaintiffs, or any of them, Defendants raise the defense out of an abundance of caution and do not thereby assume that burden of proof.

## FIFTH AFFIRMATIVE DEFENSE

### (Alleged Infringement De Minimis)

207.   Without admitting the use of any copyrighted material allegedly owned by the trust on whose behalf plaintiff purports to sue, the alleged use is de minimis.

## SIXTH AFFIRMATIVE DEFENSE

### (Fair Use)

208.   Without admitting the alleged use of copyrighted material allegedly owned by the trust on whose behalf plaintiff purports to sue, the conduct of which plaintiff complains constitutes fair use.

## SEVENTH AFFIRMATIVE DEFENSE

### (Failure to Join Indispensable Parties)

209.   Plaintiff has failed to join indispensable parties, without which the case is properly dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

### (Lack of Causation)

210.   Without in any way admitting any of the allegations contained in the First Amended Complaint, the alleged use of the musical composition *Taurus* work did not proximately cause any of the alleged damages and/or did not proximately result in any of the alleged profits.

## NINTH AFFIRMATIVE DEFENSE

### (Laches)

211.   Plaintiff's claims and/or remedies plaintiffs seek are barred by the doctrine of laches.

## TENTH AFFIRMATIVE DEFENSE

### (Statutes of Limitation)

212.   Plaintiff's claims, and each of them, are barred by the applicable statutes of limitation, including but not limited to 17 U.S.C. Section 507(b).

///

### ELEVENTH AFFIRMATIVE DEFENSE

#### (Abandonment)

213.   Plaintiff, plaintiff's predecessors, Randy Wolfe and/or the owners of the copyright in the musical composition *Taurus*, abandoned any copyright in the allegedly-infringed work.

### TWELFTH AFFIRMATIVE DEFENSE

#### (Waiver)

214.   Plaintiff's claims and/or remedies plaintiff seeks are barred by the doctrine of waiver.

### THIRTEENTH AFFIRMATIVE DEFENSE

#### (License)

215.   Without admitting the use of any copyrighted material allegedly owned by plaintiff, the conduct of which he complains was impliedly and/or expressly licensed.

### FOURTEENTH AFFIRMATIVE DEFENSE

#### (Estoppel)

216.   Plaintiff's claims are barred by the doctrine of estoppel.

### FIFTEENTH AFFIRMATIVE DEFENSE

#### (Ratification)

217.   Without admitting any infringement, plaintiff, plaintiff's predecessors, Randy Wolfe and/or the owners of the copyright in the musical composition *Taurus* ratified the conduct of which plaintiff complains.

### SIXTEENTH AFFIRMATIVE DEFENSE

#### (Lack of Standing)

218.   Plaintiff does not have standing to assert the claims he asserts.

///

///

///

33

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

219.   Plaintiff'' claims and/or the relief plaintiff seeks, or both, are barred by the doctrine of unclean hands.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Innocent Infringement)

220.   Without admitting any infringement, which is denied, the alleged infringements were innocent.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Preemption)

221.   Plaintiff's purported fourth claim for relief is preempted by the Copyright Act of 1976, 17 U.S.C. §§ 101 *et seq.*, including but not limited to 17 U.S.C. § 301(a).

Defendants reserve the right to assert additional affirmative defenses if discovery or Defendants' investigation reveals grounds for the assertion of the additional defenses, including without limitation affirmative defenses that are referenced in Rule 8(c) of the Federal Rules of Civil Procedure or are otherwise available under applicable law.

## PRAYER

**WHEREFORE,** defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation and Rhino Entertainment Company, pray for Judgment as follows:

1.   That plaintiff take nothing by way of his First Amended Complaint and that the First Amended Complaint be dismissed;

///

///

///

///

1      2.     That Defendants be awarded their costs and attorneys' fees; and

2      3.     For such other and further relief as the Court deems just and proper.

3

4  Dated: May 20, 2015                            _____/s/ Peter J. Anderson_____

5                                   Peter J. Anderson, Esq.

6                     LAW OFFICES OF PETER J. ANDERSON

                           A Professional Corporation

7                         Attorney for Defendants

                     JAMES PATRICK PAGE, ROBERT

8                   ANTHONY PLANT, JOHN PAUL JONES,

                      WARNER/CHAPPELL MUSIC, INC.,

9                     SUPER HYPE PUBLISHING, INC.,

               ATLANTIC RECORDING CORP., RHINO

10                ENTERTAINMENT COMPANY and

                   WARNER MUSIC GROUP CORP.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28