Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, WARNER/CHAPPELL MUSIC, INC., SUPER HYPE PUBLISHING, INC., ATLANTIC RECORDING CORP., RHINO ENTERTAINMENT COMPANY and WARNER MUSIC GROUP CORP.

Helene Freeman, Esq., admitted *pro hac vice*
E-Mail: hfreeman@phillipsnizer.com
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT and JOHN PAUL JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, <br><br> Plaintiff, <br><br> vs. <br><br> LED ZEPPELIN, *et al.*, <br><br> Defendants. | Case No. 2:15-cv-03462 RGK (AGRx) <br><br> DECLARATION OF PETER J. ANDERSON IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT <br><br> Date: March 28, 2016 <br> Time: 9:00 a.m. <br><br> Courtroom of the Honorable <br> R. Gary Klausner <br> United States District Judge |

## DECLARATION OF PETER J. ANDERSON

I, Peter J. Anderson, declare and state:

1. I am an attorney admitted to practice before this Court and all Courts of the State of California. I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2. I represent defendants Warner/Chappell Music, Inc., Syperhype Publishing, Inc., Atlantic Recording Corp., Rhino Entertainment Company, James Patrick Page, Robert Plant and John Paul Jones in this action. This Declaration is submitted in support of their Motion for Summary Judgment or, in the alternative, Partial Summary Judgment.

3. I took the deposition of Jay A. Ferguson on January 13, 2016, in this action. Mr. Ferguson provided corrections to the transcript of his deposition. Attached to this Declaration as Exhibit 8 are true and correct copies of pages from the transcript of Mr. Ferguson's deposition and which contain the testimony cited in support of defendants' Motion.

4. I took the deposition of Mark Christopher Andes on January 15, 2016, in this action. Mr. Andes has not provided corrections to the transcript of his deposition. Attached to this Declaration as Exhibit 9 are true and correct copies of pages from the transcript of Mr. Andes' deposition and which contain the testimony cited in support of defendants' Motion.

5. Attached to this Declaration as Exhibit 10 is a true and correct copy of deposition exhibit 347 in this action.

6. Attached to this Declaration as Exhibit 11 is a true and correct copy of the August 29, 1967 Exclusive Songwriter Agreement produced by plaintiff in this action.

7. I am familiar with the documents produced by plaintiff in this action and the deposition testimony in this action, and plaintiff has not produced any

///

1

1  documents or other testimony evidencing Randy Wolfe's disaffirmance of the
2  August 29, 1967 Exclusive Songwriter Agreement.
3     8.     Attached to this Declaration as Exhibit 12 is a true and correct certified
4  copy of the November 30, 1967 Order of the California Superior Court, County of
5  Los Angeles, in Case No. 921051, approving the August 29, 1967 Exclusive
6  Songwriter Agreement.
7     9.     On August 14, 2015, I caused written discovery requests as to
8  plaintiff's claimed standing to be served by hand on plaintiff's local counsel, with a
9  copy mailed to plaintiff's Pennsylvania counsel.  Plaintiff's responses to that
10 discovery were due on September 14, 2015, and plaintiff's counsel never asked me
11 for an extension of the time to respond to that discovery.  Plaintiff's counsel did not
12 provide responses until September 16, 2015, and then by e-mail only.  Attached to
13 this Declaration as Exhibit 13 is a true and correct copy of my September 18, 2015
14 e-mail to plaintiff's counsel, raising that plaintiff's responses were late.
15    10.    On August 28, 2015, I caused a second set of written discovery requests
16 to be served by hand on plaintiff's local counsel, with a copy mailed to plaintiff's
17 Pennsylvania counsel.  Plaintiff's responses to that discovery were due on
18 September 28, 2015, and plaintiff's counsel never asked me for an extension of time
19 to respond to that discovery.  Plaintiff's counsel did not provide responses until
20 September 29, 2015, and then by e-mail only.
21    11.    On October 5, 2015, I wrote plaintiff's counsel pursuant to Local Rule
22 37-1, regarding deficiencies in plaintiff's responses to defendants' discovery.  In that
23 letter, I also raised that plaintiff had again failed to timely respond to defendants'
24 written discovery.  Attached to this Declaration as Exhibit 14 are the first and last
25 pages of my October 5, 2015 letter to plaintiff's counsel.
26    12.    On December 4, 2015, I caused a third set of written discovery requests,
27 including defendants' second Request for Admissions, to be served by hand on
28 plaintiff's local counsel, with a copy mailed to plaintiff's Pennsylvania counsel.

2

1  Attached to this Declaration as Exhibit 15 is a true and correct copy of the December 4, 2015 Request for Admissions, omitting exhibits 1-3.

13. Plaintiff's responses to defendants' December 4, 2015 written discovery were due on January 4, 2016. Plaintiff's never asked me for an extension of time to respond to that discovery. Plaintiff did not timely respond to that discovery, including the Request for Admissions. Instead, on February 5, 2016 and at the deposition of plaintiff, plaintiff's counsel handed me purported responses to the December 4, 2015 written discovery, acknowledging that they were late.

