Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, WARNER/CHAPPELL MUSIC, INC., SUPER HYPE PUBLISHING, INC., ATLANTIC RECORDING CORP., RHINO ENTERTAINMENT COMPANY and WARNER MUSIC GROUP CORP.

Helene Freeman, Esq., admitted *pro hac vice*
E-Mail: hfreeman@phillipsnizer.com
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT and JOHN PAUL JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, <br><br> Plaintiff, <br><br> vs. <br><br> LED ZEPPELIN, *et al.*, <br><br> Defendants. | Case No. 2:15-cv-03462 RGK (AGRx) <br><br> DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT <br><br> Date: March 28, 2016 <br> Time: 9:00 a.m. <br><br> Courtroom of the Honorable <br> R. Gary Klausner <br> United States District Judge |

# TABLE OF CONTENTS

REPLY MEMORANDUM OF POINTS AND AUTHORITIES ................................1

1. SUMMARY JUDGMENT ON THE COPYRIGHT CLAIMS ........................1
   (a) Plaintiff Cannot Sue Because *Taurus* Is a Work for Hire ........................1
   (b) Wolfe Waived the Alleged Infringement..................................................2
   (c) Wolfe and the Trust Abandoned the Claim ..............................................3
   (d) Laches Bars Plaintiff's Suit as Claimed Beneficial Owner of *Taurus* ....4
   (e) Even if Plaintiff Avoids these Hurdles, the Copyright Claims Fail ........5
      (1) Plaintiff Never Produced the *Taurus* Deposit Copy......................5
      (2) Plaintiff Has Not Proven Strikingly Similarity ............................5
      (3) Neither Is there Admissible Evidence of Access Plus Substantial Similarities ..................................................................6
         *i. Plaintiff Presents No Admissible Evidence of Access* .........6
            a. "Taurus" Was Not "Widely Disseminated" ................6
            b. The Admissible Evidence Is Spirit Rarely Performed *Taurus* After Spirit Recorded Its Second Album ............................................................6
            c. The Admissible Evidence Is Undisputed that Led Zeppelin's Members Never Heard *Taurus* ..................7
            d. *Fresh Garbage* Is a Red Herring ................................7
            e. Plaintiff's References to Other Alleged Instances of Copying is Wrong, Irrelevant and Inadmissible..........7
         *ii. Plaintiff Presents No Evidence of Substantial Similarities in Protected Expression* ..................................7
            a. Plaintiff Admits He Disclosed No Expert Analysis as to the Copyrighted Work: the *Taurus* Deposit Copy..................................................................7

    b. Disregarding the Minor Line Cliché Leaves No Significant Similarities ..................................................8

    c. Plaintiffs' New Argument – Selection and Arrangement of Unprotected Elements – Also Fails.............................................................................9

 (f) Plaintiff Concedes the Copyright Claims Fail as to John Paul Jones, Super Hype Publishing and Warner Music Group Corp. .......................10

2. PLAINTIFF ABANDONS HIS "RIGHT OF ATTRIBUTION" CLAIM ......10

3. PARTIAL SUMMARY JUDGMENT ...............................................................10

4. CONCLUSION ....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Allen v. Destiny's Child*, No. 06 C 6606, 2009 WL 2178676
   (N.D. Ill. July 21, 2009) ............................................................................9

*Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730 (1989) ..................1

*Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007) ..................................2

*Cortner v. Israel*, 732 F.2d 267 (2d Cir. 1984) ..............................................5

*Fahmy v. Jay Z*, No. 07CV05715-CAS-PJWx, 2015 WL 5680299
   (C.D. Cal. Sept. 24, 2015) .........................................................................8

*FunkyFilms, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072 (9th Cir. 2006) ............9

*Hadady Corp. v. Dean Witter Reynolds, Inc.*, 739 F. Supp. 1392
   (C.D. Cal. 1990) .......................................................................................4

*Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274 (S.D.N.Y. 1991) .................7

*Lopez v. Elec. Rebuilders, Inc.*, 416 F. Supp. 1133 (C.D. Cal. 1976) ..........4

