| | |
|---|---|
| 1 | Peter J. Anderson, Esq., Cal. Bar No. 88891 |
|   | E-Mail: pja@pjanderson.com |
| 2 | LAW OFFICES OF PETER J. ANDERSON |
|   | A Professional Corporation |
| 3 | 100 Wilshire Boulevard, Suite 2010 |
|   | Santa Monica, CA 90401 |
| 4 | Tel: (310) 260-6030 |
|   | Fax: (310) 260-6040 |
| 5 | Attorneys for Defendants |
|   | JAMES PATRICK PAGE, ROBERT ANTHONY |
| 6 | PLANT, JOHN PAUL JONES, WARNER/CHAPPELL |
|   | MUSIC, INC., SUPER HYPE PUBLISHING, INC., |
| 7 | ATLANTIC RECORDING CORP., RHINO |
|   | ENTERTAINMENT COMPANY and WARNER |
| 8 | MUSIC GROUP CORP. |
| 9 | Helene Freeman, Esq., admitted *pro hac vice* |
|   | E-Mail:  hfreeman@phillipsnizer.com |
| 10 | PHILIPS NIZER LLP |
|   | 666 Fifth Avenue |
| 11 | New York, NY 10103-0084 |
|   | Tel: (212) 977-9700 |
| 12 | Fax: (212) 262-5152 |
|   | Attorneys for Defendants |
| 13 | JAMES PATRICK PAGE, ROBERT ANTHONY |
|   | PLANT and JOHN PAUL JONES |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, | Case No. 2:15-cv-03462 RGK (AGRx) |
| Plaintiff, | |
| vs. | DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* NO. 5 TO EXCLUDE OTHER CLAIMS AND SETTLEMENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT |
| LED ZEPPELIN, *et al.*, | |
| Defendants. | |
| | Date:  May 10, 2016 |
| | Time: 9:00 a.m. |
| | Courtroom of the Honorable R. Gary Klausner United States District Judge |

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 10, 2016, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled District Court, located at 255 East Temple Street, Los Angeles, California, defendants James Patrick Page, Robert Anthony Plant, John Paul Jones, Warner/Chappell Music, Inc., Super Hype Publishing, Inc., Atlantic Recording Corporation, Rhino Entertainment Company and Warner Music Group Inc., will move the above-entitled Court, the Honorable R. Gary Klausner, United States District Judge presiding, for an Order excluding all evidence and argument as to claims and theoretical claims of copying other works and as to settlements of claims and changes of credits.

This Motion is brought on the grounds that, as stated more fully in the accompanying Memorandum of Points and Authorities, evidence and argument as to claims and settlements are irrelevant, are prohibited by Federal Rules of Evidence 407 and 408 and also would confuse issues, mislead the jury, prejudice defendants and result in undue delay and wasted trial time.

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed with this Notice of Motion and Motion, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of the Motion.

///
///
///
///
///
///
///
///

1

The Motions are made following the conference with plaintiff's counsel pursuant to Local Rule 7-3, which took place on March 22, 2016.

Dated: March 25, 2016

/s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, WARNER/CHAPPELL MUSIC, INC., SUPER HYPE PUBLISHING, INC., ATLANTIC RECORDING CORP., RHINO ENTERTAINMENT COMPANY and WARNER MUSIC GROUP CORP.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT and JOHN PAUL JONES

## MEMORANDUM OF POINTS AND AUTHORITIES

### 1. INTRODUCTION

Plaintiff contends that *Stairway to Heaven* copies from the musical composition *Taurus*. Unable to prove copying in the proper way, plaintiff hopes to prejudice the jury by offering evidence and argument that the individual defendants copied works other than *Taurus*. For multiple reasons, plaintiff cannot be permitted to do so.

First, other claims, actual or theoretical, and settlements and changes to credits involving other compositions and recordings are irrelevant. Second, Federal Rules of Evidence 407 and 408 prohibit the evidence plaintiff seeks to offer. Third, plaintiff makes no effort to actually prove prior copying. And fourth, even if plaintiff could overcome those obstacles, the evidence is properly excluded under Federal Rule of Evidence 403.

### 2. EVIDENCE AND ARGUMENT OF OTHER CLAIMS AND OF SETTLEMENTS ARE PROPERLY EXCLUDED

#### (a) Other Claims and Settlements Are Irrelevant

Plaintiff seeks to present evidence of claims by unrelated third parties, settlements and changes in credits as to compositions or recordings other than the *Taurus* musical composition at issue in this action, as well as evidence as to theoretical claims that no one ever asserted as to yet other works. As a matter of law, the claimed evidence is irrelevant.

The assertion of a claim is "merely an accusation of conduct and not, of course, proof that the conduct alleged occurred." *United States v. Bailey*, 696 F.3d 794, 801 (9th Cir. 2012). Neither is the settlement of a claim proof of the validity of the claim. Because there are reasons other than alleged culpability to resolve a claim, settlement "is not probative of whether the defendant committed the prior conduct, much less whether he committed the conduct in question. There is no logical relevancy to admitting this type of evidence." *Id.* at 800.

Given that actual claims and settlements are irrelevant, plaintiff treads dangerously close to Federal Rule of Civil Procedure 11 in offering a parade of theoretical claims he argues might have been asserted but which never have been asserted.

Led Zeppelin released some 87 recordings beginning forty-eight years ago and less than a handful of claims were asserted and amicably resolved. That, and plaintiff's conjecture that other claims could have been asserted, are irrelevant and properly excluded.

### (b) Federal Rules of Evidence 407 and 408 Bar the Evidence of Settlements

Plaintiff's attempt to prejudice the jury is also barred by Federal Rules of Evidence 407 and 408.

Plaintiff seeks to present proof that in a few instances songwriting credits were changed. Rule 407, however, bars evidence of remedial measures when, as here, plaintiff seeks to use them to prove wrongdoing. In addition, Rule 408 bars evidence of settlements to prove, as plaintiff seeks to do here, the validity of a settled claim.

Accordingly, Rules 407 and 408 also require the exclusion of evidence and argument as to other claims.

### (c) Plaintiff Also Fails to Otherwise Prove the Validity of Prior and Theoretical Claims

While evidence of prior claims, settlements and theoretical claims of copying is properly excluded as irrelevant and barred under Rules 407 and 408, plaintiff also fails to prove any prior infringements actually occurred.

In order to prove the validity of other claims of copying – if they were relevant, which they are not – plaintiff would be required to present expert testimony dissecting the works, excluding non-protectable elements and opining on similarity as to protectable expression. *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004)

("The extrinsic test requires 'analytical dissection of a work and expert testimony'"), *quoting Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000), *cert. denied* 531 U.S. 1126 (2001). Plaintiff's musicologist, Dr. Stewart, does not mention these claims, let alone perform the analysis that would be required to prove the claims. Plaintiff's other experts mention some of the claims, but rely on conclusory assertions of similarity and copying. Def. Motion *in Limine* No. 4 & Exh. 3 (Bricklin Report) at 2-3. As to the remaining claims and theoretical claims, plaintiff makes no effort at all to substantiate them. And, having failed to present expert testimony on the claims, plaintiff is precluded from doing so at trial. Fed. R. Civ. P. 26(a)(2)(A) & 37(c)(1).

Even if prior instances of infringement were admissible, which they are not, plaintiff fails to prove them and, for that additional reason, testimony and argument as to prior claims, actual or theoretical, should be excluded.

### (d) Testimony and Argument as to Prior or Theoretical Claims and Settlements Is Also Properly Excluded Under Rule 403

Testimony and argument as to prior or theoretical claims and settlements also is properly excluded because any "probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, . . . ." Fed. R. Evid. 403.

Prior or theoretical claims and settlements have no probative value because they do not prove copying then, let alone the alleged copying of *Taurus*. *Bailey*, 696 F.3d at 800-01 (claims are "an accusation of conduct and not, of course, proof that the conduct alleged occurred" and settlement "is not probative of whether the defendant committed the prior conduct, much less whether he committed the conduct in question").

Further, there is real and substantial danger, and perhaps certainty, that allowing the evidence and argument would unfairly prejudice defendants by confusing the issues and misleading the jury. Allegations of prior claims risks

5

1  causing "the jurors to succumb to the simplistic reasoning that if the defendant was
2  accused of the conduct, it probably or actually occurred. Such inferences are
3  impermissible." *Bailey*, 696 F.3d at 801. Allegations of prior claims and
4  settlements also would mislead the jury into believing that past allegations of claims
5  are admissible to prove copying in this instance, and distract from the juror's actual
6  task of determining whether copying occurred here.
7  For this additional reason, evidence and argument as to claims and settlements
8  should be excluded.

### 3. **CONCLUSION**

The law does not allow plaintiff to prove his case by tarring defendants as serial copiers, but that is exactly what plaintiff hopes to do. Evidence and argument of past claims, of settlements and theoretical claims never asserted, are irrelevant, inadmissible, unproven and unduly prejudicial, and should be excluded.

Dated: March 25, 2016

        /s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES