1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5  Attorneys for Defendants
   JAMES PATRICK PAGE, ROBERT ANTHONY
6  PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
   MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
7  ATLANTIC RECORDING CORP., RHINO
   ENTERTAINMENT COMPANY and WARNER
8  MUSIC GROUP CORP.

9  Helene Freeman, Esq., admitted *pro hac vice*
   E-Mail:  hfreeman@phillipsnizer.com
10 PHILIPS NIZER LLP
   666 Fifth Avenue
11 New York, NY 10103-0084
   Tel: (212) 977-9700
12 Fax: (212) 262-5152
   Attorneys for Defendants
13 JAMES PATRICK PAGE, ROBERT ANTHONY
   PLANT and JOHN PAUL JONES

14

15            **UNITED STATES DISTRICT COURT**

16            **CENTRAL DISTRICT OF CALIFORNIA**

17                 **WESTERN DIVISION**

18 MICHAEL SKIDMORE, *etc.*,          )   Case No. 2:15-cv-03462 RGK (AGRx)
                                       )
19          Plaintiff,                 )
                                       )   DEFENDANTS' NOTICE OF
20     vs.                             )   MOTION AND MOTION *IN*
                                       )   *LIMINE* NO. 10 TO EXCLUDE
21 LED ZEPPELIN, *et al.*,             )   WITNESSES PLAINTIFF FAILED
                                       )   TO DISCLOSE; MEMORANDUM
22          Defendants.                )   OF POINTS AND AUTHORITIES
                                       )   AND DECLARATION IN SUPPORT
23 _____    )

24                                         Date:  May 10, 2016
                                           Time: 9:00 a.m.
25
                                           Courtroom of the Honorable
26                                         R. Gary Klausner
                                           United States District Judge
27

28

**TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on May 10, 2016, at 9:00 a.m. or as soon thereafter as the matter may be heard in Courtroom 850 of the above-entitled District Court, located at 255 East Temple Street, Los Angeles, California, defendants James Patrick Page, Robert Anthony Plant, John Paul Jones, Warner/Chappell Music, Inc., Super Hype Publishing, Inc., Atlantic Recording Corporation, Rhino Entertainment Company and Warner Music Group Inc., will move the above-entitled Court, the Honorable R. Gary Klausner, United States District Judge presiding, for an Order excluding plaintiff from relying upon the witnesses that plaintiff failed to disclose, including Larry Knight, Mike Lee and Robert Lee, and witnesses, including Paul Franklin, Linda Mensch, Terry Lynn Moore and Dave McKenna, that plaintiff failed to disclose until the day of the fact discovery cut-off and for whom plaintiff failed to provide the subject matter of their information, their addresses and their telephone numbers.

This Motion is brought on the grounds that, as stated more fully in the accompanying Memorandum of Points and Authorities, plaintiff served initial disclosures and, on the day of the fact discovery cut-off, served amended disclosures, but has since submitted in opposition to defendants' motion for summary judgment declarations from witnesses he never identified, and from witnesses he only identified on the day of the fact discovery cut-off and, even then, failed to provide the subjects of their information, their addresses and their telephone numbers as required by Federal Rule of Civil Procedure 26(a) and (e).

This Motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities filed with this Notice of Motion and Motion, the pleadings and papers on file in this action, the matters of which this Court may take judicial notice, and such additional matters and oral argument as may be offered in support of the Motion.

///

1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

The Motions are made following the conference with plaintiff's counsel pursuant to Local Rule 7-3, which took place on March 22, 2016.

Dated: March 25, 2016

_____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.   INTRODUCTION**

After the close of discovery and after defendants filed their motion for summary judgment, plaintiff has sought to use the testimony of witnesses he never disclosed under Federal Rule of Civil Procedure 26(a) or (e), and witnesses he disclosed only on the day of the fact discovery cut-off, providing only names and without the subject matter of their information, their addresses or their telephone numbers.  Plaintiff's failure to comply with his disclosure obligations substantially prejudices defendants and threatens to disrupt the progress of this case and the Court's efficient trial of this matter.  That should not be allowed.

Plaintiff should be precluded from relying on any witnesses he did not fully and completely identify as required by Rule 26.

**2.   PLAINTIFF SHOULD NOT BE ALLOWED TO RELY ON WITNESSES HE DID NOT DISCLOSE**

Federal Rule of Civil Procedure 26(a) mandates that "a party must, without awaiting a discovery request," provide initial disclosures providing "the name, and if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i).   Rule 26(e) also requires prompt supplementation of those disclosures.  Failure to provide initial disclosures and failure to promptly supplement them, triggers an automatic preclusion under Rule 37(c)(1), which states:

> "If a party fails to provide information or identify a witness as
> required by Rule 26(a) or (e), the party is not allowed to use that

///

///

///

3

1    information or witness to supply evidence on a motion, at a hearing, or

2    at a trial, unless the failure was substantially justified or is harmless."

3    This "self-executing" and "automatic sanction provides a strong inducement for

4    disclosure of material that the disclosing party would expect to use as evidence, . . .

5    ." Advisory Comm. Notes to 1993 Amendments.

6        On August 13, 2015 plaintiff provided initial disclosures and on February 11,

7    2016 – the day of the fact discovery cut-off – plaintiff provided his first and only

8    amended disclosures.   In those amended disclosures, he identified by name

9    additional witnesses, but he failed to disclose the subjects of their information, their

10   addresses or their telephone numbers.   Anderson Decl. at 6, ¶¶ 3-5, & Exh. 1 & 2.

11   Further, with his March 7, 2016 opposition to defendants' motion for summary

12   judgment plaintiff submitted the declarations of three witnesses he never disclosed

13   and who were not otherwise identified in discovery, as well as declarations from two

14   witnesses he named in his amended disclosures on the day of the fact discovery cut-

15   off.  *See,* Anderson Decl. at 6-7, ¶¶ 6-7.

16       Under Rule 37(c), plaintiff he is automatically precluded from relying on

17   those witnesses.  He has not sought relief from that automatic preclusion, and neither

18   is he entitled to that relief.

19       First, there is no justification, let alone substantial justification, for plaintiff's

20   failure to comply with Rule 26(a) and (e).  He unquestionably knew the Rule's

21   requirements, and chose not to fully comply and to serve incomplete amended

22   disclosures on the day of the fact discovery cut-off.

23       Second, plaintiff cannot establish that his failure to comply with Rule 26(a)

24   was harmless.  *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107

25   (9th Cir. 2001) ("the burden is on the party facing sanctions to prove harmlessness").

26   By depriving defendants of the opportunity to depose these and any other

27   undisclosed witnesses plaintiff may try to call, and the opportunity to investigate

28   ///

4

their claimed testimony and conduct follow-up discovery, plaintiff seeks to substantially prejudice defendants with surprise witnesses immune from discovery.

That gambit and the resulting prejudice is properly rejected and the witnesses excluded.

## 3.   <u>CONCLUSION</u>

Defendants respectfully submit that plaintiff should be precluded from relying on any witnesses he did not fully, completely and timely disclose.

Dated: March 25, 2016

_____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES

5

## DECLARATION OF PETER J. ANDERSON

I, Peter J. Anderson, declare and state:

1.     I am an attorney admitted to practice before this Court and all Courts of the State of California.  I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2.     I represent defendants Warner/Chappell Music, Inc., Super Hype Publishing, Inc., Atlantic Recording Corp., Rhino Entertainment Company, James Patrick Page, Robert Plant and John Paul Jones in this action. This Declaration is submitted in support of their foregoing Motion *in limine*.

3.     Attached to this Declaration as Exhibit 1 is a true and correct copy of the portion of plaintiff's August 13, 2015 Initial Disclosures identifying non-party witnesses plaintiff may rely upon in this action.

4.     Attached to this Declaration as Exhibit 2 is the portion of plaintiff's February 11, 2016 Amended Disclosures listing additional witnesses who plaintiff may rely upon.

5.     Fact discovery in this action was cut off on February 11, 2016. Plaintiff's February 11, 2016 Amended Disclosures added the following witnesses, without providing the subject of their information, their addresses and their telephone numbers:

        (a)     Paul Franklin;

        (b)     Linda Mensch;

        (c)     Terry Lynn Moore; and

        (d)     Dave McKenna.

6.     Plaintiff, in his March 7, 2016 opposition to defendants' Motion for Summary Judgment, filed the following Declarations of claimed witnesses who were not identified in plaintiff's Initial Disclosures or Amended Disclosures:

        (a)     Larry Knight Declaration (Doc. 118-11);

        (b)     Mike Lee Declaration (Doc. 119-5); and

1   (c) Robert Lee Declaration (Doc. 119-6).

2  7. Plaintiff, in opposition to defendants' Motion for Summary Judgment,

3 filed the following Declarations of claimed witnesses first identified in his February

4 11, 2016 disclosures and for whom plaintiff did not provide contact information:

5   (a) Paul Franklin; and

6   (b) Linda Mensch.

7 I declare under penalty of perjury that the foregoing is true and correct.

8 Executed on March 25, 2016.

9

10      _____ /s/ Peter J. Anderson _____

11      PETER J. ANDERSON

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

1  Francis Malofiy, Esquire
2  FRANCIS ALEXANDER, LLC
3  280 N. Providence Rd. | Suite 105
4  Media, PA 19063
5  T:  (215) 500-1000
6  F:  (215) 500-1005
7  E: francis@francisalexander.com
8  *Pa. Supreme Court ID No. 208494*
9

10              UNITED STATES DISTRICT COURT
11              CENTRAL DISTRICT OF CALIFORNIA

12

MICHAEL SKIDMORE, as Trustee for the:

# RANDY CRAIG WOLFE TRUST

　　*Plaintiff*

　　v.

# LED ZEPPELIN

JAMES PATRICK PAGE

ROBERT ANTHONY PLANT

JOHN PAUL JONES

SUPER HYPE PUBLISHING, INC.

WARNER MUSIC GROUP CORP.

　　*Parent of:*

　　　WARNER/CHAPPELL MUSIC, INC.

　　　ATLANTIC RECORDING CORPORATION

　　　RHINO ENTERTAINMENT COMPANY

　　　　*Defendants*

**NO.:** 2:14-CV-03089

**CASE FILED:**
MAY 31, 2014

**CAUSES OF ACTION:**
COPYRIGHT INFRINGEMENT

RIGHT OF ATTRIBUTION –
FALSIFICATION OF
ROCK N' ROLL HISTORY

13

14              PLAINTIFF'S INITIAL DISCLOSURES

15              Pursuant to Fed. R. Civ. P. 26(a)(1), Plaintiff makes the following initial disclosures based

16      upon the facts and information currently known and readily available to them at this time. They

**EXHIBIT 1**
**8**

| EXPERTS: | |
|---|---|
| *c/o PLAINTIFF'S COUNSEL:* | |
| PLAINTIFF'S MUSICOLOGIST EXPERT | Substantial Similarity Between *Taurus* and *Stairway to Heaven*. |
| PLAINTIFF'S PRODUCTION/ENGINEERING EXPERT | Music Production and Engineering Expert in regards to the technical audio creation, recordation, instrumentation, mixing, and mastering of *Taurus* and *Stairway to Heaven* and to provide audio analysis and audio comparison of the two songs. |
| PLAINTIFF'S MASTER MUSICIAN EXPERT | Master Musician to provide comparative analysis of guitar performance and authorship of *Taurus* and *Stairway to Heaven* and to perform at time of trial. |
| PLAINTIFF'S ACCOUNTING, FINANCE, AND VALUATION EXPERT | Revenues, Expenses, and Profits related to *Stairway to Heaven*. Damages relating to the infringement and exploitation of *Taurus*. The Value of *Stairway to Heaven*. |
| *c/o DEFENDANTS' COUNSEL OF RECORD:* | |
| DEFENDANTS' EXPERTS – UNKNOWN AT THIS TIME | Unknown at this time. |
| THIRD PARTIES: | |
| MARK ANDES | Facts in Plaintiff's Complaint. Facts in Defendants' Answers. The creation in or about 1967 of the musical composition *Taurus* and ownership of the copyright in that musical composition. Led Zeppelin's access to *Taurus*. Led Zeppelin as the opening act for Spirit. Defendants' admiration and familiarity with Spirit's music, including the song *Taurus*. Access of the authors of the musical composition *Stairway to Heaven* to the musical composition *Taurus*. Substantial Similarity between *Taurus* and *Stairway to Heaven*. The technical audio creation, recordation, instrumentation, mixing, and mastering of *Taurus*. Lack of independent creation and development of *Stairway to Heaven*. Communications and contact with Plaintiff, the band members of Spirit, Sprit, and/or his representatives. |
| JAY FERGUSON | Facts in Plaintiff's Complaint. Facts in Defendants' Answers. The creation in or about 1967 of the musical composition *Taurus* and ownership of the copyright in that musical composition. Led Zeppelin's access to *Taurus*. Led Zeppelin as the opening act for Spirit. |

**EXHIBIT 1**
**9**

| | |
|---|---|
| | Defendants' admiration and familiarity with Spirit's music, including the song *Taurus*.<br><br>Access of the authors of the musical composition *Stairway to Heaven* to the musical composition *Taurus*.<br><br>Substantial Similarity between *Taurus* and *Stairway to Heaven*.<br><br>The technical audio creation, recordation, instrumentation, mixing, and mastering of *Taurus*.<br><br>Lack of independent creation and development of *Stairway to Heaven*.<br><br>Communications and contact with Plaintiff, the band members of Spirit, Sprit, and/or his representatives. |
| LOU ADLER | Facts in Plaintiff's Complaint.<br><br>Facts in Defendants' Answers.<br><br>The creation and production in or about 1967 of the musical composition *Taurus* and ownership of the copyright in that musical composition.<br><br>Led Zeppelin's access to *Taurus*.<br><br>Led Zeppelin as the opening act for Spirit.<br><br>Defendants' admiration and familiarity with Spirit's music, including the song *Taurus*.<br><br>Access of the authors of the musical composition *Stairway to Heaven* to the musical composition *Taurus*.<br><br>Substantial Similarity between *Taurus* and *Stairway to Heaven*.<br><br>The technical audio creation, recordation, instrumentation, mixing, and mastering of *Taurus*.<br><br>Lack of independent creation and development of *Stairway to Heaven*.<br><br>Communications and contact with Plaintiff or Defendants, the band members of Spirit or Led Zeppelin, and/or their representatives.<br><br>Contracts with Plaintiff, Spirit, and band members of Spirit. |
| HOWARD FRANK, ESQUIRE | Facts in Plaintiff's Complaint.<br><br>Facts in Defendants' Answers.<br><br>Communications and contact with Plaintiff or Defendants, the band members of Spirit or Led Zeppelin, and/or their representatives.<br><br>Contracts with Plaintiff, Spirit, and band members of Spirit. |
| INDIVIDUALS TO TESTIFY IN REGARDS TO ACCESS - <br><br>NOT ALL KNOWN AT THIS TIME OTHER THAN: <br><br>DEFENDANTS <br><br>JIMMY PAGE <br><br>ROBERT PLANT <br><br>JOHN PAUL JONES <br><br>MARK ANDES <br><br>JAY FERGUSON <br><br>LED ZEPPELIN'S MANAGERS/AGENTS/STAFF <br><br>SPIRIT'S MANAGERS/AGENTS/STAFF | Facts in Plaintiff's Complaint.<br><br>Facts in Defendants' Answers.<br><br>Led Zeppelin's access to *Taurus*.<br><br>Led Zeppelin as the opening act for Spirit.<br><br>Individuals who were at the Spirit concerts where Led Zeppelin was Spirit's opening act.<br><br>Individuals who were at concerts were Led Zeppelin and Spirit performed together.<br><br>Defendants' admiration and familiarity with Spirit's music, including the song *Taurus*.<br><br>Access of the authors of the musical composition *Stairway to Heaven* to the musical composition *Taurus*.<br><br>The development of *Stairway to Heaven* with access to *Taurus*. |

**EXHIBIT 1**
**10**

| | The creation and recording in or about 1971 of the musical composition *Stairway to Heaven*, including defendants' defense of independent creation.<br><br>Substantial Similarity between *Taurus* and *Stairway to Heaven*.<br><br>The technical audio creation, recordation, instrumentation, mixing, and mastering of *Stairway to Heaven*.<br><br>Lack of independent creation and development of *Stairway to Heaven*.<br><br>Communications and contact with Plaintiff, the band members of Spirit, Sprit, and/or his representatives. |
|---|---|
| INDIVIDUALS TO TESTIFY IN REGARDS TO CREATION & RECORDING OF *TAURUS* AND *STAIRWAY TO HEAVEN* - NOT ALL KNOWN AT THIS TIME OTHER THAN:<br><br>DEFENDANTS<br><br>JIMMY PAGE<br><br>ROBERT PLANT<br><br>JOHN PAUL JONES<br><br>MARK ANDES<br><br>JAY FERGUSON<br><br>LED ZEPPELIN'S PRODUCERS/ENGINEERS/STAFF<br><br>SPIRIT'S PRODUCERS/ENGINEERS/STAFF<br><br>THIRD PARTY PRODUCERS/ENGINEERS/INDIVIDUALS WHO WERE INVOLVED IN THE CREATION AND RECORDING OF *TAURUS* AND *STAIRWAY TO HEAVEN*. | Facts in Plaintiff's Complaint.<br><br>Facts in Defendants' Answers.<br><br>Led Zeppelin's access to *Taurus*.<br><br>Led Zeppelin as the opening act for Spirit.<br><br>Individuals who were at the Spirit concerts where Led Zeppelin was Spirit's opening act.<br><br>Individuals who were at concerts were Led Zeppelin and Spirit performed together.<br><br>Defendants' admiration and familiarity with Spirit's music, including the song *Taurus*.<br><br>Access of the authors of the musical composition *Stairway to Heaven* to the musical composition *Taurus*.<br><br>The development of *Stairway to Heaven* with access to *Taurus*.<br><br>The creation in or about 1967 of the musical composition *Taurus* and ownership of the copyright in that musical composition.<br><br>The creation and recording in or about 1971 of the musical composition *Stairway to Heaven*, including defendants' defense of independent creation.<br><br>Substantial Similarity between *Taurus* and *Stairway to Heaven*.<br><br>The technical audio creation, recordation, instrumentation, mixing, and mastering of *Stairway to Heaven*.<br><br>Lack of independent creation and development of *Stairway to Heaven*.<br><br>Communications and contact with Plaintiff, the band members of Spirit, Sprit, and/or his representatives. |

1

## 2. DOCUMENTS, ELECTRONICALLY STORED INFORMATION, AND THINGS:

Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(ii), Plaintiffs disclose and describe the following categories of documents, electronically stored information and tangible things (collectively, "documents") that are in their possession, custody or control, and that they may use to support their claims or defenses, except of those categories relating solely to impeachment:

- Copies of *Taurus*.
- Copyright Registration for *Taurus*.

**EXHIBIT 1**
**11**

1    Defendants. Plaintiff reserves the right to supplement the computation of damages once the

2    financial information regarding the Revenues, Expenses, and Profits related to *Stairway to Heaven*

3    are provided by Defendants.

4

5    4. INSURANCE:

6    Plaintiff have no knowledge of Defendants' insurance coverage, policies, or insurance

7    agreements.

8    Plaintiff reserves the right to supplement or amend these disclosures based on information

9    that is subsequently acquired. Without waiver of any objections, Plaintiff reserves the right to rely

10   on any documents or information identified by any other party, including witnesses.

11

12                                    *****

13                                    *Respectfully submitted,*

14                                    FRANCIS ALEXANDER, LLC

15                                    */s/ Francis Malofiy*

16                                    Francis Malofiy, Esquire

17                                    Attorney ID No.:  208494

18                                    280 N. Providence Rd. | Suite 105

19                                    Media, PA 19063

20                                    T:  (215) 500-1000

21                                    F:  (215) 500-1005

22                                    E:  francis@francisalexander.com

23                                    *Pa. Supreme Court ID No.: 208494*

24                                    *Law Firm / Lawyer for Plaintiff*

25                                    */d/ August 13, 2015*

26

**EXHIBIT 1**
**12**

1

# Certificate of Service

2     I certify that a true and correct copy of the foregoing Plaintiff's Initial

3 Disclosures has been served upon all counsel of record via electronic filing on the date below.

4     Peter J. Anderson, Esq., Cal. Bar No. 88891
5     Law Offices of Peter J. Anderson, PC
6     100 Wilshire Boulevard | Suite 2010
7     Santa Monica, CA 90401
8     T: (310) 260-6030
9     F: (310) 260-6040
10     E: pja@pjanderson.com
11     *Attorneys for Defendants: James Patrick Page; Robert Anthony Plant; John Paul Jones;*
12     *Warner/Chappell Music, Inc.; Super Publishing, Inc.; Atlantic Recording Corp.; Rhino*
13     *Entertainment Company; and Warner Music Group, Inc.*
14
15     Helene Freeman, Esq., admitted *pro hac vice*
16     Philips Nizer, LLP
17     666 Fifth Avenue
18     New York, NY 10103-0084
19     T: (212) 977-9700
20     F: (212) 262-5152
21     E:  hfreeman@phillipsnizer.com
22     *Attorneys for Defendants: James Patrick Page; Robert Anthony Plant; John Paul Jones*
23
24     Glen L. Kulik, Esquire
25     Kulik Gottesman & Siegel, LLP
26     15303 Ventura Boulevard | Suite 1400
27     Media, PA 19063
28     T:  (310) 557-9200
29     F:  (310) 557-0224
30     E: gkulik@kgslaw.com
31     *Attorney for Plaintiff (Local Counsel)*
32
33                             \*\*\*\*\*
34                        *Respectfully submitted,*
35                        Francis Alexander, LLC
36                        /s/ Francis Malofiy
37                        280 N. Providence Rd. | Suite 105
38                        Media, PA 19063
39                        T:  (215) 500-1000
40                        F:  (215) 500-1005
41                        E:  francis@francisalexander.com
42                        *Law Firm / Lawyer for Plaintiff*
43                        *Pa. Supreme Court ID No.: 208494*
44                        */d/ August 13, 2015*

**EXHIBIT 1**

# EXHIBIT 2

1  FRANCIS MALOFIY, ESQUIRE
2  FRANCIS ALEXANDER, LLC
3  280 N. PROVIDENCE RD. | SUITE 105
4  MEDIA, PA 19063
5  T:  (215) 500-1000
6  F:  (215) 500-1005
7  E: francis@francisalexander.com
8  Pa. Supreme Court ID No. 208494
9
10  GLEN L. KULIK, ESQ. (SBN 082170)
11  KULIK GOTTESMAN & SIEGEL LLP
12  15303 VENTURA BLVD., SUITE 1400
13  SHERMAN OAKS, CA 91403
14  T:  (310) 557-9200; F: (310) 557-0224
15  E: gkulik@kgslaw.com
16  Attorney for Plaintiff
17

18                UNITED STATES DISTRICT COURT
19                CENTRAL DISTRICT OF CALIFORNIA
20

MICHAEL SKIDMORE, as Trustee for the:

# RANDY CRAIG WOLFE TRUST

*Plaintiff*

v.

# LED ZEPPELIN

JAMES PATRICK PAGE
ROBERT ANTHONY PLANT
JOHN PAUL JONES
SUPER HYPE PUBLISHING, INC.
WARNER MUSIC GROUP CORP.
       *Parent of:*
          WARNER/CHAPPELL MUSIC, INC.
          ATLANTIC RECORDING CORPORATION
          RHINO ENTERTAINMENT COMPANY
                *Defendants*

**NO.:** 15-CV-03462 RGK(AGRx)

**CASE FILED:**
MAY 31, 2014

HON. R. GARY KLAUSNER

**CAUSES OF ACTION:**
COPYRIGHT INFRINGEMENT

21

22          PLAINTIFF'S AMENDED DISCLOSURES

**EXHIBIT 2**
**14**

1  Defendants. Plaintiff reserves the right to supplement the computation of damages once the

2  financial information regarding the Revenues, Expenses, and Profits related to *Stairway to Heaven*

3  are provided by Defendants.

4

5  ## 4. Insurance:

6        Plaintiff have no knowledge of Defendants' insurance coverage, policies, or insurance

7  agreements.

8        Plaintiff reserves the right to supplement or amend these disclosures based on information

9  that is subsequently acquired. Without waiver of any objections, Plaintiff reserves the right to rely

10  on any documents or information identified by any other party, including witnesses.

11  ## 5. Supplemental

12        Individual identified in depositions.

13        Paul Franklin

14        Tracy Longo

15        Dave Waterbury

16        Marla Randal Wolfe

17        Janet Wolfe

18        Robert Coit

19        Linda Mensch

**EXHIBIT 2**
**15**

1    Terry Lynn Moore

2    Denny Somach

3    Dave McKenna (see article)

4

5                                          *****

6                                          *Respectfully submitted,*

7                                          Fʀᴀɴᴄɪs Aʟᴇxᴀɴᴅᴇʀ, ʟʟᴄ

8                                          */s/ Francis Malofiy*

9                                          Francis Malofiy, Esquire

10                                         Attorney ID No.:  208494

11                                         280 N. Providence Rd. | Suite 105

12                                         Media, PA 19063

13                                         T:  (215) 500-1000

14                                         F:  (215) 500-1005

15                                         E:  francis@francisalexander.com

16                                         *Pa. Supreme Court ID No.: 208494*

17                                         *Law Firm / Lawyer for Plaintiff*

18                                         */d/ February 11, 2016*

19

20                                         Glen L. Kulik, Esquire

21                                         Kᴜʟɪᴋ Gᴏᴛᴛᴇsᴍᴀɴ & Sɪᴇɢᴇʟ,

22                                         ʟʟᴘ

23                                         15303 Ventura Boulevard | Suite 1400

24                                         Media, PA 19063

25                                         T:  (310) 557-9200

26                                         F:  (310) 557-0224

27                                         E: gkulik@kgslaw.com

28                                         *Attorney for Plaintiff (Local Counsel)*

29                          Cᴇʀᴛɪꜰɪᴄᴀᴛᴇ ᴏꜰ Sᴇʀᴠɪᴄᴇ

30        I certify that a true and correct copy of the foregoing Pʟᴀɪɴᴛɪꜰꜰ's Aᴍᴇɴᴅᴇᴅ

31   Dɪsᴄʟᴏsᴜʀᴇs has been served upon all counsel of record via electronic filing on the date below.

32

**EXHIBIT 2**
**16**

| | |
|---|---|
| 1 | Peter J. Anderson, Esq., Cal. Bar No. 88891 |
| 2 | LAW OFFICES OF PETER J. ANDERSON, PC |
| 3 | 100 Wilshire Boulevard \| Suite 2010 |
| 4 | Santa Monica, CA 90401 |
| 5 | T: (310) 260-6030 |
| 6 | F: (310) 260-6040 |
| 7 | E: pja@pjanderson.com |
| 8 | *Attorneys for Defendants: James Patrick Page; Robert Anthony Plant; John Paul Jones;* |
| 9 | *Warner/Chappell Music, Inc.; Super Publishing, Inc.; Atlantic Recording Corp.; Rhino* |
| 10 | *Entertainment Company; and Warner Music Group, Inc.* |
| 11 | |
| 12 | Helene Freeman, Esq., admitted *pro hac vice* |
| 13 | PHILIPS NIZER, LLP |
| 14 | 666 Fifth Avenue |
| 15 | New York, NY 10103-0084 |
| 16 | T: (212) 977-9700 |
| 17 | F: (212) 262-5152 |
| 18 | E: hfreeman@phillipsnizer.com |
| 19 | *Attorneys for Defendants: James Patrick Page; Robert Anthony Plant; John Paul Jones* |
| 20 | |
| 21 | |
| 22 | ***** |
| 23 | *Respectfully submitted,* |
| 24 | FRANCIS ALEXANDER, LLC |
| 25 | /s/ Francis Malofiy |
| 26 | 280 N. Providence Rd. \| Suite 105 |
| 27 | Media, PA 19063 |
| 28 | T:  (215) 500-1000 |
| 29 | F:  (215) 500-1005 |
| 30 | E:  francis@francisalexander.com |
| 31 | *Law Firm / Lawyer for Plaintiff* |
| 32 | *Pa. Supreme Court ID No.: 208494* |
| 33 | */d/ February 11, 2016* |

**EXHIBIT 2**
**17**