Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and WARNER
MUSIC GROUP CORP.

Helene Freeman, Esq., admitted *pro hac vice*
E-Mail:  hfreeman@phillipsnizer.com
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT and JOHN PAUL JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*,<br><br>          Plaintiff,<br><br>     vs.<br><br>LED ZEPPELIN, *et al.*,<br><br>          Defendants. | Case No. 2:15-cv-03462 RGK (AGRx)<br><br>DEFENDANTS' MEMORANDUM OF CONTENTIONS OF FACT AND LAW<br><br>Pretrial:<br>Date:  April 25, 2016<br>Time: 11:00 a.m.<br><br>Trial:<br>Date: May 10, 2016<br>Time: 9:00 a.m.<br><br>Courtroom of the Honorable<br>R. Gary Klausner<br>United States District Judge |

# **TABLE OF CONTENTS**

MEMORANDUM OF CONTENTIONS OF FACT AND LAW.................................1

1.   INTRODUCTION.................................................................................1

2.   CLAIMS AND DEFENSES ..................................................................1

   (a)   Plaintiffs' Claims ........................................................................1

      (1)   Summary Statement of Plaintiff's Claims.......................1

      (2)   The Elements Required to Establish plaintiff's Claims ................2

      (3)   Brief Description of Key Evidence in Opposition to Plaintiff's Claims ......................................................2

   (b)   Defendants' Affirmative Defenses ..............................................6

      (1)   Summary Statement of Defendants' Affirmative Defenses..........6

      (3)   Brief Description of the Key Evidence Relied on to Support Defendants' Affirmative Defenses ...............................10

   (c)   Anticipated Evidentiary Issues ................................................15

      (1)   Evidentiary Issues Raised by Defendants' Motions *in Limine* ...............................................................15

      (2)   Evidentiary Issues Raised by Plaintiff's Motions *in Limine* ...............................................................17

   (d)   Identification of Issues of Law ................................................18

      (1)   Legal Issues Raised by Pending Motions *in Limine*...................18

      (2)   Plaintiff's Requested Remedy of Defendant's Profits Is Triable to the Court....................................................19

3.   BIFURCATION .................................................................................20

4.   PLAINTIFF HAS REQUESTED JURY TRIAL..................................21

5.   ATTORNEY'S FEES ARE POTENTIALLY RECOVERABLE..................21

6.   ABANDONED CLAIMS OR ISSUES.................................................21

i

1

### TABLE OF AUTHORITIES

2

**Cases**

3  *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001) ...........................9

4  *Asset Marketing Sys., Inc. v. Gagnon*, 542 F.3d 748 (9th Cir. 2008),

5  *cert. denied* 556 U.S. 1258 (2009) ..................................................................9

6  *Danjaq LLC v. Sony Corp.*, 263 F.3d 942 (9th Cir. 2001) ................................ 8, 20

7  *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1985) ..............................16

8  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991)................................2

9  *Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340 (1998) ........................19

10  *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059

11  (9th Cir. 2015), *cert. denied*, 136 S. Ct. 410 (2015) ......................................... 19, 20

12  *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209 (9th Cir. 1998)..............................10

13  *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068 (9th Cir. 2013) ...................2

14  *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)...............2

15  *Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197

16  (C.D. Cal. 2007) ......................................................................................10

17  *Micro Star v. Formgen, Inc.*, 154 F.3d 1107 (9th Cir. 1998) ......................................9

18  *Newton v. Diamond*, 388 F.3d 1189 (9th Cir. 2004), *cert. denied*

19  545 U.S. 1114 (2005) ................................................................................8

20  *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788 (9th Cir. 2007),

21  *cert. denied* 553 U.S. 1079 (2008) ..............................................................2

22  *Rice v. Fox Broad. Co.*, 330 F.3d 1170 (9th Cir. 2003) ..........................................2

23  *S.E.C. v. Rind*, 991 F.2d 1486 (9th Cir. 1993), *cert. denied*, 510 U.S. 963

24  (1993) ..................................................................................................19

25  *Seltzer v. Green Day, Inc.*, 725 F.3d 1170 (9th Cir. 2013) .........................................8

26  *Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000),

27  *cert. denied* 531 U.S. 1126 (2001) ..............................................................7

28  *United States v. King Features Entm't, Inc.,* 843 F.2d 394 (9th Cir. 1988)................9

**Federal Statutes**

15 U.S.C. Section 1117................................................................................20

17 U.S.C. Section 102................................................................................10

17 U.S.C. Section 103................................................................................10

17 U.S.C. Section 106................................................................................10

17 U.S.C. Section 301..................................................................................7

17 U.S.C. Section 504......................................................................... 19, 20

17 U.S.C. Section 505................................................................................21

17 U.S.C. Section 507............................................................................6, 8

U.S. Const. amend. VII.............................................................................19

**State Statutes**

California Probate Code Section 6402 ........................................................14

**Other Authorities**

Copyright Office Compendium ...................................................................18

Manual of Model Jury Instructions for the Ninth Circuit (2007).......... 8, 9, 10

**Rules**

Federal Rule of Civil Procedure 26 ...................................................... 12, 17

Federal Rule of Civil Procedure 37 ............................................................17

Federal Rule of Evidence 403.......................................................... 15, 16, 17

Federal Rule of Evidence 407....................................................................16

Federal Rule of Evidence 408....................................................................16

Federal Rule of Evidence 411....................................................................17

Local Rule 16-4 ..........................................................................................6

**Treatises**

M. Nimmer & D. Nimmer, *Nimmer on Copyright*............................. 3, 9, 19

### <u>MEMORANDUM OF CONTENTIONS OF FACT AND LAW</u>

**1.    <u>INTRODUCTION</u>**

Defendants James Patrick Page, Robert Anthony Plant, John Paul Jones, Warner/Chappell Music, Inc., Super Hype Publishing, Inc., Atlantic Recording Corporation, Rhino Entertainment Company and Warner Music Group Inc.[1] respectfully submit this Memorandum of Contentions of Fact and Law.

**2.    <u>CLAIMS AND DEFENSES</u>**

   **(a)    <u>Plaintiffs' Claims</u>**

      **(1)    Summary Statement of Plaintiff's Claims**

Plaintiff, on behalf of a purported trust claiming a beneficial interest in the copyright owned by a non-party, Hollenbeck Music ("Hollenbeck"), in a musical composition titled *Taurus*, asserts forty-five-year-old claims that *Stairway to Heaven* infringes Hollenbeck's copyright.

In his First Amended Complaint (Doc. 31), plaintiff alleges the following claims:

Claim 1: Direct infringement of the copyright in the musical composition *Taurus.*

Claim 2: Contributory infringement of the copyright in the musical composition *Taurus.*

Claim 3: Vicarious infringement of the copyright in the musical composition *Taurus.*

Claim 4: "Right of Attribution – Equitable Relief – Falsification of Rock n' Roll History."

///

///

---

[1]    Plaintiff's complaint purports to name "Led Zeppelin" as a defendant, but that is the name of a musical group and not a juridical entity capable of suing or being sued.

**(2)     The Elements Required to Establish plaintiff's Claims**

The elements required to establish plaintiff's claims are as follows:

Claim 1 (direct infringement):

    1.  Plaintiff's ownership of a valid copyright; and

    2.  Copying of constituent elements of the work that are original.

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991); *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003).

Claim 2 (contributory infringement):

    1.  That the defendant has knowledge of a third party's infringing activity; and

    2.  induces, causes, or materially contributes to the third party's infringing activity.

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007), *cert. denied* 553 U.S. 1079 (2008).

Claim 3 (vicarious infringement):

    1.  That the defendant profits directly from the infringement; and

    2.  Declines to exercise a right to stop or limit it.

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 931 n. 9 (2005); *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013).

Claim 4 ("Right of Attribution"):

Plaintiff has not identified any legal basis for this claim and did not oppose defendants' motion for summary judgment in their favor on this claim.

**(3)     Brief Description of Key Evidence in Opposition to Plaintiff's Claims**

The key evidence in opposition to plaintiff's claims is as follows:

Claim 1 (direct infringement):

Plaintiff does not own a copyright in the musical composition *Taurus*. Plaintiff has not produced in this action the 1967 transcription of *Taurus* that would

have accompanied Hollenbeck's 1967 registration of copyright.  *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1977 (2014) ("both the certificate [of copyright] and the original work must be on file with the Copyright Office before a copyright owner can sue for infringement").  The musical composition *Taurus* is a work for hire owned by Hollenbeck.  The musical composition was created and copyrighted during the term of the August 29, 1967 Exclusive Songwriter Agreement between Hollenbeck and Randy Wolfe.  The evidence establishing the foregoing includes the August 29, 1967 Exclusive Songwriter Agreement, the testimony of the surviving members of Spirit, Jay Ferguson and Mark Andes, the testimony of William Ruhlmann and his recorded statements of Mr. Wolfe, the testimony of Lou Adler, and the *Taurus* copyright registrations and renewals, and corrections thereto, by Hollenbeck or on its behalf.

In addition, the Trust on whose behalf plaintiff purports to sue was allegedly created under a Court-ordered Trust Agreement that was amended to provide that the Trust continued to exist after the death of the trustee, Bernice Pearl, only if the Trust became qualified as a charitable organization under federal tax laws and used its funds to provide musical instruments and associated materials to children in financial need.  The Trust was never so qualified and plaintiff refused to produce documents and provide full testimony as to his use of Trust funds.  The evidence establishing the foregoing includes the Fifth Amendment to the Trust Agreement, plaintiff's responses to written discovery and the testimony of plaintiff.

Defendants did not copy *Taurus*, let alone copy constituent elements of the musical composition *Taurus* that are original and protected by Hollenbeck's copyright.  The creators of *Stairway to Heaven* never heard *Taurus* before creating *Stairway to Heaven*.  The evidence of the foregoing includes the testimony of James Patrick Page, Robert Plant, John Paul Jones, Ferguson and Andes, the handbill for the December 26, 1968 concert in Denver, Colorado, documents and recordings regarding the 1970 rehearsals at Headley Grange, pre-December 1968 recordings on

1    which Mr. Page performed and which include elements similar to those plaintiff

2    claims to have been copied from *Taurus*, , the testimony and reports of Dr.

3    Lawrence Ferrara and Robert Mathes, and the audio recordings submitted, including

4    as to prior art.

5         Plaintiff has not produced the copyrighted 1967 transcription of the *Taurus*

6    musical composition and did not timely (or otherwise) disclose any experts who

7    analyzed or compared that copyrighted transcription.   The experts plaintiff did

8    disclose relied upon recordings not protected by the copyright plaintiff sues on,

9    relied upon performance elements not protected by that copyright and relied upon

10   and failed to disregard non-protectable elements.  *Taurus* and *Stairway to Heaven*

11   are not strikingly or substantially similar as to any protectable portion or portions.

12   The evidence establishing the foregoing includes the testimony of Dr. Ferrara and

13   Mr. Mathes and the audio and other exhibits they provided, including their

14   respective performances of the 1967 *Taurus* transcription that defendants obtained

15   and without any music or sounds not included in that transcription, and plaintiff's

16   expert disclosures (which are a subject defendants' Motion *in Limine* No. 4).

17        The total concept and feel of *Taurus* and of *Stairway to Heaven* are not

18   strikingly or substantially similar.   The evidence establishing this includes, in

19   addition to the above, *Stairway to Heaven* and Dr. Ferrara's and Mr. Mathes'

20   performances of the 1967 *Taurus* transcription obtained by defendants.

21        Claim 2 (contributory infringement):

22        Since there was no infringing activity, there can be no contributory

23   infringement.  Evidence that there was no infringing activity is briefly described

24   above at 2-4.

25        As to Mr. Jones, Warner Music Group Corp. and Super Hype Music, Inc.,

26   there also is no evidence that they, or any of them, knew of the alleged infringement

27   or induced, caused, or materially contributed to the alleged infringement, particularly

28   any such alleged infringement within three years of plaintiff's filing of this action.

4

1   *Petrella*, 134 S. Ct. at 1969 (2014) (under the Copyright Act's three-year statute of

2   limitations, a defendant "is insulated from liability for earlier [alleged] infringements

3   of the same work").  In addition to plaintiff's lack of evidence, evidence establishing

4   the foregoing includes the testimony of Mr. Jones and representatives of the entity

5   defendants.

6          Claim 3 (vicarious infringement):

7          Since there was no infringing activity, there can be no vicarious infringement.

8   Evidence that there was no infringing activity is briefly described above at 2-4.

9          As to Mr. Jones, Warner Music Group Corp. and Super Hype Music, Inc.,

10  there also is no evidence that they, or any of them, profited directly from the alleged

11  infringement and had the right to stop or limit the alleged infringement but declined

12  to exercise that right, particularly as to any such alleged infringement within three

13  years of plaintiff's filing of this action.  In addition to plaintiff's lack of evidence,

14  evidence establishing the foregoing includes the testimony of Mr. Jones and

15  representatives of the entity defendants.

16         Claim 4 ("Right of Attribution"):

17         Plaintiff has not identified any legal basis for this claim and did not oppose

18  defendants' motion for summary judgment in their favor on this claim.  To the

19  extent this claim is premised on the alleged copying of *Taurus*, the claim also fails

20  because *Taurus* was not copied.  Evidence that there was no infringing activity is

21  briefly described above at 2-4.

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**(b)**     <u>Defendants' Affirmative Defenses</u>

     **(1)**     **Summary Statement of Defendants' Affirmative Defenses**

Defendants have pleaded and intend to pursue the following affirmative defenses:[2]

Second Affirmative Defense: *Stairway to Heaven* was created independently of *Taurus*.

Fifth Affirmative Defense: the alleged infringement, which is disputed, is de minimis.

Sixth Affirmative Defense: the alleged infringement, which is disputed, constitutes fair use.

Warner defendants' Ninth Affirmative Defense/Individual Defendants' Eighth Affirmative Defense[3]: plaintiff's claims and/or remedies plaintiff seeks are barred by laches.

Warner defendants' Tenth Affirmative Defense/Individual Defendants' Ninth Affirmative Defense: plaintiff's claims are barred by statutes of limitation, including 17 U.S.C. Section 507(b).

Warner defendants' Eleventh Affirmative Defense/Individual Defendants' Tenth Affirmative Defense: plaintiff, plaintiff's predecessors, Mr. Wolfe and/or the owners of the copyright in the musical composition *Taurus* abandoned the allegedly-infringed copyright.

---

[2]     Pursuant to Local Rule 16-4 and its Appendix A, defendants are not including matters that, although listed as affirmative defenses in their Answers, are matters on which defendants bear the burden of proof. For example, plaintiff bears the burden of proving his standing, compliance with the statutory formalities for obtaining a copyright and filing and pursuing a copyright infringement claim, copying of copyrightable subject matter and a causal relationship between the alleged infringement and revenues, notwithstanding defendants' having identified them in their Answers.

[3]     The entity defendants and the individual defendants filed separate Answers and, as result, the numbering of some of the same affirmative defenses is different.

Warner defendants' Twelfth Affirmative Defense/Individual Defendants' Eleventh Affirmative Defense: plaintiff's claims and/or remedies plaintiff seeks are barred by the doctrine of waiver.

Warner defendants' Thirteenth Affirmative Defense/Individual Defendants' Twelfth Affirmative Defense: the conduct of which plaintiff complains, which is disputed, was impliedly or expressly licensed.

Warner defendants' Fifteenth Affirmative Defense/Individual Defendants' Fourteenth Affirmative Defense: plaintiff, plaintiff's predecessors, Mr. Wolfe and/or the owners of the copyright in the musical composition *Taurus* ratified the conduct, which is disputed, of which plaintiff complains.

Warner defendants' Seventeenth Affirmative Defense/Individual Defendants' Sixteenth Affirmative Defense: plaintiff's claims and/or relief he seeks is barred by the doctrine of unclean hands.

Warner defendants' Eighteenth Affirmative Defense: any alleged infringement, which is disputed, was innocent.

Warner defendants' Nineteenth Affirmative Defense/Individual Defendants' Seventeenth Affirmative Defense: plaintiff's fourth claim for "Right of Attribution" is preempted by the Copyright Act of 1976, including by 17 U.S.C. Section 301(a).

### (2)    The Elements Required to Establish Defendants' Affirmative Defenses

The elements required to establish defendants' affirmative defenses are as follows:

Second Affirmative Defense (independent creation):

That *Stairway to Heaven* was created by James Patrick Page and Robert Plant independently of the musical composition *Taurus*.

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000), *cert. denied* 531 U.S. 1126 (2001).

///

7

Fifth Affirmative Defense (de minimis):

That the allegedly copied original material in the musical composition *Taurus* is not a quantitatively significant or qualitatively significant portion of that musical composition as a whole.

*Newton v. Diamond*, 388 F.3d 1189, 1195 (9th Cir. 2004), *cert. denied* 545 U.S. 1114 (2005).

Sixth Affirmative Defense (fair use):

That the defendant used the copyrighted work in a reasonable way under the circumstances that advances the public interest, considering:

1. the purpose and character of the use, including whether the use is of a commercial nature or is for nonprofit educational purposes;

2. the nature of the copyrighted work;

3. the amount and substantiality of the portion used in relation to the copyrighted work as a whole; and

4. the effect of the use upon the potential market for or value of the copyrighted work.

Manual of Model Jury Instructions for the Ninth Circuit (2007) ("Manual") 17.21; *Seltzer v. Green Day, Inc.*, 725 F.3d 1170 (9th Cir. 2013).

Warner defendants' Ninth Affirmative Defense/Individual Defendants' Eighth Affirmative Defense (laches):

1. Unreasonable delay in the assertion of the claim; and

2. Prejudice as a result of the delay.

*Danjaq LLC v. Sony Corp.*, 263 F.3d 942, 951 (9th Cir. 2001).

Warner defendants' Tenth Affirmative Defense/Individual Defendants' Ninth Affirmative Defense (statute of limitations):

Defendants are insulated from liability for alleged infringements more than three years before plaintiff's filing of this action on May 31, 2014.

17 U.S.C. § 507(b); *Petrella*, 134 S. Ct. at 1969.

Warner defendants' Eleventh Affirmative Defense/Individual Defendants' Tenth Affirmative Defense (abandonment):

1.  An intent to surrender all or some rights in the work; and

2.  An act evidencing that intent.

Manual 17.22 ("A copyright owner may abandon some rights and retain others"), *citing Micro Star v. Formgen, Inc.*, 154 F.3d 1107, 1114 (9th Cir. 1998).

Warner defendants' Twelfth Affirmative Defense/Individual Defendants' Eleventh Affirmative Defense (waiver):

1.  The intentional relinquishment of a known right;

2.  with knowledge of its existence and the intent to relinquish it.

*A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001).

Warner defendants' Thirteenth Affirmative Defense/Individual Defendants' Twelfth Affirmative Defense (license):

That the totality of the parties' conduct indicates an intent to grant permission to use a work.

*Foad Consulting Group, Inc. v. Musil Govan Azzalino*, 270 F.3d 821, 837 (9th Cir. 2001).[4]

Warner defendants' Seventeenth Affirmative Defense/Individual Defendants' Sixteenth Affirmative Defense (plaintiff's unclean hands):

1.  inequitable conduct by the plaintiff;

2.  that the plaintiff's conduct directly relates to the claim which it has asserted against the defendant; and

---

[4]   Many cases deal with licenses implied from a plaintiff's preparation of a work at a defendant's request and describe the requirements in those situations. *See, e.g., Asset Marketing Sys., Inc. v. Gagnon*, 542 F.3d 748, 754-55 (9th Cir. 2008), *cert. denied* 556 U.S. 1258 (2009); Manual 17.24.  But, the license doctrine is broader and applies whenever "the totality of the parties' conduct indicates an intent to grant . . . permission, . . ." to use a work. *Foad*, 270 F.3d at 837, *quoting* 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 10.03[A][7].

9

3.      plaintiff's conduct injured the defendant.

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F. Supp. 2d 1197, 1221-23 (C.D. Cal. 2007).

Warner defendants' Eighteenth Affirmative Defense (innocent infringement):

1.      the defendant was not aware that its acts constituted infringement of the copyright; and

2.      the defendant had no reason to believe that its acts constituted an infringement of the copyright.

Manual 17.35.

Warner defendants' Nineteenth Affirmative Defense/Individual Defendants' Seventeenth Affirmative Defense (preemption of fourth claim):

1.      the work involved falls within the general subject matter of the Copyright Act as specified in 17 U.S.C. Sections 102 and 103;

2.      the rights that the plaintiff asserts under state law are equivalent to those protected by the Act in 17 U.S.C. Section 106.

*Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998).

**(3)     Brief Description of the Key Evidence Relied on to Support Defendants' Affirmative Defenses**

Second Affirmative Defense (independent creation):

The creators of *Stairway to Heaven* never heard *Taurus* before creating *Stairway to Heaven*.  The evidence of the foregoing includes the testimony of Mr. Page, Mr. Plant, Mr. Jones, Mr. Ferguson and Mr. Andes, the handbill for the December 26, 1968 concert in Denver, Colorado, documents and recordings regarding the 1970 rehearsals at Headley Grange, pre-December 1968 recordings on which Mr. Page performed and which include elements similar to those plaintiff claims to have been copied from *Taurus*, the testimony and reports of Dr. Ferrara and Mr. Mathes, and the audio recordings submitted, including as to prior art.

///

Fifth Affirmative Defense (de minimis):

*Taurus* and *Stairway to Heaven* are not substantially similar and no protectable expression in *Taurus* appears in *Stairway to Heaven*. However, if there were a finding of copying, which is strenuously disputed, any elements of *Taurus* that are protectable and found to appear in *Stairway to Heaven* are quantitatively and qualitatively unimportant. The evidence establishing the foregoing includes *Taurus* and *Stairway to Heaven* and the testimony and exhibits, including audio exhibits, of Dr. Ferrara and Mr. Mathes.

Sixth Affirmative Defense (fair use):

*Stairway to Heaven* does not include any expression protected by the *Taurus* copyright. However, if there were a finding of copying, which is strenuously disputed, any alleged use is a fair use. *Taurus* is a short instrumental employing public domain material such as a descending chromatic line and arpeggios. *Stairway to Heaven* is a monumental work that builds and transforms over some eight minutes, with lyrics and substantial material beyond anything heard in the instrumental *Taurus*. The purpose and character of the alleged use was transformative, adding substantial new material with a further or different purpose or different character, with new expression, meaning or message. Any elements found to be used were used only incidentally as part of commercial enterprise. *Taurus* also is not an unpublished work, and any portion found to have been used is quantitatively and qualitatively small. In addition, *Stairway to Heaven* has had no adverse effect on the potential market for or value of *Taurus*. The evidence establishing the foregoing includes *Taurus* and *Stairway to Heaven*, the testimony of plaintiff, Mr. Andes, Mr. Ferguson and Mr. Adler, and the testimony and exhibits, including audio exhibits, of Dr. Ferrara and Mr. Mathes.

Warner defendants' Ninth Affirmative Defense/Individual Defendants' Eighth Affirmative Defense (laches):

Plaintiff asserts a forty-five-year-old copyright claim that the Trust's

predecessor, Mr. Wolfe, both was aware of and failed to assert from 1971 to his death in 1997 and which the Trust failed to assert until 2014.  During those more than four decades of delay, numerous witnesses have died, including John Bonham (the fourth member of Led Zeppelin) in 1980,  Peter Grant (Led Zeppelin's personal manager and who attended many of their concerts) in 1995, Mr. Wolfe in 1997, John Locke (another member of Spirit) in 2006, Bernice Pearl (Mr. Wolfe's mother and trustee of the Trust) in 2009, Ed Cassidy (another member of Spirit) in 2012, Andy Johns (the engineer for the recording of recorded *Stairway*) in 2013 and Danny Tucker (Spirit's road manager in 1968-79).  In addition, documents and recordings have been lost or stolen and memories have faded.  Also, substantial monies were spent in connection with the exploitation of *Stairway to Heaven* and albums and other products that include *Stairway to Heaven*.  Further, defendants did not know of the purported claim until shortly before it was filed in 2014 and, as a result, could not have filed an action for declaratory relief.  The evidence establishing the foregoing includes the testimony of Mr. Page, Mr. Plant, Mr. Jones, Mr. Ferguson, Mr. Andes and representatives of the entity defendants, as well as documents such as those relating to the 1980s theft of tapes from Mr. Page's home.

Warner defendants' Tenth Affirmative Defense/Individual Defendants' Ninth Affirmative Defense (statute of limitations):

Plaintiff filed this action on May 31, 2014.  Complaint (Doc. 1).  Plaintiff has agreed that the Copyright Act's three year statute of limitations "precludes relief as to any alleged infringements prior to May 31, 2011."  Jt. Rule 26(f) Report (Doc. 4) at 4:12-1.

Warner defendants' Eleventh Affirmative Defense/Individual Defendants' Tenth Affirmative Defense (abandonment):

In 1991, Mr. Wolfe told Mr. Ruhlmann, for publication, that Mr. Wolfe was pursuing a claim as to another group's song, but that he was not bothered by Led Zeppelin's alleged use of *Taurus* for the introduction of *Stairway*, that "if they

wanted to use" *Taurus* "that's fine," "I'll let them have the beginning of Taurus for their song without a lawsuit" and "I'm letting them off the hook."  In addition, Mr. Wolfe, the Trust and Hollenbeck allowed the alleged use of *Taurus* for over forty-three years without objection.  The evidence establishing the foregoing includes the testimony of Mr. Ruhlmann, his recording of Mr. Wolfe's statements, and the testimony of plaintiff, the individual defendants and representatives of the entity defendants that no claim was asserted until 2014.

Warner defendants' Twelfth Affirmative Defense/Individual Defendants' Eleventh Affirmative Defense (waiver):

In 1991, Mr. Wolfe told Ruhlmann, for publication, that Mr. Wolfe was pursuing a claim as to another group's song, but that he was not bothered by Led Zeppelin's alleged use of *Taurus* for the introduction of *Stairway*, that "if they wanted to use" *Taurus* "that's fine," "I'll let them have the beginning of Taurus for their song without a lawsuit" and "I'm letting them off the hook."  Mr. Wolfe also never sued.  The evidence establishing the foregoing includes the testimony of Mr. Ruhlmann, his recording of Mr. Wolfe's statements, and the testimony of plaintiff, the individual defendants and representatives of the entity defendants that no claim was asserted until 2014.

Warner defendants' Thirteenth Affirmative Defense/Individual Defendants' Twelfth Affirmative Defense (license):

Defendants strenuously dispute plaintiff's claims (which are based on hearsay) that in 1968 Mr. Wolfe taught Mr. Page how to play *Taurus* on a guitar and that in 1973 Mr. Wolfe and Mr. Page spoke and shook hands before parting.  However, if that claimed evidence were to be allowed by the Court and believed by the jury, it, and the evidence of Mr. Wolfe's 1991 statements described above, establish Mr. Wolfe's intent to grant permission to the alleged use of *Taurus*.

///

///

13

1   Warner defendants' Seventeenth Affirmative Defense/Individual Defendants'

2   Sixteenth Affirmative Defense (plaintiff's unclean hands):

3   Mr. Wolfe died in 1997, unmarried and without a will, with only one heir, his

4   son, Quinn Wolfe.  Quinn was entitled to all of his father's assets.  Cal. Prob. Code §

5   6402(a).  Quinn was a minor and the majority of his father's assets were placed in

6   the Trust, with his grandmother as trustee, and with the Trust assets ultimately to be

7   distributed to Quinn.  After the creation of the Trust, however, and despite the

8   grandmother's fiduciary obligations to Quinn as his father's sole heir and sole

9   beneficiary of the Trust, the grandmother purported to amend the Trust Agreement

10  to disinherit Quinn, who she viewed as a grandson out of wedlock.  Mr. Wolfe's,

11  and therefore Quinn's assets, that the grandmother purported to retain in the Trust

12  even after her death, include Mr. Wolfe's claimed beneficial interest in the *Taurus*

13  copyright upon which plaintiff bases his claim against defendants.  The evidence

14  establishing the foregoing and the Trust's unclean hands includes the Ventura

15  County Superior Court's Orders and files in P 74293 and P 76088, the purported

16  Trust Agreement and Amendments produced by plaintiff, the testimony of Quinn

17  Wolfe, Mary Quinting, Robert Coit, James Cox, David Peterson, Harold Pittman and

18  plaintiff.

19  Warner defendants' Eighteenth Affirmative Defense (innocent infringement):

20  While the alleged infringement is disputed, the Warner defendants did not

21  know of the alleged infringement or have any reason to believe there was an

22  infringement.  The evidence establishing the foregoing includes the testimony of

23  plaintiff, the individual defendants and representatives of the entity defendants that

24  no claim was asserted until 2014.

25  Warner defendants' Nineteenth Affirmative Defense/Individual Defendants'

26  Seventeenth Affirmative Defense (preemption of fourth claim):

27  Plaintiff has not identified any legal basis for this claim and did not oppose

28  defendants' motion for summary judgment in their favor on this claim.  To the

14

1  extent this claim is premised on some State law that plaintiff has failed to identify,

2  the claim is preempted.

3       **(c)**    <u>**Anticipated Evidentiary Issues**</u>

4       On March 25, 2016, the parties filed their respective Motions *in Limine* (Doc.

5  134-51).   Defendants are presently unaware of any additional evidentiary issues

6  beyond those raised by the pending Motions *in Limine*.   Those evidentiary issues

7  include the following.

8       **(1)**    **Evidentiary Issues Raised by Defendants' Motions *in Limine***

9       <u>Defendants' Motion *in Limine* No. 1 (Doc. 134)</u>: whether plaintiff may offer

10  evidence of statements supposedly made by Mr. Wolfe, offered by plaintiff for the

11  claimed truth of the statements.  Defendants contend that evidence is inadmissible

12  hearsay and also properly excluded under Federal Rule of Evidence 403.

13       <u>Defendants' Motion *in Limine* No. 2 (Doc. 135)</u>: whether plaintiff may offer

14  evidence of statements in newspaper or magazine articles and books, offered by

15  plaintiff for the claimed truth of the statements.  Defendants contend that evidence is

16  inadmissible hearsay and also properly excluded under Rule 403.

17       <u>Defendants' Motion *in Limine* No. 3 (Doc. 136)</u>: whether plaintiff may offer

18  audio recordings of Spirit or plaintiff's experts performing *Taurus*.   Defendants

19  contend that those recordings are irrelevant and also properly excluded under Rule

20  403, and that the only relevant and non-misleading *Taurus* recordings are those that

21  are strictly limited to the performance of the *Taurus* musical composition as

22  transcribed in the 1967 *Taurus* transcription that accompanied Hollenbeck Music's

23  1967 registration of the copyright on which plaintiff sues.

24       <u>Defendants' Motion *in Limine* No. 4 (Doc. 137)</u>: whether plaintiff may offer

25  the testimony and exhibits of his experts, Alexander Stewart, Erik Johnson, Brian

26  Bricklin and Kevin Hanson.  Defendants contend that evidence is irrelevant because

27  these experts' disclosed reports do not compare or analyze the copyrighted 1967

28  *Taurus* transcription and rely on performance and public domain elements not

protected by that copyright; because the testimony and exhibits are not reliable and are properly excluded under this Court's gatekeeper role under *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1985) and its progeny; and because that evidence is also properly excluded under Rule 403.

Defendants' Motion *in Limine* No. 5 (Doc. 138): whether plaintiff may offer testimony and exhibits as to past claims, theoretical claims and settlements as to other Led Zeppelin recordings and non-party works.  Defendants contend that evidence is irrelevant, prohibited by Federal Rules of Evidence 407 and 408 and also properly excluded under Federal Rule of Evidence 403.

Defendants' Motion *in Limine* No. 6 (Doc. 139): whether plaintiff may offer the testimony of his expert, Denny Somach.  Defendants contend that evidence is irrelevant, not reliable and also properly excluded under Federal Rule of Evidence 403.

Defendants' Motion *in Limine* No. 7 (Doc. 140): whether plaintiff may offer testimony or argument as to the wealth or lack thereof of parties and Mr. Wolfe. Defendants contend that evidence is irrelevant and also properly excluded under Rule 403.

Defendants' Motion *in Limine* No. 8 (Doc. 141): whether plaintiff may offer evidence or argument as to plaintiff's and the Trust's use of Trust funds, including the use of any recovery to buy musical instruments for needy children.  Defendants contend that evidence is properly precluded because plaintiff refused full discovery, is irrelevant and also is properly excluded under Rule 403.

Defendants' Motion *in Limine* No. 9 (Doc. 142): whether plaintiff may offer evidence or argument as to pre-May 2011 revenues, including advance payments under pre-May 2011 contracts, and as to revenues from the exploitation of *Stairway to Heaven* outside the United States.  Defendants contend that evidence is irrelevant and also properly excluded under Rule 403.

///

1    Defendants' Motion *in Limine* No. 10 (Doc. 143): whether plaintiff may rely

2   on testimony from four, and possibly other, witnesses he failed to disclose pursuant

3   to Federal Rule of Civil Procedure 26(a) and (e), and other witnesses he did not

4   name until the day of the fact discovery cut-off and for whom plaintiff failed to

5   provide the subject matter of their information, their addresses and their telephone

6   numbers.  Defendants contend plaintiff is automatically precluded by Federal Rule

7   of Civil Procedure 37(c)(1) from relying on those witnesses and plaintiff has not

8   sought, and is not entitled to, relief from that automatic preclusion.

9    Defendants' Motion *in Limine* No. 11 (Doc. 144): whether plaintiff may

10   submit testimony that in 1973, after the 1971 creation, recording and release of

11   *Stairway to Heaven*, Mr. Wolfe and Mr. Page spoke. Defendants contend that

12   evidence is irrelevant, that plaintiff failed to disclose the witness who claims to have

13   seen them speaking and that the evidence is also properly excluded under Rule 403.

14   Defendants' Motion *in Limine* No. 12 (Doc. 145): whether plaintiff may

15   submit testimony or argument as to drinking or drug use. Defendants contend that

16   evidence is irrelevant and also properly excluded under Rule 403.

17   Defendants' Motion *in Limine* No. 13 (Doc. 146): whether plaintiff may

18   submit testimony or argument as to insurance or other indemnity rights as to

19   plaintiff's claims.  Defendants contend that evidence is irrelevant, is prohibited by

20   Federal Rule of Evidence 411 and also is properly excluded under Rule 403.

21   Defendants' Motion *in Limine* No. 14 (Doc. 147): whether plaintiff may

22   submit to the jury his pleadings in this action.  Defendants contend that plaintiff's

23   allegations are irrelevant, are based on hearsay and also are properly excluded under

24   Rule 403.

25       **(2)    Evidentiary Issues Raised by Plaintiff's Motions *in Limine***

26   Plaintiff's Motion *in Limine* No. 1 (Doc. 149): whether defendants may

27   challenge the validity of the Trust.  Defendants contend that they may challenge the

28   validity of the Trust upon whose behalf plaintiff purports to sue, including that

17

1  defendants may raise that plaintiff did not comply with the Fifth Amendment to the

2  Trust Agreement, which is a condition to the Trust's continued existence.

3      Plaintiff's Motion *in Limine* No. 2 (Doc. 150): whether defendants may raise

4  that Mr. Wolfe's son, Quinn Wolfe, was deprived of his inheritance, including the

5  beneficial copyright interest that plaintiff sues upon.  Defendants contend that they

6  may raise this evidence, including to establish the unclean hands of the Trust and its

7  trustees.

8      Plaintiff's Motion *in Limine* No. 3 (Doc. 151): whether defendants may offer

9  expert evidence as to plaintiff's claimed damages.  Defendants contend that they

10 timely disclosed experts whose testimony is relevant and admissible as to plaintiff's

11 claimed damages and that defendants also intend to rely upon fact witnesses as to

12 plaintiff's claimed damages.

13     **(d)    Identification of Issues of Law**

14     Defendants are presently aware of the following issues of law.

15         **(1)    Legal Issues Raised by Pending Motions *in Limine***

16     Defendants' pending Motions *in Limine* include Motions based in whole or

17 part on an issue of law, such that the copyright plaintiff sues upon is limited to the

18 1967 *Taurus* transcription and that revenues and contractual payments as to pre-May

19 31, 2011 alleged infringements and pre-May 31, 2011 contracts, as well as all

20 alleged infringements outside the United States, are irrelevant.  *See,* Def. Motions *in*

21 *Limine* Nos. 3, 4 and 9.  Additional issues of law include whether chromatic scales,

22 arpeggios and a sequence of three notes, as well as other elements plaintiff and his

23 experts rely upon, are copyrightable subject matter.  Defendants contend that they

24 are not.  *See, e.g.,* Copyright Office Compendium §§ 313.4(B) (three notes not

25 copyrightable) & 802.5(A) (chromatic scales and arpeggios are "common property

26 musical material" in the public domain).

27 ///

28 ///

18

### (2)   Plaintiff's Requested Remedy of Defendant's Profits Is Triable to the Court

An additional issue of law is whether plaintiff has a right to a jury trial as to his claimed remedy under 17 U.S.C. Section 504 of defendants' profits from the alleged infringement.  It is now established that he does not.

"The Seventh Amendment guarantees a litigant's right to a jury trial on 'suits at common law.'"  *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1074-75 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 410 (2015), *quoting* U.S. Const. amend. VII.  "'Suits at common law' include statutory claims that are legal (as opposed to equitable)."  *Fifty-Six Hope*, 778 F.3d at 1075 (parenthetical in original).  "To determine whether a particular claim invokes this right, [the Court] (1) must compare the statutory action to the 18th-century actions brought in the courts of England prior to merger of the courts of law and equity, and (2) must examine the remedy sought and determine whether it is legal or equitable in nature."  *Id.* (internal quotations omitted), *quoting S.E.C. v. Rind*, 991 F.2d 1486, 1493 (9th Cir. 1993), *cert. denied*, 510 U.S. 963 (1993).  "The second inquiry is more important."  *Fifty-Six Hope*, 778 F.3d at 1075, *quoting Rind*, 991 F.2d at 1493.

Before *Petrella*, the Supreme Court referred to recovery of a defendant's profits for alleged copyright infringement as an equitable remedy.  *See, e.g., Feltner v. Columbia Pictures Television, Inc.*, 523 U.S. 340, 352 (1998) (referring to "monetary relief that we have characterized as equitable, such as actions for disgorgement of improper profits").  In *Petrella*, the Supreme Court directly addressed the issue, holding that an award of a defendant's profits under the Copyright Act is equitable.  *Petrella*, 134 S. Ct. at 1967 n.1.  *Petrella* also discussed at length the application of laches to a request for profits, as "relief equitably awardable."  *Id.* at 1977-79.  Thus, *Petrella* "places recovery of defendant's profits squarely on the equitable side of the ledger."  3 *Nimmer on Copyright* § 12.06[B][3][d][i].

19

Further, after *Petrella* the Ninth Circuit also squarely held that, under the analogous provision of the Lanham Act, "[a] claim for disgorgement of profits under [15 U.S.C.] § 1117(a) is equitable, not legal," and there is no right to jury trial of profits. *Fifty-Six Hope*, 778 F.3d at 1075.

Accordingly, plaintiff's claim for profits is triable to the Court, not a jury.

### 3.   __BIFURCATION__

This case involves distinct legal and equitable issues that do not share common factual issues and, accordingly, bifurcation is both permitted and appropriate. *Danjaq*, 263 F.3d at 962.

First, defendants' defense of laches is tried to the Court. *Id.* ("there is no right to a jury on the equitable defense of laches").  Second, factual issues as to liability are tried to the jury.  Third, while the potential remedy of statutory damages is triable to a jury, they are capped at $150,000 because there is only one allegedly infringed work, namely the 1967 *Taurus* transcription.   17 U.S.C. § 504(c). Accordingly, plaintiff, believing he can do better, seeks defendants' profits, but they are determined, if at all, by the Court. *See above* at 19-20.

Further, the factual issues on each do not overlap.  The equitable defense of laches will turn on evidence of delay (which, at forty-three years, is conceded by plaintiff) and resulting prejudice (with plaintiff already conceding the substantial evidentiary prejudice).   Liability, on the other hand, involves evidence as to plaintiff's standing, the claimed registration of the 1967 *Taurus* copyright and the alleged 1970-71 copying of the *Taurus* musical composition in the creation and recording of *Stairway to Heaven*.  And, the determination of defendants' profits, in stark contrast, involves their profits from the exploitation of *Stairway to Heaven* after May 31, 2011 – or forty years after the evidence as to alleged copying.

Since the remedy of profits and laches, on the one hand, and liability, on the other hand, are distinct, bifurcation is permitted.  *Danjaq*, 263 F.3d at 962-63 (affirming trial court's decision to try laches first, which disposed of case without

need for jury trial as to liability).

In addition, there are other sound reasons to bifurcate profits and try them, if at all, after trial as to laches and liability.  If plaintiff cannot establish infringement, then the substantial trial time and expense of litigating profits is avoided completely. Also, the revenues, costs and profits, if any, from defendants' exploitation of *Stairway to Heaven* after May 31, 2011 has absolutely no relevance to liability. Presenting the jury with evidence as to the amounts of post-May 31, 2011 revenues, costs and profits will only confuse the issues presented to the jury, mislead the jury and create the substantial risk of prejudice from the evidence of substantial earnings. Accordingly, irrespective of the Court's ruling as to trying laches separately, profits are properly tried to the Court, alone.

## 4.   <u>PLAINTIFF HAS REQUESTED JURY TRIAL</u>

Plaintiff, but not defendants, requested jury trial.  Complaint (Doc. 1) at 29. As shown above, however, his right to jury trial does not include equitable remedies, including defendants' profits. *See above* at 19-20.

## 5.   <u>ATTORNEY'S FEES ARE POTENTIALLY RECOVERABLE</u>

The Court may award attorneys' fees to the prevailing party or parties.  17 U.S.C. § 505.

## 6.   <u>ABANDONED CLAIMS OR ISSUES</u>

Defendants presently do not intend to pursue the affirmative defenses not identified above at 5-7.

Dated: April 4, 2016

_____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES