Francis Malofiy, Esq.
Francis Alexander, LLC
280 N. Providence Rd. | Suite 105
Media, PA 19063
T: (215) 500-1000; F: (215) 500-1005
E: francis@francisalexander.com
*Attorney for Plaintiff*

Glen L. Kulik, Esq. (SBN 082170)
Kulik Gottesman & Siegel LLP
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
T: (310) 557-9200; F: (310) 557-0224
E: gkulik@kgslaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>Defendants. | Case No. 15-cv-03462 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 1 TO EXCLUDE HEARSAY**<br><br>Trial:         April 25, 2016<br>Time:         9:00 a.m.<br>Courtroom:   850<br>Pretrial Conf: May 10, 2016 |

Defendants move to exclude hearsay statements from the trial. No one could argue with this proposition, since hearsay statements are inadmissible. However, there is disagreement between the parties as to what statements constitute hearsay.

Hearsay is a statement that is made by a witness outside of the courtroom that is offered for the truth of the matter asserted. Thus, not all out-of-court statements are hearsay. Statements which are offered for purposes other than for the truth of the matter asserted are not inadmissible. Likewise, certain out of court statements may be admissible under one or more exceptions to the hearsay rule.

It appears that defendants are primarily seeking to exclude statements made by Randy California to his family, friends, and colleagues about (i) his interactions with Led Zeppelin, Page and Plant and (ii) his opinions and thoughts regarding *Stairway to Heaven* and whether it infringed his rights. These are largely the same hearsay objections Defendants asserted in connection with their motion for summary judgment which were expressly overruled by this Court. ECF 159, p. 7. For example, in this motion Defendants seek to exclude "testimony of Tracy Longo" and "testimony by David Waterbury" "as to what Wolfe supposedly told them." ECF 134, p. 3. However, this court held that the testimony of Tracy Longo and David Waterbury are admissible under the "state-of-mind" exception to the hearsay rule. *Compare Id.* fn. 1 (discussing the testimony of Tracy Longo and David Waterbury, among others) *with* ECF 134, p. 3 (again seeking to exclude the testimony of Tracy Long, David Waterbury and others).

As recognized by this court, a central issue in this case is whether Randy Wolfe abandoned/waived his copyright or "implicitly" granted Defendants a license over *Taurus*. *See* ECF 68, p. 29; ECF 69, pp. 33 (asserting waiver, abandonment and "implicit" license as affirmative defenses); *see also* ECF 159, p. 6-7 (discussing Abandonment/Waiver defenses)[1]. Defendants' affirmative defense put Randy's intent, plans and beliefs at the forefront of this case. Therefore, Defendants should not be

---

[1] In its "Order re: Defendants' Motion for Summary Judgment," this Court denied summary judgment on the waiver/abandonment issue holding there is "a genuine issue of fact exists as to the abandonment [and waiver] defense." ECF 159, p. 7.

1

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION IN LIMINE NO. 1

allowed to exclude evidence which fall squarely within the state-of-mind exception. The statements Defendants seek to exclude show Randy believed he had a valid copyright claim against the Defendants and hence never had the intent to abandon, waive or "implicitly" license *Taurus* to Defendants. Thus, these are relevant and admissible statements.

Further, as recognized by this Court, Plaintiff is entitled to introduce "statements as to why [Randy] held the particular state of mind, or what he might have believed that would have induced the state of mind." ECF 159, p. 7 (citing *Wagner v. Cty. Of Maricopa*, 747 F.3d 1048, 1052 (9th Cir. 2013). Accordingly, Randy's statements that he believed "Led Zeppelin's members attended Spirit, …interacted backstage in December 1968," "hung together" and later "confronted Jimmy Page," just to name a few, are all admissible because they provide the basis as to "what [Randy] might have believed" occurred which "would have induced [his] state of mind" – *i.e.* he had a copyright claim. *Wagner*, 747 F.3d at 1052.

An out of court statement is admissible as the basis for inferring something other than the matter asserted. *United States v. Serrano,* 434 F.3d 1003, 1005 (7th Cir. 2006). Likewise, statements from which an inference may be drawn as to the declarant's state of mind are nonhearsay. *United States v. Arteaga,* 117 F.3d 388 397 (9th Cir. 1997); *United States v. Webster,* 750 F.2d 307, 330-31 (5th Cir. 1984). In fact, a witnesses direct statement of his or her state of mind as to intent, plan, motive, mental feeling and pain is admissible for the truth. Rule 803(3), Federal Rules of Evidence. Plaintiff contends that the statements that Defendants seek to exclude fall squarely within the exceptions recognized by courts in this and other circuits.

Dated: April 15, 2016              FRANCIS ALEXANDER, LLC

*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esq.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

Plaintiff hereby represents that Plaintiff's Response to Defendants' MIL No. 1 has been served upon counsel by electronic filing:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esquire
Attorney ID No.:  208494
280 N. Providence Road | Suite 105
Media, PA 19063
T:  (215) 500-1000
F:  (215) 500-1005
E:  francis@francisalexander.com
*/d/ April 15, 2016*