1  Francis Malofiy, Esq.
2  Francis Alexander, LLC
   280 N. Providence Rd. | Suite 105
3  Media, PA 19063
4  T:  (215) 500-1000; F:  (215) 500-1005
   E:  francis@francisalexander.com
5  *Attorney for Plaintiff*

6
7  Glen L. Kulik, Esq. (SBN 082170)
   Kulik Gottesman & Siegel LLP
8  15303 Ventura Blvd., Suite 1400
   Sherman Oaks, CA 91403
9  T:  (310) 557-9200; F: (310) 557-0224
10 E:  gkulik@kgslaw.com
   *Attorney for Plaintiff*
11

12              **UNITED STATES DISTRICT COURT**
13           **FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 14  MICHAEL SKIDMORE, as Trustee for<br>15  the RANDY CRAIG WOLFE TRUST,<br>16            Plaintiff,<br>17<br>18    v.<br>19  LED ZEPPELIN; JAMES PATRICK<br>    PAGE; ROBERT ANTHONY PLANT;<br>20  JOHN PAUL JONES; SUPER HYPE<br>21  PUBLISHING, INC.; WARNER MUSIC<br>    GROUP CORP., Parent of<br>22  WARNER/CHAPPELL MUSIC, INC.;<br>23  ATLANTIC RECORDING<br>    CORPORATION; RHINO<br>24  ENTERTAINMENT COMPANY,<br>25<br>26            Defendants. | Case No. 15-cv-03462 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 2 RE NEWSPAPERS AND BOOKS**<br><br>Trial:         April 25, 2016<br>Time:        9:00 a.m.<br>Courtroom:   850<br>Pretrial Conf:  May 10, 2016 |

27
28

Defendants move to exclude certain newspapers, magazine articles and books which quote Defendant Jimmy Page on the basis that they constitute hearsay and lack trustworthiness. ECF 135. They contend that such statements are "hearsay within hearsay." However, under Rule 805 of the Federal Rules of Evidence, "Hearsay included within hearsay is not excluded under the hearsay rule if each part of the combined statements conforms with an exception to the hearsay rule . . . ." In this case, the newspapers, magazine articles and books are not hearsay because they fall within the "ancient records" exception to the hearsay rule under Rule 803(16) of the Federal Rules of Evidence. The statements of Defendant Jimmy Page ("Page") contained in these written materials are admissible as "admissions" under Rule 801(d)(2) of the Federal Rule of Evidence.

Rules 803(16) provides:

> "The following are not excluded by the hearsay rule, even though the declarant is available as a witness:
>
> . . .
>
> (16) **Statements in Ancient Documents**. Statements in a document in existence twenty years or more the authenticity of which is established."

Thus, Defendants are wrong in their hearsay analysis for at least three reasons.

*First*, the newspapers, magazine articles and books defendants seek to exclude are ancient documents and thus admissible under an exception to the hearsay rule. Fed. R. Evid. 803 (16). The documents they seek to exclude are older than 20 years: "a 1970 newspaper article," "1972 article" and an article whose author "died in 1980" which, at a minimum, had to be written at least 35 years ago. ECF 135, p. 3. Further, Defendants make no challenge to the authenticity of these documents. Fed. R. Evid. 90.

*Second*, it is unclear exactly what statements Defendants contend are hearsay. Defendants have failed to identify with specificity the exact statements or to attach the documents they seek to exclude. *See* ECF 135. Instead, Defendants take the erroneous

1

position that "the newspaper and magazines articles" in their <u>entirety</u> "should be excluded." *Id.*, p. 4. The exclusion of the articles is unwarranted. *See Mark v. Agerter*, 332 Ga. App. 879, 879 (2015) ("[b]ecause a motion in limine is a pretrial determination of the admissibility of evidence, 'the grant of a motion in limine excluding evidence is a judicial power which must be exercised with great care.'").

<u>*Third*</u>, the brief quotations that Defendants do cite are admissible because they are opposing party statements and they have a circumstantial guarantee of trustworthiness. Defendants make a brief reference to certain quotes of Defendant Jimmy Page contained in the articles. Specifically they cite to:

- Quote of Jimmy Page "praising Spirit and '*enjo[ying] seeing them*.'" ECF 135, p. 3:10-11.
- Quote of Jimmy Page "praising Spirit and saying he '*saw Spirit a couple of times*.'" *Id.*, p. 3:12-13.

These statements are admissible as either "admissions" (an exception to the hearsay rule) or as statements with sufficient guarantee of trustworthiness. The very case cited by Defendants supports this position.

In *Larez v. City of Los Angeles,* 946 F.2d 630, 642-43 (9th Cir. 1991), the court held that the quotes attributable to the defendant in three newspaper articles were inadmissible hearsay. The exclusion was not based on the statements of the party. *Id.* Rather, the court explained that it was the statements made by the reporter (the overall contents of the article) which presented an issue since it deprived defendant of his constitutional right to confront the witness. The court explained that the actual quotes by the declarant presented sufficient "circumstantial evidence of trustworthiness" because (i) defendant "had never claimed the quotations in these articles were complete fabrications" and (ii) multiple sources attributed the same/similar quote to the declarant. *Id.* Nonetheless, because declarant was unable to cross examine the witness, that first level of hearsay could not be overlooked since it would be unduly prejudicial to declarant/defendant. *Id.*

2

In this case, however, the newspaper articles are not inadmissible hearsay because they are "ancient writings" which are an exception to hearsay rule. This distinguishes the present case from *Larez, supra*.

Under Section 901(b)(8) of the Federal Rules of Evidence, authentication of an ancient document is established by the following:

> **(8) Evidence About Ancient Documents or Data Compilations.** For a document or data compilation, evidence that it:
>
> **(A)** is in a condition that creates no suspicion about its authenticity;
>
> **(B)** was in a place where, if authentic, it would likely be; and
>
> **(C)** is at least 20 years old when offered.

For one thing, Defendants have not attached the articles, newspapers and books that they seek to exclude thus it is impossible for this court to exclude unspecified materials. Further, applying the factors above, Defendants have offered no evidence or argument why these criteria are not satisfied.

In sum, the subject articles, books and newspapers are believe to be admissible under Rule 805 as they are ancient records and the statements in them are "admissions."

Dated: April 15, 2016   FRANCIS ALEXANDER, LLC

   */s/ Francis Alexander Malofiy*
   Francis Alexander Malofiy, Esq.
   Attorney for Plaintiff

# CERTIFICATE OF SERVICE

Plaintiff hereby represents that Plaintiff's Response to Defendants' MIL No. 2 has been served upon counsel by electronic filing:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****
*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*/d/ April 15, 2016*