Francis Malofiy, Esq.
Francis Alexander, LLC
280 N. Providence Rd. | Suite 105
Media, PA 19063
T:  (215) 500-1000; F:  (215) 500-1005
E:  francis@francisalexander.com
*Attorney for Plaintiff*

Glen L. Kulik, Esq. (SBN 082170)
Kulik Gottesman & Siegel LLP
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
T:  (310) 557-9200; F:  (310) 557-0224
E:  gkulik@kgslaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>Defendants. | Case No. 15-cv-03462 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**RESPONSE OPPOSING DEFENDANTS' MOTION IN LIMINE NO. 3 RE TAURUS SOUND RECORDINGS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:  May 10, 2016<br>Time:  9:00 a.m.<br>Courtroom:   850 |

## I. RELIEF SOUGHT

Plaintiff Michael Skidmore, Trustee for the Randy Craig Wolfe Trust ("Skidmore" and "Trust"), seeks the Court's entry of an Order denying Defendants' motion in limine no. 3 to preclude Taurus audio recordings.

Defendants' request to limit any and all audio recordings of Taurus when comparing Taurus and Stairway to Heaven is unsupported by the law and is a deliberate attempt to present the jury with a false and artificial comparison of the two works. The audio recordings of Taurus are admissible to prove substantial similarity. Moreover, the audio recordings of Taurus are also critical to proving several other issues, including ownership of the Taurus copyright by Randy Wolfe and his successor the Randy Craig Wolfe Trust as well as access.

## III. ARGUMENT – THE TAURUS AUDIO RECORDINGS ARE ADMISSIBLE AT TRIAL

### a. THE TAURUS AUDIO RECORDINGS ARE ADMISSIBLE FOR THE SUBSTANTIAL SIMILARITY COMPARISON

Defendants seriously misconstrue the law with respect to whether a sound recording may be played and used at trial in a Copyright case under the 1909 Act. Defendants claim that a sound recording cannot be admitted under the 1909 Act to prove substantial similarity because the "sound recording" itself not copyrighted. ***Defendants do not cite a single case for this proposition.[1]***

A recent court, <u>Pharrell Williams v. Bridgeport Music</u>, considered this identical issue—whether sound recordings could be considered by experts and played at trial—and sided with Plaintiff's position. In that case Defendants complained in post-trial motions that the sound recording was irrelevant to the expert analysis and also that it should not have been played to the jury. The Court noted that it had previously ***denied*** motions in

---

[1] The only cases cited by Defendants state that the composition of the song is embodied in the deposit copy. That the composition of a song is based on the deposit copy in no way precludes a sound recording which uses that composition.

limine on these precise issues. See Order Denying Post-Trial Motions, 13-cv-6004 (Doc. No. 423), at p7. (7/14/2015). That court held at the motion in limine hearing: "I think [the Gaye Parties' expert] testimony is going to have to be based on the deposit copy. It's not to say they can't have listened to the sound recording as part of their analysis. They simply can't present to the jury an opinion that says, '[b]ecause I listened to the sound recording, I've reached this conclusion.'" See Order Denying Post-Trial Motions, 13-cv-6004 (Doc. No. 423), at p7. (7/14/2015) (alternations in original). Plaintiff's experts do indeed opine that all pertinent elements of Taurus are represented on the deposit copy and that those protected elements appear in the Taurus sound recording. See Declaration of Alexander Stewart, at ¶8-14. Indeed, even Defendants' experts admit that the deposit copy contains and represents much of the expression at issue

> **Paragraph 14:** Moreover, approximately half of the notes in the iterations of the guitar melody in the recordings of "Taurus" in Dr. Stewart's Visual Exhibit C are not in the Taurus Transcription.

Id. (quoting defense expert Ferrara's report).

The Court in Williams further elaborated that as long as the claimant's experts opined that the expression in the sound recording was represented in the deposit copy in some way, that reference to sound recordings by the experts was appropriate. Id. at p.9. It also held that playing the sound recordings to the jury as part of expert testimony was admissible, as long as the expert opined that the composition in the sound recording was based on the deposit copy. See Order, at p.9. Any disputes about the content of the sound recording itself were questions of fact and weight for the jury, and did not go to admissibility under Fed. RE 702(d). Id.

The fact of the matter is that sound recordings can be played to extent the composition they contain is represented in the deposit copy of the song, according to the experts. Here, both Plaintiff's experts and Defendants' experts agree that the Taurus composition is represented in the deposit copy. Thus, for substantial similarity purposes the audio recordings of Taurus are admissible. Defendants are free to present their case to the jury and explain their case to the jury. Moreover, if necessary, appropriate limiting

instructions should be sufficient to cure any alleged prejudice to Defendants—although the competing expert testimony and cross examination should be sufficient.

Defendants want to constrict this dispute to a level that is simply not justified by the law. Their insistence that the jury be given an artificial, severely limited comparison of the two songs in question is simply not warranted by fact or law.

### b. THE TAURUS AUDIO RECORDINGS ARE ADMISSIBLE FOR OWNERSHIP AND TO ESTABLISH THAT TAURUS IS NOT A WORK FOR HIRE

Defendants are advancing the argument that Taurus is a work for hire. They claim that the composition in question was actually composed after the August 29, 1967, contract was signed and reduced to writing. The Court's Summary Judgment order held that there was a triable issue of fact on this issue and that Defendants were not entitled to summary judgment. See Order Denying Summary Judgment, Doc. No. 159, at p.9-11.

Plaintiff thus intends to present evidence to the jury that Taurus was composed in 1966, and even played live in 1967, before the work made for hire contract. As such it is preexisting material, accorded common law copyright, that cannot be retroactively deemed made for hire by a later writing. See Order Denying Summary Judgment, Doc. No. 159, at p.9-11. Plaintiff, as the Court observed, is entitled to prove he has a beneficial ownership interest in Taurus by virtue of receiving royalties and having been transferred the Wolfe copyrights after a 2002 California Superior Court order authorizing the transfer.

To prove that Plaintiff owns the copyright, Plaintiff will produce testimony of several witnesses that the song was composed for Randy Wolfe's girlfriend, Robin, based on her astrological sign, including Janet Wolfe and Andrea Wolfe. The Wolfe sisters, as well as Mark Andes (bassist), Jay Ferguson (vocals, percussionist), and Barry Hansen (manager), will testify that Spirit often played at clubs in Los Angeles in early to mid-1967, and that Taurus was played at these clubs—before the work for hire contract.

Plaintiff also has sound recordings of several of those 1967 shows. As Defendants allege that Taurus was composed after August 29, 1967, Plaintiff will first play the sound recordings of the 1967 shows pre-dating the August 29, 1967 contract. He will then play the audio of the Taurus sound recording on the Spirit album which was made post-August 29, 1967. The jury will thus be shown that the composition of Taurus that Defendants' claim was written after August 1967 was in fact composed well beforehand. Furthermore, Plaintiff's experts also opine that the composition of Taurus in the pre August 1967 sound recordings, and the sound recording post August 1967 contain the same composition. *See* Stewart Decl., at ¶22.

Thus, the Taurus sound recording is admissible to prove authorship, ownership, and rebut Defendants' work made for hire argument.

### c. THE TAURUS RECORDING IS ADMISSIBLE TO PROVE ACCESS, AND REBUT AFFRIMATIVE DEFENSES OF INDEPENDENT CREATION AND INNOCENCE

**First**, when Defendants take the stand, Plaintiff plans on playing Taurus, as distributed on Spirit's debut eponymous album Spirit, and asking them if they heard that song prior to writing Stairway to Heaven. This is a perfectly acceptable question and there is no valid basis on which to prevent the playing of the song and the asking of the question.

**Second**, the sonic landscape in the sound recording of Taurus and its similarity to Stairway to Heaven, although not copyrightable under the 1909 Act, is evidence that Defendants had access to Taurus. Even though the Court discounted striking similarity in the summary judgment opinion based *on the compositions of the song*, the fact that the sound recordings of the songs use a nearly identical sonic landscape and techniques—as attested to by Brian Bricklin, Stewart, and Erik Johnson—are admissible to raise the question of fact of whether the similarities between two songs are the result of coincidence or not.

The fact is that Stairway to Heaven and Taurus share extraordinarily similar sonic

landscapes—as confirmed by Plaintiff's experts—something that simply cannot be the result of coincidence. The testimony of Bricklin, Johnson, and Stewart—master musicians, composers, producers, and musicologists—is admissible under Fed. RE 702 as they are applying accepted musical analysis techniques. Such expert testimony is also proper and necessary to rebut Defendants' affirmative defenses of independent creation and innocence. There is simply no bar under the 1909 Act to using sound recordings when they are being used to prove access and rebut the defense of independent creation.

## IV. CONCLUSION

Plaintiff respectfully requests the Court deny this motion.

DATED: April 15, 2016              FRANCIS ALEXANDER LLC

                                   By  /s/ *Francis Alexander*
                                   Francis Malofiy
                                   Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

Plaintiff hereby represents that Plaintiff's Response Opposing Defendants' Motion in Limine No. 3 Re Taurus Audio Recordings has been served upon counsel by email:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*/d/ April 15, 2016*