Francis Malofiy, Esq.
Francis Alexander, LLC
280 N. Providence Rd. | Suite 105
Media, PA 19063
T: (215) 500-1000; F: (215) 500-1005
E: francis@francisalexander.com
*Attorney for Plaintiff*

Glen L. Kulik, Esq. (SBN 082170)
Kulik Gottesman & Siegel LLP
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
T: (310) 557-9200; F: (310) 557-0224
E: gkulik@kgslaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>Defendants. | Case No. 15-cv-03462 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE NO. 11 RE: LARRY KNIGHT**<br><br>Trial:  May 10, 2016<br>Time:  9:00 a.m.<br>Courtroom:  850<br><br>Pretrial Conference:  April 25, 2016 |

MALOFYI DECLARATION IN SUPPORT OF
PLAINTIFF'S MOTION IN LIMINE NO. 11

This case involves the alleged infringement of a song entitled *Taurus,* written by Randy California ("Randy") in 1966, by the song *Stairway To Heaven,* the music to which was written by Defendant Jimmy Page ("Page") in 1971. It is anticipated that at trial Page is going to testify that he never met Randy and never spoke with him. Plaintiff contends the two did meet and speak, and that Page's ability to recall events is impaired and thus inaccurate. This goes to the credibility of his testimony and his ability as a witness to accurately recall events.

In early March, 2016, a witness by the name of Larry Knight ("Knight"), who joined Spirit in 1972 as a bassist, contacted Plaintiff's counsel and related the following information. (ECF 118-11). He played a concert with Spirit in 1973, and after the concert there was a party. *Id.* Defendant Jimmy Page was present at the concert and at the party, and Knight spoke with him at length during which Page praised Spirit and the concert. *Id.* He later observed Randy speaking with Page, after which Randy appeared to be very upset. *Id.*

If for no other reason, this testimony rebuts Page's testimony that he never met Randy, never spoke with Randy or any other member of Spirit, never attended a Spirit concert, and did not know Spirit's music.

In addition, Defendants have asserted a waiver defense, contending that Randy made no effort to enforce his rights during his lifetime and thus he intended to waive his infringement claim. *See* ECF 68, p. 29; ECF 69, pp. 33 (asserting waiver as affirmative defense); *see also* ECF 159, p. 6-7 (discussing Abandonment/Waiver defenses).[1] In partial response to that defense, Plaintiff intends to introduce evidence that at the specific party in question in 1973 (at which Knight was present), Randy confronted Page about the infringement but Page threatened to bury him if Randy made a claim and that Randy was shaken by the conversation and intimidated from suing.

Knight did not hear what was spoken between the two men but he observed them

---

[1] In its "Order re: Defendants' Motion for Summary Judgment," this Court denied summary judgment on the waiver/abandonment issue holding there is "a genuine issue of fact exists as to the abandonment [and waiver] defense." ECF 159, p. 7.

together talking at the very party at which plaintiff contends that Randy confronted Page about the infringement, and he can testify that Randy appeared to be upset after the conversation. *Id.* This is circumstantial evidence corroborating Plaintiff's version of the events and thus relevant and admissible.

Defendants contend that Knight should not be permitted to testify because he was not disclosed by Plaintiff in the Initial Disclosures. It bears remembering that the plaintiff in this case is a Trust that is wholly unrelated to Randy's band members or family, that was created decades after *Stairway To Heaven* was written. The Trust had no reason to believe that Knight had any knowledge as to *Taurus/Stairway to Heaven* or interactions between Randy and members of Led Zeppelin, as Knight only became a member of Spirit after *Stairway to Heaven* was released. ECF 154, ¶3.

After questioning Knight, Plaintiff's counsel concluded his story was credible, so a declaration was prepared and submitted in opposition to Defendants' summary judgment motion. ECF 154-1. Another true and correct copy of the declaration is attached hereto as Exhibit 1.

All parties have long known that Knight was a former bassist of Spirit in the 70s. His name came up repeatedly during the deposition of Michael Skidmore and his identity was never hidden or concealed from Defendants, contrary to what their motion seem to indicate. ECF 144; ECF 154-1, ¶3; exh. 1 [Skidmore deposition], pp. 27, 61, 176, 178-80. Indeed, he is publicly known as a member of Spirit and Page knew he had spoken to him. However, it wasn't until Knight contacted Plaintiff's counsel and mentioned his personal knowledge of meeting between Page and Randy in 1973 that Plaintiff became aware of the importance of his testimony.

Defendants contend that the testimony of Knight should be eliminated because "Plaintiff failed to timely and fully disclose" Knight's identity in Plaintiff's discovery disclosures or amended disclosures. ECF 144. However, Plaintiff was under no obligation to do so. Rule 26(a)(1) requires the disclosure of witnesses "that the disclosing party may use to support its claims or defenses…." Fed. R. Civ. P. 26. As

2

stated <u>under oath</u> by Plaintiff's counsel, Plaintiff had no intention of relying on Knight's as a witness. Exhibit 1, ¶1. Thus, Plaintiff was under no obligation to disclose his "identity," as Defendants contend.

There has been no bad faith on Plaintiff's part and Defendants cannot show they will be prejudiced by Mr. Knight's testimony. Defendants contend they only learned about Mr. Knight after the discovery cut-off. ECF 144. Even assuming that is true – which is not – there is no prejudice in allowing Mr. Knight to testify at trial.

Tellingly, Defendants do not cite a single case supporting their position that Mr. Knight should be barred from testifying during trial based on a purported Rule 26 violation. Defendants seem to forget that the purported "deficiencies" they identify in their motion go to the <u>weight</u> of Mr. Knight's testimony rather than its admissibility. *See e.g. Alamar Ranch, LLC v. Cty. of Boise*, 2010 WL 5055917, at *4 (D. Idaho Dec. 3, 2010) (denying to exclude "opinions in violation of Rule 26" on the basis "such challenges go to the weight of the evidence rather than its admissibility.") Defendants are free to point out and question Knight about the purported "deficiencies" they identify in their motion. However, they should not be allowed to exclude his testimony on the basis it is "irrelevant" or violates Rule 26. ECF 144, p. 3:14-15.

Knight's testimony is proffered for the purpose of addressing Page's ability to accurately recall events from that period of time and his credibility. Such testimony is admissible at trial. Fed. R. Evid. 607; *see also United States v. Finis P. Ernest, Inc.*, 509 F.2d 1256, 1263 (7th Cir. 1975). Further, it is admissible as circumstantial evidence to prove that Randy did indeed confront Page about the infringement.

Dated: April 15, 2016	FRANCIS ALEXANDER, LLC

*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esq.
Attorney for Plaintiff

3

# CERTIFICATE OF SERVICE

Plaintiff hereby represents that Plaintiff's Response to Defendants' MIL No. 11 has been served upon counsel by electronic filing:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*
Francis Alexander, LLC

*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*/d/ April 15, 2016*

4