Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and WARNER
MUSIC GROUP CORP.

Helene Freeman, Esq., admitted *pro hac vice*
E-Mail:  hfreeman@phillipsnizer.com
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT and JOHN PAUL JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*,<br><br>          Plaintiff,<br><br>     vs.<br><br>LED ZEPPELIN, *et al.*,<br><br>          Defendants. | Case No. 2:15-cv-03462 RGK (AGRx)<br><br>JOINT PROPOSED JURY INSTRUCTIONS<br><br>Date:  May 10, 2016<br>Time: 9:00 a.m.<br><br>Courtroom of the Honorable<br>R. Gary Klausner<br>United States District Judge |

1       Pursuant to the Court's Order for Jury Trial, plaintiff Michael Skidmore and

2   defendants James Patrick Page, Robert Anthony Plant, Warner/Chappell Music, Inc.,

3   Atlantic Recording Corporation and Rhino Entertainment Company submit the

4   following joint proposed jury instructions.

5       The parties respectfully reserve the right to modify or supplement the

6   following jury instructions and propose additional or different jury instructions.

7       Plaintiff objects to the reading of instructions to the jury before trial and does

8   not waive any objections to the language in instructions that state or imply

9   instructions are being read to the jury before trial.

10

11   Dated: April 22, 2016

                              _____/s/ Peter J. Anderson_____

12                                 Peter J. Anderson, Esq.

                LAW OFFICES OF PETER J. ANDERSON

13                         A Professional Corporation

                        Attorney for Defendants

14                  JAMES PATRICK PAGE, ROBERT

           ANTHONY PLANT, JOHN PAUL JONES,

15                  WARNER/CHAPPELL MUSIC, INC.,

               SUPER HYPE PUBLISHING, INC.,

16             ATLANTIC RECORDING CORP., RHINO

             ENTERTAINMENT COMPANY and

17               WARNER MUSIC GROUP CORP.

18                   Helene M. Freeman, Esq.

19                     PHILLIPS NIZER LLP

                Attorney for Defendants

20                  JAMES PATRICK PAGE,

          ROBERT ANTHONY PLANT and

21                JOHN PAUL JONES

22   Dated: April 22, 2016

                          ____/s/ Francis Alexander Malofiy____

23                 Francis Alexander Malofiy, Esq.

              FRANCIS ALEXANDER, LLC

24                  Attorney for Plaintiff

              MICHAEL SKIDMORE,

25          As Trustee of the Randy Craig Wolfe Trust

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Glen L. Kulik, Esq.
KULIK GOTTESMAN & SIEGEL LLP
Attorney for Plaintiff
MICHAEL SKIDMORE,
As Trustee of the Randy Craig Wolfe Trust

# TABLE OF CONTENTS

**JURY INSTRUCTIONS**

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1 | DUTY OF JURY | Ninth Circuit Manual of Model Civil Jury Instructions ("9th Cir Manual") 1.1B | 1 |
| 3 | CLAIMS AND DEFENSES | 9th Cir. Manual 1.2 (modified). | 2 |
| 4 | BURDEN OF PROOF— PREPONDERANCE OF THE EVIDENCE | 9th Cir. Manual 1.3. | 3 |
| 5 | TWO OR MORE PARTIES— DIFFERENT LEGAL RIGHTS | 9th Cir. Manual 1.5 (modified). | 4 |
| 6 | WHAT IS EVIDENCE | 9th Cir. Manual 1.6. | 5 |
| 7 | WHAT IS NOT EVIDENCE | 9th Cir. Manual 1.7 (modified). | 6 |
| 8 | EVIDENCE FOR LIMITED PURPOSE | 9th Cir. Manual 1.8. | 8 |
| 9 | DIRECT AND CIRCUMSTANTIAL EVIDENCE | 9th Cir. Manual 1.9 with comment's example. | 9 |
| 10 | RULING ON OBJECTIONS | 9th Cir. Manual 1.10. | 10 |
| 11 | CREDIBILITY OF WITNESSES | 9th Cir. Manual 1.11. | 11 |
| 12 | CONDUCT OF THE JURY | 9th Cir. Manual 1.12 (modified). | 13 |
| 13 | PUBLICITY DURING TRIAL | 9th Cir. 1.13. | 15 |

i

| No. | Title | Source | Page |
|---|---|---|---|
| 14 | NO TRANSCRIPT AVAILABLE TO JURY | 9th Cir. Manual 1.14. | 16 |
| 16 | BENCH CONFERENCES AND RECESSES | 9th Cir. Manual No. 1.17 (modified). | 17 |
| 17 | OUTLINE OF TRIAL | 9th Cir. Manual 1.18 (modified). | 18 |
| 19 | EXPERT OPINION | 9th Cir. Manual 2.13 (modified). | 19 |
| 20 | CHARTS AND SUMMARIES RECEIVED IN EVIDENCE | 9th Cir. Manual 2.15 (modified) | 20 |
| 21 | CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT | 9th Cir. Manual 4.1 (modified). | 21 |
| 30 | COPYING—ACCESS AND SUBSTANTIAL SIMILARITY | 9th Cir. Manual 17.16 (modified). | 22 |
| 35 | DERIVATIVE LIABILITY— VICARIOUS INFRINGEMENT— ELEMENTS AND BURDEN OF PROOF | 9th Cir. Manual 17.19. | 23 |
| 36 | DERIVATIVE LIABILITY— CONTRIBUTORY INFRINGEMENT—ELEMENTS AND BURDEN OF PROOF | 9th Cir. Manual 17.20. | 24 |
| 43 | DUTY TO DELIBERATE | 9th Cir. Manual 3.1. | 26 |
| 44 | CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY | 9th Cir. Manual 3.2 (modified). | 27 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 45 | COMMUNICATION WITH COURT | 9th Cir. Manual 3.3 (modified). | 29 |
| 46 | RETURN OF VERDICT | 9th Cir. Manual 3.5 (modified). | 30 |
| 47 | COPYRIGHT—DAMAGES (17 U.S.C. § 504) | 9th Cir. Manual 17.31 (modified). | 31 |
| 50 | COPYRIGHT—DAMAGES— STATUTORY DAMAGES (17 U.S.C. § 504(c)) | 9th Cir. Manual 17.34 (modified). | 32 |
| 51 | COPYRIGHT—DAMAGES— INNOCENT INFRINGEMENT (17 U.S.C. § 504(c)(2)) | 9th Cir. Manual 17.35 (modified). | 33 |

**<u>JURY INSTRUCTION NO. 1</u>**

**DUTY OF JURY**

**(COURT READS INSTRUCTIONS AT THE BEGINNING OF**

**TRIAL BUT DOES NOT PROVIDE WRITTEN COPIES)**

Members of the jury: You are now the jury in this case. It is my duty to instruct you on the law.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

At the end of the trial I will give you final instructions. It is the final instructions that will govern your duties.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

**Source:** Ninth Circuit Manual of Model Civil Jury Instructions ("9th Cir Manual") 1.1B.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**JURY INSTRUCTION NO. 3**

**CLAIMS AND DEFENSES**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiff asserts that <u>defendants infringed a copyright in a musical composition known as Taurus</u>[*plaintiff's claims*].  The plaintiff has the burden of proving these claims.

The defendants deny<s>ies</s> those claims [and also contends that <u>those claims are barred by various affirmative defenses</u> [*defendant's counterclaims and/or affirmative defenses*]]. [The defendants <u>have</u> <s>has</s> the burden of <u>proving their affirmative defenses.</u><s>proof on these</s> [*counterclaims and/or affirmative defenses.*]]

[The plaintiff denies <u>defendants' affirmative defenses.</u>[*defendant's counterclaims and/or affirmative defenses*].]

**Source:** 9th Cir. Manual 1.2 (modified).

2

**<u>JURY INSTRUCTION NO. 4</u>**

**BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:** 9th Cir. Manual 1.3.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 5

## TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each [plaintiff] [defendant] [party] separately.  Unless otherwise stated, the instructions apply to all parties.

**Source:** 9th Cir. Manual 1.5 (modified).

# JURY INSTRUCTION NO. 6

## WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.   the sworn testimony of any witness;

2.   the exhibits that are admitted into evidence;

3.   any facts to which the lawyers have agreed; and

4.   any facts that I may instruct you to accept as proved.

**Source:** 9th Cir. Manual 1.6.

**JURY INSTRUCTION NO. 7**

**WHAT IS NOT EVIDENCE**


In reaching your verdict, you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:


1.    Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  What they [may say] [have said] in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.


2.    Questions and objections by lawyers are not evidence.  Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.


3.    Testimony that is excluded or stricken, or that you [are] [have been] instructed to disregard, is not evidence and must not be considered.  In addition some evidence [may be] [was] received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.


4.    Anything you may [see or hear] [have seen or heard] when the court was not in session is not evidence.  You are to decide the case solely on

the evidence received at the trial.

**Source:** 9th Cir. Manual 1.7 (modified).

1
2

# <u>JURY INSTRUCTION NO. 8</u>
## EVIDENCE FOR LIMITED PURPOSE

3

4 Some evidence may be admitted only for a limited purpose.

5

6 When I instruct you that an item of evidence has been admitted only for a

7 limited purpose, you must consider it only for that limited purpose and not for any

8 other purpose.

9

10 [The testimony [you are about to hear] [you have just heard] may be

11 considered only for the limited purpose of [*describe purpose*] and not for any other

12 purpose.]

13

14 **Source:** 9th Cir. Manual 1.8.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# JURY INSTRUCTION NO. 9
## DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience and common sense.

**Source:** 9th Cir. Manual 1.9 with comment's example.

## JURY INSTRUCTION NO. 10
## RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

**Source:** 9th Cir. Manual 1.10.

## **JURY INSTRUCTION NO. 11**

### **CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully

11

about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Source:** 9th Cir. Manual 1.11.

# **JURY INSTRUCTION NO. 12**

## **CONDUCT OF THE JURY**

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any internet chat room, blog, website or other social media.  This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.  But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court. Because you will receive all the evidence and legal instruction you properly

may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any juror is exposed to any outside information, please notify the court immediately.

**Source:** 9th Cir. Manual 1.12 (modified).

# JURY INSTRUCTION NO. 13
## PUBLICITY DURING TRIAL

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

**Source:** 9th Cir. 1.13.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **JURY INSTRUCTION NO. 14**

### **NO TRANSCRIPT AVAILABLE TO JURY**

I urge you to pay close attention to the trial testimony as it is given.  During deliberations you will not have a transcript of the trial testimony.

**Source:** 9th Cir. Manual 1.14.

# JURY INSTRUCTION NO. 16

## BENCH CONFERENCES AND RECESSES

From time to time during the trial, it [may become] [became] necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury [is] [was] present in the courtroom, or by calling a recess. Please understand that while you [are] [were] waiting, we [are] [were] working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we [will do] [have done] what we [can] [could] to keep the number and length of these conferences to a minimum. I [may] [did] not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:** 9th Cir. Manual No. 1.17 (modified).

## JURY INSTRUCTION NO. 17
### OUTLINE OF TRIAL

Trials proceed in the following way:  First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendants may cross-examine.  Then the defendants may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source:** 9th Cir. Manual 1.18 (modified).

## **JURY INSTRUCTION NO. 19**

### **EXPERT OPINION**

You [have heard] [are about to hear] testimony from [*name*] who [testified] [will testify] to opinions and the reasons for [his] [her] opinions.  This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

**Source:** 9th Cir. Manual 2.13 (modified).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## JURY INSTRUCTION NO. 20

### CHARTS AND SUMMARIES RECEIVED IN EVIDENCE

Certain charts and summaries [may be] [have been] admitted into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying [information] [admitted evidence] that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

**Source:** 9th Cir. Manual 2.15 (modified).

## JURY INSTRUCTION NO. 21

### CORPORATIONS AND PARTNERSHIPS—FAIR TREATMENT

All parties are equal before the law and a [corporation] [partnership] is entitled to the same fair and conscientious consideration by you as any party.

**Source:** 9th Cir. Manual 4.1 (modified).

## JURY INSTRUCTION NO. 30

### COPYING—ACCESS AND SUBSTANTIAL SIMILARITY

I previously instructed you ~~Instruction [~~*insert cross reference to the pertinent instruction, e.g., Instruction 17.4*~~] states~~ that the plaintiff has the burden of proving that the <u>creators of Stairway to Heaven</u>~~defendant~~ copied original elements from the <u>Taurus musical composition</u>~~plaintiff's copyrighted work~~.  The plaintiff may show the <u>creators of Stairway to Heaven</u>~~defendant~~ copied from the <u>Taurus musical composition</u>~~work~~ by proving by a preponderance of the evidence that the <u>creators of Stairway to Heaven</u>~~defendant~~ had access to the <u>Taurus musical composition</u>~~plaintiff's copyrighted work~~ and that there are substantial similarities between Stairway to Heaven~~the defendant's work~~ and original elements of the <u>Taurus musical composition</u>~~plaintiff's work~~.

**Source:** 9th Cir. Manual 17.16 (modified).

22

**JURY INSTRUCTION NO. 35**[1]

**DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT—**

**ELEMENTS AND BURDEN OF PROOF**

If you find that [*name of direct infringer*] infringed the plaintiff's copyright in [*name of allegedly infringed work*], you must determine whether [*name of alleged vicarious infringer*] vicariously infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.   the defendant directly benefitted financially from the infringing activity of [*name of direct infringer*];

2.   the defendant had the right and ability to [supervise] [control] the infringing activity of [*name of direct infringer*][; and]

3.   the defendant failed to exercise that right and ability.]

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff if you also find that [*name of direct infringer*] infringed plaintiff's copyright.  If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendant [*name of alleged vicarious infringer*].

**Source:** 9th Cir. Manual 17.19.

---

[1]   Since plaintiff has not identified any defendant he contends is vicariously liable, this instruction may not be applicable and is submitted conditioned upon plaintiff identifying a defendant or defendants he contends are vicariously liable.

### JURY INSTRUCTION NO. 36[2]

## DERIVATIVE LIABILITY—CONTRIBUTORY INFRINGEMENT—
## ELEMENTS AND BURDEN OF PROOF

A defendant may be liable for copyright infringement engaged in by another if [he] [she] [it ] knew or had reason to know of the infringing activity and intentionally [induced] [materially contributed to] that infringing activity.

If you find that [*name of direct infringer*] infringed the plaintiff's copyright in [*allegedly infringed work*], you must determine whether [*name of alleged contributory infringer*] contributorily infringed that copyright. The plaintiff has the the burden of proving both of the following elements by a preponderance of the evidence:

1.   the defendant knew or had reason to known of the infringing activity of [*name of direct infringer*]; and

2.   the defendant intentionally [induced] [materially contributed to] [*name of direct infringer's*] infringing activity.

If you find that [*name of direct infringer*] infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the defendant.

---

[2]   Since plaintiff has not identified any defendant he contends is contributorily liable, this instruction may not be applicable and is submitted conditioned upon plaintiff identifying a defendant or defendants he contends are contributorily liable.

1    **Source:** 9th Cir. Manual 17.20.

## JURY INSTRUCTION NO. 43

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:** 9th Cir. Manual 3.1.

## JURY INSTRUCTION NO. 44

### CONSIDERATION OF EVIDENCE—CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or social media application.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over].  If any

27

1   juror is exposed to any outside information, please notify the court immediately.

2

3   **Source:** 9th Cir. Manual 3.2 (modified).

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY INSTRUCTION NO. 45**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the [clerk] [bailiff], signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

**Source:** 9th Cir. Manual 3.3 (modified).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## <u>JURY INSTRUCTION NO. 46</u>

**RETURN OF VERDICT**

A verdict form has been prepared for you.  [*Explain verdict form as needed.*] After you have reached unanimous agreement on a verdict, your ~~[presiding juror]~~ ~~[foreperson]~~ should complete the verdict form according to your deliberations, sign and date it, and advise the ~~[clerk]~~ ~~[bailiff]~~ that you are ready to return to the courtroom.

**Source:** 9th Cir. Manual 3.5 (modified).

# JURY INSTRUCTION NO. 47[3]

## COPYRIGHT—DAMAGES

### (17 U.S.C. § 504)

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.  The plaintiff is entitled to recover the actual damages suffered as a result of the infringement.  In addition, the plaintiff is also entitled to recover any profits of the defendants attributable to the infringement. The plaintiff must prove damages by a preponderance of the evidence.

**Source:** 9th Cir. Manual 17.31 (modified).

---

[3]   Defendants have raised that plaintiff does not have a right to jury trial of his request for defendants' profits from the alleged infringement and that, instead, any award of defendants' profits is equitable and tried to the Court.  Def. Memo. of Contentions of Fact & Law (Doc. 157) at 19-20, 21.  This and the following instructions, to the extent referencing or dealing with defendants' respective `profits, are offered as a precautionary measure only and with the full reservation of defendants' contention that profits are not triable to a jury.

### JURY INSTRUCTION NO. 50
### COPYRIGHT—DAMAGES—STATUTORY DAMAGES
### (17 U.S.C. § 504(c))

If you find for the plaintiff on the plaintiff's copyright infringement claim, you must determine the plaintiff's damages.  The plaintiff seeks a statutory damage award, established by Congress for [[the work infringed] [each work infringed]]. Its purpose is to penalize the infringer and deter future violations of the copyright laws.

The amount you may award as statutory damages is not less than $750, nor more than $30,000 for each work you conclude was infringed.

[However, if you find the infringement was innocent, you may award as little as $200 for each work innocently infringed.]

[However, if you find the infringement was willful, you may award as much as $150,000 for each work willfully infringed.]

[Instructions ___ and ___ [s] *[insert number of pertinent instruction, e.g., Instruction 17.34 (Innocent Infringement), Instruction 17.35 (Willful Infringement)]* will tell you [what constitutes innocent infringement] [and] [what constitutes willful infringement]].

**Source:** 9th Cir. Manual 17.34 (modified).

32

### JURY INSTRUCTION NO. 51

### COPYRIGHT—DAMAGES—INNOCENT INFRINGEMENT

### (17 U.S.C. § 504(c)(2))

An infringement is considered innocent when the defendant has proved both of the following elements by a preponderance of the evidence:

1.   the defendant was not aware that his or its[his] [her] [its] acts constituted infringement of the copyright; and

2.   the defendant had no reason to believe that his or its[his] [her] [its] acts constituted an infringement of the copyright.

**Source:** 9th Cir. Manual 17.35 (modified).

33