Francis Malofiy, Esq.
Francis Alexander, LLC
280 N. Providence Road
Media, PA 19063
T:  (215) 500-1000; F:  (215) 500-1005
E:  francis@francisalexander.com
*Attorney for Plaintiff*

Glen L. Kulik, Esq. (SBN 082170)
Kulik Gottesman & Siegel LLP
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
T:  (310) 557-9200; F: (310) 557-0224
E:  gkulik@kgslaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST, | Case No. 15-cv-03462 RGK (AGRx) |
| Plaintiff, | Hon. R. Gary Klausner |
| v. | |
| LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY, | **PLAINTIFF'S DISPUTED JURY INSTRUCTIONS** |
| Defendants. | Pre-trial Conf.:    April 25, 2016<br>Trial Date:         May 10, 2016 |

1

1       Pursuant to the Court's Order for Jury Trial, Plaintiff Michael Skidmore,

2   Trustee for the Randy Craig Wolfe Trust submits the following disputed jury

3   instructions, with defendants' position as to the instructions to which they object.

4       Plaintiff respectfully reserves the right to modify or supplement the following

5   jury instructions and propose additional or different jury instructions.

6   Dated: April 22, 2016

/s/ Francis Malofiy
Francis Alexander Malofiy, Esq.
FRANCIS ALEXANDER, LLC
Attorney for Plaintiff
MICHAEL SKIDMORE,
As Trustee of the Randy Craig Wolfe Trust


Glen L. Kulik, Esq.
KULIK GOTTESMAN & SIEGEL LLP
Attorney for Plaintiff
MICHAEL SKIDMORE,
As Trustee of the Randy Craig Wolfe Trust

    Approved as to the statements of defendants' objections to plaintiff's proposed

jury instructions and verdict forms:


Dated: April 22, 2016

/s/ Peter J.Anderson

Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.


Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

## JURY INSTRUCTIONS

| No. | Title | Source | Page |
|---|---|---|---|
|  |  |  |  |
| 3 | CLAIMS AND DEFENSES | 9th Cir. Manual 1.2 (modified) | 1 |
| 17 | DEPOSITION IN LIEU OF LIVE TESTIMONY | 9th Cir. Manual 2.4. | 4 |
| 18 | IMPEACHMENT EVIDENCE - WITNESS | 9th Cir. Manual 2.8. | 7 |
| 20 | LIABILITY OF CORPORATIONS- SCOPE OF AUTHORITY NOT IN ISSUE | 9th Cir. Manual 4.2. | 10 |
| 26 | PRELIMINARY INSTRUCTION- COPYRIGHT | Ninth Circuit Manual of Model Civil Jury Instructions & 17.0 (2007); Act of March 4, 1909 ("1909 Act"), ch. 320 §§ 11, 12, 35 Stat. 1075, 1078; *Stewart v. Abend,* 495 U.S. 207, 233 (1990); *Twentieth Century Fox Film Corp. v.Dunnahoo,* 637 F.2d 1338, 1343 (9th Cir. 1981); M. Nimmer and D. | 13 |

i

| No. | Title | Source | Page |
|---|---|---|---|
| | | Nimmer, 1 Nimmer on Copyright, §§ 4.03[A], 4.05[B][4] at 4-35; *Three Boys Music Corp v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1019 (9th Cir. 1985); *Woods v. Bourne Co.*, 60 F. 3d 978, 989 (2d. Cir. 1995); *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1259 (C.D. Cal. 2002). | |
| 27 | COPYRIGHT-DEFINED | Ninth Circuit Manual of Model Civil Jury Instructions § 17.1 (modified); (2007); 17 U.S.C. §§ 101, 304. | 20 |
| 28 | COPYRIGHT-SUBJECT | Ninth Circuit | 23 |

| No. | Title | Source | Page |
|---|---|---|---|
| | MATTER-GENERALLY | Manual of Model Civil Jury Instructions § 17.2; (2007). | |
| 29 | COPYRIGHT-SUBJECT MATTER-IDEAS AND EXPRESSION | 9th Cir. Manual 17.3 (modified). | 26 |
| 30 | COPYRIGHT INFRINGEMENT —OWNERSHIP AND COPYING | 9th Cir. Manual 17.4. | 29 |
| 31 | COPYRIGHT INFRINGEMENT-OWNERSHIP OF VALID COPYRIGHT DEFINITION | Ninth Circuit Manual of Model Civil Jury Instructions § 17.5 (modified) (2007), as modified; 17 U.S.C. §§ 101, 304; Act of March 4, 1909 ("1909 Act"), ch. 320 §§ 11, 12, 35 Stat. 1075, 1078; *Stewart v. Abend,* 495 U.S. 207, 233 (1990); *Twentieth Century Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1343 (9th Cir. 1981); M. Nimmer and D. Nimmer, 1 | 32 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | Nimmer on Copyright, § 4.05[B][4] at 4-35. | |
| 32 | COPYRIGHT INFRINGEMENT—ORIGINALITY | Ninth Circuit Manual of Model Civil Jury Instruction § 17.13 (2007); *see also Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 345-46 (1991). | 35 |
| 33 | COPYING-ACCESS AND SUBSTANTIAL SIMILARITY | Ninth Circuit Manual of Model Civil Jury Instructions § 17.16 (2007). | 38 |
| 34 | COPYRIGHT INFRINGEMENT-COPYING-ACCESS DEFINED | Ninth Circuit Manual of Model Civil Jury Instructions § 17.17 (2007). Regarding the evidence necessary to demonstrate access, *see Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482-84 (9th Cir.2000) (holding that reasonable | 41 |

| No. | Title | Source | Page |
|---|---|---|---|
| | | opportunity is more than a "bare possibility," such as one based on mere speculation or conjecture; reasonable access can be shown by a chain of events connecting plaintiff's work and defendant's access or by plaintiff's work being widely distributed; often widespread dissemination approach is coupled with theory of "subconscious copying" (citing 4 Nimmer & D. Nimmer, NIMMER ON COPYRIGHT, § 13.02[A] (1999)); Art Attacks Ink, LLC, 581 F.3d at 1143-45 (finding no access | |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | shown under chain of events or wide dissemination theories); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059 (9th Cir.1981) (finding access shown by dealings between parties and third party on chain of events theory relating to same subject matter). When the subject matter of dealings between parties and the third party differs, the chain is broken and access is not shown. *See Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 828 (C.D. Cal. 2010) (citing *Meta-Film Assocs. v. MCA*, 586 F. Supp. 1346, 1355 | |

| No. | Title | Source | Page |
|---|---|---|---|
| | | (C.D. Cal. 1984)). As to the plaintiff demonstrating that there is a "striking similarity" between works to support an inference of access, *see Three Boys Music.*, 212 F.3d at 483 (holding that in absent of any proof of access, copyright plaintiff can still make out case of infringement by showing that songs were "strikingly similar"). | |
| 35 | SUBSTANTIAL SIMILARITY—EXTRINSIC TEST; INTRINSIC TEST | Ninth Circuit Manual of Model Civil Jury Instruction§§ 17.18 (modified). (2007); *Swirsky v. Carey,* 376 F.3d 841, 849 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, | 45 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | 2004); *Morris v. Guetta,* 2013 WL 440127, at fn. 6 (C.D. Cal. Feb. 4, 2013) (relying on *Kouf v. Walt Disney Pictures & Television,* 16 F.3d 1042, 1045 (9th Cir.1994) (citation omitted)); *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010) (relying on *Berkic v. Crichton,* 761 F.2d 1289, 1292 (9th Cir.1985)); *Newton v. Diamond,* 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Cavalier v. Random House,* 297 F.3d 815, 824 (9th Cir.2002); *Swirsky v. Carey,* 376 F.3d 841, | |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | 847 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 485 (9th Cir. 2000). | |
| 33 | COPYRIGHT—INDEPENDENT CREATION | *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000), *cert. denied* 531 U.S. 1126 (2001). | 50 |
| 34 | COPYRIGHT INFRINGEMENT-COPYING-ACCESS DEFINED | 17 U.S.C. § 507(b); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969 (2014) ("Under the [Copyright] Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence [a]nd the infringer is | 41-42 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | insulated from liability for earlier infringements of the same work"); Jt. R. 26(f) Report (Doc. 75) at 4 (confirming agreement "that the Copyright Act's three year statute of limitations precludes relief as to any alleged infringements prior to May 31, 2011"). | |
| 35 | SUBSTANTIAL SIMILARITY | Ninth Circuit Manual of Model Civil Jury Instruction§§ 17.18. (2007); *Swirsky v. Carey,* 376 F.3d 841, 849 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Morris v. Guetta,* 2013 WL 440127, at fn. 6 (C.D. Cal. Feb. 4, 2013) (relying on *Kouf v. Walt Disney Pictures & Television,* | 45-47 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | 16 F.3d 1042, 1045 (9th Cir.1994) (citation omitted)); *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010) (relying on *Berkic v. Crichton,* 761 F.2d 1289, 1292 (9th Cir.1985)); *Newton v. Diamond,* 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Cavalier v. Random House,* 297 F.3d 815, 824 (9th Cir.2002); *Swirsky v. Carey,* 376 F.3d 841, 847 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 485 (9th Cir. 2000). | |
| 36 | EXTRINSIC ANALYSIS | *Swirsky v. Carey,* 376 | 50 |

| No. | Title | Source | Page |
|---|---|---|---|
| | | F.3d 841, 847-48 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004) | |
| 37 | INTRINSIC ANALYSIS | *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010)(relying on *Koufv. Walt Disney Pictures & Television,* 16 F.3d 1042, 1045 (9th Cir.1994)); *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1445 (9th Cir. 1994); *Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.,* 843 F. 2d 600, 606 (1st Cir. 1998) | 54 |
| 38 | COMBINATION OF UNPROTECTABLE ELEMENTS | *Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.,* 843 F. 2d 600 (1st Cir. 1998); *Apple Camp.,* | 57 |

| No. | Title | Source | Page |
|---|---|---|---|
| | | 35 F.3d 1435, 1445-6 (9th Cir. 1994); *Dream Games of Arizona, Inc. v. PC Onsite,* 561 F.3d 983, 989 (9th Cir. 2009); *Swirsky v. Carey,* 376 F.3d 841, 845-8 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004) (internal citations omitted); *Three Boys Music Corp. v. Bolton,* 212 F. 3d 477,486 (9th Cir. 2000). | |
| 39 | QUALITATIVE/QUANTITATIVE IMPORTANCE | *Baxter v. MCA, Inc.,* 812 F.2d 421, 425 (9th Cir.1987); *Newton v. Diamond,* 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Newton v. Diamond,* 204 F. Supp. 2d 1244, 1257 | 60 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | (C.D. Cal. 2002); *Sheldon v. Metro-Goldwyn Pictures Corp.,* 81 F.2d 49, 56 (2d Cir. 1936); *Bridgeport Music, Inc. v. UMG Recordings, Inc.,* 585 F.3d 267, 275 (6th Cir. 2009) ("Thus, the copying of a relatively small but qualitatively important or crucial element can be an appropriate basis upon which to find substantial similarity."). | |
| 40 | COPYRIGHT INFRINGEMENT – INVERSE RATIO | Ninth Circuit Manual of Model Civil Jury Instruction § 17.16 Supp. Instruction (2007) (modified); (relying on *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, | 63 |

| No. | Title | Source | Page |
|---|---|---|---|
| | | 486 (9th Cir.2000); *Swirsky v. Carey,* 376 F.3d 841, 844-45 (9th Cir.2004); *Rice v. Fox Broadcasting Co.,* 330, F.3d 1170, 1178 (9th Cir.2003)); *Metcalf v. Bochco,* 294 F.3d 1069, 1075 (9th Cir. 2002) ("If the trier of fact were to believe that Warren and Bochco actually read the scripts, as alleged by the Metcalfs, it could easily infer that the many similarities between plaintiffs' scripts and defendants' work were the result of copying, not mere coincidence.") | |
| 42 | DE MINIMIS COPYING | *Newton v. Diamond,* 388 F.3d 1189, 1193 (9th Cir. 2004) | 66 |

| No. | Title | Source | Page |
|---|---|---|---|
| | | (relying on *Fisher v. Dees,* 794 F.2d 432, 434 n.2 (9th Cir.1986)). | |
| 43 | INDEPENDENT CREATION | Ninth Circuit Manual of Model Civil Jury Instruction§ 17.16 Supp. Instruction (2007) (modified); *Three Boys Music Corp. v. Bolton,* 212 F. 3d 477, 486 (9th Cir. 2000) | 69 |
| 44 | WAIVER AND ABANDONMENT | *See Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1178 (S.D. Fla. 2006) aff'd, 527 F.3d 1218 (11th Cir. 2008);  *Hadady Corp. V. Dean Witter Reynolds, Inc.*, 739 F. Supp. 1392, 1398-99 (C.D. Cal. 1990). *Marya v. Warner/Chappell Music, Inc.*, 2015 WL | 72 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | 5568497, at *11 (C.D. Cal. Sept. 22, 2015) *Melchizedek v. Holt*, 792 F. Supp. 2d 1042, 1053 (D. Ariz. 2011). | |
| 45 | LIABILITY FOR DISTRIBUTION | *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.,* 832 F. Supp. 1378, 1384 (C.D. Cal. 1993) (relying on *Sygma Photo News, Inc. v. High Society Magazine, Inc.,*778 F.2d 89, 92 (2d Cir.1985); *Ford Motor Co. v. B & H Supply, Inc.,* 646 F.Supp. 975, 989 (D.Minn.1986); *Columbia Broadcasting Sys., Inc. v. Scorpio Music Distributors, Inc.,* 569 F.Supp. 47, 48-49 (E.D.Pa.1983), | 75 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | *affd without op.*, 738 F.2d 424 (3d Cir.1984)); *Lockheed Martin Corp. v. Network Solutions, Inc.,* 1997 WL 381967, at *3 (C.D. Cal. Mar. 19, 1997) (quoting *Stabilisierungfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d 200, 207, 209 USPQ 633, 638 (D.C. Cir. 1981) and relying on 7 Wright & Miller, Federal Practice and Procedure, Civil2d 1614, at 225 (2d ed. 1986); LIABILITY, Black's Law Dictionary (9th ed. 2009). | |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 49 | COPYRIGHT-DAMAGES-ACTUAL DAMAGES AND DEFENDANTS' PROFITS | Ninth Circuit Manual of Model Civil Jury Instruction§ 17.32, 17.33 (2007); 17 U.S.C. 504(b); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 714 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Oct. 25, 2004), *opinion amended on denial of reh'g*, No. 03-35188, 2004 WL 2376507 (9th Cir. Oct. 25, 2004) ("Although *Andreas* does not necessarily set the bar for what is sufficient evidence of a causal nexus, comparing Polar Bear's claim vividly highlights its deficiencies. Missing is the link between | 78-79 |

| No. | Title | Source | Page |
|---|---|---|---|
| | | the infringement and revenue resulting from sales."); *Oracle Corp. v. SAP AG,* 765 F.3d 1081, 1087 (9th Cir. 2014); *Blizzard Entm't, Inc. v. Reeves,* 2010 WL 4054095, at *I (C.D. Cal. Aug. 10, 2010). | |
| 50 | APPORTIONMENT | *Business Trade Analysts, Inc. v. Freedonia Group, Inc.,* 887 F.2d 399, 407 (2d. Cir. 1989) (citing *Sheldon v. Metro-Goldwyn Pictures,* 309 U.S. 390. 401-02 (1940); *Belford v. Scribner,* 144 U.S. 488, 508 (1892); *Callaghan v. Myers,* 128 U.S. 617, 665- 66 (1888); *Alfred Bell & Co. v. Catalda Fine Arts, Inc.,* 86 F.Supp. 399 | 82 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
|     |       | (S.D.N.Y.1949), *affd as modified,* 191 F.2d 99 (2d Cir.1951). |      |
| 51  | WILLFUL INFRINGEMENT | Ninth Circuit Manual of Model Civil Jury Instruction § 17.36 (2007) (modified). ("[A] finding of willfulness can also be made in connection with an assessment of defendant's profits, even though reference to willful infringement is made only in connection with statutory damages." *See, e.g., Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 487 (9th Cir.2000)); *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1335-36 (9th Cir. 1990)("The | 85-86 |

| No. | Title | Source | Page |
|-----|-------|--------|------|
| | | court found the infringements were willful because of 'Mr. Newman's deposition testimony that defendants received the December 26, 1984 notice of termination, failed to account for and pay royalties, yet nevertheless continued to manufacture and distribute phonorecords.'"); *Frank Music Corp. v. Metro-GoldwynMayer, Inc.,* 772 F.2d 505, 515 (9th Cir. 1985); *Kamar Int'l, Inc. v. Russ Berrie & Co.,* 752 F.2d 1326, 1331-32 (9th Cir.1984). | |
| 53 | INTERNATIONAL DAMAGES | *Los Angeles News Serv. v. Reuters* | 89 |

| No. | Title | Source | Page |
|---|---|---|---|
| | | *Television Intern., Ltd.,* 149 F.3d 987, 990-92 (9th Cir. 1998). | |

# PLT. JURY INSTRUCTION NO. 3

## 1.2 CLAIMS AND DEFENSES (MODIFIED)

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff is Michael Skidmore, Trustee for the Randy Craig Wolfe Trust. The Defendants are the band Led Zeppelin, its members James Patrick Page, Robert Plant, and John Paul Jones, and the corporate entities that they contract with to exploit Led Zeppelin's music: Super Hype Publishing, Inc.; Warner Music Group Corp., Parent Of Warner/Chappell Music, Inc.; Atlantic Recording Corporation; Rhino Entertainment Company. Collectively they will be called the Defendants.

Mr. Skidmore claims that Defendants infringe upon a copyright owned by the Trust. The song owned by the Trust is named Taurus. Plaintiff alleges that Defendants copied Taurus to create the song Stairway to Heaven which was written by defendants Page and Plant.

Plaintiff has the burden of proving each of these claims.

Defendants deny the Plaintiffs' claims.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 1.2 (2007).

1

**DEFENDANTS' OBJECTION**

Defendants believe this instruction is problematic for multiple reasons.

First, it misstates the parties.  "[T]he band Led Zeppelin" is not an entity capable of being sued and is not a defendant.  In addition, John Paul Jones, Superhype Publishing, Inc. and Warner Music Group Corp. were granted summary judgment.  Also, the assertion that the corporations are "the corporate entities that they contract with to exploit Led Zeppelin's music" also is not correct.  There is no contract between the individual defendants and Warner/Chappell and Rhino Entertainment and Atlantic Recordings contracted with a non-party, Super Hype Tapes Limited.

Second, plaintiff does not own the copyright on which plaintiff sues: it is owned by Hollenbeck Music as a result of the assignment clause in Randy Wolfe's 1967 Exclusive Songwriter's Agreement, and the copyright is registered with the Copyright Office in the name of Hollenbeck Music as copyright claimant.  Plaintiff sues as claimed beneficial owner of the copyright.

Third, the instruction omits reference to defendants' defenses.

The instruction, in short, contains false statements and plaintiff is not entitled to instructions that have no "foundation in the evidence."  *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009), *quoting Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Defendants believe that their proposed instruction no. 3 is factually correct and appropriate.

1

## **PLAINTIFF'S REPLY**

2

3          Plaintiff does not object to Defendants' instruction no.3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PLT. JURY INSTRUCTION NO. 17

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [name of witness] was taken on [date]. Insofar as possible, you should consider deposition testimony, presented to you in court in lieu of live testimony, in the same way as if the witness had been present to testify.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 2.4 (2007).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **DEFENDANTS' OBJECTION**

Plaintiff failed to comply with LR 16-2.7 and did not provide at the 40 day meeting, or at any time, any proposed deposition testimony to be offered at trial. The depositions plaintiff took are subject to the rules of evidence and plaintiff was required to designate the portions which he wishes to play and which he contends contain relevant and admissible evidence, allowing defendants to then assert their objections, as provided in LR 16.  Having failed to comply with the Local Rule, he is properly precluded from using depositions in lieu of live testimony.

# PLAINTIFF'S REPLY

It is impossible for Plaintiff to know which depositions he intends to present by way of deposition testimony because defense counsel are refusing to accept subpoenas on behalf of their clients: Page, Plant, Jones, and the corporate defendants.

To date, defense counsel has refused to confirm that his clients—Jimmy Page and Robert Plant—will appear at trial from the start on May 10. Plaintiff and the Court has every right to know whether in fact Defendants will be at trial, if they will accept service of subpoena through counsel, or appear for Plaintiff's case in chief. This is not only for purposes of efficiency, but also for respect of the Court, the calendar, and other witnesses' schedules. Plaintiff's counsel has attempted to resolve this issue with defense counsel to no avail as defense counsel has indicated that they are not under subpoena power of this Court.

Plaintiff believes that defendants are within the subpoena power of the Court and that because the corporate and individual defendants consented to jurisdiction in California, and do regular business there in person, that they are precluded from dodging service of subpoenas to appear and testify at trial, by hiding in the UK behind counsel. Furthermore, Defendants should not be allowed to "game the judicial system" by refusing to appear at trial in Plaintiff's case in chief and then only appear in Defendants case in chief.

As counsel was informed, Plaintiff fully intends to have Jimmy Page and Robert Plant testify in Plaintiff's case-in-chief. If they are not going to appear or refuse to appear in Plaintiff's case in chief, then Plaintiff will use the deposition testimony. Many thousands of dollars were spent getting high quality video depositions which were taken in the UK—at Defendants' insistence—for purpose of being used at trial if Defendants refused to appear. Obviously, if Plant and Page fail to appear or refuse to appear—we will be left with no choice but to play the full deposition to the jury.

1
2
3

**PLT. JURY INSTRUCTION NO. 18**

4

**IMPEACHMENT EVIDENCE - WITNESS**

5
6
7
8

The evidence that a witness [e.g., has been convicted of a crime, lied under oath on a prior occasion, etc.] may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

9
10
11

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 2.8 (2007).

12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## **DEFENDANTS' OBJECTION**

There is no evidence or assertion that a party has been convicted of a crime or lied under oath on a prior occasion, and as a result this instruction is not applicable and would only confuse the jury.  *Clem*, 566 F.3d at 1181 ("jury instructions . . . must not be misleading"), *quoting Dang v. Cross*, 422 F.3d 800, 804 (9th Cir. 2005).

1

2

## **PLAINTIFF'S REPLY**

3

4        The given example that forms the basis Defendants' objection is just an

5 example suggested by the standard jury form. The Court may insert any example,

6 but Plaintiff would suggest "prior inconsistent statements and admissions" as being

7 applicable for this trial.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PLT. JURY INSTRUCTION NO. 25

## LIABILITY OF CORPORATIONS- SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 4.2 (2007).

1

## **DEFENDANTS' OBJECTION**

2      The case does not present a respondeat superior or agency issue as to an

3  employee triggering liability for a corporate defendant.  This instruction is

4  inapplicable and superfluous would only mislead the jury.  *Clem*, 566 F.3d at 1181.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  **<u>PLAINTIFF'S REPLY</u>**

2

3       The jury is composed of lay people. The concept of corporate liability may be

4  confusing. This instruction is included to make clear that a corporation is responsible

5  for the actions of the people that comprise and act for it.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PLT. JURY INSTRUCTION NO. 26**

### **PRELIMINARY INSTRUCTION-COPYRIGHT (MODIFIED)**

Plaintiff claims ownership of the copyright in Taurus and seek damages against the Defendants for copyright infringement. Defendants deny infringing the copyrights. To help you understand the evidence in this case, I will explain some of the legal terms you will hear during this trial.

### **DEFINITION OF COPYRIGHT**

The owner of a copyright has the right to exclude any other person from reproducing, preparing derivative works, distributing, performing, displaying, or using the work covered by copyright for a specific period of time.

Copyrighted work can be a musical work.

Ideas, procedures, processes, systems, methods of operation, concepts, principles or discoveries cannot themselves be copyrighted.

The copyrighted work must be original. An original work that closely resembles other works can be copyrighted so long as the similarity between the two works is not the result of copying.

### **HOW COPYRIGHT IS OBTAINED**

The owner of the copyright may register the copyright by delivering to the Copyright Office of the Library of Congress a copy of the copyrighted work before it

13

1  has been published, or by publishing the work with proper copyright notice affixed

2  and then delivering to the Copyright Office a copy of the copyrighted work.

3  Publication occurs when copies of the work are sold or offered for sale to the general

4  public with the consent of the copyright owner. After examination and a

5  determination that the material deposited constitutes copyrightable subject matter and

6  that legal and formal requirements are satisfied, the Register of Copyrights registers

7  the work and issues a certificate of registration to the copyright owner.

8  In order to register a Musical Composition with the Copyright Office, the law

9  requires that a copy of the work be deposited with the Copyright Office at the time of

10  application. Prior to 1978, only a visually perceptible copy (a paper copy) of the

11  composition could be deposited with the Copyright Office. Recordings

12  (phonorecords) of a Musical Composition were not permitted.

13  Sheet music or "lead sheets" submitted with the Copyright Office contain

14  elements of the work, but do not reflect the entire Musical Composition and instead,

15  are only a condensed version of a musical composition. The musical composition of a

16  song is that part of the song which does not change from performance to performance.

17  After examination and a determination that the material deposited constitutes

18  copyrightable subject matter and that legal and formal requirements are satisfied, the

19  Register of Copyrights registers the work and issues a certificate of registration to the

20  copyright owner. When an author of musical work dies, his copyright ownership and

21  registration(s) passes to his legal heirs.

22

23  **PLAINTIFF'S BURDEN OF PROOF**

24  In this case, the Plaintiff contends that the Defendants have infringed the

25  Plaintiff's copyrights. The Plaintiff has the burden of proving by a preponderance of

26  the evidence that the Plaintiff is the owner of the copyrights and that the Defendants

27  copied original elements of the copyrighted work. Preponderance of the evidence

28

14

means that you must be persuaded by the evidence that it is more probably true than not true that the copyrighted work was infringed.

### PROOF OF COPYING

To prove that the Defendants copied the Plaintiff's work, the Plaintiff must show that the Defendants had access to the Plaintiff's copyrighted work and that there are substantial similarities between the Defendants' work and the Plaintiff's copyrighted work. Proof of copying based on substantial similarity may be rebutted if the Defendants show they independently created the Defendants' work.

### LIABILITY FOR INFRINGEMENT

One who reproduces, prepares derivative works from, distributes, or performs a copyrighted work without authority from the copyright owner during the term of the copyright, infringes the copyright.

Copyright may also be infringed by vicariously infringing and contributorily infringing.

### VICARIOUS INFRINGEMENT

A person is liable for copyright infringement by another if the person has profited directly from the infringing activity and the right and ability to supervise the infringing activity, whether or not the person knew of the infringement.

### CONTRIBUTORY INFRINGEMENT

A person is liable for copyright infringement by another if the person knows or should have known of the infringing activity and induces, causes, or materially contributes to the activity.

## DEFENSES TO INFRINGEMENT

The defendant contends that there is no copyright infringement. There is no copyright infringement where the defendant independently created the challenged work.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions & 17.0 (2007); Act of March 4, 1909 ("1909 Act"),  ch. 320 §§ 11, 12, 35 Stat. 1075, 1078; *Stewart v. Abend,* 495 U.S. 207, 233 (1990); *Twentieth Century Fox Film Corp. v.Dunnahoo,* 637 F.2d 1338, 1343 (9th Cir. 1981); M. Nimmer and D. Nimmer, 1 Nimmer on Copyright, §§ 4.03[A], 4.05[B][4] at 4-35; *Three Boys Music Corp v. Bolton*, 212 F.3d 477, 486 (9th Cir. 2000); *Transgo, Inc. v. Ajac Transmission Parts Corp.*, 768 F.2d 1001, 1019 (9th Cir. 1985); *Woods v. Bourne Co.,* 60 F. 3d 978, 989 (2d. Cir. 1995) ("A 'lead sheet' [is] a very simple, hand-written rendering of the lyrics and melody of the composition without harmonies and other embellishments."); *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1259 (C.D. Cal. 2002) ("A musical composition's copyright protects the generic sound that would necessarily result from any performance of the piece." In other words, the composition is that part of the song that remains constant from performance to performance.).

### DEFENDANTS' OBJECTION

Plaintiff's proposed instruction is both factually and legally incorrect.

Factually, plaintiff is not the owner of the copyright he sues upon.  As plaintiff has conceded, and appears from the face of the registration and renewal, the copyright is owned by Hollenbeck Music.  Plaintiff's proposed instruction also omits defenses, incorrectly suggesting that defendant's only defense is independent creation.

Legally, the copyright in the musical composition *Taurus* is limited to the 1967 transcription deposited with the Copyright Office, and the Court has so found. Order (159) on Summary Judgment Motion at 16-17.  Plaintiff's proposed instruction that – "Sheet music or "lead sheets" submitted with the Copyright Office contain elements of the work, but do not reflect the entire Musical Composition and instead, are only a condensed version of a musical composition. The musical composition of a song is that part of the song which does not change from performance to performance." – is an incorrect statement of the law and relies upon *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1259 (C.D. Cal. 2002), which involved a composition and recording that were both copyrighted under the 1976 Copyright Act.  The copyright in the 1909 Act composition in this action, as the Court has found, is limited to the 1967 transcription deposited with the Copyright Office in 1967.

Defendants believe that their proposed instruction no. 22 is correct and appropriate.

17

1
2

**PLAINTIFF'S REPLY**

3        Defendants' objections are erroneous. First of all, Defendants proposed

4   instruction is wholly inadequate. It does nothing to explain copyright law to the jury as

5   the standard instruction, and Plaintiff's instruction does. Second, Defendants'

6   misconstrue the nature and scope of the Court's order with respect to the deposit copy.

7   It only found that the composition of Taurus was based on deposit copy submitted to

8   the Copyright Office—not the elements only in the sound recording. ECF 159, at p.16-

9   17. A recent court, <u>Pharrell Williams v. Bridgeport Music</u>, considered this identical

10  issue and sided with Plaintiff's position: that the composition testified to by the experts

11  and used in the substantial similarity comparison must be based on the deposit copy,

12  not appear in identical form. In that case defendants complained in post-trial motions

13  that the sound recording was irrelevant to the expert analysis and also that it should not

14  have been played to the jury because the deposit copy was all that mattered. The court

15  noted that it had previously ***denied*** motions in limine on these precise issues. <u>See</u> Order

16  Denying Post-Trial Motions, 13-cv-6004 (ECF 423), at p7. (7/14/2015). That court held

17  at the motion in limine hearing: "I think [the Gaye Parties' expert] testimony is going

18  to have ***to be based on the deposit copy***. It's not to say they can't have listened to the

19  sound recording as part of their analysis. They simply can't present to the jury an

20  opinion that says, '[b]ecause I listened to the sound recording, I've reached this

21  conclusion.'" <u>See</u> Order Denying Post-Trial Motions, 13-cv-6004 (ECF 423), at p7.

22  (7/14/2015) (alternations in original) (emphasis added). Plaintiff's experts do indeed

23  opine that all pertinent, essential elements of Taurus are represented on the deposit copy

24  and that those protected elements appear in the Taurus sound recording. <u>See, e.g.,</u>

25  Declaration of Alexander Stewart, at ¶8-14 (ECF 169-1); Declaration of Erik Johnson

26  (ECF 176). Indeed, even Defendants' experts admit that the deposit copy contains and

27  represents much of the expression at issue which appear in the recordings of Taurus:

28

18

**Paragraph 14:** Moreover, approximately half of the notes in the iterations of the guitar melody in the recordings of "Taurus" in Dr. Stewart's Visual Exhibit C are not in the Taurus Transcription.

<u>Id.</u> (quoting defense expert Ferrara's report).

Defendants' objections to this instruction in reality concern a small minority of the overall instruction (to the extent some additional defenses could be listed, within reason, Plaintiff does not object). Overall, Plaintiff's instruction is far more in line with the standard instruction, as compared to the instruction Defendants (no. 22) have designed from whole cloth. Plaintiff thus respectfully requests that his instruction be accepted by the Court.

**PLT. JURY INSTRUCTION NO. 27**

**COPYRIGHT-DEFINED (MODIFIED) (17 U.S.C. § 106)**

Copyright is the exclusive right to copy.  This right to copy includes the exclusive rights

(1) authorize, or make additional copies, or otherwise reproduce the copyrighted work in phonorecords;

(2) recast, transform, adapt the work, that is prepare derivative works based upon the copyrighted work;

(3) distribute sound recordings of the copyrighted work to the public by sale or other transfer of ownership; or

(4) perform publicly a copyrighted musical work.

It is the owner of a copyright who may exercise these exclusive right[s] to copy.  The term "owner" includes the author of the work or a person who has acquired the copyright as an heir of the author.  In general, copyright law protects against production, distribution, and performance of substantially similar copies of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 17.1; (2007); 17 U.S.C. §§ 101, 304.

20

**DEFENDANTS' OBJECTION**

Plaintiff is not the owner of the copyright that plaintiff sues upon and this instruction is factually incorrect and misleading.  Further, it refers to matters – such as the various rights of an owner – that are superfluous here.  Defendants believe that their proposed instruction no. 22 is correct and appropriate.

1

2

## **PLAINTIFF'S REPLY**

3

4

5

6

7

   Defendants' continued insistence that Plaintiff does not own the Taurus copyright is a denial of the objective evidence, applicable law, and court orders. However, their objection is off base, as this instruction does not state that Plaintiff is the owner of the copyright, it merely outlines the rights that an owner of a copyright has.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PLT. JURY INSTRUCTION NO. 28

## COPYRIGHT-SUBJECT MATTER-GENERALLY
## (17 U.S.C. §102) (MODIFIED)

The work, "Taurus," involved in this trial is known as a musical work, or musical composition.

You are instructed that a copyright may be obtained in the musical composition, "Taurus."

This work can be protected by the copyright law. Only that part of the works comprised of original works of authorship fixed in any tangible form of expression from which it can be perceived, reproduced, or otherwise communicated, either directly or with the aid of a machine or device is protected by the Copyright Act.

Copyright protection for an original work of authorship does not extend to any idea, procedure, process, system, method of operation, concept, principle or discovery, regardless of the form in which it is described, explained, illustrated, or embodied.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 17.2; (2007).

1

### DEFENDANTS' OBJECTION

2      This instruction is confusing and misleading, and an incorrect statement of the

3  law, in instructing that the copyright at issue extends to fixed forms in which it is

4  included or embodied – such as sound recordings.  That is an incorrect statement of

5  the law.  Order (159) at 17 ("In the present case, Plaintiff's only copyright claim lies

6  in the musical composition of *Taurus*, not the sound recording); *Williams v.*

7  *Bridgeport Music, Inc.*, No. LA CV13-06004 JAK, 2014 WL 7877773, at *9-10

8  (C.D. Cal. Oct. 30, 2014) (recordings are "not protectable publications under the

9  1909 Act" and "the lead sheets are deemed to define the scope of [the 1909 Act]

10 copyrighted compositions"); *Fahmy v. Jay Z*, No. 07CV05715-CAS-PJWx, 2015

11 WL 5680299, at *13-14 (C.D. Cal. Sept. 24, 2015) (same).

12      This instruction, as worded, also is inapt here, where the case does not

13 involve, for example, a "procedure" or "method of operation."  It is confusing in the

14 context of this case and defendants believe their proposed instructions, including

15 instruction no. 24, are correct and appropriate.

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **PLAINTIFF'S REPLY**

3

Copyright was obtained when the song is first created and common law

4 copyright protection attached. *Societe Civile Succession Guino v. Renoir, S49* F .3d

5 1182, 118S (9th Cir. 2008). When a registration was then filed with the U.S

6 Copyright office, along with a copy of the work, it became protected under federal

7 law. *See* Doc. No. 159, at p.10.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLT. JURY INSTRUCTION NO. 29**

## COPYRIGHT-SUBJECT MATTER-IDEAS AND EXPRESSION
## (17 U.S.C. § 102(b)) (MODIFIED)

Copyright law allows the author of an original work to prevent others from copying the way or form the author used to express the ideas in the author's work. Only the particular [way of expressing] [expression of] an idea can be copyrighted and protected. Copyright law does not give the author the right to prevent others from copying or using the underlying ideas contained in the work, such as any procedures, processes, systems, methods of operation, concepts, principles or discoveries. ~~[In order to protect any ideas in the work from being copied, the author must secure some other form of legal protection because ideas cannot be copyrighted.]~~

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 17.3 (2007).

1

## **DEFENDANTS' OBJECTION**

2
3
4

This instruction is duplicative of defendants' proposed instruction no. 28 and defendants believe their proposed instructions, including no. 22, is correct and appropriate.

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# **PLAINTIFF'S REPLY**

This instruction is not duplicative of no. 28, or no. 22 of Defendants. Defendants' instruction no. 28 concerns originality, which Plaintiff's instructions also address, while this instruction concerns the basic subject matter of copyright. Moreover, Defendants' instruction no. 28 contains unacceptable language as detailed in Plaintiff's objections.

### PLT. JURY INSTRUCTION NO. 30

### COPYRIGHT INFRINGEMENT—ELEMENTS—OWNERSHIP AND COPYING (17 U.S.C. § 501(a)–(b))

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

1.  the plaintiff is the owner of a valid copyright; and

2.  the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

**Source:** 9th Cir. Manual 17.4.

1

## **DEFENDANTS' OBJECTION**

2

      This instruction is inapt defendants raise defenses and, accordingly,

3

defendants believe that their proposed instruction no. 25 should be used.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PLAINTIFF'S REPLY**

2

3          The purpose of this instruction is to outline the elements of copyright

4    infringement. It is not to explain affirmative defenses. There are separate instructions

5    that explain affirmative defenses and their applicability. This is the standard

6    instruction and there is no reason to modify it.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLT. JURY INSTRUCTION NO. 31**

**COPYRIGHT INFRINGEMENT-**

**OWNERSHIP OF VALID COPYRIGHT DEFINITION (MODIFIED)**

**(17 U.S.C. §§ 201-205)**

The Plaintiffs are the owner of a valid copyright in the musical composition Taurus if the Plaintiff prove by a preponderance of the evidence that:

    1.     Plaintiff's works are original;

    2     the Plaintiff acquired the copyright of Randy Craig Wolfe in Taurus when the copyright was transferred to the Trust as authorized by the California Superior Court order; and

    3.     the copyright in "Taurus" complies with copyright notice requirements by placing a copyright notice on publicly distributed copies of the works or by registering a copyright in the unpublished works prior to publication.

Authority:  Ninth Circuit Manual of Model Civil Jury Instructions § 17.5 (2007), as modified; 17 U.S.C. § § 101, 304; Act of March 4, 1909 ("1909 Act"), ch. 320 § § 11, 12, 35 Stat. 1075, 1078; *Stewart v. Abend,* 495 U.S. 207, 233 (1990); *Twentieth Century Fox Film Corp. v. Dunnahoo,* 637 F.2d 1338, 1343 (9th Cir. 1981); M. Nimmer and D. Nimmer, 1 Nimmer on Copyright, § 4.05[B][4] at 4-35 .

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OBJECTION**

This instruction is both incorrect factually and misstates the law since sound recordings are not "copies" of the copyrighted 1967 musical composition *Taurus*. *ABKCO Music, Inc. v. LaVere*, 217 F.3d 684, 688-89 (9th Cir. 2000), *cert. denied* 531 U.S. 1051 (2000); *Rosette v. Rainbo Record Mfg. Corp.*, 354 F. Supp. 1183, 1192 n. 8 (S.D.N.Y. 1973) (under the 1909 Act "[a] phonograph record is not a copy of the musical composition itself"), *aff'd*, 546 F.2d 461 (2d Cir. 1976); 17 U.S.C § 303(b).  Defendants believe that their proposed instruction no. 26 is correct and appropriate.

1

## **PLAINTIFF'S REPLY**

2

3        The instruction Defendants want is inadequate and does not explain that
4    ownership of a copyright may be transferred—the precise issue in this case. It even
5    puzzlingly deletes any language relating to the transfer of the copyright, which is the
6    basis upon which Plaintiff asserts ownership. This instruction makes it clear for the
7    jury the factual determination they need to make concerning the ownership of
8    Taurus. Moreover, Defendants objection to the language concerning public
9    distribution is the standard language and is correct.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLT. JURY INSTRUCTION NO. 32

## COPYRIGHT INFRINGEMENT-ORIGINALITY (MODIFIED)

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others, with the owner's permission. The original parts of the Plaintiff's work are the parts created:

(1) independently by the work's author, that is, the author did not copy it from another work; and

(2) by use of at least some minimal creativity.

In copyright law, the "original element" of a work need not be new or novel. To qualify for copyright protection, a work must be original to the author. Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possesses at least some minimal degree of creativity. Originality does not signify novelty; a work may be original even though it closely resembles other works so long as the similarity is fortuitous, not the result of copying. It must only have a non-trivial creative spark. To illustrate, assume that two poets, each ignorant of the other, compose identical poems. Neither work is novel, yet both are original and, hence, copyrightable. In copyright law, the "original element" of a work need not be new or novel.

Authority: Ninth Circuit Manual of Model Civil Jury Instruction § 17.13 (2007); *see also Feist Publications, Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 345-46 (1991) ("Original, as the term is used in copyright, means only that the work was independently created by the author, as opposed to copied from other works, and that it possesses at least some minimal degree of creativity." "[O]riginality requires independent creation plus a modicum of creativity.")

35

## **DEFENDANTS' OBJECTION**

Plaintiff's proposed instruction is unclear and potentially confusing, including in this case where plaintiff's claim is based on a supposed selection and arrangement of public domain elements.  Defendants believe that their proposed instruction no. 29 is correct and appropriate.

## PLAINTIFF'S REPLY

Plaintiff's instruction is taken from the standard instruction. The bottom paragraph added by Plaintiff reflects binding Ninth Circuit precedent and helpfully explains originality. The Ninth Circuit has held:

> **There is no one magical combination of these factors that will automatically substantiate a musical infringement suit**; each allegation of infringement will be unique. So long as the plaintiff can demonstrate, through expert testimony that addresses some or all of these elements and supports its employment of them, that the similarity was "substantial" and to "protected elements" of the copyrighted work, the extrinsic test is satisfied.

*Swirsky*, 376 F.3d at 849 (emphasis added). *Swirsky* also stated:

> For example, in *Three Boys* we upheld a jury finding of substantial similarity based on the combination of five otherwise unprotectable elements: (1) the title hook phrase (including the lyric, rhythm, and pitch); (2) the shifted cadence; (3) the instrumental figures; (4) the verse/chorus relationship; and (5) the fade ending.

*Id.*

In contrast, Defendants' proposed instruction no. 29 incorrectly portrays originality as some high barrier, the opposite of the legal reality. Defendants' instruction also uses confusing legal terms of art that are unnecessary.

# PLT. JURY INSTRUCTION NO. 33

## COPYING-ACCESS AND SUBSTANTIAL SIMILARITY (MODIFIED)

Instruction 17.4 states that the Plaintiff has the burden of proving that the Defendants copied original elements from the Plaintiff's copyrighted work. The Plaintiff may show the Defendants copied from the work by showing by a preponderance of the evidence that the Defendants had access to the Plaintiff's copyrighted work and that there are substantial similarities between the Defendants' work and original elements of the Plaintiff's work.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 17.16 (2007)

1

## **DEFENDANTS' OBJECTION**

2       This instruction is incomplete, and potentially misleading, and does not

3   accurately state the law, which requires, *inter alia*, that the claimed access be

4   reasonable and not speculative.  *Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1178 (9th

5   Cir. 2003) ("speculation, conjecture, and inference" insufficient to establish access);

6   *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 824 (C.D. Cal. 2010) ("Reasonable

7   access requires more than a 'bare possibility,' and 'may not be inferred through mere

8   speculation or conjecture'"), *quoting Three Boys Music Corp. v. Bolton*, 212 F.3d

9   477, 482 (9th Cir. 2000), *cert. denied* 531 U.S. 1126 (2001).

10       Defendants believe a single instruction correctly explaining the requirement of

11   access is required to avoid confusion and believe that defendants' instruction no.  31

12   is correct and appropriate.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

## **PLAINTIFF'S REPLY**

3
4
5
6

     Plaintiff's instruction closely mirrors the standard instruction. Defendants do not even propose an instruction that informs the jury that copying involves access and substantial similarity. This is necessary introduction and prefacing as the jury is not comprised of lawyers.

7

     Defendants' referenced instruction only refers to access and is inappropriate.

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLT. JURY INSTRUCTION NO. 34**

**COPYRIGHT INFRINGEMENT- COPYING-ACCESS DEFINED (MODIFIED)**

As part of their burden in Instruction No. __, the Plaintiff must show by a preponderance of the evidence that the Defendants had access to the Plaintiff' work. The Defendants had access to the Plaintiff' work if the Defendants had a reasonable opportunity to hear the Plaintiff work before the Defendants' work was created.

Depending on the evidence at trial of the defendant's access to the allegedly infringed work, the court may instruct the jury about factors that show such access, by adding the following after the last paragraph of this instruction:

Access may be shown by:

> [1.]   a chain of events connecting the plaintiff's work and the defendant's opportunity to [hear] that work [or]
>
> [2.]   the plaintiff's work being widely disseminated] [or]
>
> [3.]   a similarity between the plaintiff's work and the defendant's work that is so "striking" that it is highly likely the works were not created independent of one another.

Authority: Ninth Circuit Manual of Model Civil Jury Instructions § 17.17 (2007). Regarding the evidence necessary to demonstrate access, *see Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482-84 (9th Cir.2000) (holding that reasonable opportunity is more than a "bare possibility," such as one based on mere speculation or conjecture; reasonable access can be shown by a chain of events connecting plaintiff's work and defendant's access or by plaintiff's work being widely distributed; often widespread dissemination approach is coupled with theory of "subconscious copying" (citing 4 Nimmer & D. Nimmer, NIMMER ON

41

COPYRIGHT, § 13.02[A] (1999)); Art Attacks Ink, LLC, 581 F.3d at 1143-45 (finding no access shown under chain of events or wide dissemination theories); *Kamar Int'l, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059 (9th Cir.1981) (finding access shown by dealings between parties and third party on chain of events theory relating to same subject matter). When the subject matter of dealings between parties and the third party differs, the chain is broken and access is not shown. *See Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 828 (C.D. Cal. 2010) (citing *Meta-Film Assocs. v. MCA*, 586 F. Supp. 1346, 1355 (C.D. Cal. 1984)).  As to the plaintiff demonstrating that there is a "striking similarity" between works to support an inference of access, *see Three Boys Music.*, 212 F.3d at 483 (holding that in absent of any proof of access, copyright plaintiff can still make out case of infringement by showing that songs were "strikingly similar").

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEFENDANTS' OBJECTION

Plaintiff's proposed instruction is inapt and confusing.  The Court has ruled that plaintiff has not established a triable issue as to access by either direct access or wide dissemination.  Order (159) at 13-14.  Defendants believe that their proposed instruction no. 31 is appropriate for this case.

1

# **PLAINTIFF'S REPLY**

2

3          Defendants' objections are misplaced. While the Court held for purposes of

4    summary judgment that access had not been established by the widespread

5    distribution and striking similarity, Plaintiff intends to introduce testimony in his

6    case in chief at trial that Taurus was in fact widely distributed on the first Spirit

7    album, both in the United States and in Britain. This will create a triable issue of fact

8    for the jury on widespread distribution. In addition, Plaintiff respectfully submits

9    that although the Court held at summary judgment that the compositions of the

10   songs are not strikingly similar that the sound recordings themselves and the

11   production techniques they use are so similar as to preclude independent creation

12   and creation a question of fact as to whether Defendants had access to Taurus.

13   The last paragraph of Defendants' instruction is designed to be unduly prejudicial

14   and the words themselves are largely unsupported by any case law. It attempts to

15   implant in the jury's mind that there is only the "bare possibility" Defendants heard

16   Plaintiff's song and that Plaintiff is relying on speculation. It also baselessly claims

17   that Plaintiff has to present "significant, affirmative, and probative evidence" of

18   access. All of this language is legally erroneous and meaningless.

19          Plaintiff's instruction closely mirrors the standard instruction. The standard is

20   "reasonable possibility." Defendants' proposed instruction could only confuse the

21   jury.

22

23

24

25

26

27

28

44

## **PLT. JURY INSTRUCTION NO. 35**
### **SUBSTANTIAL SIMILARITY (MODIFIED)**

If you determine that there are elements of expression in Defendants' song that are similar to elements of protected expression in Plaintiff's song, you must then determine whether that similarity is substantial. In determining whether there is substantial similarity elements of protected expression in Defendants' song and elements of protected expression in Plaintiff song, you are to apply two separate tests.

The first test is an objective one called the extrinsic test. Here, the analyses and conclusions of the expert witnesses may be of assistance to you. There is no uniform set of factors for you to analyze. Music is not capable of ready classification into only five or six constituent elements; music is comprised of a large array of elements, some combination of which is protectable by copyright. A combination of individually otherwise unprotected elements can be infringed upon. You can analyze the title hook phrase (including the lyric, rhythm, and pitch); the shifted cadence; the instrumental figures; the verse/chorus relationship; the fade ending; the melody; the harmony; the rhythm; the pitch; the tempo, the phrasing; the structure; the chord progressions; the lyrics; the idea; the phraseology; the "melodic contours"; the pitch; the meter; the timbre; the tone; the spatial organization; the consonance; the dissonance; the accents; the note choice; the combinations; the interplay of instruments; the baselines; and new technological sounds of the musical composition. There is no one magical combination of these factors that will automatically substantiate a musical infringement suit; each allegation of infringement will be unique. So long as Plaintiff can demonstrate, through expert testimony that addresses some or all of these copyrighted elements and supports its employment of them, that the similarity is substantial and to protected elements of the copyrighted work, the objective test is satisfied.

For example, in a similar copyright infringement case, the Court upheld a jury finding of substantial similarity based on the combination of five otherwise unprotectable elements: (1) the title hook phrase (including the lyric, rhythm, and pitch); (2) the shifted cadence; (3) the instrumental figures; ( 4) the verse/chorus relationship; and ( 5) the fade ending.

The second test is a subjective one, called the intrinsic test. Under the second test, you are to determine whether an ordinary listener would find expression in Defendants' song that is substantially similar to protected expression in Plaintiff's song. Here, you should not take into account the testimony of the expert witnesses. Rather, under this second test you should determine whether an ordinary, reasonable audience would recognize the Plaintiff's and Defendants' work based on the concept and feel of works, or whether any portion copied is qualitatively or quantitatively important to the Plaintiff's work.

You may only determine that there is substantial similarity of protected expression if you find that Plaintiff has established substantial similarity under both the objective test and the subjective test.

Authority: Ninth Circuit Manual of Model Civil Jury Instruction§§ 17.18. (2007); *Swirsky v. Carey,* 376 F.3d 841, 849 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Morris v. Guetta,* 2013 WL 440127, at fn. 6 (C.D. Cal. Feb. 4, 2013) (relying on *Kouf v. Walt Disney Pictures & Television,* 16 F.3d 1042, 1045 (9th Cir.1994) (citation omitted)); *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010) (relying on *Berkic v. Crichton,* 761 F.2d 1289, 1292 (9th Cir.1985)); *Newton v. Diamond,* 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Cavalier v. Random House,* 297 F.3d 815, 824

46

(9th Cir.2002); *Swirsky v. Carey,* 376 F.3d 841, 847 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004); *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 485 (9th Cir. 2000).

**DEFENDANTS' OBJECTION**

This instruction is an incorrect statement of the law and, for example, instructs that copyright can be found or based upon ideas and non-copyrightable elements, and is replete with references to elements that are either not copyrightable, are not applicable (such as "title hook phrase" – there is no such thing here) and not even music or within the *Taurus* composition copyright (such as "the interplay of instruments" and "new technological sounds of the musical composition").

Also, instructing the jury to determine similarity based upon "concept and feel of works" is uncertain and conflicts with established law that there is no copyright in concepts, and, with "feel," is an inappropriate measure or test of infringement.  17 U.S.C. § 102(b) ("In no case does copyright protection for an original work of authorship extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, regardless of the form in which it is described, explained, illustrated, or embodied in such work"); U.S. Copyright Office Compendium § 310.4 ("Look and Feel -- The U.S. Copyright Office will not consider the so-called 'look and feel' of a work.  Invoking a work's 'feel' is not a viable substitute for an objective analysis of the work's fixed and creative elements. *See* 4 MELVILLE & DAVID NIMMER, NIMMER ON Copyright §13.03[A][1][c] (2013) (criticizing the use of "feel" as a "wholly amorphous referent" that "merely invites an abdication of analysis").

Defendants believe that their proposed instruction no. 32 is correct and appropriate.

1

2

# **PLAINTIFF'S REPLY**

3

4       Plaintiff's instruction closely mirrors the language of the standard instruction.

5  The instruction gives common examples of musical elements. This is completely

6  appropriate. In addition, the "total concept and feel" language is completely

7  appropriate. *See Three Boys*, 212 F.3d at 485 (quoting *Pasillas v. McDonald's Corp*.,

8  927 F.2d 440, 442 (9th Cir.1991)). Defendants' instruction, in contrast, misstates the

9  extrinsic test and tries to alter the intrinsic test to make it more like the extrinsic test.

10  Plaintiff's instruction is more, based on precedential case law, and does not attempt
to misstate the law.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PLT. JURY INSTRUCTION NO. 36**

2

3

**EXTRINSIC ANALYSIS**

4

5   In determining whether infringement exists, a note-by-note or measure-by-

6   measure analysis is not necessary. Works do not have to be exactly identical on paper.

7   Furthermore, objective analysis of music under the extrinsic test cannot mean that you

8   may simply compare the numerical representations of pitch sequences and the visual

9   representations of notes to determine that the works are not substantially similar,

10   without regard to other elements of the compositions. To pull the harmonic chord

11   progression, tempo, and key elements out of a song individually, without also looking

12   at them in combination, is to perform an incomplete and distorted musicological

13   analysis. Furthermore, to disregard chord progression, key, tempo, rhythm, and genre

14   is to ignore the fact that a substantial similarity can be found in a combination of

15   elements, even if those elements are individually unprotected. For an accurate

16   analysis, this constellation of elements must be viewed together.

17

18

19   Authority: *Swirsky v. Carey,* 376 F.3d 841, 847-48 (9th Cir. 2004), *as amended on*

20   *denial of reh'g* (Aug. 24, 2004).

21

22

23

24

25

26

27

28

50

1

2    **<u>DEFENDANTS' OBJECTION</u>**

Plaintiff's instruction misstates the law. Rather than prohibiting analytical dissection, the law mandates it.  "*Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004)( The extrinsic test requires 'analytical dissection of a work and expert testimony'" and "'[a]nalytical dissection' requires breaking the works 'down into their constituent elements, and comparing those elements for proof of copying as measured by 'substantial similarity'"), *quoting Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 485 (9th Cir. 2000), *cert. denied* 531 U.S. 1126 (2001) *& Rice v. Fox Broad. Co.*, 148 F. Supp. 2d 1029, 1051 (C.D. Cal. 2001), *rev'd on other grounds*, 330 F.3d 1170 (9th Cir. 2003).

Defendants believe their proposed instruction no. 32 is correct and appropriate.

**PLAINTIFF'S REPLY**

Defendants' objection is incorrect and misconstrues the nature of the analytical dissection that takes place under the extrinsic test, and takes the cases they cite out of context. *Swirksy* states:

> In analyzing musical compositions under the extrinsic test, we have never announced a uniform set of factors to be used. We will not do so now. Music, like software programs and art objects, is not capable of ready classification into only five or six constituent elements; music is comprised of a large array of elements, some combination of which is protectable by copyright.[15] For example, in *Three Boys* we upheld a jury finding of substantial similarity based on the combination of five otherwise unprotectable elements: (1) the title hook phrase (including the lyric, rhythm, and pitch); (2) the shifted cadence; (3) the instrumental figures; (4) the verse/chorus relationship; and (5) the fade ending. *Three Boys,* 212 F.3d at 485. Other courts have taken account of additional components of musical compositions, including melody, harmony, rhythm, pitch, tempo, phrasing, structure, chord progressions, and lyrics.*See Ellis v. Diffie,* 177 F.3d 503, 506(6th Cir.1999) (noting that the district court had compared idea, phraseology, lyrics, rhythms, chord progressions, "melodic contours," structures, and melodies under "ordinary observer" test); *Cottrill v. Spears,* 2003 WL 21223846, at *9 (E.D.Pa. May 22, 2003) (unpublished disposition) (comparing pitch, chord progression, meter, and lyrics under extrinsic test); *Tisi v. Patrick,* 97 F.Supp.2d 539, 543 (S.D.N.Y.2000) (analyzing structure, melody, harmony, and rhythm under"striking similarity" test); *McKinley v. Raye,* 1998 WL 119540, at *5 (N.D.Tex. March 10, 1998) (mem.) (analyzing lyrics, melodies, and song structure); *Damiano v. Sony Music Entm't, Inc.,* 975 F.Supp. 623, 631 (D.N.J.1996) (analyzing instrumentation and melody under the extrinsic test); *Sylvestre v. Oswald,* 1993 WL 179101, at *4 (S.D.N.Y. May 18, 1993) (analyzing melody and lyrics under "striking similarity" test); *Intersong-USA v. CBS, Inc.,* 757 F.Supp. 274, 280 (S.D.N.Y.1991)(analyzing chord progression, structure, pitch, and harmony under substantial similarity[16] test). In addition, commentators have opined that timbre, tone, spatial organization, consonance, dissonance, accents, note choice, combinations, interplay of instruments, basslines, and new

52

technological sounds can all be elements of a musical composition. *See* Brent, *supra,* at 248-89; Stephanie J. Jones, *Music Copyright in Theory and Practice: An Improved Approach for Determining Substantial Similarity,* 31 Duq. L.Rev. 277, 294-95 (1993).

There is no one magical combination of these factors that will automatically substantiate a musical infringement suit; each allegation of infringement will be unique. So long as the plaintiff can demonstrate, through expert testimony that addresses some or all of these elements and supports its employment of them, that the similarity was "substantial" and to "protected elements" of the copyrighted work, the extrinsic test is satisfied.

*Swirsky*, 376 F.3d at 849.

Plaintiff's instruction is based on precedential case law and should be adopted.

# PLT. JURY INSTRUCTION NO. 37

## INTRINSIC ANALYSIS

In analyzing the "total concept and feel," you are comparing two works to determine if the allegedly infringing and infringed elements are substantially similar. In comparing the works, you must subjectively determine whether a reasonable audience will recognize the allegedly infringing elements of Defendants' work as a derivative of the Plaintiff's work and whether Defendants unlawfully appropriated Plaintiff's *protectable expression* by taking material of substance and value.

Authority: *Bernal v. Paradigm Talent & Literary Agency,* 788 F. Supp. 2d 1043, 1059 (C.D. Cal. 2010)(relying on *Kouf v. Walt Disney Pictures & Television,* 16 F.3d 1042, 1045 (9th Cir.1994)); *Apple Computer, Inc. v. Microsoft Corp.,* 35 F.3d 1435, 1445 (9th Cir. 1994); *Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.,* 843 F. 2d 600, 606 (1st Cir. 1998).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **DEFENDANTS' OBJECTION**

Plaintiff's instruction and its reference to recognizing a work "as a derivative" is unclear and potentially misleading, and not a complete statement of the law, which requires, *inter alia*, that public domain elements be disregarded and the test limited to original material.  *See, e.g., Smith v. Jackson*, 84 F.3d 1213, 1216, n. 3 (9th Cir. 1996) ("common or trite" musical elements not protected); *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) ("only those elements of a work that are protectable . . . can be compared when it comes to the ultimate question of illicit copying"), *cert. denied* 513 U.S. 1184 (1995).

Defendants believe their proposed instruction no. 32 is correct and appropriate.

1

## **PLAINTIFF'S REPLY**

2

3       Plaintiff's instruction uses the accepted "total concept and feel" language. See

4   *Three Boys*, 212 F.3d at 485 (quoting *Pasillas v. McDonald's Corp.*, 927 F.2d 440,

5   442 (9th Cir.1991)). The language in Defendants' proposed instruction essentially

6   attempts to transform the intrinsic test into the extrinsic test, instructing the jury to

7   discard elements of the song. This is highly confusing and legally erroneous.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PLT. JURY INSTRUCTION NO. 38

## COMBINATION OF UNPROTECTABLE ELEMENTS

You must decide whether Defendants unlawfully infringed upon Plaintiff's protected elements. You may find a combination of unprotectable elements to be protectable. Instruction Nos. _____ and _____ lists examples of some combinations of unprotectable elements that are protectable.

Authority: *Concrete Mach. Co. v. Classic Lawn Ornaments, Inc.,* 843 F. 2d 600 (1st Cir. 1998); *Apple Camp.,* 35 F.3d 1435, 1445-6 (9th Cir. 1994); *Dream Games of Arizona, Inc. v. PC Onsite,* 561 F.3d 983, 989 (9th Cir. 2009); *Swirsky v. Carey,* 376 F.3d 841, 845-8 (9th Cir. 2004), *as amended on denial of reh'g* (Aug. 24, 2004) (internal citations omitted); *Three Boys Music Corp. v. Bolton,* 212 F. 3d 477,486 (9th Cir. 2000).

1

## **DEFENDANTS' OBJECTION**

2

Plaintiff's instruction is contrary to law, which requires a protectable selection

3

and arrangement, rather than just a "combination," and uncertain and potentially

4

misleading. *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348

5

(1991) ("selection and arrangement"). Such a copyright is also "thin" and requires

6

near identity of copying. *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir.2003) ("[A]

7

combination of unprotectable elements is eligible for copyright protection only if

8

those elements are numerous enough and their selection and arrangement original

9

enough that their combination constitutes an original work of authorship").

10

Defendants believe their proposed instruction no. 29 is correct and

11

appropriate.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFF'S REPLY

Defendants' objection is not legally correct and is not supported by the case law it cites. The Ninth Circuit has held:

> There is no one magical combination of these factors that will automatically substantiate a musical infringement suit; each allegation of infringement will be unique. So long as the plaintiff can demonstrate, through expert testimony that addresses some or all of these elements and supports its employment of them, that the similarity was "substantial" and to "protected elements" of the copyrighted work, the extrinsic test is satisfied.

*Swirsky*, 376 F.3d at 849. *Swirsky* also stated:

> For example, in *Three Boys* we upheld a jury finding of substantial similarity based on the combination of five otherwise unprotectable elements: (1) the title hook phrase (including the lyric, rhythm, and pitch); (2) the shifted cadence; (3) the instrumental figures; (4) the verse/chorus relationship; and (5) the fade ending.

*Id.* Defendants' instruction is not supported by the law.

# PLT. JURY INSTRUCTION NO. 39

## QUALITATIVE/QUANTITATIVE IMPORTANCE

Infringement may also exist where portions copied are individually *either* qualitatively *or* quantitatively important to the allegedly infringed work.

A portion of an infringed composition is said to be *qualitatively* important to the work if, even though small in size, it is important to the infringed composition. Thus even the copying of a relatively small portion of an composition may support a finding of substantial similarity.

Quantitative importance is said to exist if Defendants copied a large portion of Taurus into Stairway to Heaven.

You need not find both quantitative and qualitative importance in order to find infringement. Copying of a qualitative *or* quantitative portion of the allegedly infringed work will suffice.

Authority: *Baxter v. MCA, Inc.,* 812 F.2d 421, 425 (9th Cir.1987); *Newton v. Diamond,* 388 F.3d 1189, 1195 (9th Cir. 2004) (internal citations omitted); *Newton v. Diamond,* 204 F. Supp. 2d 1244, 1257 (C.D. Cal. 2002); *Sheldon v. Metro-Goldwyn Pictures Corp.,* 81 F.2d 49, 56 (2d Cir. 1936); *Bridgeport Music, Inc. v. UMG Recordings, Inc.,* 585 F.3d 267, 275 (6th Cir. 2009) ("Thus, the copying of a relatively small but qualitatively important or crucial element can be an appropriate basis upon which to find substantial similarity.").

1

## **DEFENDANTS' OBJECTION**

Plaintiff's instruction, in characterizing the test for de minimis copying, fails to include that any copying – whether quantitatively or qualitatively important – must be copying of protected expression.  This instruction risk the jury concluding that qualitatively or quantitatively important public domain material – such as the public domain minor line cliché in both works – establishes plaintiff's claim.

Defendants believe their proposed instruction no. 39 is correct and appropriate.

1

## **PLAINTIFF'S REPLY**

2

3          Defendants seek to improperly convince the factfinder that small portions of

4   larger works cannot be deemed infringement. In fact, very tiny portions of a work

5   are accorded protection and can be copied:

6          A leading case on de minimis infringement in our circuit is *Fisher v.*
           *Dees,* 794 F.2d 432 (9th Cir.1986), where we observed that a use is de
7          minimis only if the average audience would not recognize the
           appropriation. *See id.* at 434 n. 2 ("[A] taking is considered de
8          minimis only if it is so meager and fragmentary that the average
           audience would not recognize the appropriation.").
9

10

11   *Newton v. Diamond,* 388 F.3d 1189, 1193 (9th Cir. 2004). The Ninth has also held

12   that:

13          Although it is true that a single musical note would be too small a unit
            to attract copyright protection (one would not want to give the first
14          author a monopoly over the note of B-flat for example), an
            arrangement of a limited number of notes can garner copyright
15          protection. *See Elsmere Music, Inc. v. Nat'l Broad. Co.,* 482 F.Supp.
            741, 744 (S.D.N.Y.1980) (finding that four notes were substantial
16          enough to be protected by copyright); *Santrayll v. Burrell,* 1996 WL
17          134803, at *2 (S.D.N.Y. Mar.25, 1996) (mem.order) (finding that the
            repetition of the word "uh-oh" four times in a distinctive rhythm for
18          one measure is sufficiently original to render it protectable under the
            copyright laws). This Court has stated that "[e]ven if a copied portion
19          be relatively small in proportion to the entire work, if qualitatively
            important, the finder of fact may properly find substantial
20          similarity." *Baxter v. MCA, Inc.,* 812 F.2d 421, 425(9th Cir.1987).
21

22

23   *Swirsky*, at 851-52.

24

25

26

27

28

# PLT. JURY INSTRUCTION NO. 40

## COPYRIGHT INFRINGMENT – INVERSE RATIO (MODIFIED)

The access and substantial similarity elements of infringement are "inextricably linked" by an inverse ratio rule. The inverse ratio rule requires a lower standard of proof of substantial similarity when a high degree of access is shown. If you believe that Defendants' actually heard Plaintiff's copyrighted work and there are substantial similarities between the works, you can infer that the substantial similarities between Plaintiff's copyrighted work and Plaintiffs and Defendants' work are the result of copying, not mere coincidence.

Authority: Ninth Circuit Manual of Model Civil Jury Instruction § 17.16 Supp. Instruction (2007); (relying on *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 486 (9th Cir.2000); *Swirsky v. Carey,* 376 F.3d 841, 844-45 (9th Cir.2004); *Rice v. Fox Broadcasting Co.,* 330, F.3d 1170, 1178 (9th Cir.2003)); *Metcalf v. Bochco,* 294 F.3d 1069, 1075 (9th Cir. 2002) ("If the trier of fact were to believe that Warren and Bochco actually read the scripts, as alleged by the Metcalfs, it could easily infer that the many similarities between plaintiffs' scripts and defendants' work were the result of copying, not mere coincidence.")

1

## **DEFENDANTS' OBJECTION**

Plaintiff's proposed instruction fails to distinguish between probative substantial similarity and substantial similarity as to protectable expression. *Narell v. Freeman*, 872 F.2d 907, 911 (9th Cir. 1989) (no infringement even though access and admitted copying). The instruction is likely to confuse and mislead the jury.

## **PLAINTIFF'S REPLY**

The inverse ratio is intrinsic to the substantial similarity comparison and is basic copyright law. *Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 486 (9th Cir.2000); *Swirsky v. Carey,* 376 F.3d 841, 844-45 (9th Cir.2004); *Rice v. Fox Broadcasting Co.,* 330, F.3d 1170, 1178 (9th Cir.2003)); *Metcalf v. Bochco,* 294 F.3d 1069, 1075 (9th Cir. 2002) ("If the trier of fact were to believe that Warren and Bochco actually read the scripts, as alleged by the Metcalfs, it could easily infer that the many similarities between plaintiffs' scripts and defendants' work were the result of copying, not mere coincidence."). "In the Ninth Circuit, the access and substantial similarity elements of infringement are 'inextricably linked' by an inverse ratio rule." Ninth Circuit Model Instruction 17,16 supp. (quoting *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 625 (9th Cir.2010)). The jury should be so instructed.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### PLT. JURY INSTRUCTION NO. 42

### DE MINIMIS COPYING


Defendants contend that there is no copyright infringement because Plaintiff copyright infringement claims are barred because any alleged use or copying of Plaintiff's copyrighted material is *de minimis*. Defendants have the burden of proving this defense by a preponderance of the evidence. Infringement is considered *de minimis* if the use is so meager and fragmentary that the average audience would not recognize the appropriation.


Authority: *Newton v. Diamond,* 388 F.3d 1189, 1193 (9th Cir. 2004) (relying on *Fisher v. Dees,* 794 F.2d 432, 434 n.2 (9th Cir.1986)).

1

### **DEFENDANTS' OBJECTION**

2     Plaintiff's instruction misstates the law and is an incomplete statement of the

3 law. Although pleaded here as a defense, de minimis copying is the result when

4 copying is established but not substantial. *Newton v. Diamond*, 388 F.3d 1189,

5 1192-93 (9th Cir. 2004) ("For an unauthorized use of a copyrighted work to be

6 actionable, the use must be significant enough to constitute infringement [citation

7 omitted].  This means that even where the fact of copying is conceded, no legal

8 consequences will follow from that fact unless the copying is substantial.").  Plaintiff

9 has the burden of proving substantial copying, so the burden lies with plaintiff to

10 prove that any alleged copying of original material was not de minimis.

11     Defendants believe that their proposed instruction no. 39 is correct and

12 appropriate.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **PLAINTIFF'S REPLY**

Defendants seek to improperly convince the factfinder that small portions of larger works cannot be deemed infringement. In fact, very tiny portions of a work are accorded protection and can be copied:

> A leading case on de minimis infringement in our circuit is *Fisher v. Dees,* 794 F.2d 432 (9th Cir.1986), where we observed that a use is de minimis only if the average audience would not recognize the appropriation. *See id.* at 434 n. 2 ("[A] taking is considered de minimis only if it is so meager and fragmentary that the average audience would not recognize the appropriation.").

*Newton v. Diamond,* 388 F.3d 1189, 1193 (9th Cir. 2004). The Ninth has also held that:

> Although it is true that a single musical note would be too small a unit to attract copyright protection (one would not want to give the first author a monopoly over the note of B-flat for example), an arrangement of a limited number of notes can garner copyright protection. *See Elsmere Music, Inc. v. Nat'l Broad. Co.,* 482 F.Supp. 741, 744 (S.D.N.Y.1980) (finding that four notes were substantial enough to be protected by copyright); *Santrayll v. Burrell,* 1996 WL 134803, at *2 (S.D.N.Y. Mar.25, 1996) (mem.order) (finding that the repetition of the word "uh-oh" four times in a distinctive rhythm for one measure is sufficiently original to render it protectable under the copyright laws). This Court has stated that "[e]ven if a copied portion be relatively small in proportion to the entire work, if qualitatively important, the finder of fact may properly find substantial similarity." *Baxter v. MCA, Inc.,* 812 F.2d 421, 425(9th Cir.1987).

*Swirsky,* at 851-52.

Plaintiff's instruction no. 42 quotes precedential case law and is appropriate, to the extent there is even a triable issue of fact that the work appropriated was de minimis.

# PLT. JURY INSTRUCTION NO. 43

## INDEPENDENT CREATION (MODIFIED)

If Plaintiff shows Defendants had access to Plaintiff's work and that there is a substantial similarity between the infringed and infringing works, a presumption of copying arises, that shifts the burden to Defendants to rebut or to show that the alleged infringing work was independently created.

In determining whether Defendants' song was independently created, you may consider evidence presented by Defendants regarding the manner in which the composers created Defendants' song and any other evidence of the circumstances surrounding the creation of Defendants' song.

Authority: Ninth Circuit Manual of Model Civil Jury Instruction§ 17.16 Supp. Instruction (2007); *Three Boys Music Corp. v. Bolton,* 212 F. 3d 477, 486 (9th Cir. 2000).

1

## **DEFENDANTS' OBJECTION**

As the source of this proposed instruction, plaintiff cites to Ninth Circuit Model Civil Instruction 17.16, but that is the instruction for access and substantial similarity and defendants have found not Model instruction for independent creation. Plaintiff's proposed instruction is also incomplete.  Defendants believe that their proposed instruction no. 33 is correct and appropriate.

1

## **PLAINTIFF'S REPLY**

2

3    The supplemental instruction to Model Instruction 17.16 states:

4    If the plaintiff shows that the defendant had access to the plaintiff's
     work and that there is a substantial similarity between the infringed
5    and infringing works, a presumption of copying arises shifting the
     burden to the defendant to rebut the presumption or to show that the
6    alleged infringing work was independently created. *Three Boys*
     *Music*, 212 F.3d at 486 ("By establishing reasonable access and
7
     substantial similarity, a copyright plaintiff creates a presumption of
8    copying. The burden shifts to the defendant to rebut that presumption
     through proof of independent creation.").
9

10

11   Plaintiff's instruction is based on the language of the model instructions. Defendants'
     objection is wrong. In addition, Defendants' instruction no. 33 is unduly prejudical
12   and biased and not based in the model instructions.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# PLT. JURY INSTRUCTION NO. 44

## WAIVER AND ABANDONMENT

To find abandonment, the copyright owner must have clearly and unambiguously relinquished a known right by clearly manifesting that intention through some affirmative, overt act. Remarks such as "just take it" are not sufficient as a matter of law to establish waiver or abandonment.

Authority: *See Oravec v. Sunny Isles Luxury Ventures L.C.*, 469 F. Supp. 2d 1148, 1178 (S.D. Fla. 2006) aff'd, 527 F.3d 1218 (11th Cir. 2008);  *Hadady Corp. V. Dean Witter Reynolds, Inc.*, 739 F. Supp. 1392, 1398-99 (C.D. Cal. 1990). *Marya v. Warner/Chappell Music, Inc.*, 2015 WL 5568497, at *11 (C.D. Cal. Sept. 22, 2015) *Melchizedek v. Holt*, 792 F. Supp. 2d 1042, 1053 (D. Ariz. 2011).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **DEFENDANTS' OBJECTION**

Defendants have advised plaintiff that, in light of the Court's ruling on the motion for summary judgment, they are not pursuing the defenses of waiver and abandonment at trial.  The instruction is not relevant to any present defense and, accordingly, is improper and would only confuse the jury.  *Clem*, 566 F.3d at 1181.

1

## **PLAINTIFF'S REPLY**

2

3        Defendants' representations are taken under consideration.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**PLT. JURY INSTRUCTION NO. 45**

2

3

**LIABILITY FOR DISTRIBUTION**

4

5      A distributor who distributes an infringing work is liable for copyright

6   infringement. Any member of the distribution chain is joint and severally liable for

7   the copyright infringement. Members of the distribution chain include any persons or

8   entities engaged in the sale, distribution, and/or publication of the infringing work.

9   Joint and several liability means that infringing party is individually responsible for

10   the entire damage obligation.

11

12

13   Authority: *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.,* 832 F. Supp. 1378,

14   1384 (C.D. Cal. 1993) (relying on *Sygma Photo News, Inc. v. High Society*

15   *Magazine, Inc.,* 778 F.2d 89, 92 (2d Cir.1985); *Ford Motor Co. v. B & H Supply,*

16   *Inc.,* 646 F.Supp. 975, 989 (D.Minn.1986); *Columbia Broadcasting Sys., Inc. v.*

17   *Scorpio Music Distributors, Inc.,* 569 F.Supp. 47, 48-49 (E.D.Pa.1983), *affd without*

18   *op.,* 738 F.2d 424 (3d Cir.1984)); *Lockheed Martin Corp. v. Network Solutions, Inc.,*

19   1997 WL 381967, at *3 (C.D. Cal. Mar. 19, 1997) (quoting *Stabilisierungfonds Fur*

20   *Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d 200, 207, 209 USPQ 633,

21   638 (D.C. Cir. 1981) and relying on 7 Wright & Miller, Federal Practice and

22   Procedure, Civil2d 1614, at 225 (2d ed. 1986); LIABILITY, Black's Law Dictionary

23   (9th ed. 2009).

24

25

26

27

28

1

### **DEFENDANTS' OBJECTION**

2       Plaintiff's proposed instruction is contrary to law, inapplicable and confusing.

3  The only persons and entities even potentially "liable for copyright infringement" in

4  this action are the remaining parties.  The Court cannot adjudicate claims against

5  "[a]ny member of the distribution chain" who is not a named defendant appearing in

6  the action.  Further, each defendant is potentially liable for his or its respective

7  profits from the alleged infringement and they are not jointly and severally liable for

8  each other's profits.  The cases plaintiff relies upon do not support this instruction.

9  For example, in *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp.

10  1378 (C.D. Cal. 1993), the Court stated that "a copyright owner may sue 'any

11  member of the distribution chain,'" not that any member of the distribution chain –

12  whether or not named and in the case – is liable.  832 F. Supp. at 1384, *quoting*

13  *Stabilisierungsfonds Fur Wein v. Kaiser Stuhl Wine Distributors Pty. Ltd.,* 647 F.2d

14  200, 207 (D.C.Cir.1981).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PLAINTIFF'S REPLY**

2

3      Defendants' objection that entities who are not defendants might be held

4   liable is not remotely credible. This instruction is appropriate.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **PLT. JURY INSTRUCTION NO. 49**

## **COPYRIGHT-DAMAGES-ACTUAL DAMAGES AND DEFENDANTS' PROFITS (17 U.S.C. § 504(b)) (MODIFIED)**

The copyright owner is entitled to recover the actual damages suffered as a result of the infringement. Actual damages means the amount of money adequate to compensate the copyright owner for the reduction of the fair market value of the copyrighted work caused by the infringement. The reduction of the fair market value of the copyrighted work is the amount a willing buyer would have been reasonably required to pay a willing seller at the time of the infringement for the actual use made by the defendant of the plaintiff's work. That amount also could be represented by the lost license fees the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

In addition to actual damages, the copyright owner is entitled to any profits of the defendant attributable to the infringement. You may not include in an award of profits any amount that you took into account in determining actual damages.

You may not include in an award of profits any amount that you took into account in determining actual damages. You may make an award of the Defendants' profits only if you find that Plaintiff showed a causal nexus between the infringement and the profits generated indirectly from the infringement and/or defendant's gross revenue. A casual nexus exists when there is a link between the infringement and Defendants' revenues.

Defendants' profits are determined by deducting all expenses from the Defendants' gross revenue. Defendants' gross revenue is all of their receipts from the

78

sales and income of the products and exploitations containing or using the copyrighted work. Plaintiff has the burden of proving Defendants' gross revenue by a preponderance of the evidence.

Expenses are all operating and production costs incurred in producing Defendants' gross revenue. Defendants have the burden of proving their expenses by a preponderance of the evidence.

Unless you find that a portion of the profits from the products or exploitations containing or using the copyrighted work is attributable to factors other than use of the copyrighted work, all of the profits are to be attributed to the infringement. Defendants have the burden of proving the portion of the profits, if any, attributable to factors other than infringing the copyrighted work.

Authority: Ninth Circuit Manual of Model Civil Jury Instruction § 17.32, 17.33 (2007); 17 U.S.C. 504(b); *Polar Bear Prods., Inc. v. Timex Corp.,* 384 F.3d 700, 714 (9th Cir. 2004), *as amended on denial of reh'g and reh'g en banc* (Oct. 25, 2004), *opinion amended on denial of reh'g,* No. 03-35188, 2004 WL 2376507 (9th Cir. Oct. 25, 2004) ("Although *Andreas* does not necessarily set the bar for what is sufficient evidence of a causal nexus, comparing Polar Bear's claim vividly highlights its deficiencies. Missing is the link between the infringement and revenue resulting from sales."); *Oracle Corp. v. SAP AG,* 765 F.3d 1081, 1087 (9th Cir. 2014); *Blizzard Entm't, Inc. v. Reeves,* 2010 WL 4054095, at *I (C.D. Cal. Aug. 10, 2010).

# **DEFENDANTS' OBJECTION**

Plaintiff's instruction merges two Model instructions, nos. 17.32 and 17.33, on different subjects.  *See,* Order for Jury Trial (Doc. 79) at 5 ("Each requested instruction shall . . . cover only one subject or principle of law").  The instruction is also unclear, including by reason of its reference to "profits generated indirectly from the infringement and/or defendant's gross revenue," and misleading.  In addition, profits are an equitable remedy for the Court, not the jury, to decide.  *Petrella*, 134 S. Ct. at 1967 n.1; 3 *Nimmer on Copyright* § 12.06[B][3][d][i] (*Petrella* "places recovery of defendant's profits squarely on the equitable side of the ledger"); *Fifty-Six Hope Rd. Music, Ltd. v. A.V.E.L.A., Inc.*, 778 F.3d 1059, 1075 (9th Cir. 2015) (profits under Lanham Act an issue for the court), *cert. denied*, 136 S. Ct. 410 (2015).

Defendants believe that proposed instruction no. 48 is a correct and proper instruction as to actual damages and, should the Court determine to instruct the jury as to profits, defendants' proposed instruction no. 49 is a correct and appropriate instruction in this case.

# **PLAINTIFF'S REPLY**

Plaintiff believes that merging the instructions for 17.32 and 17.33 creates a more coherent instruction. However, regardless of whether the instructions are split in two, Plaintiff notes that the defendants' instructions contains objectionable language. Plaintiff in particular objects to the last paragraph of Defendants' instruction no. 49 which is unnecessary, unduly prejudicial, and merely argue Defendants' position which is improper in a jury instruction. Moreover, some of the items laundry listed are improperly included, such as a performance of Stairway to Heaven by Defendants or marketing of Stairway to Heaven. A performance of Stairway to Heaven would absolutely infringe on Plaintiff's copyright in Taurus. Monies attributable to the marketing of Stairway to Heaven would also be recoverable. The entire list is misleading, confusing, unsupported, and not warranted.

In addition, the instruction ignores the effect of a finding of willful infringement and what effect that has on the damages calculation.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLT. JURY INSTRUCTION NO. 50

## APPORTIONMENT

If you find that the infringing and non-infringing elements of the Defendants' work are inextricably intertwined, meaning that they are so suffused and intertwined, as to render apportioning profits to specific portions of infringement impossible, then no apportionment in appropriate. Plaintiff are entitled to all of Defendants' profits relating to the infringing work.

Authority: *Business Trade Analysts, Inc. v. Freedonia Group, Inc.,* 887 F.2d 399, 407 (2d. Cir. 1989) (citing *Sheldon v. Metrro-Goldwyn Pictures,* 309 U.S. 390. 401-02 (1940); *Belford v. Scribner,* 144 U.S. 488, 508 (1892); *Callaghan v. Myers,* 128 U.S. 617, 665- 66 (1888); *Alfred Bell & Co. v. Catalda Fine Arts, Inc.,* 86 F.Supp. 399 (S.D.N.Y.1949), *affd as modified,* 191 F.2d 99 (2d Cir.1951).

1

**DEFENDANTS' OBJECTION**

2          Plaintiff's proposed instruction misstates the law, which entitles defendants to

3    prove that profits from the alleged infringement are allocable to factors other than the

4    allegedly-infringing use of a minor line cliché.  17 U.S.C. § 304(b).  The cases

5    plaintiff cites are inapplicable.  For example, in *Bus. Trends Analysts, Inc. v.*

6    *Freedonia Grp., Inc.*, 887 F.2d 399, 407 (2d Cir. 1989) the apportionment could not

7    be done, while here it is clear that multiple other factors – including, but not limited to

8    the lyrics, the rest of the music and the band members' performances – are important

9    factors in the receipt of profits from *Stairway to Heaven*.  And, in *Sheldon v. Metro-*

10   *Goldwyn Pictures Corp.*, 309 U.S. 390, 398 (1940), the Supreme Court approved the

11   allocation of 20% of a movie's profits to its infringing use of the plaintiff's

12   screenplay.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# **PLAINTIFF'S REPLY**

Defendants' conclusory assertion that apportionment is not possible is contradicted by the evidence. It is fully possible that a jury could find that the protected expression taken from Taurus could not be separated from the other elements in the first half of Stairway to Heaven and that apportionment is impossible. The jury could also conclude based on the qualitative importance of the first half of Stairway to Heaven, which Plaintiff argues is easily the most recognizable and memorable, that apportioning the whole song is impossible. These are factual questions for the jury and the instruction is appropriate.

# PLT. JURY INSTRUCTION NO. 51
## WILLFUL INFRINGEMENT (MODIFIED)

An infringement is considered willful when Plaintiff has proved both of the following elements by a preponderance of the evidence:

(1)     Defendants engaged in acts that infringed the copyright;

(2)     the defendant knew that those acts infringed the copyright, or the defendant acted with reckless disregard for, or willful blindness to, the copyright holder's rights.

Willful is defined as Defendants' knowledge that their conduct constituted an act of infringement. Even if infringement was originally without knowledge, continuing to engage in infringing activities, including the performance, manufacture and/or distribution of songs and records, after having been notified that such actions constitute infringement, constitutes willful copyright infringement. Deductions of Defendants' overhead expenses are not permitted where the Defendants' infringement is willful or deliberate.

Authority: Ninth Circuit Manual of Model Civil Jury Instruction § 17.36 (2007). ("[A] finding of willfulness can also be made in connection with an assessment of defendant's profits, even though reference to willful infringement is made only in connection with statutory damages." *See, e.g., Three Boys Music Corp. v. Bolton,* 212 F.3d 477, 487 (9th Cir.2000)); *Peer Int'l Corp. v. Pausa Records, Inc.,* 909 F.2d 1332, 1335-36 (9th Cir. 1990)("The court found the infringements were willful because of 'Mr. Newman's deposition testimony that defendants received the December 26, 1984 notice of termination, failed to account for and pay royalties, yet nevertheless

85

continued to manufacture and distribute phonorecords."'); *Frank Music Corp. v. Metro-GoldwynMayer, Inc.,* 772 F.2d 505, 515 (9th Cir. 1985); *Kamar Int'l, Inc. v. Russ Berrie & Co.,* 752 F.2d 1326, 1331-32 (9th Cir.1984).

1

**DEFENDANTS' OBJECTION**

2          Plaintiff's proposed modifications to this Model instruction are an incorrect

3   statement of the law, including insofar as it instructs that merely continuing to

4   exploit the allegedly-infringing work after notice of a claim establishes willfulness.

5   *Evergreen Safety Council v. RSA Network, Inc.*, 697 F.3d 1221, 1228 (9th Cir. 2012)

6   ("Continued use of a work even after one has been notified of his or her alleged

7   infringement does not constitute willfulness so long as one believes reasonably, and

8   in good faith, that he or she is not infringing"); *Nimmer on Copyright* § 14.04 ("one

9   who has been notified that his conduct constitutes copyright infringement, but who

10  reasonably and in good faith believes the contrary, is not 'willful' for these

11  purposes").

12         Defendants believe that their proposed instruction no. 52 is a correct and

13  appropriate statement.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PLAINTIFF'S REPLY**

2

3      Plaintiff's additional language explains that initial knowledge of the

4  infringement is not necessary, but that even later knowledge of the infringement will

5  suffice to establish willfulness. Plaintiff's instruction is based in the law and is

6  proper.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## **PLT. JURY INSTRUCTION NO. 53**

2

3

4

## **INTERNATIONAL DAMAGES**

5

6       Plaintiff is entitled to recover extraterritorial damages for copyright

7 infringement occurring outside of the United States if:

8

9       (1) Defendants' infringing act was completed within the United States;

10      (2) The infringing act enabled exploitation of the infringing work outside of the

11          United States; and

12      (3) Damages flowed into the United States as a result of the exploitation.

13

14 Authority: *Los Angeles News Serv. v. Reuters Television Intern., Ltd.,* 149 F.3d 987,

15 990-92 (9th Cir. 1998).

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OBJECTION**

Plaintiff's proposed instruction misstates the law. Defendants' profits from exploitation of *Stairway to Heaven* outside the United States are not potentially recoverable only to the extent that they are from the sale or licensing of the composition and recording created in England. *Sheldon v. Metro-Goldwyn Pictures Corp.*, 106 F.2d 45, 52 (2d Cir. 1939) (since defendant "made the [movie] negatives in this country, or had them made here, and shipped them abroad," "equitable interest" applied to profits from extraterritorial sales), *aff'd*, 309 U.S. 390 (1940); *Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988); 5 *Nimmer on Copyright* § 14.05 ("when an infringing work is produced in the United States, the copyright owner acquires an equitable interest therein as soon as it comes into being, and that the work is thereafter impressed with a constructive trust so that the plaintiff is entitled to profits accruing from exploitation of the work anywhere in the world"); *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.*, 149 F.3d 987, 992 (9th Cir. 1998) (same), *cert. denied*, 525 U.S. 1141 (1999).

Plaintiff's proposed instruction's reference to an "infringing act [being] completed in the United States is unclear, misleading and an incorrect statement of the law. For example, under the foregoing cases the exploitation of the 1971 recording of *Stairway to Heaven* in the United States – which recording is not the so-called Sunset Studio mix that was not recently until recently – does not create a right to seek foreign profits from that recording, because that recording was created in England, not the United States.

1

## **PLAINTIFF'S REPLY**

2

3          The Court has already ruled on this issue at summary judgment and Plaintiff's

4   instruction is proper.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28