Francis Malofiy, Esq.
Francis Alexander, LLC
280 N. Providence Rd. | Suite 1
Media, PA 19063
T:  (215) 500-1000; F:  (215) 500-1005
E:  francis@francisalexander.com
*Attorney for Plaintiff*

Glen L. Kulik, Esq. (SBN 082170)
Kulik Gottesman & Siegel LLP
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
T:  (310) 557-9200; F: (310) 557-0224
E:  gkulik@kgslaw.com
*Attorney for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>Defendants. | Case No. 15-cv-03462 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**DECLARATION OF FRANCIS MALOFIY IN SUPPORT OF PLAINTIFF'S RESPONSE OPPOSING DEFENDANTS' EX PARTE APPLICATION RE: EXPERT DEPOSITIONS**<br><br>Filed concurrently with Response Opposing Defendants' Ex Parte Application; and [Proposed] Order<br><br>Trial Date:   June 14, 2016<br>Time:           9:00 a.m.<br>Courtroom:   850 |

I, Francis Malofiy, declare:

1.   I am an attorney in the law firm of Francis Alexander, LLC, and I represent Plaintiff Michael Skidmore, as Trustee for the Randy Craig Wolfe Trust in the above-captioned matter.  I have personal knowledge of the facts recited below, and, if called as a witness, I could and would testify competently to the facts contained in this declaration.

2.   Counsel for Plaintiff and Defendants extensively discussed expert discovery in Fall 2015. Attached as Exhibit 1 to this declaration is a true and accurate copy of email discussions between counsel.

3.   Despite extensive communications with defense counsel, they refused to agree to any extension of any deadlines including expert reports and depositions. Attached as Exhibit 2 to this declaration is a true and accurate copy of email discussions between counsel.

4.   Defendants served subpoenas on Plaintiff's counsel in March 2016, for expert depositions. Plaintiff was clear that these subpoenas were untimely. _See_ Exhibit 2. Defendants did not file a motion. Later in April 2016 Defendants withdrew those subpoenas. Defendants, again, did not petition the Court at that time.

5.   Taking expert depositions in the month before the June 14, 2016 trial will be unduly prejudicial. There is a huge amount of work to be done to prepare a case this complicated for trial, and Defendants' untimely application to start expert discovery over three months past the discovery deadline would significantly distract from that focus and also cost an inordinate amount of money.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of May, 2016 at Media, Pennsylvania.


/s/ _Francis Alexander_
Francis Malofiy

---

DECLARATION OF FRANCIS MALOFIY IN SUPPORT OF PLAINTIFF'S RESPONSE OPPOSING
DEFENDANTS' EX PARTE APPLICATION RE: EXPERT DEPOSITIONS

# EXHIBIT 1

**From:** Peter J. Anderson [███████████████████]
**Sent:** Monday, December 28, 2015 6:34 PM
**To:** Francis Alexander Malofiy ███████████████████████>; Helene M. Freeman ███████████████████>
**Cc:** AJ Fluehr <████████████████>; Staff <██████████████████>; Glen Kulik ████████████████>
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - DISCOVERY (SERVED)

Dear Francis:

While you have provided some additional information, you haven't provided other information, misstate what I said in the conference call and haven't lived up to your undertakings.

First, the following dates you proposed are acceptable for these depositions, which will take place at the time and locations specified in the deposition subpoenas:

- Bruce Pates, January 19, 2016.
- Mark Andes, January 15, 2016.

Please note that the subpoenas remain in full force and agreeing to your request to change the deposition dates doesn't change the response dates for the documents-only subpoenas served on them.

- Mr. Andes' documents are to be produced to the court reporter's office on January 13, 2016, as per the documents-only subpoena served on him.
- Mr. Pates' documents were to be produced last Tuesday and, as I confirmed in my e-mail to you last week, you told me that he had provided the documents to you and you would be producing them by the end of last week. However, you did not produce the documents and now suggest that he is unavailable to get you the documents you told me he had already provided to you. It is important that you produce the Pates documents immediately. If they are not produced by tomorrow, I will apply to the court for relief.

Thank you for confirming January 13 for the deposition of Mr. Ferguson, as noticed and per the subpoena.

Thank you also for confirming the location and date for Mr. Skidmore's deposition. However, is it possible for you to produce him before February 5?

Second, I did not "agree[] to get the multi-tracks." You requested Pro Tools or other electronic multi-tracks and stems for *Stairway to Heaven* and I told you, clearly and several times, that although I didn't see the relevance, they weren't within the request for production and I didn't even know if they exist, I'd check to see whether the record company defendants even had such items. Despite the holidays, I was able to reach someone and am advised that they have no multi-tracks for *Stairway to Heaven*. I'm also told that, contrary to your asserting, multi-tracks weren't needed for the re-mastering of *Stairway to Heaven*.

Third, on experts, defendants' experts are by way of rebuttal, and under Rule 26 rebuttal reports

aren't due until March 11, after the deadline for defendants to file their motion for summary judgment. I'm repeating myself, but if you are fine with that, then that's your choice. If not, and if you decline to agree to a disclosure date before February 9, then that still leaves the other possibility you mentioned – asking the court to move the motion filing deadline, pretrial and trial dates so that we can insert an expert disclosure schedule and complete expert discovery before the deadline to file the motion for summary judgment. You said you'd discuss that with Glen and let me know.

Fourth, I don't understand the relevance or reason for having Mr. Page play *Stairway to Heaven*. I'll forward your request, but in the meantime please explain what you intend to ask him to play and why it's relevant.

Fifth, you still haven't confirmed that plaintiff has produced all documents in his possession, custody or control and within Requests Nos. 1-3, 11-14, 17, 19-42, 44-52 (the Requests as to which you said you would confirm that all documents had been produced). Since you seem to be avoiding providing that confirmation, you leave me little choice but to file a motion to compel as to these Requests. If, however, plaintiff has produced all documents in his possession, custody or control and within these Requests, please provide that confirmation today.

Francis, it is important that I hear back from you and that you produce the Pates documents no later than tomorrow.

Best regards.

Peter.

**From:** Francis Alexander Malofiy [mailto███████████████████]
**Sent:** Sunday, December 27, 2015 9:22 PM
**To:** Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Staff; Glen Kulik
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - DISCOVERY (SERVED)

Dear Peter,

I thought I covered everything; however, I missed addressing Bruce Pates document production. I can't get ahold of him right now. He doesn't have a cell phone and he went to his mother's for the holidays. He's back on the 30th.

*****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: ███████████████

**From:** Francis Alexander Malofiy
**Sent:** Monday, December 28, 2015 12:04 AM
**To:** Peter J. Anderson <█████████████████>; Helene M. Freeman <████████████████████>
**Cc:** Francis Alexander Malofiy <███████████████████>; AJ Fluehr
    <████████████████████>; Staff <███████████████████████>; Glen Kulik <████████████████>

**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - DISCOVERY (SERVED)

Dear Peter,

DEPOSITIONS:

Bruce Pates. Tennessee. He said the location which you had picked is good for him.

Mark Andes. Magnolia, Texas.

Mick Skidmore. Quincy, Mass.

Jay Ferguson. Although the January 13th date is a hardship for me, I have made necessary adjustments to accommodate opposing counsel and the 3rd party given that we have a short discovery period. So this confirms the 13th for Jay Ferguson.

Defendant PMK. Confirmed for February 9th and 10th in LA. Thank you for getting this done.

Thank you for agreeing to get the multi-tracks. This is important in taking the depositions of Jimmy Page and John Paul Jones. Without the multi-tracks, I will need Jimmy to play certain parts of Stairway. Do you see this being a problem? I would ask that he brings an acoustic and electric guitar which he is comfortable playing, or, in the alternative, I could bring a Gibson Les Paul and Martin acoustic (ask him what model he wants. I can either get one or already have it). If he's bringing his own guitars (electric and acoustic), please have him identify the make and model and tell me whether it has a pickup (what kind of pickup and jack input), or whether it will need to be mic'd.

> (1) UK LOCATION: I'm waiting to hear back on deposition location. I should have an address by Wednesday. As soon as I have it, I will provide it to you. Thank you for the offer. I will keep it in mind.

> (4) EXPERTS: I'm of the position that both Plaintiff and Defendants' expert reports are due on February 9th. Rule 26 says that parties must disclose expert reports 90 days before trial, referring to both sides. If you are saying that Defendants don't have to disclose experts 90 days before trial; then, I don't agree with this. In the alternative, what type of stipulation do you want to present to the Court? Plaintiff will not agree to having his expert reports due before February 9th.

> (5) DOCUMENT DISCO: I will get hand signed verifications to you this week. Mick is back in the swing of things. The holidays made things a bit difficult.

Thank you for getting the protective order in. When can we expect the documents?

To all, I hope you enjoyed the holidays and best to all in the New Year.

*****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: █████████████████████

**From:** Peter J. Anderson [mailto█████████████████]
**Sent:** Thursday, December 24, 2015 1:02 PM
**To:** Francis Alexander Malofiy <█████████████████>; Helene M. Freeman
████████████████ >

**Cc:** AJ Fluehr ████████████████████ >; Staff ████████████████████ >; Glen Kulik ████████████ >

**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - DISCOVERY (SERVED)

Dear Francis:

Thank you for your e-mails.

I think those dates will work for me, but could you please confirm where you propose that the depositions take place? I assume Mr. Pates will be in Tennessee and Mr. Skidmore in Massachusetts, but you mentioned the possibility that Mr. Andes might travel to Los Angeles for his deposition. In addition, I take it this means that, as you suggested may be possible, the January 13 deposition of Mr. Ferguson works for you?

Also, I confirm that the entity defendants' designees to testify as to the publishing side and recording side revenues, expenses and any communications with Mr. Skidmore are available in Los Angeles on February 9-10. If you do try to narrow the last topic still on the table – facts alleged in your first amended complaint – please let me know since, depending on the narrowed topic, that may add another designee who may or may not be in Los Angeles and/or available those days.

Thank you for your confirmation of authority to submit the Stipulated Protective Order to the court, and I'll have that done today.

Finally, I look forward to receiving Mr. Pates' documents in response to the documents-only subpoena directed to him, and to hearing from you on the open issues, including per my e-mail below:

1. Whether you decide to take the London depositions at the Jones Day office and, if not, the address where the London depositions will take place. Please also advise the start time for the depositions.

4. Any new suggestions you may have for resolving the expert disclosure timing problems we discussed.

5. Your confirmation whether plaintiff has now produced all documents in his possession, custody or control and within Requests Nos. 1-3, 11-14, 17, 19-42, 44-52 (the Requests as to which you said you would confirm that all documents had been produced). Also, you had said you were going to serve additional responses once Mr. Skidmore was available, and we haven't received those.

I look forward to hearing from you. And, of course, best wishes for the holiday.

Best regards.

Peter.

---

**From:** Francis Alexander Malofiy [mailto:█████████████████████ ]
**Sent:** Wednesday, December 23, 2015 9:59 PM
**To:** Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Staff; Glen Kulik
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - DISCOVERY (SERVED)

Dear Peter and Counsel:

This is what I have for depositions:

Mark Andes: January 15.

Bruce Pates: January 19.

Mick Skidmore: February 5.

Please confirm we can do the 30(b)(6) witnesses in LA on the 9th and 10 of February.

*****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: f███████████████████████

**From:** Peter J. Anderson [mailto█████████████]
**Sent:** Tuesday, December 22, 2015 11:48 AM
**To:** Francis Alexander Malofiy <████████████████████>; Helene M. Freeman
████████████████████ >
**Cc:** AJ Fluehr <███████████████>; Staff <██████████████>; Glen Kulik
██████████ >
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - DISCOVERY (SERVED)

Francis:

I'm writing to confirm that in our call yesterday you advised that Mr. Pates will not be producing documents today in response to the documents-only subpoena directed to him, but that he provided the requested documents to you and you will be providing them to me this week. You also agreed to provide by tomorrow proposed alternate dates for the depositions.

I look forward to hearing from you on the other issues below, and to our call at 3 p.m., west coast time, this afternoon.

Best regards.

Peter.

**From:** Peter J. Anderson [mailto:█████████████]
**Sent:** Monday, December 21, 2015 2:53 PM
**To:** 'Francis Alexander Malofiy'; 'Helene M. Freeman'
**Cc:** 'AJ Fluehr'; 'Staff'; 'Glen Kulik'
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - DISCOVERY (SERVED)

Dear Francis:

Thank you for your e-mail. Again using your numbering:

1. You didn't name any UK entity defendants, so I don't know what you mean. On the offer to make a conference room available to you, I can provide a conference room at Jones Day's London offices, 21 Tudor Street, London EC4Y 0DJ. Please let me know if that works for you.

2. Thank you for your confirmation, which I'll relay and get back to you. Of course, we need the Protective Order entered by the Magistrate Judge, not just signed by counsel. Sometimes – as Glen may be able to confirm – our Magistrate Judges decline to enter them as submitted and bounce them back with requested changes, and we can't risk producing confidential documents without a stipulated Protective Order actually in place.

3. January 18 is a holiday, so that doesn't work. February 9-10 are two consecutive days in Los Angeles that may work for the entity defendants' Rule 30(b)(6) depositions; please let me know if you'd like me to try to confirm that. A call tomorrow at 1:00 pacific time to discuss the Rule 30(b)(6) topics doesn't work, but I can do 3:00 p.m. pacific time tomorrow, if that

works for you and everyone else.

4. By my calculation, 90 days before the May 10 trial date is February 9, not February 11. Since defendants' experts are by way of rebuttal of plaintiff's, if the default dates are followed then you wouldn't get defendants' expert disclosures until March 11. Again, let me know if you're fine with the court ruling on defendants' motion for summary judgment without plaintiff having completed expert discovery.

Also, I don't see the expert depositions as being for trial only and we intend to depose plaintiff's experts before filing defendants' motion for summary judgment. So, if we do go with the default dates, then we would depose your experts shortly after their reports are provided on February 9. It's important that you keep that in mind if you insist on following the default procedures.

5. Thank you for your confirmation that no discovery has been withheld, but – since plaintiff has declined to respond to some of the discovery – it is important that we are clear.

Please specifically confirm that plaintiff produced all documents in his possession, custody or control and within Requests Nos. 1-3, 11-14, 17, 19-42, 44-52. Those are the Requests as to which you said you would confirm that all documents had been produced.

6. I've been very clear: I'm happy to work with you on scheduling, but unless and until you provide reasonable and available alternate dates for depositions they remain on calendar.

As for Mr. Pates, I notified you almost two weeks ago of his subpoenas, you keep saying you'll provide proposed alternate dates, but you still haven't done so. I'll have to keep his deposition on calendar for December 30 unless, after you provide other dates that work for his deposition, we agree to reschedule it. In the meantime, his production of documents pursuant to the documents-only subpoena served on him is tomorrow.

As for you request that we move Mr. Ferguson's deposition a week, let me know if it would work for you if we move him to January 19 and, if so, I'll check to see if Mr. Ferguson can do January 19.

Also, attached is a courtesy copy of the subpoenas directed to Mr. Andes. I've set the deposition for January 20, thinking that it would mean that you'd be flying from Texas, rather than Los Angeles, to Philadelphia and you can get a better flight from Texas. Please let me know if that works and, if not, please provide alternate dates.

And, of course, I look forward to receiving proposed dates for Mr. Skidmore's deposition.

Best regards.

Peter.

---

**From:** Francis Alexander Malofiy [mailto███████████████████]
**Sent:** Monday, December 21, 2015 1:14 AM
**To:** Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Staff; Glen Kulik
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - DISCOVERY (SERVED)

Dear Peter,

(1) **UK DEPOSITIONS:** Thank you for confirming that the UK entity defendants will not be UK witnesses.

**(2) PROTECTIVE ORDER:** This is to confirm that we will not abuse the highly confidential designation. Please get the Protective Order filed and produce responsive discovery that has been withheld pending the signing of the Protective Order. If you need Glen to also sign this, then, Glen, please sign and get to Peter so we don't delay the filing with the Court.

(3) **30(b)(6) WITNESSES:** If I get the publishing and record discovery in advance and if there are actual consolidated P&L's for both—the publishing and record side—there is a possibility I could knock it out in a day; however, it may be a long day and this would be challenging. I would rather not do it this way and would prefer 18th & 19th. The 21st is out as I have to be in Court, which makes the 20th difficult because I think there is only a 9:55 from LAX to PHL to get me there by morning. Please let me know if you can make the 18th and 19th work, or 20th if it has to be. Let's set up a call this week to review any 30(b)(6) issues. Does Tuesday 1 PST work for both your side and Glen?

(4) **EXPERTS:** Pursuant to the Rules, both sides will have exchanged their expert reports on February 11, 2016. Both sides will know what the other experts are going to say, their conclusions, and methods. For the most part we know what the rebuttals will be and the depositions are really for trial. So, yes, I am fine with this schedule as both sides will have the others expert reports before MSJ.

(5) **DISCOVERY ISSUES (OCT 23):** This is to confirm that all discovery responsive to the requests has been produced and we are not withholding any discovery.

(6) **PATES, ANDES, SKIDMORE, FERGUSON DEPOSITIONS:**

  a. BRUCE PATES: December 30th no good. January good. February no good. Checking on date.

  b. MICK SKIDMORE: February good. January no good. Checking on date.

  c. MARK ANDES: Checking on date.

  d. JAY FERGUSON: His date is no good for me. I would need to make it the following week.

****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**From:** Peter J. Anderson [mailto▮▮▮▮▮▮▮▮▮▮▮▮]
**Sent:** Saturday, December 19, 2015 5:07 PM
**To:** Francis Alexander Malofiy <▮▮▮▮▮▮▮▮▮▮▮▮>; Glen Kulik <▮▮▮▮▮▮▮▮▮▮▮>; Helene M. Freeman ▮▮▮▮▮▮▮▮▮▮▮▮▮>
**Cc:** AJ Fluehr ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮>; Staff <s▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮>
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - PROTECTIVE ORDER (SERVED)

Dear Francis:

Thank you for your e-mails and my apologies that I wasn't able to get back to you yesterday.

Using the same numbering you used:

1. Thank you for confirming that the individual defendants' depositions will proceed in London. Please let me know if you'd like me to arrange for a conference room. If you're going to arrange it yourself, please let me know the location as soon as possible so that we can make

hotel arrangements. I see that Helene responded to Glen and your e-mails and relayed that we tried very hard but were unable to obtain dates in the time frame we have, when all three individuals would be there. The entity defendants' 30(b)(6) designees will not be UK witnesses.

2. Once you and Glen raised your concerns about the "highly confidential" designation, some on my side became concerned about your side using it to keep documents from parties. It would help if you could also please confirm that your side won't abuse the designation.

3. The designee to testify as to the publishing side revenues, expenses and any communications with Mr. Skidmore, the former members of Spirit and/or their representatives, is in Los Angeles and I will check whether January 19 works. We are trying to determine whether the record side designee can also be in Los Angeles rather than New York, and I will let you know as soon as I know. If it can be Los Angeles will you need another day or can you do both on January 19 if that's available? As I mentioned when you first provided your list of topics, I have problems with some of them and, for example, since substantial similarity is an expert issue I don't see that as a proper category. But, I'm happy to discuss the topics with you.

4. What you don't mention about the default dates for expert disclosures is that the deadline to file dispositive motions is February 25. Are you telling me that you're fine with the court ruling on defendants' motion for summary judgment without plaintiff having completed expert discovery?

5. Again, I'm sorry to hear about Mr. Skidmore's accidents. I'm not following the verification point however. You provided further amended interrogatory responses as to some of the issues, but haven't gotten back to me as to the other open issues I identified as long ago as my October 23 letter. Much of that simply involves confirming, as you said you would, that there are no additional documents in plaintiff's possession, custody or control. But until I hear from you, I can't identify the open issues to be resolved by the court. Surely that confirmation is something that, given its been almost two months, you can do?

6. Thank you, and I look forward to you providing dates Monday or Tuesday for the depositions of Mr. Andes and Mr. Skidmore. Again, as to the December 30 deposition of Mr. Pates, I'm willing to reschedule it if there are reasonable alternative dates that work, but you need to let me know as soon as possible or we'll be stuck with the existing date.

I look forward to hearing from you Monday or Tuesday.

Best regards.

Peter.

**From:** Francis Alexander Malofiy [mailto:███████████████]
**Sent:** Friday, December 18, 2015 10:47 AM
**To:** Glen Kulik; Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Staff
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - PROTECTIVE ORDER (SERVED)

Dear Peter,

I would like to reiterate Glen's position. Can you see what you can do about getting Robert scheduled even the week after Jimmy and John so that two trips to London aren't required. Thanks.

*****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**From:** Glen Kulik [mailto:▮▮▮▮▮▮▮▮▮▮▮]
**Sent:** Friday, December 18, 2015 12:53 PM
**To:** Francis Alexander Malofiy ▮▮▮▮▮▮▮▮▮▮▮>; Peter J. Anderson <▮▮▮▮▮▮▮▮▮▮>; Helene M. Freeman <▮▮▮▮▮▮▮▮▮▮▮▮>
**Cc:** AJ Fluehr ▮▮▮▮▮▮▮▮▮▮▮>; Staff ▮▮▮▮▮▮▮▮▮>
**Subject:** RE: LED ZEPPELIN - DISCOVERY ISSUES - PROTECTIVE ORDER (SERVED)

Peter, one more issue. We have acceded to most of your requests, including going abroad for depositions and doing them in London. That said, it is extremely burdensome and costly to have to go twice in the same month, and ordinarily that would never happen as the depositions in that location would all be coordinated and held in the same week. With that said, are you sure there is no way Mr. Plant can make himself available during the week the other depositions will be taken, so only one trip is needed? Has anyone tried to apply a little pressure to make that happen?

_____

**Glen L. Kulik, Esq.**
**KULIK GOTTESMAN & SIEGEL LLP**      
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9200 Main**
**(310) 557-0224 Fax**

_____

**This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (310) 557-9200. Thank you.**

**To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.**

**From:** Francis Alexander Malofiy [mailto:▮▮▮▮▮▮▮▮▮▮▮▮]
**Sent:** Thursday, December 17, 2015 11:41 PM
**To:** Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Staff; Glen Kulik
**Subject:** LED ZEPPELIN - DISCOVERY ISSUES - PROTECTIVE ORDER (SERVED)

Dear Peter,

Let's clear the air and move the ball forward.

(1) **UK DEPOSITIONS:** We agree to depose Jimmy Page, John Paul Jones, and Robert Plant in London. To the extent that any other fact witnesses or 30(b)(6) witnesses need to take place in London, I would ask that you disclose these witnesses and to provide available dates.

(2) **PROTECTIVE ORDER:** We don't feel the "highly confidential" category is fair; however, in light of your representations that you will not abuse this designation, we agree to move the ball forward in order to get this necessary discovery. See attached signed Protective Order. Now that the protective order is signed, please get the documents over to me.

(3) **US 30(b)(6) WITNESSES:** Please identify which 30(b)(6) witnesses you intend to produce for which topics. You had said they are available Is it possible to schedule them earlier in that week: Monday, Tuesday? I might even be able to do Wednesday; however, Thursday I have to be in Federal Court in Pennsylvania, so that date is no good. Please also share with me which other corporate designees you intend to produce.

(4) **EXPERT DISCLOSURES:** According to Rule 26(a)(2)(D), unless the court sets a specific schedule for expert disclosure or the parties stipulate to a schedule, "the disclosure must be made (i) at least 90 days before the date set for trial . . . ." Rebuttal is 30 days after initial disclosure. If our trial date is May 11, and the court did not set a specific expert disclosure schedule, then both sides must disclose by February 11 (90 days before May 11), and both sides then get 30 days to rebut which would be March 11. This is what is fair and what we are agreeable to. We will not agree to a date earlier as it would prejudice Plaintiff's case in that our expert would not be able to review documents and deposition testimony before rendering a report or opinion.

(5) **DISCOVERY ISSUES (OCT 23):** I'm trying to work with Mick and get the hand signed verifications. As I shared with you, he broke his ribs in an accident in his house, and then got into a car accident days later. He said he would be available this weekend to get everything that needs to be reviewed and signed out. I appreciate your patience and I believe we will have all but a few issues resolved.

(6) **PATES, ANDES, SKIDMORE DEPOSITIONS:** I'm working on getting dates for these depositions. I should be able to resolve this by Monday or Tuesday of next week.

*\*\*\*\*\**

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

**From:** Peter J. Anderson [mailto:▮▮▮▮▮▮▮▮▮▮▮▮]
**Sent:** Tuesday, December 15, 2015 6:04 PM
**To:** Francis Alexander Malofiy ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ >
**Cc:** Helene M. Freeman < ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ >; AJ Fluehr < ▮▮▮▮▮▮▮▮▮▮▮ >; Staff < ▮▮▮▮▮▮▮▮▮▮▮▮▮ >; Glen Kulik < ▮▮▮▮▮▮▮▮▮ >

**Subject:** RE: LED ZEPPELIN - CONFIRMING DEPOSITIONS

Francis:

I'm following up regarding the following:

- I haven't heard back from you regarding the stipulated protective order I sent you on December 3. Please let me know as soon as possible if you have any comments.
- Please let me know where we stand on the deposition of Mr. Pates. It's currently set for December 30 in Tennessee, so I need to hear from you if that has to be rescheduled and, if so, what dates you propose.
- Please let me know Mr. Andes availability. Also, please let me know Mr. Skidmore's availability.
- Please provide the amended discovery responses you indicated you'd be providing last week, so that we can identify which, if any, of the discovery issues I identified in my October 23 letter have not been resolved.
- Please get back to me *re* stipulating to expert disclosure dates.

It is important that I hear back from you as soon as possible.

Also, January 20 and 21 in Los Angeles are available for a Rule 30(b)(6) witness. There will be one or more additional designees and I will get you their availability as soon as I know. In the meantime, please let me know if January 20 or 21 work for you.

Best regards.

Peter.

---

**From:** Francis Alexander Malofiy [mailto: ███████████████ ]
**Sent:** Tuesday, December 08, 2015 12:58 PM
**To:** Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Staff; Glen Kulik
**Subject:** LED ZEPPELIN - CONFIRMING DEPOSITIONS

Dear Peter and Helene,

Confirming depositions of:

Jimmy Page: Thursday, January 7, 2016
John Paul Jones: Friday, January 8, 2016
Robert Plant: Thursday, January 28, 2016
Please get back to me on the 30(b)(6) witnesses, especially if any are to be in the UK.
I am trying to figure out deposition dates for Bruce Pates and Mark Andes.
*****
With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

---

**From:** Peter J. Anderson [mailto: ██████████████ ]

**Sent:** Tuesday, December 08, 2015 12:39 PM
**To:** Francis Alexander Malofiy <​████████████████████​>
**Cc:** Helene M. Freeman ████████████████████>; AJ Fluehr ████████████████>; Staff <​████████████████​>; Glen Kulik <​████████████​>
**Subject:** RE: SERVED - Plaintiff's Second Amended Response to Defendant Super Hype's Interrogatories (Set One)(2015.12.07)

Okay, thank you Francis.

**From:** Francis Alexander Malofiy [mailto:████████████████]
**Sent:** Tuesday, December 08, 2015 9:38 AM
**To:** Peter J. Anderson
**Cc:** Helene M. Freeman; AJ Fluehr; Staff; Glen Kulik
**Subject:** Re: SERVED - Plaintiff's Second Amended Response to Defendant Super Hype's Interrogatories (Set One)(2015.12.07)

I'm out of the office right now, but will get back later this afternoon and will address the issue.


Sent from my iPhone


On Dec 8, 2015, at 12:34 PM, Peter J. Anderson ████████████████> wrote:

> Francis:
> Following up on my letter yesterday, I'm advised that Robert Plant is also available December 18, 2015, for his deposition in London.
> We need to hear back from you today if you want us to pursue the December dates, since we'll still have to confirm we can make those travel plans.
> Best regards.
> Peter.
>
> **From:** Peter J. Anderson [mailto:████████████████]
> **Sent:** Monday, December 07, 2015 10:34 AM
> **To:** 'Francis Alexander Malofiy'; 'Helene M. Freeman'
> **Cc:** 'AJ Fluehr'; 'Staff'; 'Glen Kulik'
> **Subject:** RE: SERVED - Plaintiff's Second Amended Response to Defendant Super Hype's Interrogatories (Set One)(2015.12.07)
> Dear Francis:
> Please see the attached correspondence.
> Best regards.
> Peter.
>
> **From:** Francis Alexander Malofiy [mailto:████████████████]
> **Sent:** Monday, December 07, 2015 9:01 AM
> **To:** Peter J. Anderson; Helene M. Freeman
> **Cc:** Francis Alexander Malofiy; AJ Fluehr; Staff; Glen Kulik
> **Subject:** SERVED - Plaintiff's Second Amended Response to Defendant Super Hype's Interrogatories (Set One)(2015.12.07)
> Dear Peter and Helene,
> Attached please find Plaintiff's Second Amended Response to Defendant Super Hype's Interrogatories (Set One).

I will send additional second amended discovery responses to you throughout the day as Mick verifies. He had an accident over the weekend and broke his ribs. His scanner isn't working so it might take him a day or so to get the hand signed verifications to me. As soon as I have them, I will send to you.

In regards to depositions:

(1) Give me dates for Jimmy Page, Robert Plant, and John Paul Jones.

(2) For each defendant, please identify the 30(b)(6) – PMK:

ACCESS:

a. Led Zeppelin's access to *Taurus*.

b. Led Zeppelin as the opening act for Spirit.

*c.* Defendants' admiration and familiarity with Spirit's music, including the song *Taurus.*

d. Access of the authors of the musical composition *Stairway to Heaven* to the musical composition *Taurus*.

*e.* The development of *Stairway to Heaven* with access to *Taurus.*

RECORDING & SUBSTANTIAL SIMILARITY:

f. The creation and recording in or about 1971 of the musical composition *Stairway to Heaven*, including defendants' defense of independent creation.

*g.* Substantial Similarity between *Taurus* and *Stairway to Heaven.*

*h.* The technical audio creation, recordation, instrumentation, mixing, and mastering of *Stairway to Heaven*.

*i.* Lack of independent creation and development of *Stairway to Heaven.*

COMMUNICATIONS & CORRESPONDENCE:

j. Communications and contact with Plaintiff, the band members of Spirit, Sprit, and/or his representatives.

ECONOMIC & DAMAGES:

*k.* Revenues, Expenses, and Profits related to *Stairway to Heaven.*

l. Defendants' revenues from the licensing, sale, distribution or other exploitation of the musical composition *Stairway to Heaven* on or after May 31, 2011.

*m.* Defendants' expenses in connection with the licensing, sale, distribution or other exploitation of the musical composition *Stairway to Heaven*

n. Defendants' profits from the licensing, sale, distribution or other exploitation of the musical composition *Stairway to Heaven* on or after May 31, 2011.

o. Defendants' projected future revenues, expenses, and profits from the licensing, sale, distribution or other exploitation of the musical composition *Stairway to Heaven.*

p. The Value of *Stairway to Heaven.*

q. Damages relating to the infringement and exploitation of *Taurus.*

PLEADINGS:

r. Facts in Plaintiff's Complaint.

s. Facts in Defendants' Answers.

(3) Because Bruce Pates is Plaintiff's expert, I will represent and defend his

deposition or any discovery requests. I have reached out to him and we are reviewing the requests and deposition dates. I will be able to provide you available dates by the end of the week. Any further correspondence or communication with Bruce Pates should be addressed to me.

(4) In regards to Mark Andes, I will represent and defend his deposition or any discovery requests as well. Any correspondence or communication with Mark Andes should be addressed to me.

(5) In regards to the Protective Order, I am reviewing with Glen and will get back to you either later today or tomorrow.

(6) As you know, your discovery responses are woefully deficient, I will have a letter to you this week to address the issues.

(7) Lastly, I don't understand what you are talking about in regards to dates for expert disclosures. February 11 is the discovery deadline. All expert disclosures should occur thereafter.

*****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com

# EXHIBIT 2

**From:** Glen Kulik [mailto:▮▮▮▮▮▮▮▮▮▮]
**Sent:** Wednesday, March 30, 2016 6:09 PM
**To:** Peter J. Anderson; Francis Alexander Malofiy; Helene M. Freeman
**Cc:** AJ Fluehr
**Subject:** RE: Skidmore

You haven't provided any authority that you have a right to conduct expert depositions after the discovery cut-off date set by the court.  You have given us authority on the default date to disclose experts.  You have given us authority that parties have a right to take expert depositions, just as they have a right to depose percipient witnesses.  You are correct on both of those points.  But you've given us no authority which says that you have a right to take discovery after the deadline set by the court for "discovery cut off."

**Glen L. Kulik, Esq.**
**KULIK GOTTESMAN SIEGEL & WARE LLP**
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9200    Main**
**(310) 557-0224    Fax**



This electronic message contains information which may be confidential and privileged and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (310) 557-9200. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Peter J. Anderson [mailto:▮▮▮▮▮▮▮▮▮▮▮]
**Sent:** Wednesday, March 30, 2016 6:04 PM
**To:** Francis Alexander Malofiy; Helene M. Freeman
**Cc:** AJ Fluehr; Glen Kulik
**Subject:** RE: Skidmore

Francis:

You are confusing issues: the judge's denial of your request to move the dates, including when expert disclosures would be provided, has nothing to do with deposing experts after they have been identified.

Defendants have the express right under Rule 26(b)(4)(A) to take the depositions of those you identified as experts.  If you continue to refuse to cooperate and don't provide their addresses, you solidify yet another reason that you can't call the experts.  It's that simple.

Best regards.

Peter.

---

**From:** Francis Alexander Malofiy [mailto███████████████████]
**Sent:** Wednesday, March 30, 2016 6:00 PM
**To:** Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Glen Kulik
**Subject:** RE: Skidmore

Dear Peter,

It was Plaintiff who complained that expert discovery would not be completed before the February 25, 2016 deadline for dispositive motions. This was an issue we discussed at length. Both sides attempted to come up with a proposed schedule for expert disclosures and depositions. In the end you, Peter, refused to enter into a joint stipulation to set the expert disclosures and depositions so that both sides with have time to conduct the depositions.

> 16      Plaintiff's counsel has repeatedly consulted defense counsel, Peter Anderson,
> 17   on the need for such an extension. Although Mr. Anderson vaguely agreed that an
> 18   extension is probably necessary, especially to conduct expert depositions, he has
> 19   repeatedly avoided giving a concrete answer to acceptable dates so that the parties
> 20   could file a joint request. When notified of this application, defense counsel did not
> 21   indicate whether he would oppose it or not. (Malofiy Decl. ¶23-24.)
> 22   II. FACTS

Plaintiff was forced to file a motion with the court to extend expert disclosures and depositions.

> 1      (13)   Currently the expert reports are due on February 10, 2016, and the
> 2   discovery deadline is February 11, 2016. Defendants have indicated that they intend
> 3   to file rebuttal reports. Based on the current deadline schedule, it will be impossible
> 4   for either side to take expert depositions following the submission of reports. (*Id.*
> 5   ¶17.)
> 6

You, Peter, opposed that motion and opposed setting a time for expert disclosures and depositions.

In fact, Judge Klausner was clear that he would not entertain any of the set deadlines – including Expert Reports or Expert Depositions. See below:

1    ~~The Court, having considered Plaintiff's *ex parte* application to modi~~
2    ~~Scheduling Order, and good cause being found hereby modifies the Scheduli~~
3    ~~Order as follows:~~
4
5

| Event | Deadline |
|-------|----------|
| ~~Fact Discovery Cut Off~~ | ~~Friday, March 25, 2016~~ |
| ~~Plaintiff's Expert Reports~~ | ~~Friday, March 25, 2016~~ |
| ~~Defendant's Expert Reports~~ | ~~Friday, April 15, 2016~~ |
| ~~Expert Depositions~~ | ~~Friday, April 29, 2016~~ |
| ~~Dispositive Motions~~ | ~~Friday, May 13, 2016~~ |
| ~~Response to Motions~~ | ~~Friday, June 3, 2016~~ |
| ~~Pre-Trial Conference~~ | ~~Monday, June 27, 2016 at 3:00pm~~ |
| ~~Trial~~ | ~~Tuesday, July 12, 2016 at 9:00am~~ |

17    THE EX PARTE APPLICATION IS DENIED.

18    IT IS SO ORDERED.

19

20    Dated: February 04, 2016

21    _____
       Honorable R. Gary Klausner

22

23

There's no getting around the fact that Plaintiff addressed the exact issue of Expert Depositions with the Court, **you opposed the extension**—*even as it related to expert depositions!* The Court ruled and DENIED any extension of Expert Depositions. There's no getting around that fact Peter.

You can't decide that the Courts ruling is no longer applicable because it no longer favors your client. That would be gamesmanship. Plaintiff will not agree to violate Judge Klausner's Order.


*****
With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005

E: 

**From:** Peter J. Anderson [mailto: █████████████████ ]
**Sent:** Wednesday, March 30, 2016 7:47 PM
**To:** Glen Kulik ████████████████ m>; Francis Alexander Malofiy ████████████████ >; Helene M. Freeman ████████████████ >
**Cc:** AJ Fluehr ████████████████
**Subject:** RE: Skidmore

He also said that morning that he was leaving experts "to code," meaning the FRCP 26 default provisions, which necessarily means that expert depositions occur after the fact discovery cut-off.  There's no getting around that Glen.

**From:** Glen Kulik [mailto █████████████████ ]
**Sent:** Wednesday, March 30, 2016 4:41 PM
**To:** Francis Alexander Malofiy; Peter J. Anderson; Helene M. Freeman
**Cc:** AJ Fluehr
**Subject:** RE: Skidmore

I wasn't directly involved in the scheduling but the order does say "Discovery Cut Off Date."   If the judge meant percipient witness cut-off date only then in my experience he would have distinguished, or he would have set a separate date for expert discovery cut off.  Isn't that your experience, too, Peter?

**Glen L. Kulik, Esq.**
**KULIK GOTTESMAN SIEGEL & WARE LLP**
**15303 Ventura Boulevard, Suite 1400**
**Sherman Oaks, California 91403**
**(310) 557-9200    Main**
**(310) 557-0224    Fax**



This electronic message contains information which may be confidential and is intended only for the named addressee. Unless you are the addressee of this message you may not use, copy or disclose the contents of this message to anyone. If you have received this message in error, please delete the message and advise the sender by reply e-mail or by calling (310) 557-9200. Thank you.

To ensure compliance with Internal Revenue Service Circular 230, we inform you that any U.S. Federal Tax advice contained in this communication is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or (2) promoting, marketing or recommending to another party any tax-related matter(s) addressed herein.

**From:** Francis Alexander Malofiy [mailto █████████████████ ]
**Sent:** Wednesday, March 30, 2016 4:06 PM
**To:** Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Glen Kulik
**Subject:** RE: Skidmore

Peter,

I'm confused by your request.

The Discovery Cut-Off Date identified by Judge Klausner's Order was February 11, 2016. See attached Order.

The deadline to conduct discovery and depositions has long passed.

Kindly review Judge Klausner's Orders:

In regards to Discovery Cut-Off:
"The Court has established a cut-off date for discovery in this action [February 11, 2016]. All discovery shall be complete by the discovery cut-off date specified in the Scheduling Order. **This is not the date by which discovery requests must be served; it**

**is the date by which all discovery is to be completed."**

In regards to Depositions:

"All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date [February 11, 2016] to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition prior the cut-off date.

Peter, if you recall, I had repeatedly reached out to you with the hopes of addressing the expert discovery issue and extending the discovery deadline so that we would have ample time to conduct expert depositions. You refused to submit a joint stipulation to extend the deadlines or set the expert deadlines.

\*\*\*\*\*

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: █████████████████████

---

**From:** Peter J. Anderson [mailto:██████████████]
**Sent:** Wednesday, March 30, 2016 3:36 PM
**To:** Francis Alexander Malofiy ████████████████>
**Cc:** AJ Fluehr ████████████████>; Glen Kulik ████████████████>; Helene M. Freeman
████████████████>
**Subject:** RE: Skidmore

Francis:

I do need to hear from you about the expert depositions and their addresses and subpoenas.  If you don't get back to me and don't provide addresses, that will be another reason we will raise that you can't call your experts.

Also, we haven't heard from you regarding conferring re exhibits and such.  When do you want to have that conference?

Best regards.

Peter.

---

**From:** Peter J. Anderson [mailto:██████████████]
**Sent:** Monday, March 28, 2016 3:02 PM
**To:** 'Francis Alexander Malofiy'; 'Helene M. Freeman'
**Cc:** 'AJ Fluehr'; 'Glen Kulik'
**Subject:** RE: Skidmore

Francis:

Okay, but in the meantime please provide the experts' addresses so that I can make arrangements to have them served if they decline to accept service.

Thanks.

Peter.

---

**From:** Francis Alexander Malofiy [mailto█████████████████]
**Sent:** Monday, March 28, 2016 3:00 PM
**To:** Peter J. Anderson; Helene M. Freeman
**Cc:** Francis Alexander Malofiy; AJ Fluehr; Glen Kulik
**Subject:** RE: Skidmore

Dear Peter,

I will get back to you by Wednesday of this week.


*****

With every good wish, I am,

Francis Malofiy, Esquire
Francis Alexander, LLC
280 N. Providence Road | Suite 105
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: ████████████████████

---

**From:** Peter J. Anderson [mailto:███████████████]
**Sent:** Monday, March 28, 2016 5:47 PM
**To:** Francis Alexander Malofiy <█████████████████>
**Cc:** Helene M. Freeman <████████████████>
**Subject:** RE: Skidmore

Francis:

Since I didn't hear back from you, attached is a courtesy copy of the notice served today of the subpoenas issued for your expert witnesses, for the dates proposed below.

Of course, I remain willing to schedule these for other dates if we can reach agreement on those dates beforehand.

Finally, I again ask that you let me know if your witnesses will accept service of their subpoenas. Alternatively, please immediately provide their addresses, which were not included with their disclosures.

Best regards.

Peter.

---

**From:** Peter J. Anderson [████████████████]
**Sent:** Friday, March 25, 2016 2:44 PM
**To:** Malofiy, Francis Alexander
**Cc:** Helene M. Freeman
**Subject:** Skidmore

Francis:

I'm following up regarding scheduling expert depositions.  Since you haven't provided dates I propose the following (some experts didn't state their place of residence or business, so please let me know asap if I've got their cities wrong):

- Stewart: April 6 in Burlington, VT, with a 9 or 9:30 a.m. start.

- Bricklin, Johnson, Hanson and Somach: April 7 in Philadelphia, as follows:

    Bricklin at 9 a.m.
    Johnson at 11:00 a.m.
    Hanson at 3:00 p.m.
    Somach at 4:30 p.m.

- Einhorn: April 8 in New Jers      ey, with a 9 or 9:30 a.m. start.

Please let me know if these dates work for you and these gentlemen, and also please get back to me as to whether they will accept service of their subpoenas.

Thanks.

Peter.

_____

The Law Offices of Peter J. Anderson
A Professional Corporation
100 Wilshire Boulevard
Suite 2010
Santa Monica, CA 90401
Telephone: (310) 260-6030
Fax: (310) 260-6040

THE INFORMATION IN THIS E-MAIL IS INTENDED FOR THE PERSON OR PERSONS INDICATED ABOVE AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED, CONFIDENTIAL OR OTHERWISE PROTECTED FROM DISCLOSURE BY LAW.  IF YOU ARE NOT THE PERSON OR PERSONS INDICATED ABOVE, YOU ARE PROHIBITED FROM DISCLOSING, DISTRIBUTING OR COPYING THIS E-MAIL AND ANY ATTACHMENTS AND YOU ARE REQUESTED TO PLEASE NOTIFY US IMMEDIATELY BY E-MAIL OR TELEPHONE THAT YOU RECEIVED THIS E-MAIL AND TO PLEASE DELETE THIS E-MAIL AND ANY ATTACHMENTS.