Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and WARNER
MUSIC GROUP CORP.

Helene Freeman, Esq., admitted *pro hac vice*
E-Mail: hfreeman@phillipsnizer.com
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT and JOHN PAUL JONES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, | Case No. 2:15-cv-03462 RGK (AGRx) |
| Plaintiff, | |
| vs. | MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL ATTENDANCE AT TRIAL; DECLARATION IN SUPPORT |
| LED ZEPPELIN, *et al.*, | |
| Defendants. | |

Date: June 14, 2016
Time: 9:00 a.m.

Courtroom of the Honorable
R. Gary Klausner
United States District Judge

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

1.   INTRODUCTION.................................................................................1

2.   PLAINTIFF'S MOTION IS CONTRARY TO FACT AND LAW AND
     PROPERLY DENIED...........................................................................3

     (a)   There Is No Good Cause for the Motion: Defendants' Counsel
           Confirmed the Individuals Are Fully Expected to Attend the Trial ........3

     (b)   Plaintiff Misrepresents that He Used Court Process to Compel
           Attendance.....................................................................................5

           (1)   Plaintiff's "Notices" to Appear Are Not Only for the Wrong
                 Day, But a Nullity...................................................................5

           (2)   Plaintiff's Trial Subpoenas Are Also Nullities............................5

                 i.     *Plaintiff Never Served the Trial Subpoenas on the*
                        *Individual Defendants* ...........................................5

                 ii.    *Plaintiff Never Tendered the Required Witness Fees* .........6

                 iii.   *The Subpoenas Plaintiff Sent Counsel Are for May 10,*
                        *2016* ..........................................................................6

                 iv.    *The Individuals Reside in England and Are Not Within*
                        *a Subpoena's Geographic Limitations*...............................7

     (c)   Plaintiff Has Failed to Comply with this Court's Requirements for
           Using Depositions in Lieu of Live Testimony........................................9

           (1)   Plaintiff Omits that He Failed to Comply with Local Rule
                 16-2.7 ............................................................................9

i

(2)    Plaintiff Also Omits that He Has Still Not Cured His Belated
       Attempt to Designate Deposition Testimony Under Local
       Rule 16-2.7.....................................................................................10

(d)    There Is No Basis for Plaintiff's Request for Sanctions.......................10

3.    CONCLUSION .................................................................................11

1

<u>**TABLE OF AUTHORITIES**</u>

2

**Cases**

3

*Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556 (N.D. Ala. 2009) ....................................6

4

*Harrison v. Prather,* 404 F.2d 267 (5th Cir.1968) ......................................6

5

*Regents of Univ. of California v. Kohne*, 166 F.R.D. 463 (S.D. Cal. 1996),

6

  *dismissed*, 113 F.3d 1256 (Fed. Cir. 1997) ....................................8

7

*S.E.C. v. Ross*, 504 F.3d 1130 (9th Cir. 2007).............................................8

8

*Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989) ..................................6

9

*Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463 (E.D. La. 2007) ................6

10

**Federal Rules**

11

Fed. R. Civ. P. 45.................................................................... 5, 6, 7, 8

12

L.R. 16 .......................................................................................9

13

L.R. 16-2.7 ............................................................................. 9, 10

14

L.R. 83-3.1.2 ...............................................................................1

15

**State Statutes**

16

Cal. Civ. Proc. Code § 1987 ......................................................5

17

**State Rules**

18

Cal. R. Prof'l Conduct 5-120......................................................1

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## 1.   INTRODUCTION

Plaintiff's motion is a PR stunt in the hope of tainting the jury pool.

Despite being told that Jimmy Page, Robert Plant and John Paul Jones fully intend to appear at the trial, plaintiff's counsel misrepresented to the Court at the April 25, 2016 Pretrial Conference that Messrs. Page, Plant and Jones "are refusing to appear in this court in the claims against them,"[1] and plaintiff's counsel repeated that misrepresentation to news cameras on the Courthouse steps, causing a flurry of press reports repeating plaintiff's false accusation.[2]  When those reports died down, plaintiff triggered renewed reports of his misrepresentation by now filing a belated motion that is so devoid of merit it can only be seen as playing to the press.

First, plaintiff's assertion that Messrs. Page, Plant and Jones have sought to avoid trial is pure fiction.   To the contrary, defendants have repeatedly and successfully resisted plaintiff's efforts to delay the trial.[3]   Further, defendants'

---

[1]    Rptr's Trans. (4/25/16) at 20:19-23; Anderson Decl. at 12, ¶ 3, Exh. 1.

[2]    *See, e.g.,*
*http://mms.tveyes.com/Transcript.asp?StationID=785&DateTime=4%2F25%2F201
6+5%3A33%3A54+PM&Term=Francis+Alexander&PlayClip=TRUE*   ("Malofiy says Plant and Page are refusing to come to Los Angeles"; Malofiy: "They can't hide behind counsel in the misty mountains over there in the UK"); *see, also* L.R. 83-3.1.2 (adopting, *inter alia*, Cal. R. Prof'l Conduct "as the standards of professional conduct" of counsel before this Court); Cal. R. Prof'l Conduct 5-120(A) ("A member who is participating . . . in the . . . litigation of a matter shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the member knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter").

[3]    Thus, defendants successfully opposed plaintiff's February 2, 2016 application to amend the Scheduling Order and delay the trial.  (Doc. 91, 92 & 95.) Defendants also successfully opposed plaintiff's March 7, 2016 motion for leave to file an amended complaint adding new parties, which would have delayed the trial six months or more.  (Doc. 98, 116, 133.)  In addition, when the Court on its own

1

counsel have already confirmed that Messrs. Page and Plant do indeed intend to be present throughout the trial and Mr. Jones will attend as well. Plaintiff, more interested in the press reporting his false assertions, refuses to take "yes" for an answer.[4] As a result, there is no good cause for the relief plaintiff seeks. *See, below* at 3-4.[5]

Second, contrary to plaintiff's assertions, there are no valid "notices" or subpoenas to appear for the June 14, 2016 trial and for the Court to enforce. The Federal Rules of Civil Procedure do not provide for "notices" to appear in lieu of subpoenas, and the subpoenas plaintiff asks the Court to enforce were never served on the individuals; exceed the geographic limitations for subpoenas; were not accompanied by the required witness fees; and, in any event, are for the wrong date. *See, below* at 5-9.

Third and finally, plaintiff's memorandum seeks relief not mentioned in his motion and to which he is not entitled. He asks that the Court allow him to use

---

motion advised that it would continue the May 10, 2016 trial to either June 14 or 21, 2016, defendants sought June 14, 2016, while plaintiff sought a later date.

[4] Neither is there any reason for defendants to delay or avoid trial. There simply is no merit to plaintiff's attempt to pursue a 45-year-old claim that the actual copyright owner and Randy Wolfe never bothered to file. By way of example, only, the surviving members of Spirit have testified that the group's "typical" set list at Spirit's performances in the relevant time period did not even include *Taurus*. *See, e.g.,* Order (Doc. 17) at 14-15. And, by way of further example, only, "Plaintiff's only copyright claim lies in the musical composition of *Taurus*" (*id.* at 17), and that musical composition is night-and-day different from *Stairway to Heaven* (Ferrara Audio Exh. 2, track 1, & Mathes Audio Exh. 3 (Doc. 97-15)), sharing only public domain elements such as a descending chromatic line that appears in innumerable songs before *Taurus* and which even plaintiff's experts agree was commonplace. *See, e.g.,* Stewart Decl. (Doc. 118-8) at 5:25-27 (descending chromatic bass lines have "a long history in Western music").

[5] Importantly, however, that the individuals have committed to appear is not grounds to issue an order that they do so: that would allow plaintiff to claim he forced them to testify at trial and perpetuate the false story he seeks to use to taint the jury pool.

"designations" of the individuals' deposition testimony in lieu of their live testimony. But, he omits that he failed to timely designate the testimony and that he has so far failed to cure the defects in his belated attempt at designations, even though defendants' counsel promptly pointed them out. *See, below* at 9-10. In addition, plaintiff asks for an issue and evidence preclusion if the individuals do not appear, even though plaintiff never served them with subpoenas and even though they plan to appear. *See, below* at 10-11.

Plaintiff, faced with a weak claim and an inability to delay the trial, now seeks to taint the jury pool by causing the press to repeat his false assertions that the individuals refuse to appear for trial and by hoping he can also claim the Court had to order their appearance. Moreover, plaintiff – including, for example, by asking the Court to enforce subpoenas he never served and to approve plaintiff's use of improper deposition "designations" – acts as though the federal and Local Rules do not apply to him and that the Court should ignore them at his command. Plaintiff's gambit, and his ongoing efforts to try this case in the press, should be rejected.

## 2. PLAINTIFF'S MOTION IS CONTRARY TO FACT AND LAW AND PROPERLY DENIED

### (a) There Is No Good Cause for the Motion: Defendants' Counsel Confirmed the Individuals Are Fully Expected to Attend the Trial

In his motion, plaintiff misrepresents to this Court that defendants' counsel "have refused to confirm that [Messrs. Page, Plant and Jones] will appear [at the trial in this action] despite having been subpoenaed and noticed." Pltf's Mtn. (Doc. 220) at 3:4-6. As shown below, Messrs. Page, Plant and Jones were never subpoenaed and the Federal Rules of Civil Procedure do not recognize a "notice" to appear at trial. Moreover, defendants' counsel has repeatedly confirmed that the individuals plan on attending the trial. Simply put, there is no good cause for the relief plaintiff seeks.

///

3

In his motion, "Plaintiff asks that the attendance of Mr. Page and Mr. Plant be compelled by the court for June 14, 2016, and that Mr. Jones's attendance also be mandated." Pltf's Mtn. at 8:3-5. <u>Yet, defendants' counsel has made this clear: Mr. Page and Mr. Plant fully intend to be present throughout the trial starting June 14, 2016.</u> Anderson Decl. at 12-13, ¶¶ 4-10, & Exh. 2-3. Plaintiff acknowledges that John Paul Jones – who never should have been sued in this case – was granted summary judgment and is no longer a defendant. He is a non-party witness, living in England. <u>Yet, defendants' counsel also has made this clear: Mr. Jones is expected to testify in person in defendants' case and plaintiff will have the opportunity to cross-examine him.</u> *Id.* Further, plaintiff took the videotaped deposition of Mr. Jones and – subject to the requirements of the Court's Local Rules, which plaintiff so far has not met (*see, below* at 9-10) – may use Mr. Jones' videotaped admissible testimony in lieu of his live testimony in plaintiff's case in chief.

As defendants have repeatedly stated, the issue is not whether the individuals plan on appearing at trial, but rather that defendants and their counsel cannot <u>guarantee</u> anyone's attendance on a specific day, especially when someone is coming from England. *See, e.g.,* Anderson Decl. at Exh. 3. <u>Remarkably, plaintiff filed his motion even though he acknowledges that no such guarantee can be provided.</u> Pltf's Mtn. at 7:27 to 8:1 (counsel's representation is subject to "exigent circumstances").

Defendants' counsel have acted prudently and appropriately in raising that they can only confirm what they expect and plan will happen. Plaintiff acknowledges they can do no more, and for these reasons alone plaintiff's motion is properly denied.

///

///

///

///

4

(b)   **Plaintiff Misrepresents that He Used Court Process to Compel Attendance**

      **(1)   Plaintiff's "Notices" to Appear Are Not Only for the Wrong Day, But a Nullity**

Plaintiff advises the Court that he "noticed" the individuals' appearance at trial (Pltf's Mtn. at 3:4-6) and he submits "notices" in which plaintiff "demands [their] presence on May 10, 2016, . . . to testify in" this case. Malofiy Decl. (Doc. 220-1) at Exh. 1 at 21-29. Neither the notices nor plaintiff's motion identifies the legal authority for such notices. That is because there is none.

Under the Federal Rules of Civil Procedure a civil subpoena is the procedure to secure attendance of witnesses at trial. Fed. R. Civ. P. 45. While California state law provides for a notice to appear in lieu of subpoena (Cal. Civ. Proc. Code § 1987(b)), that state procedure is inapplicable in this federal question case, and there is no corresponding provision of the Federal Rules of Civil Procedure.

Plaintiff's "notices" are no substitute for federal subpoenas and are a legal nullity. Moreover, even if his "notices" were valid – which they were not – they would have compelled attendance "on May 10, 2016" (Malofiy Decl. at Exh. 1 at 22:18, 25:17 & 28:18), not on June 14, 2016. Either way, they do not compel attendance at the trial and are properly disregarded.

      **(2)   Plaintiff's Trial Subpoenas Are Also Nullities**

Plaintiff, perhaps recognizing that his "notices" demanding appearance are not sanctioned by federal law, also sent defendants' counsel subpoenas for May 10, 2016. Malofiy Decl. at Exh. 1 at 8, 12 & 16. For each of the following independent reasons, the subpoenas also are nullities.

      *i.   Plaintiff Never Served the Trial Subpoenas on the Individual Defendants*

Plaintiff does not contend that he served the subpoenas on the individuals. Rather, he mailed copies to their counsel knowing that counsel had <u>not</u> agreed to

accept service of them.   Malofiy Decl. at Exh. 1 at 19 (proof of service by mail directed to counsel); Anderson Decl. at 13, ¶ 7.  However, "[s]erving a subpoena requires delivering a copy to the named person . . . ." Fed. R. Civ. P. 45(b)(1).  As a result, "service on a party's counsel only 'renders such service a nullity.'" *Id. Weiss v. Allstate Ins. Co.*, 512 F. Supp. 2d 463, 466 (E.D. La. 2007), *quoting Harrison v. Prather,* 404 F.2d 267, 273 (5th Cir.1968).  "The Court cannot compel persons, whether or not 'parties' . . . , to appear in court when they have not been properly served with a trial subpoena."  *Chao v. Tyson Foods, Inc.*, 255 F.R.D. 556, 559 (N.D. Ala. 2009).

Plaintiff's failure to serve the subpoenas on the individuals is a threshold defect in his request for an order compelling compliance with the subpoenas.

### ii.     *Plaintiff Never Tendered the Required Witness Fees*

Federal Rule of Civil Procedure 45(b)(1) also mandates that "[s]erving a subpoena requires . . . tendering the fees for 1 day's attendance and the mileage allowed by law."  "Fees must be tendered concurrently with the subpoena." *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989).  Plaintiff, however, also failed to tender any witness fees (let alone witness fees of more than $6,000 per individual that would be required if subpoenas could reach to England).  Anderson Decl. at 13, ¶ 8.

Accordingly, for that additional reason the subpoenas plaintiff mailed to defendants' counsel are a nullity.

### iii.     *The Subpoenas Plaintiff Sent Counsel Are for May 10, 2016*

The subpoenas are also meaningless because they are for May 10, 2016.  Malofiy Decl. at Exh. 1 at 8, 12 & 16.  On their face, they do not purport to compel attendance on June 14, 2016.

Unserved subpoenas for May 10, 2016, do not provide a basis for an order compelling attendance on a later date.

///

####### iv.  *The Individuals Reside in England and Are Not Within a Subpoena's Geographic Limitations*

There is an additional reason – raised by defendants' counsel at the outset – that the subpoenas are nullities: England is far outside the subpoenas' geographic limitations.

Federal Rule of Civil Procedure 45(c)(1) mandates that

"A subpoena may command a person to attend a hearing, . . . only as follows:

"(A)  within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

"(B)  within the state where the person resides, is employed, or regularly transacts business in person, if the person

"(i)  is a party . . . ; or

"(ii)  is commanded to attend a trial and would not incur substantial expense."

(Emphasis added)  Plaintiff acknowledges that the individuals reside in England, where he took their depositions.

Plaintiff – ignoring that he never served the subpoenas, that he never tendered the required witness fees and that the subpoenas are for the wrong date, each of which is a fatal defect to the subpoenas and his motion – also tries without success to avoid the geographic limitations of subpoenas.

First, plaintiff raises that in connection with defendants' jurisdictional challenge in the District Court for the Eastern District of Pennsylvania, the individual defendants consented to personal jurisdiction in this District "[f]or the purpose of defending this action . . . ."  Pltf's Mtn. at 4-5.  Plaintiff then argues that by consenting to personal jurisdiction, the individuals "essentially waived their right and ability to rely on the limits in Rule 45." *Id.* at 7:17-18.  Plaintiff cites no case to support his waiver argument and it fails to pass even cursory consideration.

7

Personal jurisdiction "is the power of a court to enter judgment against a person." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). The power to enter a judgment is not the same as the power to compel compliance with a subpoena, and that latter power is specifically limited by Rule 45(c). Having consented to personal jurisdiction here on this claim, the individuals are entitled to all the same protections as other litigants before the Court, including the protections of Rule 45(c).

Second, plaintiff tries to invoke the "inherent authority" of the Court to control the trial. Pltf's Mtn. at 5-6. But, controlling, for example, the order of proof, does not mean the Court has inherent power to override the mandatory geographic limitations of Rule 45(c), let alone that the exercise of such power would be appropriate here.

Third, plaintiff argues that Rule 45(c)'s geographic limitations are satisfied as to Mr. Plant and Mr. Jones because they supposedly "regularly conduct business in Los Angeles . . . ." Pltf's Mtn. at 9:21-24. Plaintiff does not and cannot establish that they have homes or offices here. Instead, plaintiff offers an unauthenticated, unsworn list of supposed occasions on which he claims they publicly performed in California. Pltf's Mtn. at 10-11. Messrs. Plant and Jones, however, are performing artists and have appeared on hundreds of occasions around the country and world. By plaintiff's own account, in 2016 neither Mr. Plant nor Mr. Jones performed in California and in 2015 Mr. Plant performed in California only three times and Mr. Jones did not perform in California at all.

Sporadically and infrequently performing in California does not constitute "regularly transact[ing] business in person" in California. Fed. R. Civ. P. 45(c)(1)(A) (emphasis added); Merriam Webster (regularly: "in a regular manner; on a regular basis; at regular intervals"). Rather, "'regularly transacts business in person' means just what it says." *Regents of Univ. of California v. Kohne*, 166 F.R.D. 463, 465 (S.D. Cal. 1996), *dismissed*, 113 F.3d 1256 (Fed. Cir. 1997). Just counting the number of occasions someone is in a state on business does not satisfy

1  the requirement that business be transacted there "regularly . . . ." *Id.* ("'regularly'

2  does not mean ten times in seven years").

3        Plaintiff's "notices," as well as his unserved subpoenas for the wrong date and

4  purporting to require travel from England to Los Angeles, are nullities and fail to

5  provide a basis for the relief plaintiff seeks.

6        **(c)   Plaintiff Has Failed to Comply with this Court's Requirements for**

7              **Using Depositions in Lieu of Live Testimony**

8        Plaintiff's caption and notice of motion refer only to his motion "to compel

9  the trial testimony of" Messrs. Page, Plant and Jones.  Pltf's Mtn. at 1:18-21, 2:2-5.

10  Yet, the end of his memorandum purports to seek "an order affirming that he is

11  entitled to use the deposition testimony of Plant, Page, and Jones in his ten hours, if

12  he sees fit."  Pltf's Mtn. at 11-12 & 12:15-16; *cf.* L.R. 7-4 ("The notice of motion

13  shall contain a concise statement of the relief or Court action the movant seeks").

14  Further, plaintiff claims both (1) that without knowing whether the individuals will

15  appear he cannot provide designations <u>and</u> (2) that he has provided them.  Pltf's

16  Mtn. at 12.  In any event, plaintiff's stealth request for relief is properly denied.

17        **(1)   Plaintiff Omits that He Failed to Comply with Local Rule 16-**

18              **2.7**

19        Plaintiff omits that he failed to comply with the Court's Local Rules and

20  identify at the Local Rule 16 meeting of counsel before the April 25, 2016 Pretrial,

21  the deposition testimony he would seek to use in lieu of live testimony.

22        He admits it was not until May 5, 2016 that he purported to identify the

23  deposition testimony he would use in lieu of live testimony.  Pltf's Mtn. at 12:4-5

24  ("Those designations were served on Defendants on May 5, 2016").  Aside from the

25  fact his "designations" were defective (*see, below* at 10), they were due at the Local

26  Rule 16 meeting and before the April 25, 2016 Pretrial.  L.R. 16-2.7 (a "party

27  intending to present any evidence by way of deposition testimony shall: (a) Identify

28  ///

9

on the original transcript the testimony the party intends to offer by bracketing the questions and answers in the margins"); Anderson Decl. at 13, ¶ 11.

Neither does plaintiff expressly seek relief from his failure to comply with Local Rule 16-2.7.  Rather, he simply hopes the Court will overlook his violation.

**(2)    Plaintiff Also Omits that He Has Still Not Cured His Belated Attempt to Designate Deposition Testimony Under Local Rule 16-2.7**

In addition, plaintiff omits that his May 5, 2016 designations were not usable. Rather than marking the original deposition transcripts as required by Local Rule 16-2.7, or even certified copies, he marked newspaper-formatted or "mini" copies of deposition transcripts.  That is a significant problem not only because the Local Rule requires the use of actual transcripts, but because the Local Rule requires marginal notation of objections that will not readily fit on the "mini" copies, making it difficult or impossible for the Court to determine the objections and rule on them. Anderson Decl. at 13, ¶ 11, Exh. 3.

Further, on May 6, 2016, defendants' counsel advised plaintiff's counsel of this problem.  But, to date plaintiff's counsel has still failed to cure plaintiff's belated attempt to designate deposition testimony in lieu of live testimony. Anderson Decl. at 13, ¶ 11.

Plaintiff failed to comply with Local Rule 16-2.7, and his late attempt to designate testimony does not comply with that Local Rule and is not usable. Accordingly, his memorandum's request for leave to use deposition transcripts in lieu of live testimony is properly denied.

**(d)    There Is No Basis for Plaintiff's Request for Sanctions**

Also not mentioned in plaintiff's caption and notice of motion is his request, in the conclusion of his memorandum, for the imposition of sanctions if the individuals do not appear.  Pltf's Mtn. at 12:24-27.  As it stands, however, and although they fully intend to appear, there is no legal basis for the imposition of

10

1  sanctions on defendants. The request in his memorandum's conclusion also is

2  properly denied.

3  **3.   CONCLUSION**

4      Plaintiff's motion is contrived. Defendants' counsel have advised that – even

5  though not subpoenaed – Mr. Page and Mr. Plant fully intend to be present

6  throughout the trial and Mr. Jones, now a non-party witness, will appear. Plaintiff's

7  motion, seeking to enforce unserved subpoenas for the wrong date, is a transparent

8  attempt to reignite press reports of plaintiff's false assertions that the individuals

9  have refused to appear. Plaintiff's attempt to manipulate the press in order to taint

10  the jury pool should not be tolerated, and his motion should be denied.

11

12  Dated: May 24, 2016

                                                ____/s/ Peter J. Anderson____

13                                      Peter J. Anderson, Esq.

                         LAW OFFICES OF PETER J. ANDERSON

14                               A Professional Corporation

                             Attorney for Defendants

15                         JAMES PATRICK PAGE, ROBERT

                   ANTHONY PLANT, JOHN PAUL JONES,

16                       WARNER/CHAPPELL MUSIC, INC.,

                     SUPER HYPE PUBLISHING, INC.,

17                ATLANTIC RECORDING CORP., RHINO

                  ENTERTAINMENT COMPANY and

18                    WARNER MUSIC GROUP CORP.

19

20                          Helene M. Freeman, Esq.

                         PHILLIPS NIZER LLP

21                        Attorney for Defendants

                      JAMES PATRICK PAGE,

22                  ROBERT ANTHONY PLANT and

                     JOHN PAUL JONES

23

24

25

26

27

28

## DECLARATION OF PETER J. ANDERSON

I, Peter J. Anderson, declare and state:

1.      I am an attorney admitted to practice before this Court and all Courts of the State of California.  I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2.      I represent defendants Warner/Chappell Music, Inc., Atlantic Recording Corp., Rhino Entertainment Company, James Patrick Page and Robert Plant in this action.  This Declaration is submitted in support of their and dismissed defendant John Paul Jones' opposition to plaintiff's motion for an Order requiring them to attend the trial in this action.

3.      Attached to this Declaration as Exhibit 1 is a true and correct copy of the cover and pages 20-21 of the Reporter's Transcript of the April 25, 2016 Pretrial Conference in this action.

4.      At no point have I or other defense counsel, Helene M. Freeman, ever told plaintiff's counsel that Messrs. Page, Plant and Jones, or any of them, refuse to attend the trial in this action.  Quite the contrary, I have confirmed in writing and in conversations that they do in fact plan on attending the trial.

5.      During the April 1, 2016 Local Rule 16 meeting of counsel with Mr. Malofiy and Ms. Freeman by conference call, Mr. Malofiy asked whether Messrs. Page, Plant and Jones would be attending the trial and, if so, when.  I told him that I of course expect them to attend but at that time I was not sure of when exactly.

6.      On April 14, 2016, Mr. Malofiy sent me an e-mail in which, among other things, he asked if I would accept service of subpoenas on behalf of Messrs. Page, Plant and Jones.  Because I believe that any such subpoenas would be invalid, I replied by e-mail as follows:

"The individual defendants, of course, are outside the court's subpoena

power, so even if they were to be served that would be an idle act.  But I

///

12

do expect them to appear to testify, if that's any help."

Attached to this Declaration as Exhibit 2 is a true and correct copy of my April 14, 2016 e-mail to Mr. Malofiy.

7.     Because I do not believe that a subpoena directed to residents of England is enforceable, and that purporting to accept service of such a subpoena would be misleading, I never accepted service of subpoenas directed to Messrs. Page, Plant and Jones.

8.     At no time did Mr. Malofiy, or plaintiff's other counsel, ever tender the witness fees for any subpoenas they directed to Messrs. Page, Plant and Jones.

9.     In addition, in my May 6, 2016 e-mail to Mr. Malofiy I stated:

> "[W]e have previously made it clear that Messrs. Page and Plant will attend the trial, but with them coming from England we cannot guarantee the day they will arrive.  As for Mr. Jones, he was granted summary judgment and is no longer a defendant in the case, although we expect him to testify as a defense witness."

Attached to this Declaration as Exhibit 3 is a true and correct copy of my May 6, 2016 e-mail to Mr. Malofiy

10.     Also in conversations before plaintiff filed his motion to compel, I told Mr. Malofiy that, barring an unforeseen event, I fully expect Mr. Page and Mr. Plant to attend the trial from its inception, and that I fully expect Mr. Jones, who obtained dismissal by summary judgment in his favor, to appear as a defense witness.

11.     During the Local Rule 16 meeting of counsel, Mr. Malofiy did not identify deposition testimony he planned to use in lieu of live testimony.   I subsequently warned him that he had not complied with Local Rule 16-2.7, but he still did not comply with the Local Rule.  On May 5, 2016, Mr. Malofiy e-mailed to me newspaper-formatted or "mini" copies of the transcripts of the depositions of Messrs. Page, Plant and Jones, which he had marked.  In my May 6, 2016 e-mail,

///

13

1    Exhibit 3, I raised that this was improper.  As of the filing of this Declaration, Mr.

2    Malofiy has still not complied with Local Rule 16-2.7.

3         I declare under penalty of perjury that the foregoing is true and correct.

4    Executed on May 24, 2016.

6                                          ____/s/ Peter J. Anderson_____

7                                          PETER J. ANDERSON

# EXHIBIT 1

1                    UNITED STATES DISTRICT COURT

2          CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

3           HONORABLE R. GARY KLAUSNER, U.S. DISTRICT JUDGE

4

5   MICHAEL SKIDMORE, as Trustee for the: )
    RANDY CRAIG WOLFE TRUST,               )
6                                          )
                        Plaintiff,         )
7                                          )
        vs.                                )  CASE NO.
8                                          )  CV 15-3462-RGK(AGRx)
                                           )
9   LED ZEPPELIN, et al.,                  )
                                           )
10                      Defendants.        )
    _____)
11

12

13                   REPORTER'S TRANSCRIPT OF
                        PRETRIAL CONFERENCE
14                   MONDAY, APRIL 25, 2016
                          9:08 A.M.
15                   LOS ANGELES, CALIFORNIA

16

17

18

19

20

21

22   _____

23            SHAYNA MONTGOMERY, CSR, RPR, CRR
              FEDERAL OFFICIAL COURT REPORTER
24                 312 NORTH SPRING STREET
              LOS ANGELES, CALIFORNIA 90012
25              SHAYNAMONTGOMERY@YAHOO.COM

**EXHIBIT 1**

15

```
 1              MR. ANDERSON:  Thank you, Your Honor.  And --
 2              THE COURT:  Mr. Wolfe would be tough to get in as a
 3   witness.
 4              MR. ANDERSON:  Yes, we tried, Your Honor, but
 5   weren't able to pull that one off.  And then the only other
 6   thing I supposed I should repeat the request for a Daubert
 7   hearing if any of the experts that plaintiff has identified do
 8   get past the Rule 26 issue.
 9              THE COURT:  Well, again, anybody in a case could
10   file any motions they wish to file.  If you want to make them,
11   that's fine, make those motions.  The Court will determine,
12   number one, whether or not they're timely and should be
13   addressed, or we'll rule on them.  So I'm not foreclosing you
14   from making any motions you want.
15              MR. ANDERSON:  Thank you very much, Your Honor.
16              THE COURT:  Counsel, anything for you?
17              MR. MALOFIY:  Yes, Your Honor.
18        May it please the Court, couple questions to address with
19   the Court.  One issue is that in this case, defendants had
20   agreed to personal jurisdiction of this court rather than the
21   court of Philadelphia.  It was transferred from the Eastern
22   District of Philadelphia to this court, and now defendants are
23   refusing to appear in this court in the claims against them.
24   Plaintiff intended to, at all times, bring them in plaintiff's
25   case-in-chief as if on cross, and defendants are telling me,
```

UNITED STATES DISTRICT COURT

**EXHIBIT 1**
**16**

```
1   defense counsel, that they're outside the power of this court
2   and they won't appear.  If that's the case, plaintiff would be
3   asking for, at the very least, a negative inference or default
4   if they're not going to appear in this court.
5            THE COURT:  Nothing has to be to argued.  He's just
6   saying that that's what he's going to do.
7            MR. ANDERSON:  Thank you, Your Honor.
8            THE COURT:  Anything else?  If you're asking for
9   rulings today, counsel, anything you want, put it in writing
10  and I'll rule on it, and those are things that should be
11  addressed before court because they may not be timely.  So
12  there -- and I appreciate you letting everybody know, myself
13  and counsel know, that this may be something you'll be raising.
14           MR. MALOFIY:  It is an issue also because in
15  preparation for the case --
16           THE COURT:  Okay.
17           MR. MALOFIY:  -- and to be conscience of the Court's
18  calendar, the witnesses -- calendaring of the witnesses as
19  well, if we're going to be using designations, we need to know
20  if they're going to appear.  And if they're not going to
21  appear, we're going to spend quite a bit of time chopping up
22  the videos for time of trial, and that's a concern that we
23  have.  I wanted to raise it with the Court because it deals
24  with calendaring and it deals with scheduling.  That's just
25  something I wanted to make the Court aware of.
```

1     **CERTIFICATE OF OFFICIAL REPORTER**

2

3     COUNTY OF LOS ANGELES    )
                               )
4     STATE OF CALIFORNIA      )

5

6           I, SHAYNA MONTGOMERY, Federal Official Realtime

7     Court Reporter, in and for the United States District Court for

8     the Central District of California, do hereby certify that

9     pursuant to Section 753, Title 28, United States Code that the

10    foregoing is a true and correct transcript of the

11    stenographically reported proceedings held in the

12    above-entitled matter and that the transcript page format is in

13    conformance with the regulations of the judicial conference of

14    the United States.

15

16    Date:  *April 28, 2016*

17

18

19                    /s/ SHAYNA MONTGOMERY

20                    _____
                      SHAYNA MONTGOMERY, CSR, RPR, CRR
                      Federal Official Court Reporter
21

22

23

24

25

**EXHIBIT 1**
**18**

# EXHIBIT 2

**From:** Peter J. Anderson [mailto:pja@pjanderson.com]
**Sent:** Thursday, April 14, 2016 7:32 PM
**To:** Malofiy, Francis Alexander
**Cc:** Helene M. Freeman; 'AJ Fluehr'; 'Glen Kulik'
**Subject:** RE: Skidmore

Francis:

Attached is your draft of the joint witness list, marked to show the changes.

As to presenting testimony by deposition/video in lieu of a witness appearing, you were required under our local rules and the court's order to, for example, identify the witness and the testimony you intended to use by providing marked copies of the deposition transcripts at the 40-day meeting.  You never did that, so you waived the right to use depositions in lieu of live testimony.

You may recall that I told you that I had marked the Ruhlman and Andes deposition testimony in the summary judgment papers and that is what I would use for Ruhlmann and, if Andes didn't appear, for him.  However, we don't intend to call Ruhlmann and you've advised you're producing Andes.

As to subpoenas, I'm not sure what you mean by subpoenas for "The Corporate Defendants."  If you mean Messrs. Blietz and Woerhle or any substitute PMK, I'm happy to find out if they'll accept subpoenas and will let you know.  The individual defendants, of course, are outside the court's subpoena power, so even if they were to be served that would be an idle act.  But I do expect them to appear to testify, if that's any help.

Best regards.

Peter.

**EXHIBIT 2**
**19**

# EXHIBIT 3

**From:** Peter J. Anderson [mailto:pja@pjanderson.com]
**Sent:** Friday, May 06, 2016 4:23 PM
**To:** 'Francis Alexander Malofiy'; 'Helene M. Freeman'
**Cc:** 'AJ Fluehr'; 'Glen Kulik'
**Subject:** RE: Skidmore

Francis:

It really is important that you not misrepresent what Helene and I have said and written, and that you meet the court's deadlines rather than ignore them.

As Helene and I previously raised multiple times, if you wanted to use deposition testimony in lieu of live testimony you were required to have provided marked transcripts at the 40 day meeting.  You didn't do so.

Also, even if you could cure that now, you haven't done so.  For example, you were required to provide the full transcripts (not mini or newspaper-formatted versions) marked to show the testimony you intend to offer, so that the full transcripts with our objections noted can be lodged with the court with the required index.  You can't lodge the mini versions with small type and objections squeezed in.

I also don't understand your statement that it is nearly impossible to designate the testimony you intend to offer in lieu of live testimony – if that is so, then what did you just send us?

As to the various assertions in your e-mail, you know (for example from defendants' inserts to the April 24, 2016 filing) that you've got the facts wrong and also have no legal basis for the relief you threaten to seek.  It is sufficient to say you are incorrect, we disagree with your assertions and the record confirms you are incorrect.  As an example, only, we have previously made it clear that Messrs. Page and Plant will attend the trial, but with them coming from England we cannot guarantee the day they will arrive.  As for Mr. Jones, he was granted summary judgment and is no longer a defendant in the case, although we expect him to testify as a defense witness.

Best regards.

Peter.

**EXHIBIT 3**
**20**