1  Francis Malofiy, Esq.
2  Francis Alexander, LLC
   280 N. Providence Rd. | Suite 1
3  Media, PA 19063
4  T: (215) 500-1000; F: (215) 500-1005
   E: francis@francisalexander.com
5  *Attorney for Plaintiff*

6
   Glen L. Kulik, Esq. (SBN 082170)
7  Kulik Gottesman & Siegel LLP
   15303 Ventura Blvd., Suite 1400
8  Sherman Oaks, CA 91403
9  T: (310) 557-9200; F: (310) 557-0224
   E: gkulik@kgslaw.com
10 *Attorney for Plaintiff*

11

## UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST, | Case No. 15-cv-03462 RGK (AGRx) |
| Plaintiff, | Hon. R. Gary Klausner |
| v. | **PLAINTIFF'S BRIEF IN FURTHER SUPPORT OF ADMISSIBILITY OF TAURUS RECORDINGS** |
| LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY, | Filed concurrently with [Proposed] Order |
| | Trial Date:  June 14, 2016 |
| | Time:  9:00 a.m. |
| | Courtroom:  850 |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on June 14, 2016, at 9:00 a.m., or as soon thereafter as this matter can be heard before the Honorable R. Gary Klausner of the United States District Court for the Central District of California, at 255 East Temple Street, Los Angeles, California, Courtroom 850, Plaintiff Michael Skidmore, Trustee for the Randy Craig Wolfe Trust, hereby asks the Court, based on newly discovered facts, to reconsider the Court's tentative motion in limine ruling not allow recordings of Taurus to be used and played at trial.

This motion is based on the attached memorandum of points and authorities in support thereof and all filings and pleadings in this action.

Dated: June 12, 2016            FRANCIS ALEXANDER, LLC

                                            */s/ Francis Alexander Malofiy*
                                            Francis Alexander Malofiy
                                            Attorneys for Plaintiff

Francis Malofiy, Esq.
Francis Alexander, LLC
280 N. Providence Rd. | Suite 1
Media, PA 19063
T: (215) 500-1000; F: (215) 500-1005
E: francis@francisalexander.com
*Attorney for Plaintiff*

Glen L. Kulik, Esq. (SBN 082170)
Kulik Gottesman & Siegel LLP
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
T: (310) 557-9200; F: (310) 557-0224
E: gkulik@kgslaw.com
*Attorney for Plaintiff*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL SKIDMORE, as Trustee for the RANDY CRAIG WOLFE TRUST,<br><br>Plaintiff,<br><br>v.<br><br>LED ZEPPELIN; JAMES PATRICK PAGE; ROBERT ANTHONY PLANT; JOHN PAUL JONES; SUPER HYPE PUBLISHING, INC.; WARNER MUSIC GROUP CORP., Parent of WARNER/CHAPPELL MUSIC, INC.; ATLANTIC RECORDING CORPORATION; RHINO ENTERTAINMENT COMPANY,<br><br>Defendants. | Case No. 15-cv-03462 RGK (AGRx)<br><br>Hon. R. Gary Klausner<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFF'S BRIEF IN FURTHER SUPPORT OF ADMISSIBILITY OF TAURUS RECORDINGS**<br><br>Filed concurrently with [Proposed] Order<br><br>Trial Date: June 14, 2016<br>Time: 9:00 a.m.<br>Courtroom: 850 |

## MEMORANDUM OF POINTS AND AUTHORITIES

I.  INTRODUCTION

Defendants filed a motion in limine with the Court, arguing that the Taurus sound recording should not be played to the jury. Their argument was that the appropriate *musicological* analysis should be limited to the deposit copy sheet music of Taurus, as compared to the sound recording of Stairway to Heaven. The Court tentatively agreed with Defendants and precluded the playing of the sound recording. However, there are two prongs that need to be proven: access and substantial similarity. Respectfully, it appears that the Court's ruling is limited to the Taurus recordings' relevance to the substantial similarity comparison, and does not consider that the Taurus recordings (album and live) are needed to prove access and rebut the affirmative defense of independent creation. Plaintiff now moves for reconsideration on three bases:

**First**, Plaintiff respectfully submits that the Court did not consider access when making its ruling. In cases relied upon by the Court that disregarded the album recordings, such as Newton v. Diamond and Williams v. Bridgeport Music (Blurred Lines case), **access was not in dispute between the parties**. However, in this case, Defendants deny having access to Taurus and thus access is a critical element to be proven. There is no way to be able to cross examine or question defendants Jimmy Page or Robert Plant on access without actually playing the Taurus album recording in open court and asking them "Isn't it true you heard this song by Spirit before writing Stairway to Heaven?" After all, defendant Jimmy Page owns the album Taurus is on, Taurus was played at shows where Led Zeppelin was present, Taurus is on the same side as the same album as the Spirit song Fresh Garbage that Led Zeppelin covered approximately 15 times live, Defendants Page and Plant attended several Spirit shows, and Taurus was on an album that peaked at 31 on the Billboard Top LP's chart and was listed for 32 weeks. The credibility of Defendants' denial that they had never heard Taurus is a dispute of fact for the jury to consider.

Defendants certainly did not hear Taurus by going to the Copyright Office and pulling out the deposit transcription. They either heard the Taurus album version and/or heard it live at concert. If Plaintiff cannot even ask Defendants if they heard the song in question, Plaintiff is being prevented from establishing access, a basic element of the case. The fact of the matter is that the Taurus sound recording must be played to prove Plaintiff's access case.

**Second**, Plaintiff moves for reconsideration based on newly discovered evidence: Defendant's lead musicologist, Dr. Lawrence Ferrara, revealed during his deposition, under great pressure from Plaintiff's counsel, that he had previously conducted a musicological analysis of the Taurus album recording as compared to Stairway to Heaven for Plaintiff's publisher. Dr. Ferrara failed to disclose this salient and highly relevant fact in his expert report, nor did Defendants ever disclose this information. In fact defense counsel and Dr. Ferrara actively hid this information from Plaintiff. Plaintiff has filed a motion for sanctions for this improper conduct, and to preclude Dr. Ferrara from testifying. However, if Dr. Ferrara is to testify, it is imperative that Plaintiff be allowed to cross examine him based on this new evidence that he analyzed the Taurus sound recording—an analysis which was conducted by every Plaintiff and defense expert in this case.

**Third**, Defendants are advancing the related affirmative defense of independent creation of Stairway to Heaven, claiming that it was not based on any prior art. Plaintiff is entitled to present rebuttal evidence. Regardless of the strictly protectable compositional elements involved in the substantial similarity comparison, the overall similarity between the album recording of Taurus and Stairway to Heaven is a dispute of fact for the jury regarding whether Stairway to Heaven was truly independently created. Given that Spirit was a band that Led Zeppelin emulated and appreciated—even incorporating other Spirit compositions such as Fresh Garbage into their live sets, a song from the same side of the same album as Taurus—Plaintiff should be allowed to argue to the jury that the Taurus

and Stairway to Heaven album recordings' high degree of similarity rebut the affirmative defense of independent creation. Although the Court has tentatively ruled that the sound recordings are not relevant for the substantial similarity analysis, it does not logically flow that the Taurus album recording could not be used to prove access, rebut independent creation, and cross examine Dr. Ferrara.

## II. FACTS

In Dr. Ferrara's expert report he steadfastly refuses to refer or mention the Taurus sound recording, maintaining that the deposit copy contains the only protectable expression. This is notable because the defense's other expert, Robert Mathes, did consider the Taurus sound recording in his report—as did Plaintiff's experts. This meant that Dr. Ferrara was allegedly the only expert in this case who did not find the sound recording of Taurus significant. However, on May 27, 2016, at Dr. Ferrara's deposition, it was revealed that Dr. Ferrara and Defendants had been concealing and hiding the fact that Dr. Ferrara had in fact done an analysis of the Taurus sound recording versus the Stairway to Heaven sound recording in 2013, for Plaintiff's publisher. Besides being a conflict, Dr. Ferrara failed to reveal in his expert report that he had in fact considered the Taurus sound recording in his analysis. Regardless of the Court's ruling that the deposit copy of Taurus controls the protectable expression at issue, Plaintiff is entitled to question Dr. Ferrara at trial regarding the sound recording, and how that influenced or did not influence his analysis in this case.

## III. LEGAL STANDARD FOR RECONSIDERATION

Under Central District of California Local Rule 7-18 a motion for reconsideration is permitted when:

> "(a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a

> manifest showing of a failure to consider material facts presented to the Court before such decision."

*See* CD Cal. Local Rule 7-18.

Reconsideration is warranted under LR 7-18(c) because the Court's ruling severely hinders Plaintiff's ability to establish access, and also hinders Plaintiff's ability to rebut Defendants' affirmative defense of independent creation. It is also warranted under LR 7-18(b) because Plaintiff was not aware that Dr. Ferrara had analyzed the Taurus sound recording, Defendants purposefully concealed and hid Dr. Ferrara's prior employment as an expert for Plaintiff's publisher, and concealed Dr. Ferrara's prior musicological opinions, conclusions, and things he relied upon—including the Taurus album recording.

IV. APPLICATION – RECONSIDERATION AND VACATION OF THE MOTION IN LIMINE ORDER ON THE TAURUS SOUND RECORDING IS WARRANTED

Defendants filed a motion in limine with the Court, arguing that the Taurus sound recording should not be played to the jury. Their argument was that the appropriate analysis should be limited to the deposit copy sheet music of Taurus, as compared to the sound recording of Stairway to Heaven. The Court tentatively agreed with Defendants and precluded the playing of the sound recording. Respectfully, it appears that the Court's ruling is limited to the Taurus recordings' relevance to the substantial similarity comparison, and does not consider that the Taurus recordings (album and live) are needed to prove access and rebut the affirmative defense of independent creation. Plaintiff now moves for reconsideration on three bases:

**First**, Plaintiff respectfully submits that the Court did not consider access when making its ruling. In cases relied upon by the Court, such as Newton v. Diamond, and Williams v. Bridgeport Music that limited the playing of album sound recordings, **access was not in dispute between the parties**. However, in this case,

Defendants deny having access to Taurus and thus access is a critical element to be proven. Three Boys Music Corp. v. Bolton, 212 F.3d 477, 485 (9th Cir. 2000). There is no way to be able to cross examine or question defendants Jimmy Page or Robert Plant on access without actually playing the Taurus album recording in open court and asking them "Isn't it true you heard this song by Spirit before writing Stairway to Heaven?" After all, defendant Jimmy Page owns the album Taurus is on (see Doc. No. 124-1, at p.11), Taurus was played at shows where Led Zeppelin was present (Doc. No. 124-1, at p.63), Taurus is on the same side as the same album as the Spirit song Fresh Garbage that Led Zeppelin covered approximately 15 times live (Doc. No. 124-1, at p.347), defendants Page and Plant attended several Spirit shows before writing Stairway to Heaven (Doc. No. 124-1, at p.20, 30, 320), and Taurus was on an album that peaked at 31 on the Billboard Top LP's chart and was listed for 32 weeks (Doc. No. 225-1). The credibility of Defendants' denial of having heard Taurus is a dispute of fact for the jury to consider.

Defendants certainly did not hear Taurus by going to the Copyright Office and pulling out the deposit transcription. They either heard the Taurus album version and/or heard Taurus live at concert. If Plaintiff cannot even ask Defendants if they heard the song in question, Plaintiff is being prevented from establishing access, a basic element of the case. The fact of the matter is that the Taurus sound recording must be played to prove Plaintiff's access case.

**Second**, Plaintiff moves for reconsideration based on newly discovered evidence: Defendant's lead musicologist, Dr. Lawrence Ferrara, revealed during his deposition, under great pressure from Plaintiff's counsel, that he had previously conducted a musicological analysis of the Taurus sound recording as compared to Stairway to Heaven for Plaintiff's publisher. Dr. Ferrara failed to disclose this salient and highly relevant fact in his expert report, nor did Defendants ever disclose this information. In fact defense counsel and Dr. Ferrara actively hid this information from Plaintiff. Plaintiff has a motion for sanctions pending for this improper

conduct, and to preclude Dr. Ferrara from testifying. However, if Dr. Ferrara is to testify, it is imperative that Plaintiff be allowed to cross examine him based on the new evidence that he analyzed the Taurus sound recording—an analysis which was conducted by every Plaintiff and defense expert in this case. Dr. Ferrara's prior analysis of the Taurus sound recording could not have but helped influence his consideration and analysis in this case—which is why it was hidden and not disclosed by Defendants—and he must be questioned on this.

**Third**, Defendants are advancing the related affirmative defense of independent creation of Stairway to Heaven, claiming that it was not based on any prior art. Plaintiff is entitled to present rebuttal evidence. Regardless of the strictly protectable compositional elements involved in the substantial similarity comparison, the overall similarity between the album recording of Taurus and Stairway to Heaven is a dispute of fact for the jury regarding whether Stairway to Heaven was truly independently created. Given that Spirit was a band that Led Zeppelin emulated and appreciated—even incorporating other Spirit compositions such as Fresh Garbage into their live sets, a song from the same side of the same album as Taurus—Plaintiff should be allowed to argue to the jury that the Taurus and Stairway to Heaven album recordings' high degree of similarity rebut the affirmative defense of independent creation. Although the Court has tentatively ruled that the sound recordings are not relevant for the substantial similarity analysis, it does not logically flow that the Taurus album recording could not be used to prove access, rebut independent creation, and cross examine Dr. Ferrara.

## V. REMEDY REQUESTED

Plaintiff respectfully requests that the tentative ruling restricting the playing of the sound recording be reconsidered on the basis that the Taurus sound recording is necessary to prove access, necessary to cross examine Dr. Lawrence Ferrara, and necessary to rebut independent creation.

Dated: June 12, 2016                                            FRANCIS ALEXANDER, LLC

*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esq.
Attorney for Plaintiff

# CERTIFICATE OF SERVICE

Plaintiff hereby represents that PLAINTIFF'S BRIEF IN FURTHER SUPPORT OF ADMISSIBILITY OF TAURUS RECORDINGS has been served upon counsel by electronic filing:

Helene Freeman, Esquire
666 Fifth Avenue
New York, NY 10103-0084
T: (212) 841-0547
F: (212) 262-5152
E: hfreeman@phillipsnizer.com
*Attorneys for Defendants James Patrick Page, Robert Anthony Plant, and John Paul Jones (collectively with John Bonham (Deceased), professionally known as Led Zeppelin)*

Peter J. Anderson, Esquire
100 Wilshire Blvd. | Suite 2010
Santa Monica, CA 90401
T:(310) 260-6030
F: (310) 260-6040
E: pja@pjanderson.com
*Attorney for Defendants Super Hype Publishing, Inc., Warner Music Group Corp., Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company*

*****

*Respectfully submitted,*
Francis Alexander, LLC
*/s/ Francis Alexander Malofiy*
Francis Alexander Malofiy, Esquire
Attorney ID No.: 208494
280 N. Providence Road | Suite 1
Media, PA 19063
T: (215) 500-1000
F: (215) 500-1005
E: francis@francisalexander.com
*/d/ June 12, 2016*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
PLAINTIFF'S BRIEF IN FURTHER SUPPORT OF ADMISSIBILITY OF TAURUS RECORDINGS