1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5  Attorneys for Defendants
   JAMES PATRICK PAGE, ROBERT ANTHONY
6  PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
   MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
7  ATLANTIC RECORDING CORP., RHINO
   ENTERTAINMENT COMPANY and WARNER
8  MUSIC GROUP CORP.

9  Helene Freeman, Esq., admitted *pro hac vice*
   E-Mail: hfreeman@phillipsnizer.com
10 PHILIPS NIZER LLP
   666 Fifth Avenue
11 New York, NY 10103-0084
   Tel: (212) 977-9700
12 Fax: (212) 262-5152
   Attorneys for Defendants
13 JAMES PATRICK PAGE, ROBERT ANTHONY
   PLANT and JOHN PAUL JONES

14

15  **UNITED STATES DISTRICT COURT**

16  **CENTRAL DISTRICT OF CALIFORNIA**

17  **WESTERN DIVISION**

18  MICHAEL SKIDMORE, *etc.*,              )   Case No. 2:15-cv-03462 RGK (AGRx)
                                           )
19           Plaintiff,                    )
                                           )   DEFENDANTS' MEMORANDUM
20       vs.                               )   OF POINTS AND AUTHORITIES
                                           )   IN OPPOSITION TO PLAINTIFF'S
21  LED ZEPPELIN, *et al.*,                )   MOTION TO RECONSIDER
                                           )   SUMMARY JUDGMENT RULING;
22           Defendants.                   )   DECLARATION
                                           )
23  _____)

24  Date: June 14, 2016
    Time: 9:00 a.m.

25  Courtroom of the Honorable
    R. Gary Klausner
26  United States District Judge

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Michael Skidmore's motion, without the required 28 days' notice, asks the Court to reconsider the Court's April 8, 2016 Order (Doc. 159) granting defendants partial summary judgment that any recovery by Skidmore must be reduced by 50%. The Court granted that motion because of the clear language in Randy Wolfe's 1967 Songwriter's Agreement with Hollenbeck Music ("Hollenbeck"); the case law supporting defendants' motion; and Skidmore's failure to oppose the motion. Order (Doc. 159) at 159. Skidmore's motion to reconsider is properly denied.

Skidmore does not claim his failure to oppose the motion was excused. Neither does he dispute the clear language of the 1967 Songwriter's Agreement.

Instead, Skidmore advises the Court that Hollenbeck abandoned its copyright in the *Taurus* musical composition because it did not object to what Skidmore describes as Randy Wolfe's 1996 renewal of copyright and his "clear termination of Hollenbeck's interest in the copyright." Pltf's Mtn. (Doc. at 231) at 2:6-13. Even if that were true, Skidmore could and should have raised that argument in his opposition to defendants' summary judgment motion.

However, Skidmore's argument is not true: he omits that in the 1967 Songwriter's Agreement Wolfe expressly assigned to Hollenbeck Music the renewal copyright in Wolfe's compositions. 1967 Songwriter's Agreement (ECF No. 97, Ex. 11) at 1-2, ¶ 3. (Wolfe "irrevocably and absolutely assigns . . . to [Hollenbeck] all rights and interests . . . together, with all world-wide copyrights <u>and renewals and extensions thereof</u>"). Since Wolfe lived to renew, his assignment of the renewal term is enforceable and Hollenbeck owns the renewal copyright. *Stewart v. Abend*, 495 U.S. 207, 255 n. 21 (1990) ("if the author is alive in that year [of renewal], the original sale holds and there is no reversion"). And, Hollenbeck continues to explit the copyright and pay Skidmore royalties. Skidmore's renewal registration argument is simply wrong.

1

Skidmore's remaining argument for reconsideration is based on his motion for sanctions and the argument that Hollenbeck owes him fiduciary obligations. As established in defendants' opposition to that motion, Skidmore's motion lacks merit and music publishers are not fiduciaries to those to whom they pay royalties. *Cafferty v. Scotti Bros. Records, Inc.*, 969 F. Supp. 193, 205-06 (S.D.N.Y. 1997) (music publisher not a fiduciary); *Carter v. Goodman Group Music Publishers*, 848 F. Supp. 438, 445 (S.D.N.Y. 1994) (same); *Hope v. Genentech, Inc.*, 43 Cal.4th 375, 389-92, 181 P.3d 142 (2008) (contract to commercially exploit scientific discovery in return for royalties did not create a fiduciary relationship).

Skidmore's late motion to reconsider lacks merit and should be denied.

Dated: June 13, 2016

        /s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, WARNER/CHAPPELL MUSIC, INC., SUPER HYPE PUBLISHING, INC., ATLANTIC RECORDING CORP., RHINO ENTERTAINMENT COMPANY and WARNER MUSIC GROUP CORP.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT and JOHN PAUL JONES