1 | Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
2 | LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
3 | 100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
4 | Tel: (310) 260-6030
Fax: (310) 260-6040
5 | Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
6 | PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
7 | ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and WARNER
8 | MUSIC GROUP CORP.

9 | Helene Freeman, Esq., admitted *pro hac vice*
E-Mail: hfreeman@phillipsnizer.com
10 | PHILIPS NIZER LLP
666 Fifth Avenue
11 | New York, NY 10103-0084
Tel: (212) 977-9700
12 | Fax: (212) 262-5152
Attorneys for Defendants
13 | JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT and JOHN PAUL JONES

14 |

15 | **UNITED STATES DISTRICT COURT**

16 | **CENTRAL DISTRICT OF CALIFORNIA**

17 | **WESTERN DIVISION**

18 | MICHAEL SKIDMORE, *etc.*,⟩ Case No. 2:15-cv-03462 RGK (AGRx)
⟩
19 |     Plaintiff, ⟩
⟩
20 |   vs. ⟩ DEFENDANTS' MEMORANDUM
⟩ OF POINTS AND AUTHORITIES
⟩ IN OPPOSITION TO PLAINTIFF'S
21 | LED ZEPPELIN, *et al.*, ⟩ REQUEST FOR JUDICIAL NOTICE
⟩ *RE SPIRIT* ALBUM;
22 |     Defendants. ⟩ DECLARATION
⟩
23 | _____⟩

24 | Date: June 14, 2016
Time: 9:00 a.m.

25 | Courtroom of the Honorable
R. Gary Klausner
26 | United States District Judge

27 |

28 |

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendants respectfully submit this Memorandum in opposition to plaintiff Michael Skidmore's belated request on the eve of trial that the Court judicially notice "that the album *Spirit*, which contains Taurus, was listed for 32 weeks, and peaked at 31, on the Billboard Top LP Chart." Plft's Req. (Doc. 225) at 2:6-8. Skidmore's late request is properly denied.

In support of his request, Skidmore offers two new exhibits, which he claims to be:

1.   a copy of the cover a September 28, 1968 Billboard magazine and a chart (followed by a copy of the top half of that chart), downloaded from books.google.com (Pltf's Mtn. at 5:16-17; Malofiy Decl. (Doc. 225-1) at Exh. 1); and

2.   a copy of an excerpt from "Top Pop Albums 1955-1992," that purports to provide information compiled from Billboard issues (Malofiy Decl. (Doc. 225-1) at Exh. 2).

Skidmore asserts that the claimed Billboard chart and "Top Pop Albums 1955-92" he submits "establish the popularity and widespread distribution of" Spirit's first album.   Pltf's Mtn. at 4:5-10.   However, he seeks to misuse Federal Rule of Evidence 201 to submit claimed evidence he never disclosed, he never listed on the Joint Exhibit List and for which he fails to provide a foundation, and which, in addition, is hearsay and not properly the subject of judicial notice.

Skidmore did not provide the claimed Billboard chart or any portion of "Top Pop Albums 1955-1992" in his initial or any supplemental disclosures.   Anderson Decl. at 3, ¶ 3.   For that reason alone, his request for judicial notice should be denied.   Fed. R. Civ. P. 37(c)(1).

Further, Skidmore failed to include the Billboard chart or "Top Pop Albums 1955-1992" on the Joint Exhibit List (Doc. 199).   Anderson Decl. at 3, ¶ 4.

///

1

1    In addition, because Skidmore delayed until the eve of trial before making his
2    request, he has precluded defendants from now pursuing any discovery as to the
3    meaning and accuracy of the Billboard chart, of Billboard charts in general and of
4    "Top Pop Albums 1955-1992."  A request for judicial notice must be "timely" (Fed.
5    R. Civ. P. 201(e)), and Skidmore failed to act in a timely fashion.

6    Moreover, the assertions in the two exhibits that Skidmore submits are not a
7    proper subject of judicial notice.  "Rule 201 allows a court to take judicial notice of
8    facts that are not subject to reasonable dispute in that they are either '(1) generally
9    known within the territorial jurisdiction of the trial court or (2) capable of accurate
10   and ready determination by resort to sources whose accuracy cannot reasonably be
11   questioned.'" *In re Blumer*, 95 B.R. 143, 147 (B.A.P. 9th Cir. 1988).  "Caution must
12   also be taken to avoid admitting evidence, through the use of judicial notice, in
13   contravention of the relevancy, foundation, and hearsay rules."  *1-800-411-Pain*
14   *Referral Serv., LLC v. Otto*, 744 F.3d 1045, 1063 (8th Cir. 2014), *quoting Am.*
15   *Prairie Const. Co. v. Hoich,* 560 F.3d 780, 797 (8th Cir. 2009).

16   Here, Skidmore fails to establish that the assertions in the exhibits "are not
17   subject to reasonable dispute," that they are "generally known" or that they are
18   "capable of accurate and ready determination by resort to sources whose accuracy
19   cannot reasonably be questioned."  Further, he has failed to establish the relevancy
20   of the assertions, which also are hearsay.

21   Skidmore did not pursue any discovery to establish, and does not purport to
22   establish now, how Billboard compiles its charts, let alone the relationship – if any –
23   between chart listing and number of units sold to the public.  Rather, Skidmore
24   merely asserts that the Spirit album "was in the company" of other artists' albums.
25   Pltf's Mtn. at 10-14.  Neither has he established the extent, if any, to which the
26   charts of the U.S. magazine, Billboard, relate to or reflect sales <u>in England</u>, where
27   Messrs. Page and Plant resided.  As a result, he has not shown that the claimed
28   information is relevant.  Nor has he established the accuracy of the information on

the chart or the accuracy of the summarized information in "Top Pop Albums 1955-1992." The "propositions [Skidmore asks the Court to judicially notice] are disputable and not appropriately admitted as facts under Rule 201." *In re Mora*, 199 F.3d 1024, 1026 (9th Cir. 1999).

And, in addition to Skidmore's failure to establish a foundation and the relevance of the assertions in the Billboard chart and "Top Pop Albums 1955-1992," those assertions, offered for their truth, are hearsay and multiple hearsay. Fed. R. Evid. 801-02, 805.

Plaintiff failed to timely disclose the exhibits he submits and did not include them on the Joint Exhibit List. He should not be able to avoid the consequences by a late request for judicial notice. In addition, he fails to establish that the hearsay statements on the exhibits are properly the subject of judicial notice. Accordingly, his request should be denied.

Dated: June 13, 2016

_____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.


Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES

## DECLARATION OF PETER J. ANDERSON

I, Peter J. Anderson, declare and state:

1.      I am an attorney admitted to practice before this Court and all Courts of the State of California.  I have personal knowledge of the following facts and could competently testify to these facts if called upon to do so.

2.      I represent defendants James Patrick Page, Robert Plant, Warner/Chappell Music, Inc., Atlantic Recording Corp. and Rhino Entertainment Company in this action.  This Declaration is submitted in support of their opposition to plaintiff Michael Skidmore's Request that he Court take judicial notice "that the album *Spirit*, which contains Taurus, was listed for 32 weeks, and peaked at 31, on the Billboard Top LP Chart."  Plft's Req. (Doc. 225) at 2:6-8.

3.      Mr. Skidmore did not provide in his initial or any supplemental disclosures the Billboard chart or "Top Pop Albums 1955-1992" on which he bases his Request for judicial notice.

4.      Mr. Skidmore also did not include the Billboard chart or "Top Pop Albums 1955-1992" on the parties' Joint Exhibit List (Doc. 199).

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 13, 2016.


_____/s/ Peter J. Anderson_____
PETER J. ANDERSON

4