Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and WARNER
MUSIC GROUP CORP.

Helene Freeman, Esq., admitted *pro hac vice*
E-Mail: hfreeman@phillipsnizer.com
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT and JOHN PAUL JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, <br><br> Plaintiff, <br><br> vs. <br><br> LED ZEPPELIN, *et al.*, <br><br> Defendants. | Case No. 2:15-cv-03462 RGK (AGRx) <br><br> DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S MOTION TO RECONSIDER RULING AS TO DEFENDANTS' MIL # 3 <br><br> Date: June 14, 2016 <br> Time: 9:00 a.m. <br><br> Courtroom of the Honorable <br> R. Gary Klausner <br> United States District Judge |

**MEMORANDUM OF POINTS AND AUTHORITIES**

Although labeled a "Brief in Further Support" of his opposition to defendants' Motion in Limine No. 3, plaintiff Michael Skidmore unabashedly asks the Court to reconsider its tentative ruling that "the only *Taurus* recordings properly presented to the jury are those that are strictly limited to the *Taurus* musical composition as transcribed in the copyrighted 1967 transcription." Order (Doc. 202) at 1; Pltf's Mtn. (Doc. at 232) at 2. His motion is a rehash of prior arguments, is based on conclusions that do not pass scrutiny and should be denied.

First, he makes the same arguments he made in his April 14, 2016 opposition to the Motion in Limine No. 4. *See, e.g.,* Pltf's Oppn. (Doc. 169) at 5:15-17 (access; when Defendants take the stand, Plaintiff plans on playing Taurus, as distributed on Spirit's debut eponymous album Spirit, and asking them if they heard that song prior to writing Stairway to Heaven"). A motion to reconsider is not another chance to make arguments that did not sway the Court.

Second, Skidmore does not need to play a *Taurus* sound recording in order to ask Messrs. Page and Plant whether they heard *Taurus* before creating *Stairway to Heaven*. <u>Indeed, Skidmore has asked, and presumably will ask again, whether they heard *Taurus* at concerts, even though Skidmore has no recordings of the concerts where they were present.</u> Further, Messrs. Page and Plant already testified in their depositions that they had not heard *Taurus*. Also, Skidmore can simply establish that he played *Taurus* at their depositions and ask them whether they heard it before 1971. Further, as defendants have raised, any probative value of the *Taurus* sound recordings is greatly outweighed by the prejudice of playing for the jury a sound recording that is not copyrighted and which is different from the copyrighted *Taurus* deposit copy. *See, e.g.,* Defs' MIL # 3 (Doc. 136) at 6-7.

Third, Skidmore does not need to play *Taurus* recordings to cross-examine defendants' experts. They opined as to the *Taurus* deposit copy, and while they did discuss the *Taurus* sound recording in response to Skidmore's expert reports that

1

1 were based on the *Taurus* sound recordings, the Court ruled that Skidmore's expert reports are inadmissible. Order (Doc. 203). As a result, defendants' experts' views as to the *Taurus* sound recordings are moot.

Fourth, Skidmore argues that the *Taurus* sound recordings are relevant to independent creation because of the supposed "high degree of similarity" with recordings of *Stairway to Heaven*. Pltf's Mtn. at 232: 9:8-11. That, however, is just Skidmore's prior and unsuccessful argument that non-copyrighted performance elements of the unprotected *Taurus* sound recordings are relevant. In addition, defendants have shown that Skidmore's own experts admit that the claimed similarities – *e.g.*, both having acoustic guitars, reverb or finger-picking – were commonplace in the 1960s. *See, e.g.*, Defs Trial Brief (223) at 221-23.

Finally, Skidmore refers to his baseless claim that his consent was required before defendants could retain Dr. Ferrara. Not only is that claim frivolous, it is irrelevant to the Court's ruling that "the only *Taurus* recordings properly presented to the jury are those that are strictly limited to the *Taurus* musical composition as transcribed in the copyrighted 1967 transcription." Order (Doc. 202) at 1.

Skidmore's late motion to reconsider lacks merit and should be denied.

Dated: June 13, 2016

/s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, WARNER/CHAPPELL MUSIC, INC., SUPER HYPE PUBLISHING, INC., ATLANTIC RECORDING CORP., RHINO ENTERTAINMENT COMPANY and WARNER MUSIC GROUP CORP.

| | |
|---|---|
| 1 | Helene M. Freeman, Esq. |
| 2 | PHILLIPS NIZER LLP |
| | Attorney for Defendants |
| 3 | JAMES PATRICK PAGE, |
| | ROBERT ANTHONY PLANT and |
| 4 | JOHN PAUL JONES |