1   Peter J. Anderson, Esq., Cal. Bar No. 88891
    E-Mail: pja@pjanderson.com
2   LAW OFFICES OF PETER J. ANDERSON
    A Professional Corporation
3   100 Wilshire Boulevard, Suite 2010
    Santa Monica, CA 90401
4   Tel: (310) 260-6030
    Fax: (310) 260-6040
5   Attorneys for Defendants
    JAMES PATRICK PAGE, ROBERT ANTHONY
6   PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
    MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
7   ATLANTIC RECORDING CORP., RHINO
    ENTERTAINMENT COMPANY and WARNER
8   MUSIC GROUP CORP.

9   Helene Freeman, Esq., admitted *pro hac vice*
    E-Mail:  hfreeman@phillipsnizer.com
10  PHILIPS NIZER LLP
    666 Fifth Avenue
11  New York, NY 10103-0084
    Tel: (212) 977-9700
12  Fax: (212) 262-5152
    Attorneys for Defendants
13  JAMES PATRICK PAGE, ROBERT ANTHONY
    PLANT and JOHN PAUL JONES

14

15              **UNITED STATES DISTRICT COURT**

16              **CENTRAL DISTRICT OF CALIFORNIA**

17                    **WESTERN DIVISION**

| | |
|---|---|
| 18  MICHAEL SKIDMORE, *etc.*, | Case No. 2:15-cv-03462 RGK (AGRx) |
| 19          Plaintiff, | |
| 20      vs. | MOTION FOR JUDGMENT AS A MATTER OF LAW; |
| 21  LED ZEPPELIN, *et al.*, | MEMORANDUM OF POINTS AND AUTHORITIES |
| 22          Defendants. | |
| 23 | |

                                    Courtroom of the Honorable
24                                      R. Gary Klausner
                                    United States District Judge

25

26

27

28

**MOTION**

Defendants James Patrick Page, Robert Plant, Warner/Chappell Music, Inc., Atlantic Recording Corporation and Rhino Entertainment Company respectfully move the Court for a judgment as a matter of law and in their favor on plaintiff's claims for copyright infringement and, in the alternative, on plaintiff's claims for actual damages and profits.

This Motion is based on the grounds that the evidence presented allows only one reasonable conclusion, as follows:

1. Plaintiff's first claim for direct copyright infringement fails because:

    (a) Plaintiff failed to put into evidence the claimed registration of the 1967 *Taurus* musical composition copyright upon which he sues;

    (b) Plaintiff, now claiming as owner of the *Taurus* musical composition copyright, does not own that copyright;

    (c) Plaintiff has not presented non-speculative evidence of access; and

    (d) Plaintiff has not presented admissible evidence of striking or substantial similarity between the 1967 *Taurus* musical composition and *Stairway to Heaven*.

2. Plaintiff's second claim for contributory copyright infringement fails because:

    (a) For at least the reasons stated above, plaintiff has not proven an underlying direct copyright infringement; and

    (b) In addition, plaintiff has not proven that a defendant had knowledge of another's allegedly infringing conduct and induced, caused or materially contributed to that allegedly infringing conduct.

///
///

1    3.    Plaintiff's third claim for vicarious copyright infringement fails
2    because:

3        (a)    For at least the reasons stated above, plaintiff has not
4        proven an underlying direct copyright infringement; and

5        (b)    In addition, plaintiff has not proven that a defendant
6        profits directly from the allegedly infringing conduct and had the right
7        to stop the allegedly infringing conduct but declined to exercise that
8        right.

9    4.    Plaintiff cannot recover actual damages because he put on no
10   evidence of actual damages.

11   5.    Plaintiff cannot recover profits from the alleged infringements
12   because he put on no evidence of the defendants' respective revenues
13   attributable to the exploitation of *Stairway to Heaven*.

14   This Motion is based on the oral motion defendants sought to make at the
15   close of plaintiff's case in chief, this Motion, the accompanying Memorandum of
16   Points and Authorities and the evidence admitted at trial, and such argument as the
17   Court may allow.

19   Dated: June 20, 2016

_____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES

2

# <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES.............................................1

1.      INTRODUCTION.......................................................................................1

2.      JUDGMENT AS A MATTER OF LAW IS APPROPRIATE.........................1

    (a)    The Applicable Standard..........................................................1

    (b)    Skidmore Failed to Prove His Claim for Direct Copyright
           Infringement.............................................................................2

           (1)    Skidmore Failed to Submit the Registration of the 1967
                 *Taurus* Musical Composition Copyright on Which He Sues........2

           (2)    The Evidence Establishes Skidmore Does Not Own the
                 1967 *Taurus* Musical Composition Copyright on Which He
                 Sues.........................................................................................2

           (3)    Skidmore Failed to Present Non-Speculative Evidence of
                 Access.....................................................................................4

           (4)    Skidmore Failed to Present Evidence of Striking or
                 Substantial Similarity Under the Extrinsic Test..........................6

    (c)    Skidmore Failed to Prove His Claim for Contributory Copyright
           Infringement.............................................................................7

    (d)    Skidmore Failed to Prove His Claim for Vicarious Copyright
           Infringement.............................................................................7

    (f)    Skidmore Failed to Present Evidence of Defendants' Respective
           Profits......................................................................................8

3.      CONCLUSION.........................................................................................11

**Cases**

*Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435 (9th Cir. 1994),

  *cert. denied* 513 U.S. 1184 (1995) ...............................................................6

*Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340 (1991) ..........................2, 4

*Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505

  (9th Cir. 1985) ...............................................................................................8

*Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072

  (9th Cir. 2006) ...............................................................................................6

*Gable v. National Broadcasting Company*, 727 F. Supp. 2d 815

  (C.D. Cal. 2010) .............................................................................................4

*Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274 (S.D.N.Y. 1991) .............................4

*Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068 (9th Cir. 2013) ...................8

*Mackie v. Rieser*, 296 F.3d 909 (9th Cir. 2002), *cert. denied* 537 U.S. 1189

  (2003) .............................................................................................................8

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913 (2005)...........7, 8

*Miller Music Corp. v. Charles N. Daniels, Inc.*, 362 U.S. 373 (1960) ......................3

*On Davis v. The Gap, Inc.*, 246 F.3d 152 (2d Cir. 2001) ..................................... 9, 10

*Peralta v. Dillard*, 744 F.3d 1076 (9th Cir. 2014), *cert. denied*,

  135 S. Ct. 946 (2015) ...................................................................................1, 4

*Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788 (9th Cir. 2007),

  *cert. denied* 553 U.S. 1079 (2008) .................................................................7

*Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700 (9th Cir. 2004) ............... 9, 10

*Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010)..........................................2

*Rice v. Fox Broadcasting Co.*, 148 F. Supp. 2d 1029 (C.D. Cal. 2001),

  *rev'd on other grounds*, *Rice v. Fox Broad. Co.*, 330 F.3d 1170 (9th Cir. 2003) .....6

*Rice v. Fox Broad. Co.*, 330 F.3d 1170 (9th Cir. 2003) ........................................5, 6

*Stewart v. Abend*, 495 U.S. 207 (1990) .............................................................3

*Three Boys Music Corp. v. Bolton*, 212 F.3d 477 (9th Cir. 2000),

   *cert. denied* 531 U.S. 1126 (2001) ..........................................................4, 6

*Torres v. City of Los Angeles,* 548 F.3d 1197 (9th Cir. 2008) .....................................1

*Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996), *cert. denied*

   519 U.S. 1090 (1997) ..........................................................................2

**Statutes**

17 U.S.C. § 41..........................................................................................2

17 U.S.C. § 501.........................................................................................2

17 U.S.C. § 504....................................................................................... 8, 9, 10

**Rules**

Federal Rule of Civil Procedure 50 ....................................................................1

**Treatises**

M. Nimmer & D. Nimmer, *Nimmer on Copyright*..................................................3, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

## 1. INTRODUCTION

Although the parties' pre-trial filings identified what plaintiff Michael Skidmore needed to prove to establish his claims, Skidmore failed to prove required elements of his claims for direct, contributory and vicarious copyright infringement. Accordingly, judgment as a matter of law in defendants' favor is appropriate. And if, for any reason, judgment is not entered on those claims, it is properly entered in defendants' favor on Skidmore's claims for actual damages and profits.

## 2. JUDGMENT AS A MATTER OF LAW IS APPROPRIATE

### (a) The Applicable Standard

Federal Rule of Civil Procedure 50(a) provides:

> "If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may:
>
> > "(A) resolve the issue against the party; and
> >
> > "(B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue."

"Judgment as a matter of law is warranted 'when the evidence presented at trial permits only one reasonable conclusion.'" *Peralta v. Dillard*, 744 F.3d 1076, 1085 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 946 (2015), *quoting Torres v. City of Los Angeles,* 548 F.3d 1197, 1205 (9th Cir. 2008). The Court's ruling on defendants' summary judgment motion does not limit the Court's ability to grant judgment under Rule 50. *Peralta*, 744 F.3d at 1088.

///

///

///

1

(b)  **Skidmore Failed to Prove His Claim for Direct Copyright Infringement**

Skidmore failed to present admissible evidence that would allow a jury to reasonably conclude that he proved all required elements of his first claim, for direct copyright infringement.

(1)  **Skidmore Failed to Submit the Registration of the 1967 *Taurus* Musical Composition Copyright on Which He Sues**

Registration of a copyright is a required element of plaintiff's copyright infringement claims.  17 U.S.C. § 411(a); *Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 157 (2010).  Proof of registration is accomplished by putting into evidence a certified copy of the registration issued by the Copyright Office.  *See, e.g., Zuill v. Shanahan*, 80 F.3d 1366, 1371 (9th Cir. 1996) (allowing recovery of costs to obtain "certified copies to prove copyright registration"), *cert. denied* 519 U.S. 1090 (1997).

Skidmore, however, never submitted any copy, certified or otherwise, of the 1967 registration of copyright in the *Taurus* musical composition or the 1996 claimed renewal of that registration.  Instead, Skidmore submitted only what he claimed was a printout of a summary of the 1996 renewal registration, alone, from the Copyright Office's website.  Trial Transcript at 733:22; Exh. 3031-00042.

Since Skidmore failed to submit any copyright registration, let alone the actual registration of the renewal of the 1967 copyright, his copyright infringement claims fail.

(2)  **The Evidence Establishes Skidmore Does Not Own the 1967 *Taurus* Musical Composition Copyright on Which He Sues**

Another required element of Skidmore's copyright infringement claim is ownership of the allegedly-infringed copyright.  *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Although a beneficial owner may also have standing to sue (17 U.S.C. § 501(b)), at trial Skidmore expressly disclaimed

beneficial ownership as the basis for his claim. Trial Transcript at 720:2-721:11. And, under well-established law, the copyright in *Taurus* belongs to Hollenbeck Music ("Hollenbeck") even though renewed in Wolfe's name.

Under the 1909 Act, a copyright lasted for an initial term of 28 years, and in the 28th year the author could renew the copyright. *Stewart v. Abend*, 495 U.S. 207, 212 (1990). Because the author had the right to renew, renewals filed with the Copyright Office must be in the name of the author. 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 9.05[D][1][a] ("Most courts, to rule on the issue, have held that a copyright renewal certificate is valid only if made in the name of persons who are among the statutory class entitled to such renewal copyright").

Skidmore's counsel has argued that an author's renewal of copyright terminates his or her first-term grant of rights in a work. That, however, is not the law. Rather, it is black-letter copyright law that if the author lives to renew, the renewed copyright is subject to the author's prior assignment of renewal rights. *Stewart*, 495 U.S. at 219 ("An assignment by an author of his renewal rights made before the original copyright expires is valid against the world, if the author is alive at the commencement of the renewal period"), *quoting Miller Music Corp. v. Charles N. Daniels, Inc.*, 362 U.S. 373, 375 (1960). As a result, "[w]hen the copyright owner transfers rights in the renewal term . . . and survives until renewal vesting, then rights in the renewal term belong to the assignee." 3 *Nimmer on Copyright* § 9.06[B]).

Here, Skidmore testified that Wolfe's 1967 Exclusive Songwriter's and Composer's Agreement (Exh. 2070) with Hollenbeck Music ("Hollenbeck"), is the contract under which Skidmore receives royalties from Hollenbeck for the use of the *Taurus* musical composition. Trial Transcript at 739:8-19. That 1967 Agreement includes Wolfe's express assignment to Hollenbeck of all rights in both the initial term of copyright in the *Taurus* musical composition and the renewal term. 1967 Agreement (Exh.2070) at 1-2, ¶ 3 (Wolfe "irrevocably and absolutely assigns . . . to

3

[Hollenbeck] all rights and interests . . . together, with all world-wide copyrights <u>and renewals and extensions thereof</u>"). Wolfe also irrevocably granted Hollenbeck a power of attorney to renew the copyrights in his name. *Id.* at 6, ¶6.

Since the evidence establishes that Wolfe assigned his renewal rights to Hollenbeck and lived to renew, the "rights in the renewal term belong to the assignee," Hollenbeck. 3 *Nimmer on Copyright* § 9.06[B]). Hollenbeck's ownership of the *Taurus* musical composition copyright was also confirmed by Skidmore's testimony that Hollenbeck pays him royalties for Hollenbeck's exploitation of *Taurus*. Trial Transcript at 739:8-15.

"[T]he evidence presented at trial permits only one reasonable conclusion" (*Peralta*, 744 F.3d at 1085): Hollenbeck, not Skidmore, owns the *Taurus* musical composition copyright. Further, since Skidmore abandoned his prior beneficial ownership claim, he has no basis to sue and judgment is proper in defendants' favor.

### (3) Skidmore Failed to Present Non-Speculative Evidence of Access

Skidmore also bore the burden of proving "copying of constituent elements of the work that are original." *Feist.*, 499 U.S. at 361. While proof of access plus substantial similarities may trigger an inference of copying, Skidmore failed to prove either.

As to access, "[r]easonable access requires more than a 'bare possibility,' and 'may not be inferred through mere speculation or conjecture.'" *Gable v. Nat'l Broad. Co.*, 727 F. Supp. 2d 815, 824 (C.D. Cal. 2010), *quoting Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 482 (9th Cir. 2000), *cert. denied* 531 U.S. 1126 (2001). The burden was on Skidmore to "offer significant, affirmative and probative evidence to support a claim of access." *Intersong-USA v. CBS, Inc.*, 757 F. Supp. 274, 281 (S.D.N.Y. 1991). He failed to do so.

Wolfe's sister, Janet Wolfe, testified as to claimed events when she was twelve years old and <u>before</u> the members of Led Zeppelin supposedly had access to

*Taurus* in December 1968. Trial Transcript at 160:19-21. Further, she testified that the only out-of-town shows she attended were in Boston, New York and Florida (Trial Transcript at 154:25-155:1), and plaintiff has not proven that the members of Led Zeppelin were present at any of those shows. She also testified that Wolfe played *Taurus* when his girlfriend was present (*id.*), and Ferguson testified that girlfriends and wives generally did not travel with the band. In addition, Andes testified that he did not see any member of Led Zeppelin when Spirit performed in Northern California and did not know if Led Zeppelin was even there (*id.* at 203:3-7); that Led Zeppelin performed on a different in Texas (*id.* at 321:11-16); and had no recollection of Led Zeppelin being present at the festival in Seattle (*id.* at 320:22-321:5). Ferguson has no recollection of the shows in Denver (*id.* at 189:17-21) and Seattle (*id.* at 191:19-25), and his only recollection of Atlanta was that Led Zeppelin performed after Spirit (*id.* at 178:24-179:3). With one exception, neither Ferguson nor Andes testified that *Taurus* was performed at any concert where Led Zeppelin was on the bill. Although Andes believed that *Taurus* was performed in Denver (*id.* at 326:24-327:1), he conceded that Led Zeppelin may have left before they performed (*id.* at 326:9-19). There is, in short, no evidence that Led Zeppelin was present when Spirit performed. Ferguson also testified that Spirit performed after Vanilla Fudge (*id.* at 229:23-29).

Skidmore's friend, Ware, claims to have been present at Mothers Club when Mr. Plant was there, but neither Ware nor any other person testified that *Taurus* was played at Mothers Club. And, while – nearly a half century later – Mr. Page found Spirit's first album in his collection of 4,329 albums and 5,882 CDs, there is no evidence he had the album 45 years ago.

Skidmore failed to "offer significant, affirmative and probative evidence to support a claim of access" (*Intersong-USA*, 757 F. Supp. at 281) and, instead, relies on "speculation, conjecture, and inference." *Rice v. Fox Broad. Co.*, 330 F.3d 1170,
///

1178 (9th Cir. 2003). Accordingly, judgment as a matter of law in defendants' favor should be entered.

### (4) Skidmore Failed to Present Evidence of Striking or Substantial Similarity Under the Extrinsic Test

Skidmore's attempt to present the expert testimony under the extrinsic test for substantial or striking similarity, was fatally flawed, including because his two experts both admitted they did not disregard commonplace elements.

"The extrinsic test requires 'analytical dissection of a work and expert testimony.'" *Swirsky v. Carey*, 376 F.3d 841, 845 (9th Cir. 2004), *quoting Three Boys Music*, 212 F.3d at 485. "'Analytical dissection' requires breaking the works 'down into their constituent elements, and comparing those elements for proof of copying as measured by 'substantial similarity.'" *Swirsky*, 376 F.3d at 845, *quoting Rice v. Fox Broad. Co.*, 148 F. Supp. 2d 1029, 1051 (C.D. Cal. 2001), *rev'd on other grounds*, *Rice*, 330 F.3d 1170. "Because the requirement is one of substantial similarity to *protected* elements of the copyrighted work, it is essential to distinguish between the protected and unprotected material in a plaintiff's work." *Swirsky*, 376 F.3d at 845 (emphasis in original). "[O]nly those elements of a work that are protectable . . . can be compared when it comes to the ultimate question of illicit copying." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1443 (9th Cir. 1994) (emphasis added), *cert. denied* 513 U.S. 1184 (1995)

Because of these fundamental principles, it is well-established that "the non-protectable elements" must be "filter[ed] out and disregard[ed] . . . ." *Funky Films, Inc. v. Time Warner Entm't Co., L.P.*, 462 F.3d 1072, 1077 (9th Cir. 2006), *quoting Cavalier v. Random House, Inc.*, 297 F.3d 815, 822 (9th Cir. 2002). Skidmore's two experts, however, testified that they <u>did not</u> disregard commonplace elements, including the descending chromatic lines. Trial Transcript at 626:6-9, 21-25, 627:8-16 (Hanson), 688:11-22 (Stewart).

///

6

Applying the governing law, the jury could not reasonably conclude that Skidmore satisfied the extrinsic test that he must satisfy in order to prove his claim. For this independent reason, judgment should be entered in defendants' favor.

**(c)** **Skidmore Failed to Prove His Claim for Contributory Copyright Infringement**

Skidmore's second claim is for contributory copyright infringement, which, as a basis for "secondary liability," requires an underlying direct infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005). Since plaintiff failed to prove a direct infringement, he cannot prove secondary liability.

In addition, he made no attempt to prove the other required elements of contributory infringement: that – within three years before Skidmore filed this action – a defendant, with "knowledge of a third party's infringing activity, . . . induce[d], cause[d], or materially contribute[d] to the third party's infringing activity." *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, 494 F.3d 788, 795 (9th Cir. 2007), *cert. denied* 553 U.S. 1079 (2008); *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962, 1969, 188 L. Ed. 2d 979 (2014) ("Under the Act's three-year provision, an infringement is actionable within three years, and only three years, of its occurrence. And the infringer is insulated from liability for earlier infringements of the same work.")

Accordingly, judgment in defendants' favor also is appropriate on Skidmore's claim for contributory infringement.

**(d)** **Skidmore Failed to Prove His Claim for Vicarious Copyright Infringement**

Skidmore's third and final claim is for vicarious copyright infringement, which is another basis for "secondary liability." *Grokster*, 545 U.S. at 930. Because Skidmore failed to prove a direct infringement, he cannot prove secondary liability either.

And, he also made no attempt to prove the other required elements of vicarious infringement: that – within three years before Skidmore filed this action –

a defendant had the right to stop the alleged infringement, but failed to exercise that right and profited directly from it. *Grokster*, 545 U.S. at 931; *Luvdarts, LLC v. AT & T Mobility, LLC*, 710 F.3d 1068, 1071 (9th Cir. 2013).

Accordingly, judgment in defendants' favor also is appropriate on Skidmore's claim for vicarious infringement.

### (e)  Skidmore Failed to Present Evidence of Actual Damages

A copyright plaintiff's potential remedies include actual damages. 17 U.S.C. § 504(b). Actual damages are "the extent to which the market value of a copyrighted work has been injured or destroyed by an infringement." *Mackie v. Rieser*, 296 F.3d 909, 917 (9th Cir. 2002), *cert. denied* 537 U.S. 1189 (2003), *quoting Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 512 (9th Cir. 1985). "To determine the work's 'market value' at the time of the infringement, . . . a hypothetical approach [is applied]: 'what a willing buyer would have been reasonably required to pay to a willing seller for [the owner's] work.'" *Mackie*, 296 F.3d at 917, *quoting Frank*, 772 F.2d at 512.

Skidmore, however, presented no evidence whatsoever as to actual damages or any such hypothetical approach. Indeed, neither Skidmore's economic expert nor any of his other experts even mentioned actual damages or any hypothetical license. Accordingly, judgment should be entered in defendants' favor on plaintiff's claim for actual damages.

### (f)  Skidmore Failed to Present Evidence of Defendants' Respective Profits

A copyright plaintiff's potential remedies also include each defendant's respective profits "attributable to the infringement . . . ." 17 U.S.C. § 504(b); *Frank*, 772 F.2d at 519 (1909 Act; "one defendant is not liable for the profit made by another"). "In establishing the infringer's profits," the plaintiff has the burden of proving the defendant's "gross revenues" from the alleged infringement. *Id.* "From the statutory language, it is apparent that a causal link between the infringement and

the monetary remedy sought is a predicate to recovery of . . . profits." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 708 (9th Cir. 2004). As a result, the plaintiff must prove those of the defendant's revenues that bear a "causal connection" with the alleged infringement. *Id.*

Plaintiff plainly failed to carry that burden, let alone carry it as to each defendant from whom he seeks a profit award.

First, plaintiff made no attempt to prove Warner/Chappell Music, Inc.'s revenues. Indeed, plaintiff has not even mentioned Warner/Chappell. Accordingly, Warner/Chappell is entitled to judgment in its favor as to plaintiff's claim for profits.

Second, plaintiff made no attempt to prove Mr. Page's and Mr. Plant's respective revenues "attributable to the [alleged] infringement . . . ." 17 U.S.C. § 504(b).

As to publishing revenues – for the use of the *Stairway to Heaven* musical composition, as opposed to recordings of it – plaintiff questioned Mr. Page as to payments under the 2008 publishing agreement. But, since those payments were made pursuant to an agreement entered into more than three years before plaintiff filed suit, they were excluded. Trial Transcript at 544:6-545:17; Defs' MIL # 9 (Doc. 142). Plaintiff's expert, Dr. Einhorn, also testified to those payments, without disclosing the date of the 2008 agreement, and on cross-examination admitted the payments were under the 2008 agreement. Trial Transcript at 783:13-784:4. <u>In addition, Dr. Einhorn confirmed that those payments were with respect to the rights to the entire Led Zeppelin catalog of 87 musical compositions.</u> *Id.* at 783:25-784:4. Even if the 2008 agreement payments were not time-barred – and they are – plaintiff made no attempt to prove the portion of catalog revenues "attributable to" *Stairway to Heaven* as opposed to 86 other compositions that plaintiff concedes are not infringing. *On Davis v. The Gap, Inc.*, 246 F.3d 152, 159-60 (2d Cir. 2001) ("the term 'gross revenue' under the statute means gross revenue reasonably related to the infringement, not unrelated revenues").

As to artist royalties – with respect to recordings of *Stairway to Heaven* – plaintiff questioned Mr. Page as to gross advances under a 2012 agreement with Rhino Entertainment Company. However, that agreement also is for the entire Led Zeppelin catalog of 87 works <u>and</u> includes artist royalties for Mr. Jones and the estate of Mr. Bonham. Again, plaintiff made no attempt to prove Mr. Page's and Mr. Plant's respective shares of revenues related to *Stairway to Heaven*, if any, under that contract.

And, as to both publishing and artist royalties, plaintiff tried to establish the gross revenues of Flames of Albion Limited and Super Hype Tapes Limited, neither of which are defendants. Trial Transcript at 770:2-15, 772:7-17. However, plaintiff referred to those companies' respective total annual revenues, relating again to the entire Led Zeppelin catalog. Plaintiff made no attempt to establish those companies' revenues "attributable to" the alleged infringement. 17 U.S.C. § 504(b); *Polar Bear*, 384 F.3d at 708 (plaintiff must prove revenues that have a "causal connection" with the alleged infringement); *On Davis*, 246 F.3d at 159-60 (plaintiff's evidence of "overall revenues . . . had no reasonable relationship to the act of alleged infringement").

Plaintiff failed to present proof of Mr. Page's and Mr. Plant's respective revenues <u>from *Stairway to Heaven*</u>, as opposed to the entire Led Zeppelin catalog. Accordingly, Mr. Page and Mr. Plant are entitled to judgment in their favor as to plaintiff's claim for profits.

Third and finally, plaintiff failed to prove Rhino Entertainment Company's and Atlantic Recording Corporation's respective revenues "attributable to" the alleged infringement. Instead, plaintiff submitted a single page from Dr. Einhorn referring to $3,042,498, without anything in evidence to support Dr. Einhorn's assertions on that page. Trial Transcript at 763:10; Exh. 1XX.

Accordingly, Rhino Entertainment Company and Atlantic Recording Corporation are also entitled to judgment on plaintiff's claim for profits.

**3.**     **CONCLUSION**

Plaintiff rested and failed to carry his burden of proof on multiple issues. Accordingly, judgment should be entered in defendants' favor. At a minimum, judgment should be entered in their favor on plaintiff's claims for actual damages and for profits.

Dated: June 20, 2016

        _____/s/ Peter J. Anderson_____
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES