1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5  Attorneys for Defendants
   JAMES PATRICK PAGE, ROBERT ANTHONY
6  PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
   MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
7  ATLANTIC RECORDING CORP., RHINO
   ENTERTAINMENT COMPANY and WARNER
8  MUSIC GROUP CORP.

9  Helene Freeman, Esq., admitted *pro hac vice*
   E-Mail:  hfreeman@phillipsnizer.com
10 PHILIPS NIZER LLP
   666 Fifth Avenue
11 New York, NY 10103-0084
   Tel: (212) 977-9700
12 Fax: (212) 262-5152
   Attorneys for Defendants
13 JAMES PATRICK PAGE, ROBERT ANTHONY
   PLANT and JOHN PAUL JONES

14

15              **UNITED STATES DISTRICT COURT**

16             **CENTRAL DISTRICT OF CALIFORNIA**

17                  **WESTERN DIVISION**

18 MICHAEL SKIDMORE, *etc.*,          ) Case No. 2:15-cv-03462 RGK (AGRx)
                                      )
19           Plaintiff,               )
                                      ) DEFENDANTS' OBJECTIONS TO
20      vs.                           ) PLAINTIFF'S TRIAL CONDUCT
                                      )
21 LED ZEPPELIN, *et al.*,            )
                                      )    Courtroom of the Honorable
22           Defendants.              )        R. Gary Klausner
                                      )    United States District Court
23 _____   )

24

25

26

27

28

## OBJECTIONS

Defendants James Patrick Page, Robert Plant, Warner/Chappell Music, Inc., Atlantic Recording Corporation and Rhino Entertainment Company object to the ongoing misconduct of plaintiff Michael Skidmore's counsel which threatens, and has perhaps already caused, serious risk of prejudice to a fair and impartial determination in this case.

For example, Skidmore's counsel has:

1. Repeatedly included in his questions, false and misleading assertions of fact in order to – as the Court has noted – "testify" rather than question witnesses, resulting in the Jury repeatedly hearing unproven and prejudicial assertions;

2. Repeatedly sought to elicit testimony that violated the Court's rulings on defendants' motions in limine, including, for example:

   (a) eliciting incorrect or misleading testimony that the Trust was formed for charitable purposes and that the Ventura County School District is the beneficiary of the Trust;

   (b) eliciting testimony from his economic expert as to payments under a 2008 agreement, in violation of the Court's ruling that testimony as to payments under the 2008 agreement are precluded (Trial Transcript at 770:20-771:4, 771:13-773:18, 782:13-783:22);

3. Presented to the Jury an altered photograph from which two people were cropped out, to create the false impression that Mr. Plant was talking to plaintiff's witness (*see,* Decl. *re* Pltf's Altered Exh. 535, filed June 17, 2016); and

4. Repeatedly made public statements to the media for broadcast and which are contrary to the Court's rulings on defendants' motions in limine, are false or otherwise have a substantial likelihood of

1

materially prejudicing this trial (Skidmore's counsel's public

statements to the press include, *e.g.*, that Dr. Ferrara was retained

by Skidmore but, after being offered more money, "flipped" to

represent defendants[1]).

*See, e.g.,* Cal. R. Prof. Responsibility 5-200[2] & 5-120(A)[3]; L. R. 83-3.1.2 (adopting Cal. Rules of Professional Responsibility as the standards governing counsel's conduct in this Court).

Skidmore's counsel was previously and promptly cautioned that his conduct, among other things, violated the Rules of Professional Responsibility. *See,* Exh. 1 attached hereto. However, with the commencement and throughout the trial, his misconduct has continued and increased, seriously threatening these proceedings and

---

[1]

http://mms.tveyes.com/Transcript.asp?StationID=780&DateTime=6%2F18%2F2016+1%3A11%3A21+AM&Term=Led+Zeppelin&PlayClip=TRUE

*See, also* Trial Transcript at 905:12-907:5.

[2]     Rule 5-200:

"In presenting a matter to a tribunal, a member:

"(A) Shall employ, for the purpose of maintaining the causes confided to the member such means only as are consistent with truth;

"(B) Shall not seek to mislead the judge, judicial officer, or jury by an artifice or false statement of fact or law;

"(C) Shall not intentionally misquote to a tribunal the language of a book, statute, or decision;

"(D) Shall not, knowing its invalidity, cite as authority a decision that has been overruled or a statute that has been repealed or declared unconstitutional; and

"(E) Shall not assert personal knowledge of the facts at issue, except when testifying as a witness."

[3]     Rule 5-120(A):

"A member who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the member knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."

2

1   the administration of justice.  And, given this conduct despite repeated admonitions

2   from the Court, it appears likely that the improper conduct of Skidmore's counsel

3   will likely continue into and including closing arguments.

4          Defendants object to Skidmore's counsel's conduct and ask that the Court

5   ensure these ongoing violations cease immediately and take all appropriate steps to

6   ensure that the Jury has not been affected by them.

7

8   Dated: June 20, 2016

                                        /s/ Peter J. Anderson
9                                       Peter J. Anderson, Esq.
                                   LAW OFFICES OF PETER J. ANDERSON
10                                     A Professional Corporation
                                        Attorney for Defendants
11                                   JAMES PATRICK PAGE, ROBERT
                                   ANTHONY PLANT, JOHN PAUL JONES,
12                                     WARNER/CHAPPELL MUSIC, INC.,
                                      SUPER HYPE PUBLISHING, INC.,
13                                 ATLANTIC RECORDING CORP., RHINO
                                    ENTERTAINMENT COMPANY and
14                                    WARNER MUSIC GROUP CORP.

15                                      Helene M. Freeman, Esq.
                                        PHILLIPS NIZER LLP
16                                      Attorney for Defendants
                                       JAMES PATRICK PAGE,
17                                  ROBERT ANTHONY PLANT and
                                        JOHN PAUL JONES

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT 1

LAW OFFICES OF

# PETER J. ANDERSON
A PROFESSIONAL CORPORATION
100 WILSHIRE BOULEVARD
SUITE 2010
SANTA MONICA, CALIFORNIA 90401
TELEPHONE (310) 260-6030
FACSIMILE (310) 260-6040
EMAIL: pja@pjanderson.com

May 6, 2016

*By E-Mail & U.S. Mail*

Francis Malofiy, Esq.                     Glen L. Kulik, Esq.
Francis Alexander, LLC                    Kulik Gottesman & Siegel LLP
280 N. Providence Road                    15303 Ventura Boulevard
Suite 1                                   Suite 1400
Media, PA 19063                           Sherman Oaks, CA 91403

        Re:     *Led Zeppelin adv. Skidmore*

Dear Gentlemen:

        I am writing regarding the following disturbing developments.

        First, we have learned that immediately following the Court's Pretrial Conference last Monday, you made at least the following statements to the press on camera and in front of the Courthouse, and which were broadcast on local television and elsewhere:

      MR. KULIK:     If money is won in this case, it's to be used to buy musical instruments for children who are in need in Ventura County.

      MR. MALOFIY: They can't hide behind counsel in the misty mountains over there in the UK.

The Court's Local Rule 83-3.1.2 requires that counsel be familiar with the California Rules of Professional Conduct and adopts those Rules as the standards governing counsel's conduct. And, California Rule of Professional Conduct 5-120(A) states:

    "A member who is participating or has participated in the investigation or litigation of a matter shall not make an extrajudicial statement that a reasonable person would expect to be disseminated by means of public communication if the member knows or reasonably should know that it will have a substantial likelihood of materially prejudicing an adjudicative proceeding in the matter."

While Mr. Malofiy is not a member of the California Bar, the Rule is applicable to him by reason of Local Rule 83-3.1.2.

Francis Malofiy, Esq.
Glen L. Kulik, Esq.
May 6, 2016
Page 2

Of course, in speaking to the press you knew your statements would "be dissemi-
nated by means of public communication . . . ," including to the potential jurors and their
friends and relatives. You also know or should have known that the statements you made
to the press on camera had "a substantial likelihood of materially prejudicing an adjudica-
tive proceeding in the matter."

Indeed, you had just left a hearing in which Judge Klausner advised us all that his
intention was to grant defendants' motion to exclude all argument and evidence that the
Trust would use any recovery in this case to buy musical instruments for children who
are in need in Ventura County, California. Yet, minutes later Mr. Kulik made that exact
same statement to the press, on camera, knowing and intending the prejudicial statement
would be broadcast to the public. Aside from the issue of purposefully trying to frustrate
Judge Klausner's ruling by doing an end run on him and going directly to the public, Mr.
Kulik's statement is a clear violation of Rule 5-120.

Neither is there any doubt that Mr. Malofiy knew, or should have known, that ac-
cusing defendants of trying to hide in the United Kingdom and avoid trial is – especially
when broadcast to a public that includes the potential juror pool and their friends and rel-
atives – substantially likely to cause prejudice. Mr. Malofiy's statement is also a viola-
tion of Rule 5-120.

Second, in direct violation of the December 28, 2015 Stipulated Protective Order
in this action, plaintiff and you have publicly disclosed information that defendants des-
ignated "CONFIDENTIAL" under that Protective Order.

As you know, defendants designated as "CONFIDENTIAL" the 2008 Admin-
istration Agreement between WB Music and Flames of Albion. Ignoring the Court's Pro-
tective Order, however, you included in plaintiff's publicly-filed memorandum in opposi-
tion to defendants' motion *in limine* no. 9, the 2008 Agreement' primary financial terms,
including the duration of the 2008 Agreement, the dollar amount of the advance paid un-
der the 2008 Agreement and the timing of the advance payment. Plaintiff's Memo. (Doc.
174) at 2:5-12, & at 2-4.

There can be no doubt that when you publicly disclosed this "CONFIDENTIAL"
information you were very much aware that the information was subject to the Protective
Order: as support for your disclosures you specifically cited to the copy of the 2008
Agreement that had been "filed under seal." *Id.* at 2:9.

Further, we also have just learned that Mr. Malofiy apparently also made the same
disclosures to at least some members of the press, who have publicly reported the ad-
vance amount paid under the 2008 Agreement designated "CONFIDENTIAL."

The Stipulated Protective Order provides, among other things, that the "violation
of this Order may be punished by any and all appropriate measures including, without

Francis Malofiy, Esq.
Glen L. Kulik, Esq.
May 6, 2016
Page 3

limitation, contempt proceedings and/or monetary sanctions." Stipulated Protective Order at 13, ¶ 14. In addition, the willful violation of the Court's Protective Order is a breach of ethical obligations as lawyers and officers of the Court. *See, e.g.* Cal. Bus. & Prof. Code § 6103 ("A wilful disobedience or violation of an order of the court requiring him to do or forbear an act connected with or in the course of his profession, which he ought in good faith to do or forbear, and any violation of the oath taken by him, or of his duties as such attorney, constitute causes for disbarment or suspension").

Third, we also have learned that you disclosed to the press that in last Monday's mediation plaintiff offered to settle on the basis of the payment of $1 and a portion of the copyright in *Stairway to Heaven* and that the offer was rejected. In addition to being another violation of Rule 5-120, that disclosure breaches the Mediation and Confidentiality Agreement and violates the Court's Local Rules.

In the Mediation Confidentiality Agreement, each of you and plaintiff agreed in writing that:

> "Consistent with Central District of California Civil L.R. 16-15, General Order 11-10, related Federal Rules of Evidence and to the extent applicable, California Evidence Code Sections 703.5 and 1115-1128, the participants in mediation in the above-captioned case agree that:
>
> "1.    No written or oral communication made by any party, attorney, mediator or other participant in a mediation in the above-named case may be used for any purpose in any pending or future proceeding unless all parties, including the mediator, so agree."

*See, also* L.R. 16-15.8(a) ("all counsel and parties . . . shall treat as 'confidential information' . . . anything that happened or was said relating to the subject matter of the case in mediation, any position taken, . . . . 'Confidential information' shall not be . . . disclosed to anyone not involved in the litigation. . . .").

These are each serious violations and we fully expect that you will not repeat them. However, defendants reserve all of their rights and remedies and, should these or any similar violations occur, defendants will proceed accordingly, including bringing the violations to the Court's attention.

Very truly yours,

Peter J. Anderson

cc:    Helene M. Freeman, Esq.