1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5  Attorneys for Defendants
   JAMES PATRICK PAGE, ROBERT ANTHONY
6  PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
   MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
7  ATLANTIC RECORDING CORP., RHINO
   ENTERTAINMENT COMPANY and WARNER
8  MUSIC GROUP CORP.

9  Helene Freeman, Esq., admitted *pro hac vice*
   E-Mail: hfreeman@phillipsnizer.com
10 PHILIPS NIZER LLP
   666 Fifth Avenue
11 New York, NY 10103-0084
   Tel: (212) 977-9700
12 Fax: (212) 262-5152
   Attorneys for Defendants
13 JAMES PATRICK PAGE, ROBERT ANTHONY
   PLANT and JOHN PAUL JONES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, | Case No. 2:15-cv-03462 RGK (AGRx) |
| Plaintiff, | |
| vs. | DEFENDANTS' PROPOSED SUPPLEMENTAL JURY INSTRUCTIONS AND AMENDED SPECIAL VERDICT FORM |
| LED ZEPPELIN, *et al.*, | |
| Defendants. | Date: June 14, 2016<br>Time: 9:00 a.m. |
| | Courtroom of the Honorable<br>R. Gary Klausner<br>United States District Judge |

Defendants James Patrick Page, Robert Anthony Plant, Warner/Chappell Music, Inc., Atlantic Recording Corporation and Rhino Entertainment Company respectfully submit the following proposed supplemental jury instructions and amended special verdict form.

The supplemental jury instructions are proposed to deal with the following issues:

1. In Randy Wolfe's 1967 Exclusive Songwriter's and Composer's Agreement with Hollenbeck Music ("Hollenbeck") and assuming – as plaintiff contends – the *Taurus* musical composition is not a work for hire, Wolfe assigned to Hollenbeck all rights in the *Taurus* musical composition for both the initial and renewal term of copyright. Under well-established copyright principles, and given Wolfe lived to renew, the renewal copyright belongs to Hollenbeck. 3 M. & D. Nimmer, *Nimmer on Copyright* § 9.06[B] ("When the copyright owner transfers rights in the renewal term . . . and survives until renewal vesting, then rights in the renewal term belong to the assignee"). Accordingly, the Jury is properly instructed that Hollenbeck owns the *Taurus* musical composition copyright. *Proposed* Supp. Jury Instruction No. 54.

2. Plaintiff Michael Skidmore testified that he has fiduciary obligations as trustee, and defendants contend that he and his predecessor, Bernice Pearl, had fiduciary obligations to the Trust's initial beneficiary. Accordingly, the Jury is properly instructed as to the meaning of fiduciary obligations. *Proposed* Supp. Jury Instruction No. 55.

3. As the sole heir of Randy Wolfe, Quinn Wolfe was entitled to all his assets, and the Jury is properly instructed to that effect.

///

The amended special verdict form replaces the special verdict forms submitted for a bifurcated trial, which has not been ordered by the Court.

Dated: June 21, 2016

       /s/ Peter J. Anderson
Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES

# TABLE OF CONTENTS

**JURY INSTRUCTIONS**

| No. | Title | Source | Page |
| --- | --- | --- | --- |
| 55 | **HOLLENBECK'S OWNERSHIP OF *TAURUS* COPYRIGHT** | *Stewart v. Abend*, 495 U.S. 207, 212, 219 (1990) ("An assignment by an author of his renewal rights made before the original copyright expires is valid against the world, if the author is alive at the commencement of the renewal period"), *quoting Miller Music Corp. v. Charles N. Daniels, Inc.*, 362 U.S. 373, 375 (1960); 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 9.06[B] ( "[w]hen the copyright owner transfers rights in the renewal term . . . and survives until renewal vesting, then rights in the renewal | 1 |

| No. | Title | Source | Page |
|---|---|---|---|
| | | term belong to the assignee"). | |
| 56 | **FIDUCIARY DUTIES** | CACI 4101 | 2 |
| 57 | **WOLFE'S SOLE HEIR** | Cal. Prob. Code § 6402(a). | 3 |

**AMENDED SPECIAL VERDICT FORM**

| | |
|---|---|
| 1 | **JURY INSTRUCTION NO. 55** |
| 2 | **HOLLENBECK'S OWNERSHIP OF *TAURUS* COPYRIGHT** |

I instruct you that that Hollenbeck Music owns the *Taurus* musical composition copyright.

**Source:** *Stewart v. Abend*, 495 U.S. 207, 212, 219 (1990) ("An assignment by an author of his renewal rights made before the original copyright expires is valid against the world, if the author is alive at the commencement of the renewal period"), *quoting Miller Music Corp. v. Charles N. Daniels, Inc.*, 362 U.S. 373, 375 (1960); 3 M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 9.06[B] ( "[w]hen the copyright owner transfers rights in the renewal term . . . and survives until renewal vesting, then rights in the renewal term belong to the assignee").

# JURY INSTRUCTION NO. 56
# FIDUCIARY DUTIES

A trustee [A/An] [agent/stockbroker/real estate agent/real estate broker/corporate officer/partner/[*insert other fiduciary relationship*]] owes what is known as a fiduciary duty to the beneficiary of the trusthis or her [his/her/its] [principal/client/corporation/partner/[*insert other fiduciary relationship*]]. A fiduciary duty imposes on a trustee [a/an] [agent/stockbroker/real estate agent/real estate broker/corporate officer/partner/[*insert other fiduciary relationship*]] a duty to act with the utmost good faith in the best interests of the beneficiary[his/her/its] [principal/client/corporation/ partner/[*insert other fiduciary relationship*]].

**Source:** CACI 4101.

# JURY INSTRUCTION NO. 57
## WOLFE'S SOLE HEIR

I instruct you that Quinn Wolfe, as the sole heir of Randy Wolfe, was entitled to all of Randy Wolfe's assets.

**Source:** Cal. Prob. Code § 6402(a).

# AMENDED SPECIAL VERDICT FORM

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, | Case No. 2:15-cv-03462 RGK (AGRx) |
| Plaintiff, | |
| vs. | [*PROPOSED*] SPECIAL VERDICT FORM |
| LED ZEPPELIN, *et al.*, | |
| Defendants. | |

# SPECIAL VERDICT

Question No. 1: **Did Mr. Skidmore prove by a preponderance of the evidence that Mr. Skidmore owns a valid copyright in the musical composition Taurus?**

Answer:

Yes _____

No _____

If your answer to Question No. 1 is "no," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 1 is "yes," please proceed to the next question.

Question No. 2: **Did Mr. Skidmore prove by a preponderance of the evidence that any of the defendants had access to the musical composition Taurus before Stairway to Heaven was created?**

If your answer to Question No. 2 is "no," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 2 is "yes," please proceed to the next question.

Question No. 3: **Please put a check mark next to the defendants listed below, if any, who you find Mr. Skidmore proved by a preponderance of the evidence had access to the musical composition Taurus before Stairway to Heaven was created:**

Answer:

    James Patrick Page _____

    Robert Plant _____

    Warner/Chappell Music, Inc. _____

    Rhino Entertainment Company _____

Atlantic Recording Corporation _____

Question No. 4: **Did Mr. Skidmore prove by a preponderance of the evidence, that original elements of the musical composition Taurus are extrinsically substantially similar to Stairway to Heaven?**

Answer:

Yes _____

No _____

If your answer to Question No. 4 is "no," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 4 is "yes," please proceed to the next question.

Question No. 5: **Did Mr. Skidmore prove by a preponderance of the evidence that original elements of the musical composition Taurus are intrinsically substantially similar to Stairway to Heaven?**

Answer:

Yes _____

No _____

If your answer to Question No. 5 is "no," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 5 is "yes," please proceed to the next question.

Question No. 6: **Do you find by a preponderance of the evidence that James Patrick Page and Robert Plant independently created Stairway to Heaven?**

Answer:

Yes _____

No _____

If your answer to Question No. 6 is "yes," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 6 is "no," please proceed to the next question.

Question No. 7: **Did Mr. Skidmore prove by a preponderance of the evidence that James Patrick Page and Robert Plant copied elements of the musical composition Taurus when they created Stairway to Heaven?**

Answer:

Yes \_\_\_\_\_

No \_\_\_\_\_

If your answer to Question No. 7 is "no," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 7 is "yes," please proceed to the next question.

Question No. 8: **Did Mr. Skidmore prove by a preponderance of the evidence that the portion or portions of the musical composition Taurus that were copied in Stairway to Heaven are commonplace, trivial or appeared in other works before the musical composition Taurus was created?**

Answer:

Yes \_\_\_\_\_

No \_\_\_\_\_

If your answer to Question No. 8 is "yes," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 8 is "no," please proceed to the next Question.

Question No. 9: **Did Mr. Skidmore prove by a preponderance of the evidence that when they created Stairway to Heaven, James Patrick Page and Robert Plant copied elements of the musical composition Taurus that are original to Randy Wolfe?**

Answer:

Yes _____

No _____

If your answer to Question No. 9 is "no," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 9 is "yes," please proceed to the next question.

Question No. 10: **Did Mr. Skidmore prove by a preponderance of the evidence that any of the defendants infringed the copyright in the musical composition Taurus on or after May 31, 2011?**

Answer:

Yes _____

No _____

If your answer to Question No. 10 is "no," please have this verdict form signed and dated by the Presiding Juror and returned to the court clerk.

If your answer to Question No. 10 is "yes," please proceed to the next question.

Question No. 11: **Is your finding of infringement, if any, based on the copying of the selection and arrangement of non-protectable elements in the musical composition Taurus?**

Answer:

Yes _____

No _____

Please proceed to the next question.

Question No. 12: **Please put a check mark next to each defendant listed below who you find by a preponderance of the evidence infringed the copyright in the musical composition Taurus on or after May 31, 2011:**

Answer:

    James Patrick Page \_\_\_\_\_

    Robert Plant \_\_\_\_\_

    Warner/Chappell Music, Inc. \_\_\_\_\_

    Rhino Entertainment Company \_\_\_\_\_

    Atlantic Recording Corporation \_\_\_\_\_

Please proceed to the next question.

Question No. 13: **Do you find by a preponderance of the evidence that plaintiff suffered actual damage as a result of the infringement of the copyright in the musical composition Taurus?**

Answer:

Yes \_\_\_\_\_

No \_\_\_\_\_

    If your answer to Question No. 13 is "no," proceed to Question No. 14.

    If your answer to Question No. 13 is "yes," please proceed to the next question.

Question No. 14: **Please state the amount of actual damages that you find by a preponderance of the evidence the plaintiff suffered as a result of the infringement of the copyright in the musical composition Taurus:**

Answer: $_____

Please proceed to the next question.

Question No. 15: **Do you find by a preponderance of the evidence that any of the defendants received profits attributable to his or its infringement of the copyright in the musical composition Taurus on or after May 31, 2011 and that are not taken into account in calculating any damages you awarded in Question No. 14?**

Answer:

Yes _____

No _____

    If your answer to Question No. 15 is "no," proceed to Question No. 17.

    If your answer to Question No. 15 is "yes," proceed to the next question.

Question No. 16: **For each defendant listed below, please state the profits, if any, that you find by a preponderance of the evidence he or it received attributable to his or its infringement of the copyright in the musical composition Taurus on or after May 31, 2011 and that are not taken into account in calculating any damages you awarded in Question No. 14:**

Answer:

    James Patrick Page $_____

    Robert Plant $_____

    Warner/Chappell Music, Inc. $_____

    Rhino Entertainment Company $_____

    Atlantic Recording Corporation $_____

Please proceed to the next question.

Question No. 17: **Do you find by a preponderance of the evidence that any of the defendants' infringement of the copyright in the musical composition Taurus was willful?**

Answer:

Yes _____

No _____

    If your answer to Question No. 17 is "no," proceed to Question No. 18.

    If your answer to Question No. 17 is "yes," proceed to the next question.

    Question No. 18: **Please put a check mark next to each defendant listed below who you find by a preponderance of the evidence willfully infringed the copyright in the musical composition Taurus:**

Answer:

    James Patrick Page _____

    Robert Plant _____

    Warner/Chappell Music, Inc. _____

    Rhino Entertainment Company _____

    Atlantic Recording Corporation _____

Please proceed to the next question.

    Question No. 19: **Do you find by a preponderance of the evidence that any of the defendants' infringement of the copyright in the musical composition Taurus was innocent?**

Answer:

Yes _____

No _____

    If your answer to Question No. 19 is "no," proceed to Question No. 21.

    If your answer to Question No. 19 is "yes," proceed to the next question.

    Question No. 20: **Please put a check mark next to each defendant listed below who you find by a preponderance of the evidence innocently infringed the copyright in the musical composition Taurus:**

Answer:

    James Patrick Page _____

Robert Plant _____

Warner/Chappell Music, Inc. _____

Rhino Entertainment Company _____

Atlantic Recording Corporation _____

Please proceed to the next question.

Question No. 21: **Please state the amount of statutory damages, if any, that you award to plaintiff for the infringement of the copyright in the musical composition Taurus:**

Answer: $_____

You have now completed this special verdict. Please have the Presiding Juror sign and date this form below and return it to the Court Clerk.

Dated: June __, 2016

_____
PRESIDING JUROR