Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT, JOHN PAUL JONES, WARNER/CHAPPELL MUSIC, INC., SUPER HYPE PUBLISHING, INC., ATLANTIC RECORDING CORP., RHINO ENTERTAINMENT COMPANY and WARNER MUSIC GROUP CORP.

Helene Freeman, Esq., admitted *pro hac vice*
E-Mail: hfreeman@phillipsnizer.com
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY PLANT and JOHN PAUL JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, <br><br> Plaintiff, <br><br> vs. <br><br> LED ZEPPELIN, *et al.*, <br><br> Defendants. | Case No. 2:15-cv-03462 RGK (AGRx) <br><br> DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO PLAINTIFF'S ORAL MOTION FOR DIRECTED VERDICT *RE* UNCLEAN HANDS <br><br> Date: June 22, 2016 <br> Time: 8:30 a.m. <br><br> Courtroom of the Honorable <br> R. Gary Klausner <br> United States District Judge |

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Defendants respectfully submit this Opposition to plaintiff Michael Skidmore's oral motion for a directed verdict on defendants' unclean hands defense.

That defense applies if the plaintiff or his predecessor trustee, or both, "violated conscience, good faith or other equitable principles in [their] prior conduct, [or] dirtied [their] hands in acquiring the right presently asserted . . . [and their] misconduct . . . relate[s] directly to the transaction concerning which the complaint is made." *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010), *quoting Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.,* 890 F.2d 165, 173 (9th Cir.1989). Substantial evidence supports that defense, but that evidence is documentary and was not presented by live testimony that the Court heard.

The Court sustained Skidmore's objection to testimony as to the terms of Superior Court filings and Trust documents, which speak for themselves. <u>Those documents, however, are in evidence and they establish the following:</u>

1. Pearl petitioned the Superior Court for authority to sign a Trust Agreement under which she was trustee, holding Randy Wolfe's intangible property rights and other assets in trust for Quinn's benefit, with the express provision that when Quinn – then seventeen – reached twenty-two years of age the Trust terminated <u>and all assets would go to Quinn, if living</u>. Petition, (Exh. 2016) at 1, ¶ 1, & Exh. A thereto at 1-2, §§ 1.03 & 3.01; Trial Transcript at 737-38.

2. The February 19, 2002 Stipulated Order approved the proposed Trust Agreement attached as Exhibit A to Pearl's Petition, with specified amendments, and the amendments <u>did not include</u> changing that the Trust terminated when Quinn reached twenty-two years of age and that all of the assets were to be distributed to him at that time. Stipulation to Order (Exh. 450) at 2:10-23; Trial Transcript at 730.

3. Violating the Stipulated Order, Pearl signed a different Trust Agreement that omitted the provision that the Trust terminated when Quinn reached

1

1  twenty-two years of age, and provided instead that the Trust continued until she
2  died, with the Trust assets then going to Quinn.  Trust Agreement (Exh. 451) at 2, §
3  3.01; Trial Transcript at 741.

4      4.    And, disinheriting Quinn entirely, Pearl then amended that Trust
5  Agreement to remove Quinn as beneficiary of the Trust, and instead provide that
6  Randy Wolfe's intangible property and other rights would go to Pearl's brother,
7  Bernard Wolfe.[1]  First Amendment (Exh. 452) at 1, § 3.01; Trial Transcript at 744.

8      All of that is in evidence and establishes the trustee's violation of the Superior
9  Court's Order and breach of fiduciary duty. Cal. Prob. Code § 16002(a) ("The
10 trustee has a duty to administer the trust solely in the interest of the beneficiaries");
11 13 B. Witkin, *Summary of California Law* 637 (10th Ed. 2005) ("The trustee is a
12 fiduciary, and as such must act in the highest good faith towards the beneficiary").

13     As Randy Wolfe's sole heir, Quinn was entitled to all of his father's assets.
14 Only as a result of this unconscionable treatment of Wolfe's son and violation of
15 California law is Skidmore now able to sue.  The documents in evidence establish
16 the elements of unclean hands.  *Seller Agency*, 621 F.3d at 986.

18 Dated: April 15, 2016

        /s/ Peter J. Anderson
        Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

---

[1] The Court excluded Mr. Skidmore's testimony that his co-trustee, Bernice Pearl, amended the Trust Agreement to deprive Quinn Wolfe of his inheritance because Randy Wolfe and Quinn Wolfe's mother were not married.  *See* Defs' Offer of Proof (Doc. 253).

2