1  Peter J. Anderson, Esq., Cal. Bar No. 88891
   E-Mail: pja@pjanderson.com
2  LAW OFFICES OF PETER J. ANDERSON
   A Professional Corporation
3  100 Wilshire Boulevard, Suite 2010
   Santa Monica, CA 90401
4  Tel: (310) 260-6030
   Fax: (310) 260-6040
5  Attorneys for Defendants
   JAMES PATRICK PAGE, ROBERT ANTHONY
6  PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
   MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
7  ATLANTIC RECORDING CORP., RHINO
   ENTERTAINMENT COMPANY and WARNER
8  MUSIC GROUP CORP.

9  Helene Freeman, Esq., admitted *pro hac vice*
   E-Mail:  hfreeman@phillipsnizer.com
10 PHILIPS NIZER LLP
   666 Fifth Avenue
11 New York, NY 10103-0084
   Tel: (212) 977-9700
12 Fax: (212) 262-5152
   Attorneys for Defendants
13 JAMES PATRICK PAGE, ROBERT ANTHONY
   PLANT and JOHN PAUL JONES

14

15                    **UNITED STATES DISTRICT COURT**

16                    **CENTRAL DISTRICT OF CALIFORNIA**

17                         **WESTERN DIVISION**

18  MICHAEL SKIDMORE, *etc.*,            ) Case No. 2:15-cv-03462 RGK
                                          ) (AGRx)
19              Plaintiff,                )
                                          )
20      vs.                               ) DEFENDANTS' OBJECTIONS TO
                                          ) PLAINTIFF'S PROPOSED JURY
21  LED ZEPPELIN, *et al.*,               ) INSTRUCTION THAT PRIOR TO
                                          ) *PETRELLA* THIS CLAIM COULD
22              Defendants.               ) NOT HAVE BEEN FILED
                                          )
23  _____ )
                                           Courtroom of the Honorable
24                                         R. Gary Klausner
                                           United States District Court
25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Michael Skidmore asks the Court to instruct the Jury that until a recent change in law, no claim could have been filed for alleged infringement by the 1971 release of *Stairway to Heaven*.  Skidmore, having failed to present evidence as to why Hollenbeck Music and Randy Wolfe never sued, seeks the Court's help in blaming their inaction on the law.  But, Skidmore's assertion as to the law is simply and unequivocally incorrect and, accordingly, the proposed instruction is properly denied.  *Peralta v. Dillard*, 744 F.3d 1076, 1082 (9th Cir. 2014), *cert. denied*, 135 S. Ct. 946 (2015) ("Jury instructions must be supported by the evidence, fairly and adequately cover the issues presented, correctly state the law, and not be misleading").

Skidmore relies on the Supreme Court's decision in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 134 S. Ct. 1962 (2014), which ruled that laches does not apply to claims for copyright infringement.  But, that does not mean that prior to *Petrella*, laches was a complete bar to copyright claims.

First, of course, Skidmore's proposed jury instruction ignores that Wolfe – or Hollenbeck, the copyright owner – could have sued in the early 1970s and avoided laches altogether.

Second, laches was not the complete bar that Skidmore's proposed jury instruction suggests.  Thus, before *Petrella* the long-established law in this Circuit was that laches barred <u>only retroactive relief</u>.  *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 105 (9th Cir. 1960) ("The judgment entered contains no award of damages for past unauthorized commercial use of the films in question.  Only future use of the films is enjoined."), *cert. denied* 364 U.S. 882 (1960).  In the Second Circuit, laches was limited to equitable relief, so that a plaintiff who delayed could still sue and seek damages, including retroactively.  *New Era Publ'ns Int'l, ApS v. Henry Holt & Co.*, 873 F.2d 576, 585 (2d Cir. 1989), *cert. denied* 493 U.S. 1094 (1990) ("severe prejudice, coupled with the unconscionable delay already

1

1    described, mandates denial of the injunction for laches and relegation of New Era to

2    its damages remedy"), *cited with approval Petrella*, 134 S. Ct. at 1978.  And, laches

3    was not a recognized defense at all in at least one other Circuit.  *Lyons P'ship, L.P.*

4    *v. Morris Costumes, Inc.*, 243 F.3d 789, 797 (4th Cir. 2001).

5           Accordingly, it is untrue that the present claim could not have been brought

6    prior to *Petrella*.  Skidmore's proposed jury instruction misstates the law and must

7    be rejected.

8

9    Dated: June 21, 2016                          _____/s/ Peter J. Anderson_____
                                                    Peter J. Anderson, Esq.
10                                                  LAW OFFICES OF PETER J. ANDERSON
                                                    A Professional Corporation
11                                                  Attorney for Defendants
                                                    JAMES PATRICK PAGE, ROBERT
12                                                  ANTHONY PLANT, JOHN PAUL JONES,
                                                    WARNER/CHAPPELL MUSIC, INC.,
13                                                  SUPER HYPE PUBLISHING, INC.,
                                                    ATLANTIC RECORDING CORP., RHINO
14                                                  ENTERTAINMENT COMPANY and
                                                    WARNER MUSIC GROUP CORP.
15
                                                    Helene M. Freeman, Esq.
16                                                  PHILLIPS NIZER LLP
                                                    Attorney for Defendants
17                                                  JAMES PATRICK PAGE,
                                                    ROBERT ANTHONY PLANT and
18                                                  JOHN PAUL JONES

19

20

21

22

23

24

25

26

27

28