Peter J. Anderson, Esq., Cal. Bar No. 88891
E-Mail: pja@pjanderson.com
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
100 Wilshire Boulevard, Suite 2010
Santa Monica, CA 90401
Tel: (310) 260-6030
Fax: (310) 260-6040
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT, JOHN PAUL JONES, WARNER/CHAPPELL
MUSIC, INC., SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and WARNER
MUSIC GROUP CORP.

Helene Freeman, Esq., admitted *pro hac vice*
E-Mail:  hfreeman@phillipsnizer.com
PHILIPS NIZER LLP
666 Fifth Avenue
New York, NY 10103-0084
Tel: (212) 977-9700
Fax: (212) 262-5152
Attorneys for Defendants
JAMES PATRICK PAGE, ROBERT ANTHONY
PLANT and JOHN PAUL JONES

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| MICHAEL SKIDMORE, *etc.*, | Case No. 2:15-cv-03462 RGK (AGRx) |
| Plaintiff, | |
| vs. | DEFENDANTS' OBJECTIONS TO PLAINTIFF'S JURY INSTRUCTION *RE* TRUST'S OWNERSHIP OF WOLFE INTELLECTUAL PROPERTY RIGHTS; PROPOSED MODIFICATION TO SPECIAL VERDICT |
| LED ZEPPELIN, *et al.*, | |
| Defendants. | |

Courtroom of the Honorable
R. Gary Klausner
United States District Court

Defendants respectfully:

(1)   Object to plaintiff Michael Skidmore's jury instruction *re* the Trust's ownership of any intellectual property owned by Randy Wolfe at the time of his death: and

(2)   Propose a slight change to the Verdict to deal with the possibility that Skidmore retracts his disclaimer that he has standing as beneficial owner of Hollenbeck Music's copyright in the *Taurus* musical composition.

## 1.   OBJECTION TO SKIDMORE'S JURY INSTRUCTION *RE* TRUST'S OWNERSHIP OF WOLFE'S INTELLECTUAL PROPERTY

In settling the jury instructions in open court on June 21, 2016, the Court granted Skidmore's request to instruct the Jury that "[a]ny intellectual property of Randy Wolfe . . . is in the Trust," and the Court directed Skidmore's counsel to "prepare something that says just that.   Not the copyright, but any intellectual property owned by Randy Wolfe is in the Trust."   Trial Transcript (Exh. 1) at 1166:2-8.  The Court's limitation of the instruction to "any intellectual property" is crucial to ensure that Jury does not interpret the instruction to suggest that the Trust owns the *Taurus* musical composition copyright.  *Id.* at 1165:1-22.[1]

However, Skidmore delayed until just before closing arguments to provide a proposed instruction to the Court that goes beyond the Court's directions by adding that the intellectual property owned by Randy Wolfe, and now by the Trust, includes the *Taurus* musical composition.   To state to the Jury that the Trust owns "the

---

[1]   Not only is it clear that Hollenbeck Music, not the Trust, owns the *Taurus* copyright (*see, e.g.,* Defs' Mtn. for JMOL (Doc. 250) at 2:23 to 4:13), but the Court already granted defendants partial summary judgment that Skidmore, as beneficial owner, is entitled to only fifty percent of any recovery.  Order (Doc. 159) *re* Defs' Summary Jgmt. Mtn. at 18 ("the Court grants summary judgment on this issue and holds that Plaintiff, as a beneficial owner, is entitled to only 50% of the recovery").  And, Skidmore's Motion for reconsideration (Doc. 231) of the grant of partial summary judgment was stricken (Doc. 233) and never renewed.

1  *Taurus* musical composition" is equivalent to instructing the Jury that the Trust

2  owns the *Taurus* copyright, which the Court acknowledged would be improper.

3  Trial Transcript at 1165:17-18 ("I wasn't going to talk about who has the

4  copyright") & at 1126:6-8.  And, without defendants having an opportunity to

5  object, the Court read Skidmore's proposed instruction to the Jury.

6      Defendants respectfully object that Skidmore's instruction violates the Court's

7  June 22, 2016 ruling in open court; misstates both the facts and the law; conflicts

8  with the Court's grant of partial summary judgment; and deprives defendants of the

9  right to have the Jury decide the issue of the Trust's claimed ownership of the

10  *Taurus* musical composition and it's copyright.

11      Defendants respectfully request that the Court charge the Jury with an

12  amended instruction, as directed by the Court on June 22, 2016, and with curative

13  language, such as:

14      "Any intellectual property rights that Randy Wolfe owned at the

15      time of his death are in the Randy Craig Wolfe Trust.

16      "You are not to assume by any instruction that I have given, that

17      the Trust owns the copyright in and to the musical composition *Taurus*.

18      That is an issue for you to decide."

19  **2.  THE VERDICT IS PROPERLY MODIFIED SO THAT A JURY**

20  **FINDING ON LIABILITY IS OBTAINED EVEN IF THE JURY FINDS**

21  **SKIDMORE DOES NOT OWN THE *TAURUS* COPYRIGHT**

22      Skidmore prosecuted this action as beneficial owner of the *Taurus* copyright

23  owned by Hollenbeck Music and, accordingly, defendants proposed a Special

24  Verdict form that asked whether Skidmore is the beneficial owner of that copyright.

25  Defs' Disp'd Jury Instructions (Doc. 196) at 75:3-8.  Skidmore, however, then

26  claimed legal ownership of the copyright and disclaimed beneficial ownership as a

27  basis for his standing.  Trial Transcript at 720:8-12; 17 U.S.C. § 501(b) (suit may be

28  brought by "[t]he legal or beneficial owner").  As a result, the Verdict provided to

the Jury first asks whether Skidmore owns the *Taurus* copyright.  Verdict at Question No. 1.[2]

Skidmore is properly bound by his tactical decision to disclaim beneficial ownership as a basis to maintain this suit, and judgment is properly entered in defendants' favor if the Jury concludes that he does not own the *Taurus* copyright. However, in the interest of economy and in case Skidmore is able to argue post-verdict or on appeal that he could somehow claim standing as beneficial owner, the Verdict should be modified to allow the Jury to proceed to Question No. 2 even if it concludes Skidmore does not own the copyright.

This modification is simply the replacement of lines 20-22 on page 1 of the Verdict, with "Please proceed to the next question."  With this modification, if the Jury finds Skidmore lacks standing the Jury continues to Question No.2, and (1) defendants maintain the ability to request judgment based on that finding and Skidmore's election to abandon beneficial ownership and (2) the Court and parties have the Jury's findings on liability in case Skidmore is able to avoid his election.

Dated: June 23, 2016

                                                  /s/ Peter J. Anderson
                                            Peter J. Anderson, Esq.
LAW OFFICES OF PETER J. ANDERSON
A Professional Corporation
Attorney for Defendants
JAMES PATRICK PAGE, ROBERT
ANTHONY PLANT, JOHN PAUL JONES,
WARNER/CHAPPELL MUSIC, INC.,
SUPER HYPE PUBLISHING, INC.,
ATLANTIC RECORDING CORP., RHINO
ENTERTAINMENT COMPANY and
WARNER MUSIC GROUP CORP.

---

[2]   Defendants also believe that whether Skidmore owns rights as to the *Taurus* musical composition is a question for the Court.  *See, e.g.,* Defs' Mtn. for JMOL at 2-4.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Helene M. Freeman, Esq.
PHILLIPS NIZER LLP
Attorney for Defendants
JAMES PATRICK PAGE,
ROBERT ANTHONY PLANT and
JOHN PAUL JONES

# EXHIBIT 1

**EXHIBIT 1**
**5**

```
 1                UNITED STATES DISTRICT COURT

 2        CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

 3          HONORABLE R. GARY KLAUSNER, U.S. DISTRICT JUDGE

 4                            - - -

 5

    MICHAEL SKIDMORE, AS TRUSTEE FOR   )
 6  THE RANDY CRAIG WOLFE TRUST,       )
                                       )
 7                       PLAINTIFF,    )
                                       )
 8            vs.                      ) No. CV 15-03462-RGK
                                       )
 9  LED ZEPPELIN; JAMES PATRICK PAGE;  )
    ROBERT ANTHONY PLANT; JOHN PAUL    )
10  JONES; SUPER HYPE PUBLISHING,      )
    INC.; WARNER MUSIC GROUP CORP.,    )
11  PARENT OF WARNER/CHAPPELL MUSIC,   )
    INC.; ATLANTIC RECORDING           )
12  CORPORATION; RHINO ENTERTAINMENT   )
    COMPANY,                           )
13                                     )
                         DEFENDANTS.   )
14  _____)

15

16            REPORTER'S TRANSCRIPT OF JURY TRIAL

17          DAY 5, VOLUME II, PAGES 1134-1204

18               TUESDAY, JUNE 21, 2016

19                    12:58 P.M.

20               LOS ANGELES, CALIFORNIA

21

22

23          CINDY L. NIRENBERG, CSR 5059, FCRR
               U.S. Official Court Reporter
24               255 East Temple Street
                 Los Angeles, CA 90012
25                www.msfedreporter.com
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

**EXHIBIT 1**

**6**

```
1            MR. MALOFIY:  That's right.  So we would ask for a

2    directed verdict on the issue of ownership, that the Trust owns

3    the ownership of the copyright.

4            THE COURT:  Counsel?

5            MR. ANDERSON:  Your Honor, there's a distinction

6    between saying that the intellectual property rights of Randy

7    Wolfe are in the Trust.  Those intellectual property rights are

8    the right to receive royalties.  The difference is who owns the

9    copyright.

10           What is in evidence is a 1967 assignment of the

11   renewal term of copyright, so the copyright is not owned by --

12   was not owned by Randy Wolfe.

13           THE COURT:  You're arguing two different things and,

14   counsel, as far as directing the jury on any issue at all, I'm

15   going to ask you to respond to the fact that any property

16   rights owned by Wolfe are in the Trust, and that's what I was

17   going to direct you to.  I wasn't going to talk about who has

18   the copyright.  You can talk about that later.

19           But I don't think there's any evidence at all to show

20   that there -- that the intellectual property rights of Wolfe

21   are not in the Trust, and there is evidence to show that it was

22   in the Trust.  It's just not an issue.

23           MR. ANDERSON:  And that's what I'm trying to --

24           THE COURT:  Okay.

25           MR. ANDERSON:  -- the copyright is not owned, but the
```

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

**EXHIBIT 1**

**7**

```
1    intellectual property rights --

2            THE COURT:  Any intellectual property of Randy Wolfe

3    is owned -- excuse me, is in the Trust.  And that's -- yes, we

4    can direct the -- we can direct the jury as to that issue.

5            MR. MALOFIY:  Thank you, Your Honor.

6            THE COURT:  Okay.  And I'm going to ask you to

7    prepare something that says just that.  Not the copyright, but

8    any intellectual property owned by Randy Wolfe is in the Trust.

9            MR. MALOFIY:  Thank you, Your Honor.

10           THE COURT:  Okay.  Next issue.

11           MR. MALOFIY:  Can I raise it?

12           THE COURT:  Yeah.

13           MR. MALOFIY:  May I?

14           THE COURT:  Yeah.

15           MR. MALOFIY:  The other issue of a request for

16   judicial notice is that the song was a charting song, and we

17   provided *Billboard* charts to the Court to take judicial notice

18   of.

19           Courts in the past and, I believe, the Ninth

20   Circuit -- I believe we have case law on it.  I just haven't

21   looked at my motion in the last probably couple days -- well,

22   probably the last week, but the Courts and, I believe, the

23   Ninth Circuit do acknowledge and take judicial notice of songs

24   that have placed in the *Billboard* charts.  It's also ancient

25   documents --
```

**EXHIBIT 1**
**8**

CERTIFICATE

I hereby certify that pursuant to Section 753, Title 28, United States Code, the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.

Date: JUNE 21, 2016

/s/  Cindy L. Nirenberg, CSR No. 5059
                        Official Court Reporter

UNITED STATES DISTRICT COURT,  CENTRAL DISTRICT OF CALIFORNIA

**EXHIBIT 1**
**9**