

FILED
CLERK, U.S. DISTRICT COURT

JUN 23 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                              DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

MICHAEL SKIDMORE,

                 Plaintiffs,

         v.

LED ZEPPELIN, et al.,

                 Defendants.

Case No. CV 15-03462-RGK (AGRx)

**JURY INSTRUCTIONS**

# Instruction No. 1

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

## Instruction No. 2

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

# Instruction No. 3

You should decide the case as to each defendant separately.  Unless otherwise stated, the instructions apply to all parties.

# Instruction No.  4

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

# Instruction No. 5

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1. Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2. Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

4. Anything you have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## Instruction No.  6

Some evidence may be admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

# Instruction No. 7

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

# Instruction No. 8

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

# Instruction No. 𝔊

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.  the opportunity and ability of the witness to see or hear or know the things testified to;

2.  the witness's memory;

3.  the witness's manner while testifying;

4.  the witness's interest in the outcome of the case, if any;

5.  the witness's bias or prejudice, if any;

6.  whether other evidence contradicted the witness's testimony;

7.  the reasonableness of the witness's testimony in light of all the evidence; and

8.  any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what they remember.  Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness

said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## Instruction No. 10

If there is any news media account or commentary about the case or anything to do with it, you must ignore it. You must not read, watch or listen to any news media account or commentary about the case or anything to do with it. The case must be decided by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies. If any juror is exposed to any outside information, please notify me immediately.

# Instruction No. 11

You have heard testimony from witnesses who testified to opinions and the reasons for their opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## Instruction No. 12

Certain charts and summaries have been admitted into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying information-that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

# Instruction No. 13

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**INSTRUCTION NO.  14**

The jury is instructed that any and all intellectual property of Randy Craig Wolfe, including the song Taurus, is currently owned by the Randy Craig Wolfe Trust, the trustee of which is plaintiff Michael Skidmore.

# Instruction No. 15

Anyone who copies original elements of a copyrighted work during the term of the copyright without the owner's permission infringes the copyright.

On the plaintiff's copyright infringement claim, the plaintiff has the burden of proving by a preponderance of the evidence that:

1. the plaintiff is the owner of a valid copyright; and
2. the defendant copied original elements from the copyrighted work.

If you find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff. If, on the other hand, you find that the plaintiff has failed to prove either of these elements, your verdict should be for the defendant.

# Instruction No. 16

Plaintiff has filed a claim against Defendants for violation of the United States Copyright Act, which governs this case. In order for you to undertake your responsibility, you must know what a copyright is, what it protects, and what it does not protect.

Copyright confers certain exclusive rights to the owner of a work including the rights to:

1.  Reproduce or authorize the reproduction of the copyrighted work;

2.  Prepare derivative works based upon the copyrighted work.

3.  Distribute the copyrighted work to the public; and

4.  Perform publicly a copyrighted musical work.

Copyright only protects the author's original expression in a work and does not protect ideas, themes or common musical elements, such as descending chromatic scales, arpeggios or short sequences of three notes.

Also, there can be no copyright infringement without actual copying. If two people independently create two works, no matter how similar, there is no copyright infringement unless the second person copied the first.

# Instruction No.   17

Plaintiff contends that the copyright in the musical composition Taurus is infringed by the song Stairway to Heaven.

It is important that you understand what the copyright in the musical composition Taurus protects and does not protect.

A musical composition consists of rhythm, harmony and melody as transcribed in written form.   The performance of a musical composition can be recorded, but under the law musical compositions and sound recordings are different works with different potential copyrights.

In this case, plaintiff has no rights in any sound recording of Taurus, and claims rights only in the musical composition Taurus as transcribed in the deposit copy.  As a result, plaintiff must base his claim only on original expression contained in the deposit copy of Taurus.

That is, plaintiff must prove that Stairway to Heaven copies original expression in the deposit copy of Taurus.  Plaintiff cannot rely on any claimed similarities between recordings of Taurus and Stairway to Heaven.

# Instruction No. 19

The plaintiff must prove by a preponderance of the evidence that the creators of Stairway to Heaven had access to the musical composition Taurus. You may find that the creators of Stairway to Heaven had access to the musical composition Taurus if the creators of Stairway to Heaven had a reasonable opportunity to hear and/or copy the musical composition Taurus ~~work~~ before Stairway to Heaven was created.

## Instruction No. 20

An original work may include or incorporate elements taken from prior works or works from the public domain. However, any elements from prior works or the public domain are not considered original parts and not protected by copyright. Instead, the original part of the plaintiff's work is limited to the part created:

1.  independently by the work's author, that is, the author did not copy it from another work; and

2.  by use of at least some minimal creativity.

# Instruction No. 21

For an unauthorized use of a copyrighted work to constitute copyright infringement, the unauthorized use must copy original material protected by the copyright and must be significant enough to constitute infringement. This means that even if the fact of copying is proven, no legal consequences will follow from that fact unless original material is copied and the copying is substantial.

The copyright that plaintiff sues upon protects only the musical composition Taurus as it was transcribed in the deposit copy that accompanied the registration of the copyright with the United States Copyright Office. That is the work that you must compare to Stairway to Heaven.

To prove substantial similarity between the musical composition Taurus as transcribed and Stairway to Heaven, plaintiff must prove that there is both substantial extrinsic similarity and substantial intrinsic similarity between the two works.

Extrinsic similarity is an objective test and requires that you determine whether the two works are similar in original expression. To do that, you must break the works down into their specific musical elements. You must then disregard all musical elements that are not original to Taurus. Once you have disregarded all musical elements that are not original to Taurus, you must decide whether there are any remaining musical elements that are original to Taurus and also appear in Stairway to Heaven and, if so, whether they are substantial similarities or insubstantial similarities.

If plaintiff does not prove that, applying this first test, Stairway to Heaven is substantially similar to original expression in the musical composition Taurus, your verdict must be for defendants.

If plaintiff does prove that, applying this first test, Stairway to Heaven is substantially similar to original expression in the musical composition Taurus, then you must proceed to a second test for subjective intrinsic similarity.

For that second test, you must decide whether the ordinary, reasonable person would find that the musical composition Taurus as transcribed in the deposit copy, and Stairway to Heaven, are substantially similar in their original expression.  In this second test, you must also disregard all musical elements that are not original to Taurus.

If plaintiff does not prove that, applying this second test, the musical composition Taurus as transcribed in the deposit copy, and Stairway to Heaven, are substantially similar in their original expression, your verdict must be for defendants.

If plaintiff does prove both the first test and second test, then he has proven substantial similarity.

# Instruction No. 22

If Plaintiff shows Defendants had access to Plaintiff's work and that there is
a substantial similarity between the infringed and infringing works, a presumption
of copying arises, that shifts the burden to Defendants to rebut or to show that the
alleged infringing work was independently created.

In determining whether Defendants' song was independently created, you
may consider evidence presented by Defendants regarding the manner in which the
composers created Defendants' song and any other evidence of the circumstances
surrounding the creation of Defendants' song.

# Instruction No. 13

To prevail on a copyright claim, the plaintiff must prove substantial copying of original expression in the copyrighted work. That also means that trivial or minimal copying of original expression is not an infringement.

A use is trivial or de minimis if:

1.  The allegedly-copied original expression is quantitatively a small portion of the plaintiff's copyrighted work; and

2.  The allegedly-copied original expression is not qualitatively important to plaintiff's copyrighted work.

# Instruction No. 24

If you find that defendants Page and Plant infringed the plaintiff's copyright in Taurus, you must determine whether defendants Warner/Chappell Music, Inc., Atlantic Recording Corporation, and/or Rhino Entertainment Co. vicariously infringed that copyright. The plaintiff has the burden of proving each of the following elements by a preponderance of the evidence:

1.    the defendant directly benefitted financially from the infringing activity of Page and Plant;

2.    the defendant had the right and ability to supervise and control the infringing activity of Plant and Page ; and

3.    the defendant failed to exercise that right and ability.

If you find that the plaintiff has proved each of these elements, your verdict should be for the plaintiff if you also find that Plant and Page infringed plaintiff's copyright. If, on the other hand, the plaintiff has failed to prove any of these elements, your verdict should be for the defendants Warner-Chappell, Atlantic Recording Corporation, and/or Rhino Entertainment Co.

# Instruction No. 25

A defendant may be liable for copyright infringement engaged in by another if they knew or had reason to know of the infringing activity and intentionally induced or[materially contributed to that infringing activity.

If you find that Plant and Page infringed the plaintiff's copyright in Taurus, you must determine whether defendants Warner/Chappell Music, Inc., Atlantic Recording Corporation, and/or Rhino Entertainment Co. contributorily infringed that copyright. The plaintiff has the burden of proving both of the following elements by a preponderance of the evidence:

1.     the defendant knew or had reason to known of the infringing activity of Plant and Page; and

2.     the defendant intentionally induced or[materially contributed to Plant and Page's infringing activity.

If you find that Plant and Page infringed the plaintiff's copyright and you also find that the plaintiff has proved both of these elements, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove either or both of these elements, your verdict should be for the corporate defendant.

# Instruction No. 26

The copyright owner is entitled to any profits of a defendant attributable to infringements that occurred on or after May 31, 2011. Each defendant's profits, if any, from the alleged infringement must be calculated and awarded separately. Also, you may not award any profits attributable to alleged infringements that occurred before May 31, 2011.

You may make an award of a defendant's profits only if you find that the plaintiff showed a causal relationship between infringement on or after May 31, 2011 and the defendant's gross revenue.

A defendant's profit is determined by subtracting all expenses from the defendant's gross revenue.

A-defendant's gross revenue is all of the defendant's receipts that plaintiff proves were caused by the use, performance or sale of copies of Stairway to Heaven on or after May 31, 2011. The plaintiff has the burden of proving the defendant's gross revenue, including the causal relationship, by a preponderance of the evidence.

Expenses are all operating costs, overhead costs, production costs, management fees and advance payments incurred at any time in producing the defendant's gross revenue. Each defendant has the burden of proving his or its expenses by a preponderance of the evidence.

Plaintiff is not entitled to recover profits that are attributable to factors other than use of the copyrighted work. The defendant has the burden of proving the portion of the profit, if any, attributable to factors other than the alleged infringement of the copyrighted work. You must exclude from any award of profits all profits that the evidence proves are attributable to factors other than

the portion of the profit, if any, attributable to factors other than the alleged infringement of the copyrighted work.  You must exclude from any award of profits all profits that the evidence proves are attributable to factors other than alleged copying of the musical composition Taurus.  For example, you must exclude profits that are attributable to the other elements and music in Stairway to Heaven, to the lyrics in Stairway to Heaven, to the performances by the members of Led Zeppelin, to the recording of Stairway to Heaven, to the public interest in Led Zeppelin and its members and to the marketing efforts that generated the profits.

# Instruction No.  27

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

# Instruction No. 28

Because you must base your verdict only on the evidence received in the
case and on these instructions, I remind you that you must not be exposed to any
other information about the case or to the issues it involves.  Except for
discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else
communicate with you in any way about the merits of the case or anything
to do with it.  This includes discussing the case in person, in writing, by
phone or electronic means, via email, text messaging, or any Internet chat
room, blog, website or social media application.  This applies to
communicating with your family members, your employer, the media or
press, and the people involved in the trial.  If you are asked or approached
in any way about your jury service or anything about this case, you must
respond that you have been ordered not to discuss the matter and to report
the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary
about the case or anything to do with it; do not do any research, such as
consulting dictionaries, searching the Internet or using other reference
materials; and do not make any investigation or in any other way try to
learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial
based on the same evidence that each party has had an opportunity to address.  A
juror who violates these restrictions jeopardizes the fairness of these proceedings,
and a mistrial could result that would require the entire trial process to start over.

If any juror is exposed to any outside information, please notify the court immediately.

# Instruction No. 27

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk signed by any one or more of you. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court— how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## Instruction No. 3 0

A verdict form has been prepared for you. ██████████████ ████ After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.