UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-03462 RGK (AGRx) | | Date | August 8, 2016 |
|---|---|---|---|---|
| Title | *Michael Skidmore v. Led Zeppelin et al.* | | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order re: Defendants' Motion for Attorney's Fees (DE 293) and Costs (DE 295)

### I. INTRODUCTION

On May 31, 2014, Michael Skidmore, as trustee for the Randy Craig Wolfe Trust ("Plaintiff") filed suit against Led Zeppelin, James Patrick Page, Robert Anthony Plant, John Paul Jones, Super Hype Publishing, Inc., and Warner Music Group Corp., which is the parent company of Warner/Chappell Music, Inc., Atlantic Recording Corporation, and Rhino Entertainment Company ("Defendants"). On October 8, 2014, Plaintiff filed a First Amended Complaint ("FAC"). The FAC claims that Defendants' song, *Stairway to Heaven*, infringes another song, *Taurus*, created by the rock band Spirit. The lawsuit alleges: (1) Copyright Infringement and (2) Violation of the Right of Attribution.

On April 8, 2016, this Court issued an Order granting summary judgment in favor of Defendants on the right of attribution claim but denying summary judgment on the copyright infringement claim. The case proceeded to trial, and on June 23, 2016, a jury returned a verdict in favor of Defendants, finding that they had not infringed Plaintiff's copyright in the song *Taurus*.

Presently before the Court are Defendant Warner/Chappell Music, Inc.'s Motions for Attorney's Fees and Costs. Defendant seeks $613,471 in attorney's fees and $179,699.06 in costs. For the following reasons, the Court **DENIES** Defendant's Motions.

### II. JUDICIAL STANDARD

Attorney fees are generally not recoverable unless they are provided for by statute or enforceable contract. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 241 (1975). Under Federal Rule of Civil Procedure 54(d)(2)(A), "claims for attorneys' fees . . . shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial." Fed. R. Civ. P. 54(d)(2)(A). In a motion for attorney fees, the moving party bears the burden of establishing entitlement to an award and documenting the appropriate rates and hours. *See*

*Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). As a result, an award of attorney fees is within the court's discretion and will not be disturbed absent abuse of that discretion. *See Intel Corp. v. Terabyte Int'l., Inc.*, 6 F.3d 614, 621 (9th Cir. 1993).

## III. DISCUSSION

Defendant seeks attorney's fees and costs under the Copyright Act, which states that "the court in its discretion may allow the recovery of full costs . . . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. "Prevailing plaintiffs and prevailing defendants are to be treated alike, but attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 (1994). "In deciding whether to award fees under the Copyright Act, the district court should consider, among other things: the degree of success obtained on the claim; frivolousness; motivation; objective reasonableness of factual and legal arguments; and need for compensation and deterrence." *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 889 (9th Cir. 1996). Recently, the Supreme Court has cautioned lower courts to avoid treating objective reasonableness as the controlling factor; instead, the Court explained, "district courts must view all the circumstances of a case on their own terms, in light of the Copyright Act's essential goals." *Kirtsaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1989 (2016).

As recited above, "[t]he Ninth Circuit has invited district courts to consider five factors when determining whether to award fees in copyright cases. Those factors are: (1) 'the degree of success obtained on the claim'; (2) 'frivolousness'; (3) 'motivation'; (4) 'objective reasonableness of factual and legal arguments'; and (5) 'need for compensation and deterrence.'" *Nutrivita Labs., Inc. v. VBS Distribution Inc.*, No. CV-1301635, 2016 WL 595834, at *4 (C.D. Cal. Jan. 27, 2016). Defendant also urges the Court to consider Plaintiff's litigation misconduct. The Court considers all these factors below.

### A. Degree of Success

Defendant prevailed on the merits at trial, and Plaintiff has not disputed that this factor weighs in Defendant's favor. Therefore, the degree of success favors granting attorney's fees.

### B. Frivolousness/Objective Reasonableness

Defendant maintains that the lawsuit was frivolous and objectively unreasonable from its inception because Plaintiff "relied on public domain material and performance elements not protected by the *Taurus* copyright." (Def.'s Reply ISO Mot. Atty. Fees 8:10-11, ECF No. 306.) The Court disagrees. Plaintiff survived a motion for summary judgment, meaning that this Court considered the merits of the claim and determined that sufficient evidence existed to proceed to trial. Furthermore, at trial, the jury found that Plaintiff owned the copyright in *Taurus* and that Defendants had access to the work. Ultimately, however, the jury found that no substantial similarity existed between the two songs. In doing so, the jury did not determine that Plaintiff's claim impermissibly relied on public domain elements or performance aspects of the musical composition. Therefore, Plaintiff's claim was not frivolous.

Defendant also argues, "[Plaintiff] cannot find shelter in the Court's summary judgment ruling that he raised a triable issue as to substantial similarity: that ruling was expressly based on his experts' reports, which the Court subsequently ruled were inadmissible." (Def.'s Reply ISO Mot. Atty. Fees 8:11-14, ECF No. 306.) The Court rejects this argument. The fact that this Court ruled Plaintiff's expert reports inadmissible after considering and relying on the reports in the summary judgment order does not undermine the validity of the legal conclusion at summary judgment. "At the summary judgment

stage, we do not focus on the admissibility of the evidence's form. We instead focus on the admissibility of its contents." *Fraser v. Goodale*, 342 F.3d 1032, 1036 (9th Cir. 2003). In the present case, the Court focused only on the content—not the admissibility—of Plaintiff's expert reports, disregarded the unprotected performance elements, and determined that the remaining material created a triable issue of fact as to substantial similarity. Subsequently, in preparation for trial, this Court issued the following order:

> Plaintiff's expert reports are inadmissible in their present condition because they considered unprotected elements contained only in the sound recording. If Plaintiff wishes to introduce expert testimony at trial, it must submit reports completely purged of any reliance on the unprotected performance elements in the sound recording. Any comparison analysis must consider *only* the protected elements represented in the musical composition.

(Order Granting Def.s' Mot. In Limine No. 4, ECF No. 203.) Nothing in the Court's evidentiary ruling contradicted or undermined its prior holding on summary judgment. Rather, the Order simply instructed Plaintiff to re-submit expert reports without the unprotected performance elements that this Court had disregarded at the summary judgment stage. Put differently, the Court sought to ensure that any expert report presented to the jury contained only the protected musical elements that were deemed relevant to the similarity analysis in the summary judgment order.

Accordingly, because Plaintiff's claim was not frivolous or objectively unreasonable, these two factors militate against an award of attorney's fees.

### C. Motivation

Throughout the course of litigation, Plaintiff has maintained that the purpose of the lawsuit was to secure credit for Randy California, the author of *Taurus*, whose musical composition was allegedly stolen by Defendants. Plaintiff submits evidence that Randy California had considered filing a lawsuit over *Stairway to Heaven* while he was still living, but he ultimately never initiated legal action. (Order Denying Def.'s Mot. Summ. J. 7, ECF No. 159.) After Randy California died, his trust (Plaintiff in this case) would have been equitably prevented from bringing suit because of the lengthy passage of time; however, once the Supreme Court eliminated the equitable defense of laches in copyright claims seeking damages, Plaintiff promptly filed suit. *See Petrella v. Metro-Goldwyn-Mayer, Inc.,* 134 S. Ct. 1962, 1967 (2014).

In rebuttal Defendant contends that Plaintiff was motivated by ignoble ambitions and that the trust initiated the lawsuit to extort a massive settlement from the Led Zeppelin members, even though Randy California never attempted to sue in his lifetime. Defendant, however, has failed to provide any evidence that Plaintiff harbored nefarious motives in bringing this suit. Furthermore, Defendant has not countered the declarations from Plaintiff suggesting that Randy California actually did contemplate a lawsuit.

Therefore, the motivation factor weighs in favor of Plaintiff and militates against granting fees.

### D. Need for Compensation and Deterrence

Defendant argues that allowing fees will deter future claimants from asserting stale and meritless copyright claims. The Court rejects this argument because, as explained above, Plaintiff did not act in bad faith by delaying or bringing a "stale" claim; rather, until the Supreme Court's *Petrella* decision in

2014, Plaintiff's claim would have been barred by laches. Moreover, the Court has already held that Plaintiff's claim was not meritless. Therefore, by filing the lawsuit, Plaintiff did not engage in misconduct that would justify the deterrent effect of attorney's fees.

Defendant also contends that compensation is required, as it was forced to bear its own costs after its insurer denied coverage because the claims asserted were so old. Plaintiff has not challenged Defendant's need for compensation; instead, he rebuts that he manages a charitable trust with limited financial resources incapable of satisfying an award of over $700,000. *See Ets-Hokin v. Skyy Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003) (holding that the Ninth Circuit considers "whether the chilling effect of attorney's fees may be too great or impose an inequitable burden on an impecunious plaintiff"). Plaintiff has not proffered any evidence to substantiate his claims about the impecunious nature of the trust, nor has he meaningfully opposed Defendant's argument regarding the need for compensation.

Overall, while Defendant has not demonstrated a need for deterrence, it has shown a need for compensation. Accordingly, this factor weighs slightly in favor of granting attorney's fees.

### E. Litigation Misconduct

In its most recent word on attorney's fees under the Copyright Act, the Supreme Court counseled lower courts to consider factors beyond the objective reasonableness of a claim. As an example, the Court explained that "a [district] court may order fee-shifting because of a *party's litigation misconduct*, whatever the reasonableness of his claims or defenses." *Kirtsaeng*, 136 S. Ct. at 1988–89 (emphasis added). Seizing on this language, Defendant urges this Court to consider Plaintiff's litigation misconduct in the present case

Throughout the course of litigation, Plaintiff's counsel demonstrated a tenuous grasp of legal ethics and a rudimentary understanding of courtroom decorum. Perhaps most emblematic of counsel's cavalier attitude is the "unclean hands" moment of the trial. During his direct examination of Michael Skidmore (the trustee of the Randy Craig Wolfe Trust) Plaintiff's counsel mentioned that Defendants had raised the defense of unclean hands. Plaintiff's counsel then waved his hands in the air and implored Skidmore, "Please show the jury your hands," as if a showing of manicured fingers would rebut the equitable defense of unclean hands. The gallery audience and jury members audibly responded, prompting this Court to reprimand Plaintiff's counsel—even before Defense counsel could rise to object—and instruct the jury members to disregard counsel's antics. As another example, consider the manner in which Plaintiff's counsel ignored this Court's order excluding evidence about the charitable nature of the Randy Craig Wolfe Trust. Mere minutes after the pretrial conference in which the Court issued its evidentiary ruling, Plaintiff's counsel brazenly appeared before television cameras and declared, "If money is won in this case, it's to be used to buy musical instruments for children who are in need in Ventura County." (Anderson Decl. Ex. 1, ECF No. 293.) In further violation of the Court's order, Plaintiff's counsel elicited testimony from Wolfe's sister at trial about the charitable purpose of the trust. (Anderson Decl. Ex. 4 at 157:14-16, ECF No. 293.) Such misconduct demeans the legal proceedings, distracts from the substantive issues, and squanders the Court's time.

The aforementioned examples are just two of many incidents comprising a litany of tasteless courtroom antics and litigation misconduct. (Def.'s Mot. Atty. Fees 5-12, ECF No. 293.) Accordingly, this factor weighs in favor of Defendant.

### F. Weighing the Factors

Overall, two factors (litigation misconduct and degree of success) swing solidly in Defendant's direction, and a third factor (need for compensation) slightly favors Defendant. On the other hand, three factors (motivation, frivolousness, and objective reasonableness) weigh strongly in Plaintiff's favor.

Once the media hype and tangential distractions are stripped away, what remains is an objectively reasonable claim motivated by a desire to recognize Randy California's musical contribution. The claim survived a summary judgment motion and proceeded to a hard-fought trial where a jury found for Plaintiff on ownership and access, but ultimately rendered a verdict for Defendants based on a lack of substantial similarity. Plaintiff was afforded a full opportunity to litigate its theory of infringement and Defendants were entitled to raise a meritorious defense, which ultimately prevailed. Viewing "all the circumstances of [this] case on their own terms, in light of the Copyright Act's essential goals," this Court concludes that attorney's fees are not appropriate. *Kirtsaeng*, 136 S. Ct. at 1989.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendant's Motion for Attorney's Fees and Costs.

**IT IS SO ORDERED.**

           :

Initials of Preparer