14. Plaintiff's counsel has not asked me to stipulate to, and plaintiff has not sought from the Court, an order relieving plaintiff of his deemed admissions of the December 4, 2015 Request for Admissions.

15. Plaintiff has not produced in this case a copy of the 1967 Certificate of Registration of copyright in the musical composition *Taurus*, but defendants obtained a copy, which is attached to this Declaration as Exhibit 16.

16. Plaintiff has not produced in this case a copy of the transcription of the musical composition *Taurus* that was deposited with the Copyright Office in connection with the 1967 application to register that copyright.

17. Defendants obtained through the Library of Congress a transcription titled *Taurus* and stamped "Dec 22, 1967" and "Eu 35222," and a copy of that transcription is attached to this Declaration as Exhibit 17. I note, however, that it does not bear the Copyright Office's "Deposit" stamp that appears on, for example, the *Stairway to Heaven* deposit copy, a copy of the first page of which is attached to this Declaration as Exhibit 18.

18. Attached to this Declaration as Exhibit 19 is a document produced in this action by plaintiff, and which purports to be the back cover of the album titled Spirit.

///

///

3

19. No evidence has been produced in this action that *Taurus* was played on the radio, let alone that it was played on the radio prior to the 1971 release of the album *Led Zeppelin IV*, which includes *Stairway to Heaven*.

20. No evidence has been produced in this action as to the extent of sales or other distribution of the first Spirit album prior to the 1971 release of the album *Led Zeppelin IV*.

21. Attached to this Declaration as Exhibit 20 is a true and correct copy of deposition exhibit 352 in this action.

22. Plaintiff produced in this action a multiple-page listing of dates and venues where plaintiff contends Spirit performed live from February 5, 1967 to December 31, 1971, and plaintiff claims to have designated that listing as "CONFIDENTIAL" under the Stipulated Protective Order in this action. I have reviewed it carefully and count at least 175 listed Spirit performances that plaintiff contends occurred from December 1968 through December 1971.

23. Attached to this Declaration as Exhibit 21 is a true and correct copy of deposition exhibits 306 to 312 in this action, without the CDs that are photocopied in the exhibits.

24. No evidence has been produced in this action that Led Zeppelin's members were present at the Santa Monica, California, Civic Auditorium or the Anaheim, California, Convention Center when Spirit performed.

25. No evidence has been produced in this action that prior to December 26, 1968, Led Zeppelin and Spirit ever performed at the same venue on the same day.

26. Attached to this Declaration as Exhibit 22 is a true and correct copy of deposition exhibit 320 in this action.

27. Attached to this Declaration as Exhibit 23 is a true and correct copy of deposition exhibit 313 in this action.

///

4

28. Attached to this Declaration as Exhibit 24 is a true and correct copy of deposition exhibit 317 in this action.

29. Attached to this Declaration as Exhibit 25 is a true and correct copy of excerpts from volume 2 of the book, *Atlantic Records, A Discography*, and which, by reference to the dated recording sessions preceding and following it, indicates that the recording of the album *Cartoone* occurred in early December 1968.

30. No evidence has been produced in this action that Randy Wolfe, professionally known as Randy California, ever sued over the alleged copying of *Taurus* in *Stairway to Heaven*.

31. No evidence has been produced in this action that Bernice Pearl, individually or on behalf of The Randy Craig Wolfe Trust, ever sued over the alleged copying of *Taurus* in *Stairway to Heaven*.

32. At three minutes to midnight, Pacific Time, on February 10, 2014, plaintiff's counsel e-mailed to me and other counsel plaintiff's initial expert disclosures, including the report of his musicologist, Alexander Stewart. A true and correct copy of that Report, without its exhibits and attachments, is attached as Exhibit 2 to the accompanying Declaration of Dr. Lawrence Ferrara.

33. Neither Alexander Stewart's nor any other expert report submitted by plaintiff, mentions the musical transcription of *Taurus* that would have accompanied Hollenbeck Music's 1967 application to register a copyright in the *Taurus* musical composition.

34. Neither Alexander Stewart's report nor any other expert report submitted by plaintiff, is based upon the musical transcription of *Taurus* that would have accompanied Hollenbeck Music's 1967 application to register a copyright in the *Taurus* musical composition.

35. I attended the February 4, 2015 hearing in this action on defendants' motion to dismiss or transfer, before this action was transferred to this Court. Attached to this Declaration as Exhibit 26 are true and correct copies of pages from

5

the Reporter's Transcript of that hearing and which are cited in support of defendants' Motion.

36. In the course of this action, I have produced to plaintiff's counsel documents, designated as confidential under the Protective Order in this case, establishing that in 2012-14 and at substantial cost, Rhino Entertainment Co., with the assistance of other defendants, arranged for the remastering and re-release of Led Zeppelin recordings, including the *Led Zeppelin IV* album and *Stairway to Heaven*, and plaintiff's counsel has not disputed the foregoing.

37. No evidence has been produced in this action that John Paul Jones, Super Hype Publishing, Inc., or Warner Music Group Corp. performed or distributed *Stairway to Heaven* within the three years preceding plaintiff's filing of this action, if at all.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 25, 2016.

                                              /s/ Peter J. Anderson
                                              PETER J. ANDERSON