*Marya v. Warner/Chappell Music, Inc.*, No. CV134460GHK-MRWx,
   2015 WL 5568497 (C.D. Cal. Sept. 22, 2015) .........................................3

*Melchizedek v. Holt*, 792 F. Supp. 2d 1042 (D. Ariz. 2011) .........................3

*Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975 (9th Cir. 2006) ................4

*Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1965778
   (N.D. Cal. May 31, 2012) .........................................................................3

*Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148
   (S.D. Fla. 2006) *aff'd*, 527 F.3d 1218 (11th Cir. 2008) ........................3, 4

*Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962 (2014) ..................5

*Playboy Enter., Inc. v. Dumas*, 53 F.3d 549 (2d Cir. 1995), *cert. denied*
   516 U.S. 1010 (1995) ...............................................................................1

*Sanga Music, Inc. v. EMI Blackwood Music, Inc.*, 55 F.3d 756 (2d Cir. 1995) .........3

*Satava v. Lowry*, 323 F.3d 805 (9th Cir. 2003), *cert. denied* 540 U.S. 983
   (2003) ........................................................................................................9

*Scentsy, Inc. v. B.R. Chase, LLC*, 942 F. Supp. 2d 1045 (D. Idaho 2013),
  *rev'd in part*, 585 F. App'x 621 (9th Cir. 2014) ........................................................ 8
*Selle v. Gibb*, 741 F.2d 896 (7th Cir. 1984) ................................................................. 5
*Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004) .......................................................... 9
*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000),
  *cert. denied* 531 U.S. 1126 (2001) ............................................................................ 8
*Tisi v. Patrick*, 97 F. Supp. 2d 539 (S.D.N.Y. 2000) .................................................... 6
*United States v. Bailey*, 696 F.3d 794 (9th Cir. 2012) ................................................. 7
*Vargas v. Transeau*, 514 F. Supp. 2d 439 (S.D.N.Y. 2007), *aff'd*
  352 F. App'x 458 (2d Cir. 2009) ............................................................................... 6
*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003) ..................... 4
*Williams v. Bridgeport Music, Inc.*, No. LA CV13-06004 JAK,
  2014 WL 7877773 (C.D. Cal. Oct. 30, 2014) ............................................................ 8

**Statutes**
17 U.S.C. § 101 ............................................................................................................. 1
17 U.S.C. § 106 ........................................................................................................... 10
17 U.S.C. § 408 ............................................................................................................. 8

**Other Authorities**
Black's Law Dictionary (10th ed. 2014) ....................................................................... 4
Copyright Office Compendium ..................................................................................... 9

**Treatises**
M. Nimmer & D. Nimmer, *Nimmer on Copyright* ....................................................... 5

# REPLY MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff's opposition misstates the applicable law, misstates the evidence he cites, offers declarations from witnesses he never identified and relies on rank hearsay and scurrilous character assassination to try to avoid the inevitable conclusion that his forty-five-year-old claims should be dismissed.

## 1. SUMMARY JUDGMENT ON THE COPYRIGHT CLAIMS

### (a) Plaintiff Cannot Sue Because *Taurus* Is a Work for Hire

Plaintiff concedes that under the August 29, 1967 Exclusive Songwriter Agreement, Wolfe was an employee of Hollenbeck and that works created after August 29, 1967 are works for hire as to which plaintiff cannot sue. Def. Memo. (Doc. 97-1) at 5-8. Plaintiff argues only that the musical composition *Taurus* predates the Songwriter Agreement. But, that argument fails for multiple reasons.

Relying on cases applying the 1976 Act, plaintiff states that "Work for Hire contracts only apply to works created after the contract is reduced to writing and signed." Oppn. (Doc. 126, Exh. A) at 13:25 to 14:3, 14:6-8.[1] Those cases are inapplicable because the 1909 Act governs who is the author of works created before the 1976 Act. Def. Memo. at 6:21-25. That is crucial because under the 1909 Act there simply was no copyrighted musical composition *Taurus* until Hollenbeck registered it with the Copyright Office on December 22, 1967. Def. Memo. at 6-7. The 1976 Act's stricter definition of work for hire (*Cmty. for Creative Non-Violence v. Reid*, 490 U.S. 730, 747-48, 749 (1989)) does not apply. Def. Memo. at 6:21-25.

Further, plaintiff's argument that versions of *Taurus* were performed prior to the Songwriter Agreement not only ignores that under the 1909 Act performances were irrelevant, but also ignores the testimony of Spirit's Jay Ferguson that *Taurus* was a work-in-progress that was not completed until it was recorded by Ode

---

[1] While *Playboy Enter., Inc. v. Dumas*, 53 F.3d 549 (2d Cir. 1995), *cert. denied* 516 U.S. 1010 (1995), also discussed the 1909 Act, plaintiff cites pages 558-59, where *Playboy* applied the 1976 Act.

1

1 Records. Ferguson Depo. (Anderson Decl. (Doc. 97-10) Exh. 8) at 199:3-18. The evidence from Ferguson, Andes and even Wolfe is that *Taurus* was recorded under the supervision of Hollenbeck's and Ode Record's Lou Adler. *Id.* at 197:15 to 198:6, 198:12 to 199:2; Andes Depo. (Anderson Decl. 9) at 158:2 to 160:14; Wolfe Interview (Freeman Decl. (Doc. 97-8) Exh. 6) at 1:4-3:7. And, plaintiff's assertion that Hollenbeck did not specify in the 1967 registration that *Taurus* is a work for hire is both irrelevant (Def. Memo. at 7-8 n. 4) and moot since, as permitted by law (*id.*), Hollenbeck has corrected it. *Id.*; Anderson Reply Decl. at 1, ¶ 3, Exh. 27.

Plaintiff also concedes that he did not timely respond to requests for admission that *Taurus* is a work for hire. His counsel's unexplained assertion he thought he did not need to timely respond does plaintiff no good. Objection No. 42. Plaintiff argues defendants did not rely to their detriment on his deemed admissions. Oppn. at 15:8-10, *citing Conlon v. United States*, 474 F.3d 616 (9th Cir. 2007). But, *Conlon*, in affirming the denial of a motion to withdraw deemed admissions, held that even absent prejudice the District Court may deny relief. *Id.* at 624-65. And there is prejudice: in reliance on the deemed admissions that *Taurus* is a work for hire, defendants did not depose Adler and others. Anderson Reply Decl. at 3, ¶ 13.

Because *Taurus* is a work for hire, summary judgment should be granted.

### (b) <u>Wolfe Waived the Alleged Infringement</u>

Wolfe also expressly waived the alleged infringement in 1991 when he told an interviewer that he was pursuing a claim as to another group's song, but he was not bothered by the alleged use of *Taurus* for the introduction of *Stairway*, that "if they wanted to use" *Taurus* "that's fine," "I'll let them have the beginning of Taurus for their song without a lawsuit" and "I'm letting them off the hook." Def. Memo. at 4.

Faced with a tape recording of Wolfe waiving the claim, plaintiff offers hearsay statements that Wolfe intended to pursue it, speculation that perhaps he was joking and the misrepresentation that defendants did not provide the recording of these statements to the Court. Freeman Decl. Audio Exh. 4. Plaintiff also argues

2

1  that Wolfe did not approve the published liner notes, but there is no dispute that he
2  gave the interview for publication and the liner notes correctly quote him.

3  Wolfe's unequivocal waiver of the claim is another basis to grant the motion.

4  **(c) Wolfe and the Trust Abandoned the Claim**

5  Wolfe's 1991 statements and his and the Trust's failure to sue also constitute
6  abandonment. Def. Memo. at 8-9. None of the cases plaintiff cites help him.

7  In *Marya v. Warner/Chappell Music, Inc.*, No. CV134460GHK-MRWx, 2015
8  WL 5568497 (C.D. Cal. Sept. 22, 2015), the issue was whether the copyright
9  proprietors authorized a third party to publish a work without a copyright notice. *Id.*
10 at *9-10. Here, defendants rely on the statements and conduct of Wolfe and the
11 Trust, not a third party. In *Melchizedek v. Holt*, 792 F. Supp. 2d 1042 (D. Ariz.
12 2011), the owner stated his works were copyrighted because his publishers required
13 it, but "personally I have never cared about the copyrights." *Id.* at 1052-53. His
14 statement confirmed the copyrights, while expressing no personal interest in them.
15 Wolfe specifically abandoned any claim and, with the Trust, refrained from suing for
16 forty-three years. *Sanga Music, Inc. v. EMI Blackwood Music, Inc.*, 55 F.3d 756,
17 761 (2d Cir. 1995) (songwriter abandoned rights by allowing another to use song).

18 In *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1965778
19 (N.D. Cal. May 31, 2012), the mere decision not to sue coupled with ambiguous
20 statements did not establish abandonment. *Id.* at *2. Here, Wolfe's statements are
21 unambiguous and coupled with forty-three years of inaction. And, in *Oravec v.*
22 *Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148 (S.D. Fla. 2006) *aff'd*, 527
23 F.3d 1218 (11th Cir. 2008), the statement that no copyright was claimed constituted
24 abandonment and trumped the argument that abandonment was not intended.
25 *Oravec*, 469 F. Supp. 2d at 1178. Here, as in *Oravec*, Wolfe clearly and
26 unequivocally stated that he relinquished any claim that *Stairway* copied *Taurus*,
27 plus he and the Trust let forty-three years pass. That is abandonment.

28 Plaintiff tries to distinguish *Hadady Corp. v. Dean Witter Reynolds, Inc.*, 739

3

1  F. Supp. 1392 (C.D. Cal. 1990), by arguing the plaintiff's newsletter
2  "unequivocally" limited copyright to two days. Oppn. at 16:10-11. But, Wolfe's
3  1991 statements are also unequivocal and he carefully distinguished between another
4  band's alleged copying of the entirety of another song (the claim he was pursuing)
5  and the alleged copying of a portion of *Taurus* (the claim he was abandoning).

6  Finally, plaintiff offers declarations – including from witnesses he never
7  disclosed – to argue that Wolfe was upset since "the 1970s" and "repeatedly thought
8  about pursuing a suit . . . ." *Id.* at 16:20 to 17:1. Aside from defendants' evidentiary
9  objections, plaintiff's effort is for naught because abandonment turns on statements
10 and conduct, not claimed subjective intent. *Lopez v. Elec. Rebuilders, Inc.*, 416 F.
11 Supp. 1133, 1135 (C.D. Cal. 1976); *Oravec*, 469 F. Supp. 2d at 1178.

12 Abandonment is another independent basis to grant the motion.

### (d) Laches Bars Plaintiff's Suit as Claimed Beneficial Owner of *Taurus*

14 Even if plaintiff could overcome all of those hurdles, he sues as a beneficial
15 owner and cannot overcome the "strong presumption," triggered by forty-three years
16 of delay, that laches bars the claims. Def. Memo. at 9-11, *quoting Miller v. Glenn*
17 *Miller Prods., Inc.*, 454 F.3d 975, 997 (9th Cir. 2006). Indeed, he concedes that in
18 the decades of delay important witnesses have died and memories faded.

19 Plaintiff argues the 1976 Act confers standing on beneficial owners. Oppn. at
20 17:13-15. But, it also provides the remedy of profits, which plaintiff concedes is an
21 equitable remedy subject to laches. *Id.* at 17-18. That the 1976 Act allows both
22 legal and beneficial owners to sue does not change that beneficial ownership is an
23 equitable claim. Indeed, the very meaning of beneficial ownership is "[o]ne
24 recognized in equity . . . even though legal title may belong to someone else."
25 Black's Law Dictionary (10th ed. 2014). Plaintiff tries mischaracterizing *Warren v.*
26 *Fox Family Worldwide, Inc.*, 328 F.3d 1136 (9th Cir. 2003). Oppn. at 17:18-21.
27 However, *Warren* agreed that beneficial ownership is "an equitable trust
28 relationship," and merely held that it does not apply to works for hire. *Warren*, 328

1 F.3d 1136, 1144-45, *quoting Cortner v. Israel*, 732 F.2d 267, 271 (2d Cir. 1984).

Plaintiff also argues that *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S.Ct. 1962 (2014), limited laches to "extraordinary circumstances" that would result in a work's "total destruction." Oppn. at 17:22-25. But, that portion of *Petrella* is both dictum and limited to laches as applied to remedies. 134 S.Ct. at 1977-78. *Petrella* also did not involve a beneficial copyright claim and specifically noted there was no evidentiary prejudice. *Id.* at 1972 n. 11. As a result, *Petrella* does not limit laches when applied to a forty-three-year-old beneficial ownership claim and undisputed evidence of substantial evidentiary prejudice.

Plaintiff has not overcome the strong presumption that laches applies, and that is another independent reason the motion should be denied.

### (e) Even if Plaintiff Avoids these Hurdles, the Copyright Claims Fail

#### (1) Plaintiff Never Produced the *Taurus* Deposit Copy

Plaintiff does not deny that to pursue his claims he must prove the 1967 deposit copy of *Taurus* (Def. Memo. at 11) – a distinct issue from what the 1967 copyright protects (*see, below* at 7-8) – but suggests defendants provided it. Pltf. Stmt. (Doc. 118-1) at 5, ¶6. He also admits, however, that the *Taurus* transcription defendants received does not bear the Copyright Office's stamp. *Id.* at 6, ¶ 13. In short, there is no confirmation of the *Taurus* deposit copy that plaintiff is required to prove. For that additional reason, the claims fail.

#### (2) Plaintiff Has Not Proven Strikingly Similarity

Plaintiff asserts that striking similarity "does not require expert testimony . . . as the similarity is so noticeable . . . ." Oppn. at 2:10-12. That similarity is a public domain minor line cliché. Further, the law requires that plaintiff submit admissible expert testimony of striking similarity. *Selle v. Gibb*, 741 F.2d 896, 905 (7th Cir. 1984); 4 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 13.02[B] (expert testimony required to prove striking similarities in music cases). Plaintiff falls short.

Plaintiff relies on language in Stewart's declaration that does not appear in his

1 earlier Rule 26 expert report, which claimed only substantial similarities. Objection
2 No. 49. Stewart's new claim of striking similarities is precluded and also properly
3 disregarded since he "equivocates on the level of similarity . . . ." *Vargas v.*
4 *Transeau*, 514 F. Supp. 2d 439, 445 (S.D.N.Y. 2007), *aff'd* 352 F. App'x 458 (2d
5 Cir. 2009). Also, his and Johnson's assertions are conclusory, rely on *Taurus*
6 recordings rather than the 1967 *Taurus* transcription, rely on unprotectable elements
7 and disregard the substantial differences. Objections Nos. 44 & 51; *Vargas*, 514 F.
8 Supp. 2d at 447 ("an issue of fact cannot be created by merely reciting the magic
9 words 'strikingly similar' and 'no possibility of independent creation'"), *quoting Tisi*
10 *v. Patrick*, 97 F. Supp. 2d 539, 549 (S.D.N.Y. 2000).

### (3) Neither Is there Admissible Evidence of Access Plus Substantial Similarities

Since the works are not strikingly similar, plaintiff must present admissible evidence of access <u>and</u> substantial similarity, and he has done neither.

#### i. *Plaintiff Presents No Admissible Evidence of Access*

##### a. "Taurus" Was Not "Widely Disseminated"

Plaintiff produced no evidence of widespread distribution of *Taurus* and now relies on conclusory declarations and previously-undisclosed witnesses. *See, e.g.,* Objections Nos. 89-90. There is no admissible evidence of widespread distribution.

##### b. The Admissible Evidence Is Spirit Rarely Performed *Taurus* After Spirit Recorded Its Second Album

Discovery revealed that out of 175 live performances from December 1968 to December 1971, *Taurus* was played twice. Fact 24. Plaintiff offers conclusory declarations that *Taurus* was "typically" played and played at unspecified concerts, but that is not evidence and ignores Spirit's surviving members' testimony that the songs they tended to play at concerts did not include *Taurus*. Fact 33. Plaintiff also misrepresents that Spirit's December 26, 1968 performance was to support their first album, with *Taurus*, released a year earlier: actually, that concert's handbill instead

6

identified their new, break-out album, *The Family that Plays Together*. Fact 34.

### c. The Admissible Evidence Is Undisputed that Led Zeppelin's Members Never Heard *Taurus*

Neither the surviving members of Spirit nor any of the witnesses plaintiff now proffers for the first time claim to have seen any member of Led Zeppelin present when Spirit performed *Taurus*.

### d. *Fresh Garbage* Is a Red Herring

Plaintiff – although mischaracterizing playing a short bass riff in an unrelated Led Zeppelin medley as "performing" *Fresh Garbage* – does not dispute that *Fresh Garbage* was released in England on an album without *Taurus* and that Led Zeppelin began playing that medley before coming to the United States. Fact 67-69.

### e. Plaintiff's References to Other Alleged Instances of Copying is Wrong, Irrelevant and Inadmissible

Faced with a failure of proof as to access, plaintiff is left with claiming Led Zeppelin copied numerous songs. That slur is gratuitous because surely plaintiff's counsel knows "[t]here is no logical relevancy to admitting this type of evidence." *United States v. Bailey*, 696 F.3d 794, 800 (9th Cir. 2012).

Ultimately, plaintiff speculates that perhaps a member of Led Zeppelin heard *Taurus* even though there is no evidence they did and it appeared only on Spirit's first and unsuccessful album, or perhaps forty-five years ago Jimmy Page had, listened to and copied a Spirit album he candidly admits having now. Speculation is not the required "significant, affirmative and probative evidence to support a claim of access." *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 281 (S.D.N.Y. 1991).

### ii. *Plaintiff Presents No Evidence of Substantial Similarities in Protected Expression*

#### a. Plaintiff Admits He Disclosed No Expert Analysis as to the Copyrighted Work: the *Taurus* Deposit Copy

Plaintiff concedes his expert reports do not mention, let alone analyze, the

7

1967 *Taurus* transcription that Hollenbeck included with its registration and which is the only work protected by the copyright that plaintiff sues upon. Def. Memo. at 14-16. Plaintiff, continuing to misapply 1976 Act provisions, refers to "[t]he deposit requirement under [the current] 17 U.S.C. § 408(b) . . . ." Oppn. at 18. As a case he cites confirms, while deposit under the 1976 Act is less important because protection arises upon creation of the work, under the 1909 Act the scope of protection is established by the deposit copy. *Scentsy, Inc. v. B.R. Chase, LLC*, 942 F. Supp. 2d 1045, 1050-51 (D. Idaho 2013)*, rev'd in part*, 585 F. App'x 621 (9th Cir. 2014).

Plaintiff also confuses issues when he argues that "[a]bsent intent to defraud and prejudice, inaccuracies in copyright registration do not bar actions for infringement." Oppn. at 18:18-13, *quoting Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000), *cert. denied* 531 U.S. 1126 (2001). Defendants do not contend the 1967 registration is invalid. Rather, they raised that under the 1909 Act the copyrighted work is the deposit copy and plaintiff's experts did not analyze it and, instead, improperly rely on unprotected recordings. Def. Memo. at 14-15. That is exactly what Courts have refused to allow. *See, e.g., Williams v. Bridgeport Music, Inc.*, No. LA CV13-06004 JAK, 2014 WL 7877773, at *9-10 (C.D. Cal. Oct. 30, 2014) (recordings are "not protectable publications under the 1909 Act" and "the lead sheets are deemed to define the scope of [the 1909 Act] copyrighted compositions"); *Fahmy v. Jay Z*, No. 07CV05715-CAS-PJWx, 2015 WL 5680299, at *13-14 (C.D. Cal. Sept. 24, 2015) (same). Further, while in *Three Boys* the plaintiff's expert testified that elements of the deposit copy had been copied (212 F.3d at 486), here plaintiff provided no expert testimony at all as to the deposit copy even though he bears the burden of proving it was copied.

For this additional and independent reason, summary judgment is proper.

### b. Disregarding the Minor Line Cliché Leaves No Significant Similarities

Plaintiff states the claimed similarity is more than the common minor line

8

cliché, but his memorandum does not identify anything more and he leaves it to the Court to search through his experts' declarations. Oppn. at 12:3-4. That search is futile. Aside from the unprotected performance elements, minor line cliché and arpeggios, Stewart claims similarity in a series of pitches, but he improperly ignores their duration. *Swirsky v. Carey*, 376 F.3d 841, 848 n. 13 (9th Cir. 2004), ("concentration solely on pitch sequence may break music down beyond recognition"); Ferrara Reply Decl. at 3-4, ¶¶ 11-14. Stewart also does not distinguish between music going up or down, thus equating, *e.g.*, the E going up to A in *Stairway* with the E going down to A in *Taurus*. *Id.* at 4, ¶ 14. He and Johnson also rely on the shared presence of three notes, A-B-C, but that is just Do-Re-Mi. *Id.* at 4, ¶ 16; *Allen v. Destiny's Child*, No. 06 C 6606, 2009 WL 2178676, at *12 (N.D. Ill. July 21, 2009) (three notes "unprotectable as a matter of law"); Copyright Office Compendium §§ 313.4(B) (three notes not copyrightable) & 313.4(C) (same as to "Mi do re sol, sol re mi do"). Stewart and Johnson also ignore the overwhelming differences between *Taurus* and *Stairway*. *FunkyFilms, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1078 (9th Cir. 2006) (summary judgment proper since "significant differences and few real similarities").

For this additional independent reason, summary judgment should be granted.

### c. Plaintiffs' New Argument – Selection and Arrangement of Unprotected Elements – Also Fails

Plaintiff argues "combinations of unprotectable elements are protectable." Oppn. at 12:2, *citing Swirsky*, 376 F.3d at 851-52. But, "a combination of unprotectable elements is eligible for copyright protection only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003), *cert. denied* 540 U.S. 983 (2003). Even then, copyright in an arrangement is "thin" and "protects against only virtually identical copying." 323 F.3d at 812. Here, the selection of a minor line cliché and three notes is not

9

numerous and there are substantial differences. Accordingly, plaintiff's selection-and-arrangement argument fails.

### (f) **Plaintiff Concedes the Copyright Claims Fail as to John Paul Jones, Super Hype Publishing and Warner Music Group Corp.**

By his silence, plaintiff concedes summary judgment as to John Paul Jones, Super Hype Publishing, Inc. and Warner Music Group Corp. Def. Memo. at 18.

## 2. PLAINTIFF ABANDONS HIS "RIGHT OF ATTRIBUTION" CLAIM

By his silence, he also abandons his fourth claim for "Right of Attribution— Equitable Relief – Falsification of Rock n' Roll History." Def. Memo. at 18-19.

## 3. PARTIAL SUMMARY JUDGMENT

As for the alternative motion for partial summary judgment, plaintiff pays lip service to striking similarities and ignores that profits are barred by laches. Oppn. at 20:11-16. As to extraterritorial profits, plaintiff – relying on hearsay that Wolfe showed Jimmy Page how to play *Taurus* – plaintiff argues that is a domestic infringement. The admissible evidence is that never happened and, in any event, it would not have been a violation of any exclusive right under 17 U.S.C. Section 106.

## 4. CONCLUSION

For multiple reasons, each of which is fatal to plaintiff's forty-five-year-old claims, summary judgment should be entered in defendants' favor.

Dated: March 14, 2016

/s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES